UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Misc. No. 05-458 (RBW) |
| v. ) | |
| ) | |
| I. LEWIS LIBBY, ) | |
| also known as "Scooter Libby" ) | |

PATRICK J. FITZGERALD, being duly sworn, deposes and says:

    1.    I am the United States Attorney for the Northern District of Illinois, having been appointed by the President and confirmed by the Senate in October 2001. For purposes of the instant matter, I serve in the capacity of "Special Counsel." I submit this affidavit in response to the applications of Dow, Jones and Company, Inc. and The Associated Press for denial of the government's 10, 2005 motion for a protective order. I also submit this affidavit in support of a modified proposed protective which is which is annexed as Exhibit A.

    2.    As the Court is aware, defendant Lewis "Scooter" Libby has been charged in an indictment with one count of obstruction of justice, two counts of perjury and two counts of making false statements. In reviewing Rule 16 material discoverable by Mr. Libby, it is clear that, while the volume of the material may be fairly discrete in light of the nature of the charges, a significant amount of that material is classified. It is anticipated that the classified material produced as discovery will be governed by a separate protective order, and the Government has proposed such a protective order to the Court with the consent of Mr. Libby's counsel. In any event, neither Dow, Jones & Company, Inc. or The Associated Press, nor any other member of the press will be entitled to access to any classified materials. The instant applications concern the restrictions to be placed on discovery materials that are not classified at this time or which will be declassified in the coming months as relevant classified discovery materials are reviewed for declassification. (Because it is far easier for the parties and the court to deal with declassified materials than to deal with classified information, we will be seeking a classification review wherever appropriate, though those reviews can be cumbersome.) Because the indictment in this case charges obstruction

offenses rather than substantive national security crimes, it is hoped that the case can be tried with a minimum of issues concerning classified information needing to be resolved, and thus that the trial may be conducted in as public a manner as possible.

3.      As it now stands, there are two categories of unclassified items that are anticipated to be produced to Mr. Libby that should be protected from public disclosure. First, discovery materials will include grand jury transcripts which implicate traditional grand jury secrecy concerns, including the need to protect the reputations of witnesses and the "innocent accused," that is, persons who may have been investigated but not charged with a crime. Moreover, because the investigation is continuing, and because the investigation will involve proceedings before a different grand jury than the grand jury which returned the indictment, traditional concerns that underlie Fed. R. Crim. 6(e) very much apply.

4.      In addition, some records to be produced implicate legitimate personal privacy concerns. For example, personal daily calendars, emails, and telephone call logs, including those of Mr. Libby and other members of the staff of the Office of the Vice President, include records of communications with family members, doctors, and personal contacts. Such records were produced to the grand jury in groups and it would be unduly cumbersome to redact such personal information. While we trust that neither Mr. Libby nor his counsel would use personal information such as home telephone numbers, residence and email address and the like for any reason other than in preparing his defense, public disclosure of such information is unjustified.

5.      Of course, some documents to be produced to Mr. Libby do not present any of the above concerns. The government respectfully suggests that it would be appropriate to mark documents falling into two categories, (a) grand jury transcripts, and (b) documents that may implicate personal privacy concerns, with the notation, "DISTRIBUTION OF THIS DOCUMENT IS LIMITED AS PROVIDED BY THE TERMS OF THE PROTECTIVE ORDER." Under this arrangement, the defendant will be free to disclose (or not disclose) any documents not marked as being subject to the protective order, as he chooses. If Mr. Libby or his counsel later identify marked documents which they think should not be governed by the protective order, the parties may remove the restriction by agreement, or if no agreement can be reached, the defense counsel may seek relief from the Court.

6.      I note that the Government is mindful that as much of the conduct of pre-trial litigation and the trial itself should be conducted in open court with publicly-filed documents, and this is an additional reason why the classification and declassification review process is being undertaken. It is anticipated that reference may be made to some discovery materials

in pretrial motions and that such materials will likely be offered as exhibits at trial. Thus, the government's request for a protective order is not intended to inhibit the public conduct of the proceedings. Indeed, allowing the transmission of relevant documents to the defense pursuant to a protective order is the most efficient way to complete discovery in an expeditious manner and to proceed to a public trial with the least delay.

*[signature]*
Patrick J. Fitzgerald
Special Counsel

Sworn to before me this
15th day of November 2005

*[signature]*
Notary Public

PAMELA M. WASHINGTON
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires June 14, 2009

3