UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 2 3 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO 05-394 (RBW) |
| v. ) | |
| ) | |
| I. LEWIS LIBBY, ) | |
| also known as "Scooter Libby" ) | |

### ORDER

Upon the motion of the United States for a Protective Order, IT IS HEREBY ORDERED THAT:

1. All transcripts of grand jury testimony and all documents containing personal privacy information, such as records of contacts with family members, doctors and personal contacts, and residence addresses, and home telephone numbers and email addresses, that are provided to defendant preliminarily to or in connection with proceedings in the captioned case (hereinafter, "the protected materials") remain the property of the United States. The government will mark documents falling into those two categories with the notation, "DISTRIBUTION OF THIS DOCUMENT IS LIMITED AS PROVIDED BY THE TERMS OF THE PROTECTIVE ORDER." Upon the conclusion of the proceedings in this case, including any appeals, the protected materials and all copies made thereof shall be returned to the United States, unless otherwise ordered by the Court. Copies of the protected materials that contain notations or other work product of counsel shall be destroyed rather than returned. The Court may require a certification as to the disposition or destruction of the protected materials and copies thereof.

2. The protected materials may be utilized by defendant and his counsel solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding. The protected materials and their contents shall not be disclosed either

directly or indirectly to any person or entity other than defendant, defense counsel of record in Cr. No. 15-394(RBW), persons employed to assist in the defense, or such other persons necessary to the preparation of the defense, including potential witnesses and their counsel only to the extent necessary to prepare the defense, without further order of this Court.

3. If the defendant or his counsel believe that it would be appropriate to disseminate a portion of a discovery document governed by the protective order because a redaction of such document may obviate any privacy concerns, counsel for the defendant shall confer with the government to determine whether an appropriate redacted version can be agreed upon. If there is no such agreement, the parties may raise the matter with the Court for appropriate relief.

4. Any notes or records of any kind that defense counsel may make relating to the contents of the protected materials shall not be disclosed except as permitted by this Order.

5. The protected materials shall not be copied or reproduced, except so as to provide copies of the materials for use by each defense lawyer and the defendant, persons employed by them to assist in the defense, and such other persons necessary to the preparation of the defense or as to whom the Court may authorize disclosure. Such copies and reproductions shall be treated in the same manner as the original protected materials.

6. Counsel of record for the defendant shall provide all persons provided access to the protected materials and their contents with a copy of this Order, and shall maintain a record of all persons provided access to the protected materials and their contents, and the date that such access was first provided.

7. Defense counsel shall use reasonable care to ensure that the protected materials and their contents are not disclosed to third persons in violation of this Order.

8. Nothing in this Order is intended to prohibit the use of protected materials by the defendant or defense counsel of record in the legitimate preparation of a defense in this

case, including in interviewing potential witnesses.

9. The restrictions on public disclosure imposed by this order do not apply to information in an otherwise protected document that is not grand jury material and does not present any personal privacy concern. All restrictions are limited to the discovery process and do not apply to the extent protected documents are filed with the Court or offered as evidence at trial. Documents filed with the Court or offered as evidence at trial shall only be restricted from public disclosure if a particularized showing is made to the Court at the time of any such filing or offer and the Court makes specific findings justifying such restrictions.

10. Violation of this Order may result in the imposition of civil and criminal sanctions.

ENTER:

_____
Hon. REGGIE B. WALTON
United States District Judge

DATE: 11/23/05

ACKNOWLEDGMENT:

I have read the Order and agree to comply with its requirements.

_____
ATTORNEY FOR DEFENDANT

DATE: 11-21-05

I have read the Order and agree to comply with its requirements.

_____
DEFENDANT

DATE: 11-21-05