UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.    )<br>)    CR. NO. 05-394 (RBW)<br>I. LEWIS LIBBY,    )<br>    also known as "Scooter Libby,"    )<br>)<br>Defendant.    )<br>) | |

**JOINT STATUS REPORT CONCERNING DISCOVERY**

This status report is submitted jointly by the parties in response to the Court's Order dated January 13, 2006.

**I.     The Production of Discovery to the Defendant**

1.     In response to item 1 of the Court's Order, the government advises that, as of this date, it has provided 6 discovery productions to the defendant and his counsel, totaling approximately 10,150 pages.  As discussed below, these productions include both classified and unclassified materials, and constitute the bulk of what the government intends to produce.  The government expects the remainder of discovery to be provided to the defendant and his counsel by February 3, 2006.  At that point, in the government's view, the government will have met and exceeded its obligations under Fed. R. Crim. P. 16.  Nonetheless, as in all cases, discovery is a continuing obligation and we will produce in a timely manner any additional materials that come to our attention as the case proceeds.

    A.     <u>Unclassified Discovery Production</u>:  The government provided defense counsel with approximately 9,300 pages of unclassified discovery in productions on

November 30, 2005, December 9, 2005, and January 6, 2005.  Any additional unclassified discovery material will be produced to the defendant and his counsel by February 3, 2006.

        B.      <u>Classified Discovery Production</u>:  The government provided defense counsel with approximately 850 pages of classified discovery in productions on November 16, 2005, November 30, 2005, and December 13, 2005.  Additional classified materials identified by the government for production to the defendant and his counsel are currently being reviewed by the component agencies responsible for the materials, and the government expects that these materials will be produced by February 3, 2006.

        C.      <u>Declassification Review</u>:  The government is endeavoring to review the classification status of materials it expects to be used at trial and other key materials which were classified, recognizing that where declassification can be accomplished, it is far more convenient for the Court and the parties to deal with unclassified materials.  The government has made these materials available in classified form to appropriately cleared defense counsel while the classification review is ongoing.

The government is producing to defense counsel today the declassified versions of defendant's grand jury transcripts (previously provided to defense counsel in classified form), which total approximately 400 pages.  The government will make declassified materials available to defense counsel as subsequent declassification reviews are completed.  The government notes that the declassification review process in this case is complicated by the fact that many classified documents, including the defendant's grand jury testimony, need to be reviewed by four different entities because information referred to in the materials may have been originally classified by any one of the four entities.  Thus, in comparison with other cases

where a single agency may be responsible for the declassification review, a document cannot be declassified until all reviews are complete.

## II.    The Status of Defendant's Review of Discovery

2.    In response to item 2 in the Court's Order, the defendant advises that he and his counsel have begun reviewing all materials as they have been received from the government on a rolling basis.  We have reviewed all discovery related to media organizations and journalists.  We have also made significant progress in reviewing the classified discovery materials received from the government, which we can review only at our Sensitive Compartmented Information Facility ("SCIF").  With respect to the remaining documents, a substantial portion of which consists of handwritten notes, which are often difficult to decipher, our review is not yet complete.

3.    In addition, defense counsel note that their analysis and use of the grand jury transcripts, which run approximately 400 pages, have been hampered because other government agencies had not completed prior to today their review for declassification purposes, which means that the transcripts were classified and thus were available for review only at the SCIF.

4.    Our good-faith estimate is that we will have reviewed and analyzed all documents produced by the government to date for the purposes of discovery and Classified Information Procedures Act ("CIPA") filings by March 17.  The defense will file, by February 3, its initial notice under CIPA § 5 listing classified information that it reasonably expects to disclose or to cause the disclosure of in connection with the trial of this case, together with a memorandum outlining the use, relevance, and admissibility of that classified information.  The defense expects to file additional CIPA § 5 notices as discovery proceeds.

**III.    The Status of Defendant's Discovery Requests**

5. In response to item 3 in the Court's Order, the parties advise as follows: The defense has submitted three written requests for discovery to the government, two related to discovery generally, dated November 21, 2005 and January 5, 2006, and one specifically related to classified discovery, which was dated December 14, 2005. The government has responded to the November 21 and December 14 requests. The government has responded orally to the bulk of the requests in the January 5 letter during a conference call on January 18, and will respond in writing by January 23.

6. It is the position of the defense, based on the government's written and oral responses to our requests, that significant disagreements exist between the parties with respect to the nature and scope of the government's obligations under Rule 16 and <u>Brady</u>. These disagreements include, but are not limited to, the following:

A. Whether information in the government's possession about reporters' knowledge concerning Valerie Wilson's employment by the CIA from sources other than Mr. Libby is material to the preparation of the defense. The defendant has already prepared and expects to file a motion to compel disclosure of such information on or before February 3, 2006.

B. Whether the prosecution must obtain and produce documents and information within the possession, custody or control of Executive Branch agencies other than the Office of Special Counsel and the FBI. The defense is preparing, and intends to file on or before February 3, a motion concerning this issue.

C. Whether classified information about Mr. Libby's participation in meetings, briefings and discussions concerning pressing national security matters between

May 6, 2003 and March 24, 2004 is material to the preparation of the defense. The defense is preparing, and intends to file on or before February 3, a motion concerning this issue.

    D. Whether information concerning Mrs. Wilson's status as a CIA employee, and the allegedly classified nature of that employment, is material to the preparation of the defense. The government intends to address this issue with the Court and the defense pursuant to CIPA.

    7. When the government completes its response to requests made in the defendant's January 5 letter, the defendant will be in a position to advise the Court of other discovery motions that will be necessary. Once discovery disputes with the government have been resolved, the defense will seek to issue Rule 17(c) subpoenas to individual journalists and news organizations to obtain additional necessary documents for trial. The defense anticipates that some of these third parties will resist complying with such subpoenas. Disputes regarding the subpoenas will likely lead to litigation in this Court and perhaps even the Court of Appeals, in the event that the news organizations elect to seek review of any adverse ruling from this Court. In addition, depending on the Court's ruling with respect to item B above, it may be necessary for the defense to issue Rule 17(c) subpoenas to certain Executive Branch agencies. At the February 3, 2006 status conference, the parties will jointly request an Order permitting the early return of trial subpoenas, subject to the condition that the parties provide to one another copies of any materials obtained through such subpoenas promptly upon receipt.

Dated:  January 20, 2006

                                         Respectfully submitted,

| /s/ Patrick J. Fitzgerald | /s/ Theodore V. Wells, Jr. |
|---|---|
| Patrick J. Fitzgerald | Theodore V. Wells, Jr. |
|  | (DC Bar No. 468934) |
| Special Counsel | Paul, Weiss, Rifkind, Wharton & Garrison LLP |
| Bond Building | 1285 Avenue of the Americas |
| 1400 New York Avenue, Ninth Floor | New York, NY 10019-6064 |
| Washington, DC NW 20530 | Tel:  (212) 373-3000 |
| Tel:  (202) 514-1187 | Fax:  (212) 757-3990 |
| Fax: (312) 353-8298 |  |
|  | William H. Jeffress, Jr. |
|  | (DC Bar No. 041152) |
|  | Baker Botts LLP |
|  | The Warner |
|  | 1299 Pennsylvania Ave., NW |
|  | Washington, DC  20004-2400 |
|  | Tel:  (202) 639-7751 |
|  | Fax:  (202) 585-1087 |
|  |  |
|  | John D. Cline |
|  | (D.C. Bar No. 403824) |
|  | Jones Day |
|  | 555 California Street, 26th Floor |
|  | San Francisco, CA  94104 |
|  | Tel:  (415) 626-3939 |
|  | Fax:  (415) 875-5700 |
|  |  |
|  | Joseph Tate |
|  | Dechert LLP |
|  | 4000 Bell Atlantic Tower |
|  | 1717 Arch Street |
|  | Philadelphia, PA  19103-2793 |
|  | Tel:  (215) 994-4000 |
|  | Fax:  (215) 994-2222 |