UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 05-394 (RBW) |
| ) | |
| I. LEWIS LIBBY ) | |
|     also known as "Scooter Libby," ) | |
|     Defendant. ) | |

## OPPOSITION OF I. LEWIS LIBBY TO EX PARTE FILING OF AFFIDAVIT BY SPECIAL COUNSEL

Defendant I. Lewis Libby, through his counsel, hereby submits this response to the government's Motion to Seal Ex Parte Affidavit By Special Counsel, filed February 16, 2006. Mr. Libby does not object to the filing of the affidavit under seal in order to protect the secrecy of grand jury proceedings, but does object to it being submitted ex parte.

According to the Special Counsel, the affidavit describes "the materials produced to the defendant, and the materials withheld from discovery." Government's Consolidated Response to Defense Motions to Compel Discovery at 9 n.1 (filed Feb. 16, 2006). The Special Counsel states that the affidavit is filed ex parte and under seal "because it makes extensive references to sensitive grand jury information." Id. The only authority cited by the Special Counsel for acceptance of an affidavit ex parte is In re Grand Jury Subpoena, Judith Miller, 405 F.3d 17, 18 (D.C. Cir. 2005); In re Grand Jury Subpoena, Judith Miller, 397 F.3d 964, 973 (D.C. Cir. 2005).

There is obviously no justification for the Special Counsel to submit ex parte a description of the materials it claims to have already produced to Mr. Libby. Since the affidavit is submitted as part of the opposition to a discovery motion, the defense is certainly entitled to see and reply to the Special Counsel's representations as to what has already been produced.

Further, the Special Counsel's reliance on the need to maintain grand jury secrecy as a reason to file the affidavit <u>ex parte</u> (as opposed to under seal) does not withstand scrutiny. Virtually all discoverable information in this case is subject to the grand jury secrecy provisions of Fed. R. Crim. P. 6(e). There may be valid reasons to maintain the secrecy of that information as to persons other than Mr. Libby, but that does not justify withholding information from Mr. Libby himself. Special Counsel has said that the continuing grand jury investigation does not focus on Mr. Libby. <u>See</u> Government's Response to Motion of Dow Jones & Co. to Unseal Redacted Portion of the Court's Opinion, <u>In re Grand Jury Subpoena, Judith Miller</u>, 2006 WL 276726 (D.C. Cir. Feb. 3, 2006). And this Court has entered a protective order barring Mr. Libby and his counsel from disclosing any grand jury information received from the government except for the purpose of preparing his defense. Order entered November 23, 2005 (Doc. 21).

The Special Counsel's reliance on <u>In re Grand Jury Subpoena, Judith Miller</u>, <u>supra</u>, in support of its <u>ex parte</u> submission is misplaced. For one thing, the November 23, 2005 protective order entered by this Court alleviates the secrecy concerns identified in that case. <u>See</u> 397 F.3d at 973-74. What is more, the litigants in <u>In re Grand Jury Subpoena, Judith Miller</u> based their claim for access to secret grand jury material on a theory of reporters privilege, and the D.C. Circuit rejected that claim on the ground that <u>ex parte</u> proceedings are "appropriate to protect whatever privilege, if any, may exist between a reporter and a confidential source." <u>Id.</u> at 974.[1] By contrast, Mr. Libby is a criminal defendant who seeks access to information material to the preparation of his defense. If the Special Counsel is permitted to proceed <u>ex parte</u>, Mr. Libby will be deprived of a full and fair opportunity to establish why the information the government

---

[1] Because the district court and the D.C. Circuit rejected all claims that the information sought from reporters was privileged, any concern about protecting such privilege is no longer present. See <u>In re Grand Jury Subpoena, Judith Miller</u>, 397 F.3d at 965; <u>In re Special Counsel Investigation</u>, 332 F. Supp. 2d 26 (D.D.C. 2004).

seeks to withhold meets that standard. See generally Dennis v. United States, 384 U.S. 855, 875 (1966) ("In our adversary system, it is enough for judges to judge. The determination of what may be useful to the defense can properly and effectively be made only by an advocate"); In re Taylor, 567 F.2d 1183, 1187 (2d Cir. 1977); see also United States v. George, 786 F. Supp. 11, 16 (D.D.C. 1991) (holding that "ex parte proceedings are generally disfavored").

Finally, the government may be entitled to proceed ex parte if it opposes discovery on the ground that disclosure is not required, but is uncertain as to its position and therefore submits the actual information sought by the defendant to the court for review. See generally United States v. Buckley, 586 F.2d 498, 506 (5th Cir. 1978). Mr. Libby does not know, however, what part (if any) of the Special Counsel's affidavit actually discloses particular information that he seeks to withhold, as opposed to categories or descriptions of information that can be revealed to the defense without compromising the Special Counsel's position that the information is not discoverable. If the affidavit does contain the actual information the Special Counsel seeks to withhold, those portions of the affidavit may be redacted prior to serving the affidavit on the defense.

For the foregoing reasons, Mr. Libby respectfully requests an order that the Special Counsel's affidavit be served upon the defense, or alternatively that his application to file the affidavit ex parte be denied.

February 17, 2006                           Respectfully submitted,

_____                     _____
Theodore V. Wells, Jr.                      William H. Jeffress, Jr.
(DC Bar No. 468934)                         (DC Bar No. 041152)
James L. Brochin                            Alex Bourelly
(DC Bar No. 455456)                         (DC Bar No. 441422)
Paul, Weiss, Rifkind, Wharton               Baker Botts LLP
  & Garrison LLP                            1299 Pennsylvania Ave., NW
1285 Avenue of the Americas                 Washington, DC  20004
New York, NY  10019-6064                    (202) 639-7751
(212) 373-3089

_____                     _____
Joseph A. Tate                              John D. Cline
Dechert LLP                                 (D.C. Bar No. 403824)
2929 Arch Street                            Jones Day
Cira Centre                                 555 California Street, 26th Floor
Philadelphia, PA  19104                     San Francisco, CA  94104
                                            Tel:  (415) 626-3939
                                            Fax:  (415) 875-5700