UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 05-394 (RBW) |
| | ) | |
| I. LEWIS LIBBY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

On February 16, 2005, this Court permitted the government to file under seal an ex parte

affidavit by the Special Counsel, which was submitted to support its opposition to the

defendant's motions to compel. The government filed the affidavit ex parte and under seal

because "it makes extensive references to sensitive grand jury information, including the

identities of witnesses, the substance of grand jury testimony, and the strategy or direction of the

investigation, which is continuing." Gov't's Mot. at 1. The defendant opposes the ex parte

filing, and on February 17, 2006, the defendant filed a written opposition. ("Def.'s Opp'n").

Specifically, the defendant opines that there "is obviously no justification for the Special Counsel

to submit ex parte a description of the materials it claims to have already produced to Mr.

Libby." Def.'s Opp'n at 1. Moreover, the defendant suggests that grand jury secrecy is no basis

for preventing the defendant from viewing the Special Counsel's affidavit since the grand jury

investigation of the defendant is complete and the protective order signed by this Court already

prohibits the disclosure of grand jury information. The defendant does concede, however, that

1

the government is permitted to file the affidavit <u>ex parte</u> if the affidavit discloses particular information that the government contends is not discoverable. <u>Id.</u> at 3. The defendant opines, however, that at a minimum he is entitled to a redacted version of the Special Counsel's affidavit, which excludes all discussion of the particular information the government seeks to withhold. <u>Id.</u>

After carefully reviewing the <u>ex parte</u> affidavit filed with the Court, it is clear that the affidavit substantially discusses the particular information and documents which the Special Counsel contends are not discoverable, but are nonetheless likely encompassed by the defendant's discovery requests. As the defendant acknowledges, such disclosures warrant the filing of an <u>ex parte</u> affidavit. However, some portions of the affidavit, along with the exhibits, outline the information and documents that have been disclosed to the defendant. And this Court agrees with the defendant that he is entitled to know what the Special Counsel has represented to the Court in this regard. Accordingly, it is hereby this 21st day of February, 2006

**ORDERED** that the government shall provide to the defendant and this Court within twenty-four hours of the issuance of this Order a redacted copy of the Special Counsel's affidavit, which shall include those portions of the Special Counsel's affidavit that discuss and provide a description of the information and documents that have been provided to the defendant by the Special Counsel. It is further

**ORDERED** that the Court will permit the government to file this redacted affidavit under seal.[1]

---

[1] The Court will need the parties' views as to whether it is necessary for the redacted affidavit to also be filed under seal. The parties should be prepared to address this question at the February 24, 2006 motions hearing.

**SO ORDERED.**

REGGIE B. WALTON
United States District Judge

3