UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 05-394 (RBW) |
| ) | |
| I. LEWIS LIBBY ) | |
|    also known as "Scooter Libby," ) | |
|    Defendant. ) | |

**RESPONSE OF I. LEWIS LIBBY TO COURT'S FEBRUARY 23 ORDER**

Defendant I. Lewis Libby, through his counsel, submits this response to the Court's Order of February 23, 2006.

The Order seeks information concerning Mr. Libby's request for "[a]ll documents relating to inquiries made during or in connection with Mr. Libby's morning intelligence briefing for the period May 6, 2003 through March 24, 2004, and all documents provided to Mr. Libby as a result of those inquiries." Mr. Libby seeks these documents because they demonstrate concretely urgent matters that commanded his attention during the relevant period. We provide the following answers to the Court's specific questions:

1.    We believe that it is possible to determine what documents would satisfy this request. As a general matter, Mr. Libby and the Vice President received the morning intelligence briefing together. Mr. Libby's inquiries were directed to the CIA briefer, who brought the PDB and associated materials in notebooks that he provided to Mr. Libby and the Vice President. The briefer would make notes, often on his copy of the PDB, reflecting these inquiries.

Based in part on Mr. Libby's experience and in part on discovery provided in this case, we believe that the CIA briefer would return to the agency following the morning

briefing, prepare a memorandum of the inquiries made during the briefing, and send memoranda or emails to the CIA personnel responsible for providing the requested information. After gathering that information, the CIA would provide it to Mr. Libby in three principal ways: entries in subsequent PDBs, documents faxed to the OVP for Mr. Libby's review, and documents delivered by hand to Mr. Libby or to the OVP for Mr. Libby's review.

We believe that the CIA maintains meticulous, readily accessible, computer-based records reflecting (a) inquiries to the CIA briefer during the morning intelligence briefings and (b) all information provided in response, including information provided in subsequent PDBs, documents faxed to the OVP for Mr. Libby's review, and documents delivered by hand to Mr. Libby or to the OVP for Mr. Libby's review.

2. Apart from information included in subsequent PDBs, we estimate that the total number of documents responsive to this request (including documents reflecting Mr. Libby's inquiries and documents faxed or hand-delivered to the OVP or to Mr. Libby for Mr. Libby's review in response to those inquiries) is between 300 and 500.

3. As set forth in paragraph 1 above, we believe that the responsive documents are currently stored at the CIA. We further believe that some or all of the documents may be available in computerized form. We believe that all of the requested documents, whether on computer or in paper form, could be produced by the CIA with relatively little effort.

Some of the responsive documents also may be available at the OVP, though in much less complete and accessible form than the records maintained at the CIA. As we have previously explained, Mr. Libby received a notebook six days each week from the

CIA briefer containing three parts: the PDB, materials provided for the Vice President and Mr. Libby, and materials provided for Mr. Libby. Mr. Libby almost always returned the PDB to the briefer without retaining a copy. He generally kept some portion of the other two categories of documents and returned the remaining documents to the CIA briefer. Mr. Libby either discarded the documents he retained after reading them, distributed them to members of his staff, or caused them to be placed in files maintained by subject-matter in his office. Similarly, when the CIA provided documents to Mr. Libby or the OVP by fax or by hand in response to inquiries made during the morning intelligence briefing, Mr. Libby either discarded those documents after reading them, distributed them to members of his staff, or caused them to be filed according to their subject matter. Thus, unlike the CIA, the OVP does not have dedicated files containing the documents responsive to the request at issue.

The Court also inquired "who has possession of the President's Daily Briefs, which were provided to Mr. Libby during his morning intelligence briefing." Feb. 23 Order at 2. As set forth above, we believe that the CIA has possession of the PDBs provided to Mr. Libby, as well as the other daily briefing materials.

February 24, 2006                                          Respectfully submitted,

_____                                _____
Theodore V. Wells, Jr.                                     William H. Jeffress, Jr.
(DC Bar No. 468934)                                        (DC Bar No. 041152)
James L. Brochin                                           Alex Bourelly
(DC Bar No. 455456)                                        (DC Bar No. 441422)
Paul, Weiss, Rifkind, Wharton                              Baker Botts LLP
  & Garrison LLP                                           1299 Pennsylvania Ave., NW
1285 Avenue of the Americas                                Washington, DC  20004

New York, NY  10019-6064
(212) 373-3089

_Joseph A Tate_/wsJ
Joseph A. Tate
Dechert LLP
2929 Arch Street
Cira Centre
Philadelphia, PA  19104

(202) 639-7751

_JDCline_
John D. Cline
(D.C. Bar No. 403824)
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104
Tel:  (415) 626-3939
Fax:  (415) 875-5700