UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 2 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 05-394 (RBW) |
| ) | |
| I. LEWIS LIBBY, ) | |
| ) | |
| Defendant. ) | |

### ORDER

On February 24, 2006, this Court heard extensive argument on the defendant's motions to compel. At the conclusion of that hearing, this Court, from the bench, resolved some of the disputes. However, the Court deferred ruling on a number of the defendant's requests, including, the request for all documents provided to the defendant as part of his daily morning intelligence briefing, comprising among other documents, the President's Daily Brief ("PDB"). To assist this Court in resolving whether these documents should be produced, the government agreed to submit a supplemental affidavit by March 2, 2006, providing this Court additional information regarding, among other things, an estimated time frame for production of those documents and the burden that production may place on the government if the Court ordered their production.

Upon closer reflection, it is becoming apparent to this Court that what is possibly material to the defendant's ability to develop his defense is not the substantive detail of the documents that the defendant requests, but rather, the general subject matter of PDBs and the documents that accompanied the PDBs, which were used to conduct the daily briefing for the defendant.

Moreover, it is the Court's view that the only time periods potentially material to these particular documents are the periods of time that encompass: (1) when the defendant allegedly had conversations with Tim Russert, Judith Miller, and Matthew Cooper about Valerie Plame Wilson,[1] (2) when the defendant was interviewed by Special Agents of the Federal Bureau of Investigation, and (3) when the defendant testified before the grand jury.[2] Accordingly, this Court requests that the government's affidavit also include the following information:

(1) Can the government provide to the defendant a written representation of the general subject matters covered in documents used to conduct the defendant's morning intelligence briefing during the time periods outline above?[3]

(2) If this general description can be provided, how much time and how many resources would be required to create such an overview?

**SO ORDERED** this 27th day of February, 2006.

REGGIE B. WALTON
United States District Judge

---

[1] This time period would run from June 23, 2003, the date the defendant allegedly had his first discussion with Ms. Miller, until July 12, 2003, the date on which the defendant allegedly last spoke a news reporter about Ms. Wilson.

[2] For these latter two categories, the Court believes the potentially material time period is not only on the day the defendant was interviewed by FBI Agents or testified before the grand jury, but also a period of time both before and after those days. Accordingly, it is the Court's view that two days before and two days after such events would likely contain all of the information potentially material to the preparation of the defendant's defense.

[3] Any such representation would have to be accompanied by an affidavit attesting to the accuracy of the descriptions.