UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )  | |
| ) | CR. NO 05-394 (RBW) |
| v. ) | |
| ) | |
| I. LEWIS LIBBY, ) | |
|     also known as "Scooter Libby" ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO BAR *EX PARTE* SUBMISSIONS UNDER CIPA SECTION 4 WITHOUT A PARTICULARIZED SHOWING OF EXCEPTIONAL CIRCUMSTANCES**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, SPECIAL COUNSEL, respectfully submits this response to the Motion of I. Lewis Libby to Bar *Ex Parte* Submissions by the Government under CIPA Section 4 Without a Particularized Showing of Exceptional Circumstances. As discussed below, the Classified Information Procedures Act (CIPA), 18 U.S.C. App. 3 §§ 1-16, and governing case law support the filing of *ex parte* submissions with the court in connection with requests by the government to deny, restrict or limit the discovery of classified information.

## ANALYSIS

**I.      Governing Law Properly Authorizes *Ex Parte, In Camera* Review.**

   **A.      CIPA Authorizes *Ex Parte, In Camera* Submissions.**

It is entirely appropriate for the Court to consider the Special Counsel's submissions under CIPA Section 4 on an *ex parte* and *in camera* basis. Even prior to the enactment of CIPA, the Supreme Court recognized the need to protect the nations's secrets. "The [executive branch] has available intelligence services whose reports neither are nor ought to be published to the

world." *Chicago & Southern Air Lines, Inc v. Waterman S.S. Corp*, 333 U.S. 103, 111 (1948); accord, *United States v. Nixon,* 418 U.S. 683, 705-06 (1974). More recently, the Supreme Court stated that "[t]he government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." *C.I.A. v. Sims*, 471 U.S. 159, 175 (1985) (quoting *Snepp v. United States*, 444 U.S. 507, 509 n.3 (1980) (*per curiam*)).

Where sensitive or classified information potentially subject to discovery needs protection from disclosure for reasons of national security, Section 4 of CIPA expressly allows a district court "to permit the United States to make a request for such [protection] in the form of a written statement to be inspected by the court alone." Section 4 requires no particular showing before the court may grant a request to proceed *ex parte* and *in camera.* Certainly, there is no requirement that the government provide justification to the defense before seeking to protect non-discoverable classified information from disclosure. *Cf. United States v. Sarkissian,* 841 F2d. 959, 965-66 (9th Cir. 1988) ("Nowhere does CIPA require the government to file a public claim of privilege before making an in camera, ex parte submission."). Moreover, the statute places no limits on what may be set forth by the government in the "written statement" it submits to the court for "[inspection] by the court alone." Indeed, implicit in the statute's direction that the court may permit the government to make an *ex parte* "request for authorization" to delete or withhold classified information in discovery, is the unremarkable notion that the government in its written statement may provide the court with the reasons and justification for why it is seeking relief.

The rationale underlying the statutory provision authorizing *ex parte* submissions is clear. Where "the government is seeking to withhold classified information from the defendant, an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules." *Sarkissian*, 841 F.2d at 965 (quotation and citation omitted). Thus, as the D.C. Circuit has long recognized, *ex parte, in camera* submissions to a district court in matters involving national security are proper:

> [I]n a field as delicate and sensitive as foreign intelligence gathering, we think there is every reason why the court should proceed *in camera* and without disclosure to explore the issue of whether the [material] ha[s] any relevance to a criminal prosecution plainly unrelated as to subject matter.

*United States v. Lemonakis*, 485 F.2d 941, 963 (D.C. Cir. 1973), *cert denied*, 415 U.S. 989 (1974): *see also United States v. Rezaq*, 134 F.3d 1121, 1142 (D. C. Cir.), *cert denied*, 119 S. Ct. 90 (1998); *United States v Yunis*, 867 F.2d 617, 620 (D.C. Cir. 1989); *United States v. Felt*, 491 F. Supp. 179, 184-85 (D.D.C. 1979).

Other circuits have endorsed *ex parte, in camera* proceedings in cases involving classified information. *See e.g., Sarkissian*, 841 F.2d at 965-66; *United States v. Pringle*, 751 F.2d 419, 427-28 (1st Cir. 1984) ("We rule that the government correctly followed the pertinent sections of CIPA in this case, and the court's *ex parte, in camera* inspection of documents was authorized under § 4 of CIPA and Federal Rule of Criminal Procedure 16(d)(1)"), *vacated on other grounds*, 479 U.S. 805 (1986); *United States v. Clegg,* 740 F.2d 16,18 (9th Cir. 1984) ("It is clear that CIPA is as concerned with controlling disclosures to the defendant as it is with controlling disclosure to the public."); *United States v. Lee*, 648 F.2d 667, 668 (9th Cir. 1981) ("*In camera* submissions are proper to evaluate government claims regarding national security."); *United

3

*States v. Kampiles*, 609 F.2d 1233, 1248 (7th Cir. 1979), *cert denied*, 446 U.S. 954 (1980) ("It is settled that in camera ex parte proceedings to evaluate bona fide Government claims regarding national security information are proper."); *see also United States v. Ressam,* 221 F.Supp.2d 1252, 1258-59 (W.D. Wash. 2002) (holding that *ex parte, in camera* hearings for pretrial rulings are entirely consistent with CIPA).

      The D.C. Circuit has had a number of occasions to address CIPA in the context of cases in which the district court employed *ex parte, in camera* proceedings to consider requests by the government to restrict discovery of classified information. In *Yunis*, 867 F.2d at 619, the defendant sought discovery of his own recorded conversations which were in the possession of the United States and therefore within the scope of Rule 16. The United States filed an *ex parte, in camera* motion to delete the Rule 16 material from the discovery to be provided to the defendant. The United States was concerned that its national security equities would be compromised, and that the disclosure of the Rule 16 statements in an adversary proceeding would have "compromise[d] 'intelligence sources and methods.'" *Id.* at 623. Upon the basis of such representation, both the district court and the court of appeals conducted an *ex parte* and *in camera* examination of the classified information at issue. *Id.* at 622. Similarly, in *United States v. Rezaq*, 134 F.3d at 1142-43, the district court, having approved the submission of an *ex parte, in camera* motion for a protective order, examined classified documents in their original form and approved classified summaries which were then turned over to the defense. *Id.*

      **B.    Rule 16(d) Also Supports An *Ex Parte, In Camera* Motion.**

      Rule 16(d) of the Federal Rules of Criminal Procedure likewise creates a mechanism for a district court to make an *ex parte, in camera* inspection of materials in support of denying or

restricting discovery. Rule 16(d)(1) provides that upon motion, "the court may permit a party to make such a showing, in whole or in part, in the form of a written statement to be inspected by the judge alone." The Supreme Court and several circuits have endorsed the practice of prosecutors submitting sensitive, potentially discoverable information to the court *ex parte* pursuant to the government's discovery requirements as set forth in Rule 16 in order to obtain a pretrial determination as to whether disclosure is required. *See, e.g.*, *United States v. Agurs*, 427 U.S. 97, 106 (1976); *United States v. Innamorati*, 996 F.2d 456, 488 (1st Cir.); *United States v. Napue*, 834 F.2d 1311, 1317 (7th Cir. 1987) .

      **C.**    **Defendant's Former Status and Clearances Obtained By Counsel Are No Justification To Dispense with *Ex Parte* Proceedings.**

In their motion to bar *ex parte* submissions, defense counsel suggest that a more relaxed construction of CIPA is appropriate in this case simply because counsel are cleared and the defendant is a former national security official. We strongly disagree. Authorized access to classified information is not dependent solely on having the requisite security clearances and certainly is not dependent on having had access to classified information in the past. Rather, in order to gain access to classified information, one must also have a demonstrated "need to know the information." Exec. Order No. 12,958, § 4.2(a)(3), as amended by Exec. Order No. 13,292, 68 Fed. Reg. 15,315 (Mar. 25, 2003). This requirement is essential to keep the dissemination of sensitive classified information at every level to an absolute minimum so as to protect against potential security lapses, whether intentional or inadvertent. In the context of discovery in a criminal case where the government has asserted a valid claim of privilege, this means, at a minimum, that the classified information at issue must be "at least helpful to the defense of the

accused." *Yunis*, 867 F.2d at 623, (quoting *Roviaro v. United States*, 353 U.S. 53, 60-61. (1957)). Accordingly, the fact that Libby was a national security official and that counsel have the requisite security clearances, in no way abrogates the necessity for *ex parte, in camera* review. The propriety of *ex parte, in camera* proceedings under Section 4 of CIPA is determined by the government interest in protecting against the disclosure of classified information, and not by the former employment status of the accused or the clearances held by counsel. *See e.g., Kampiles*, 609 F.2d at 1233, 1248 (upholding the propriety of *ex parte, in camera* proceedings in a case involving the unauthorized disclosure of classified information by a former CIA official); *see also Yunis* and *Rezaq, supra*. (upholding the propriety of *ex parte, in camera* review notwithstanding the fact that counsel all held security clearances and were operating under protective orders which explicitly prohibited them from sharing classified information with their clients without further order of the court.). Indeed, as pointed out in the *Government's Consolidated Response to Defendant's Motion to Compel Discovery*, ("Gov't Consol. Resp.") even the perception by intelligence sources and allies that classified information is routinely made available to defense counsel in criminal trials could cause harm to the national security by causing sources and allies to be less forthcoming for fear of compromise. (Gov't Consol. Resp. at 30.)

      The defendant misplaces reliance on *United States v. George,* 786 F. Supp 11 (D.D.C. 1991) and *United States v. Poindexter*, 727 F. Supp 1470 (D.D.C. 1989) for the proposition that a national security background and security clearances should attenuate any concerns about the further disclosure of classified information. Neither opinion disapproved of the use of *ex parte* submissions by the government under Section 4 of CIPA. First, in *George*, the district court in

fact disapproved the defendant's request to file *ex parte* submissions, while at the same time the district court approvingly discussed a prior case in which the government had proceeded *ex parte* because, absent an *ex parte* procedure, the information would be revealed and would render the discovery issue moot. 786 F. Supp. at 17 (discussing *United States v. Clegg*, 740 F.2d 16 (9th Cir. 1984)). Although the opinion in *George* referred to the defendant's security clearance as a reason to allow discovery of sealed pleadings filed in two other Iran-Contra prosecutions, *id.* at 16, the district court had already ruled that the defendant would be granted access to all of the discovery documents from those two cases, and thus "it is not clear what additional classified information they will be able to glean from the pleadings." *Id.* at 16. That ruling does not at all address the propriety of the government proceeding *ex parte* under Section 4 of CIPA. Similarly, in *Poindexter*, the district court was not addressing CIPA procedures, and instead only noted the defendant's security clearance as a reason that the court was "inclined to err on the side of granting discovery." 727 F. Supp. at 1473.

      To be sure, like Poindexter and George, Libby is a former national security official who stands charged with perjury and false statements committed during the course of his employment with the government. Also like Poindexter and George, Libby was once entrusted with some of our nation's most sensitive secrets. However, the similarity between those cases and the instant case ends there. Underlying the crimes charged in *Poindexter* and *George* was the Iran Contra affair. Underlying the crimes charged in this case is the failure by a senior national security official to adequately safeguard sensitive classified information. This failure goes to the very heart of the government's concerns about sharing non-discoverable classified information with Mr. Libby and his defense team. Certainly it provides added justification for permitting Special

Counsel to seek *ex parte* review of classified information which the government has determined the defendant and counsel have no "need to know."

      **D**.    **Exceptional Circumstances Are Present Whenever the Government Seeks to Protect Classified Information from Disclosure**.

In any and all matters that may be presented by the Special Counsel to this Court for *ex parte* consideration under Section 4 of CIPA, the government will have made two determinations. The first is that the information at issue is properly classified in accordance with the provisions of Executive Order 12,958, as amended. The second is that the defendant and counsel do not have a "need to know" the classified information. These determinations will be set forth in a classified Declaration executed by an intelligence community official with the requisite classification review authority and filed with the court as part of the government's *ex parte* CIPA Section 4 pleading. The Declaration will identify and describe the reasons for the classification of the information at issue and set forth the potential harm to national security that would result from its unauthorized disclosure. In short, it will make out the case for what the court in *Yunis* described as the government's privilege in classified information. *Yunis*, 924 F.2d at 1095. The Special Counsel respectfully submits that a determination by an appropriate official of the intelligence community that the information at issue is properly classified, coupled with a finding that Libby and his counsel have no 'need to know,' is sufficient in and of itself to justify *ex parte*, *in camera* submission and review. By definition, disclosure of such information reasonably could be expected to cause harm to the national security of the United States. *See* Exec. Order No. 12,958 §§ 1.3(a)(1), 1.3(a)(2), 1.3(a)(3).

The defendant maintains that the government should be required to demonstrate a 'particularized need' to proceed *ex parte* in an adversarial proceeding to be held in advance of a any proposed *ex parte* filing.  Although the defendant does not articulate what he means by a 'particularized need,' we suspect that the defense is seeking more that just an assertion by Special Counsel or an intelligence official that the information at issue is properly classified and that a determination has been made that Mr. Libby and counsel have no 'need to know.'  Rather, the defense seems to be asking that the government lay out on the record or at least share with the defense on an *in camera* basis the reasons for classification and/or the identifiable harm to national security that would result from disclosure.

CIPA imposes no such requirement on the government. *Cf. United States v. Sarkissian,* 841 F.2d at 965-66.  Nor is such a requirement imposed by Federal Rule of Criminal Procedure Rule 16(d)(1), which expressly allows the court to permit the party seeking to deny or restrict discovery to "*show good cause by a written statement that the court will inspect ex parte.*" (Italics supplied.)  Disclosing the rationale for classification or the damage that reasonably could be expected to result would entail risks of disclosing the very information that the government is seeking to protect.  Indeed, as the Declarations to be filed with the Court in connection with the government's CIPA Section 4 submissions will make clear, the reasons why a particular item of information is classified typically are more sensitive than the classified information itself.  The damage to national security would be compounded if the government was required to make the showing suggested by the defense in order to justify *ex parte, in camera* review.  Accordingly, we would ask the Court to respect the government's classification determinations and permit it to proceed on an *ex parte* basis under CIPA Section 4 unless and until it concludes that the

government has misconstrued its discovery obligations. The fact that the information for which protection is sought is classified and that a determination has been made that defendant has no 'need to know' the information, are the only 'exceptional circumstances' required for the government properly to seek *ex parte, in camera* review under CIPA Section 4.

      E.     **CIPA Does Not Authorize Defense Ex Parte Submissions.**

The defense argues that to the extent the Court permits the government to make *ex parte* submissions under CIPA, it should level the playing field by permitting the defense to proceed *ex parte* in support of requested discovery.

Simply stated, CIPA does not authorize the defense to proceed *ex parte* on discovery issues or any other issues concerning the use and disclosure of classified information. In this regard, CIPA departs significantly from Federal Rule of Criminal Procedure 16(d)(1), which allows either party to seek *ex parte* review in connection with requests to den*y,* restrict or defer discovery or inspection. The reason for the exclusion of the defense from *ex parte* practice under CIPA seems clear. As the Supreme Court has observed, the United States has a compelling interest and a singular role in protecting the secrecy of information vital to our national security. *C.I.A. v. Sims,* 471 U.S. at 175. CIPA both recognizes and protects the government's proprietary interest in classified information. It permits the government to take interlocutory appeals from any order authorizing the disclosure of classified information, imposing sanctions for non-disclosure, or refusing a protective order. *See* CIPA § 7 . It also requires the defendant to give the government advance notice of any classified information the defendant intends to disclose "in any manner in connection with any trial or pretrial proceeding involving the criminal prosecution..." CIPA § 5. Similarly, CIPA expressly recognizes the right of the government

to refuse to obey a court order authorizing the disclosure of classified information at trial. *See e.g.* CIPA § 6(e)(1). The Court may sanction the government for non-disclosure, but it cannot force the government to disclose classified information that the government determines ultimately must be excluded from the case. *Id.* ("Whenever the court denies a motion by the United States . . . and the United States files with the Court an affidavit of the Attorney General objecting to disclosure of the classified information at issue, the court *shall* order that the defendant not disclose or cause the disclosure of such information." (emphasis supplied)). The government's privilege in classified information, and its ability adequately to protect such information from disclosure by invoking the relevant provisions of CIPA, would be severely circumscribed if it was to be excluded from any proceedings at which issues concerning the discovery or use of that information are decided.

The Special Counsel is mindful that in a limited number of isolated cases, cited by the defense in their motion, courts have permitted defendants to file *ex parte* submissions in connections with issues relating to the discovery of classified information. We would respectfully request that in this case, where the defendant is seeking to obtain and use at trial some of our nation's most sensitive secrets, the Court adhere to the spirit and purpose of CIPA and allow the government the opportunity to be heard on any issue involving the possible discovery of classified information or its use at trial.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny the defendant's motion to bar *ex parte* submissions by the government under CIPA Section 4 without a showing, through adversarial proceedings, of exceptional circumstances. The government

further requests that the court deny the defendant's motion to permit the defense, on matters involving classified information, to seek *ex parte, in camera* review.

Respectfully submitted,

/s/
Patrick J. Fitzgerald
Special Counsel

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 10th day of March, 2006, I caused true and correct copies of the foregoing to be served on the following parties by first class mail:

William Jeffress, Esq.
Baker Botts
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Facsimile: 202-585-1087

Theodore V. Wells, Esq.
Paul Weiss
1285 Avenue of the Americas
New York, NY 10019-6064
Facsimile: 212-373-2217

Joseph A. Tate, Esq.
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793
Facsimile: 215-994-2222

John D. Cline, Esq.
Jones Day
555 California Street
San Francisco, CA 94104
Facsimile: 415-875-5700

        Patrick J. Fitzgerald
        Special Counsel
        U.S. Department of Justice
        10th & Constitution Ave., NW
        Washington, D.C.  20530
        202-514-1187

        By: _____/s/_____
        Kathleen M. Kedian
        Deputy Special Counsel