UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO 05-394 (RBW) |
| v. ) | |
| ) | |
| I. LEWIS LIBBY, ) | |
|    also known as "Scooter Libby" ) | |

**GOVERNMENT'S MOTION FOR CLARIFICATION AND
TO ADJUST SCHEDULE FOR ASSERTING PRIVILEGE**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, SPECIAL COUNSEL, hereby moves this Court for an Order clarifying its Order of March 10, 2006, and adjusting the schedule for any assertion of privilege with respect to materials to be produced pursuant to that Order. In support of the motion, the government states as follows:

*March 10, 2006 Order*

On January 26, 2006 and January 31, 2006, respectively, the defendant filed a "Motion of I. Lewis Libby to Compel Discovery of Information Regarding News Reporters and Organizations," and "Motion to Compel Discovery of Rule 16 and Brady Material in the Possession of Other Agencies." R. 29, 32.[1] In its motions, the defendant sought production of, among other items, all documents, including the President's Daily Brief ("PDB"), that were provided to defendant and the Vice President in connection with morning intelligence briefings during the period May 5, 2003 through March 24, 2004, and

---

[1] For convenience and clarity, the government cites to numbered entries in the record ("R.") as set forth in the clerk's docket.

all documents related to inquiries made during or in connection with defendant's morning intelligence briefing and all documents provided to defendant in response thereto.

The government filed a written response (R. 36), and this Court heard argument concerning the defendant's motions on February 24, 2006. On March 3, 2006, at the direction of this Court, the government filed a Declaration of the CIA describing the burden that would be imposed by requiring the production of PDBs and related materials. R. 57. Defendant filed a response to the CIA's declaration in which he agreed to limit his requests for documents. R. 61 at 4 n. 3. Specifically, defendant agreed to limit the production of morning intelligence briefing documents to those documents that were provided to the Vice President and reviewed by defendant, and documents reflecting inquiries made by him during the briefings, and to forego production of documents received in response to his inquiries. *Id.* In addition, defendant agreed to the entry of a protective order requiring that the PDBs and related documents be examined only by defendant and four of his attorneys at the SCIF,[2] and that these materials would not be copied. *Id.* at 6.

On March 10, 2006, this Court entered a Memorandum Opinion and Order with respect to the defendant's discovery motions. R. 62, 63. The March 10 Order required that the government produce "either (1) redacted versions of the documents provided to defendant during his morning intelligence briefing that were also viewed by the Vice

---

[2] It is our understanding that the SCIF used by the defendant to review classified documents is maintained by the Court Security Officer and is located at the United States District Court for the District of Columbia.

President or (2) topic overviews of the subject matter contained in those documents," as well as "a topic index of any inquiries reflecting additional information the defendant requested during his morning intelligence briefings." R. 62. The Order limited the required production to documents during the following time periods: June 7 through July 14, 2003, October 12 through October 15, 2003, November 24 through November 28, 2003, and March 22 through March 26, 2004. *Id.* Finally, the Order required that any motion asserting a privilege with respect to the documents to be produced be filed by the CIA or White House on or before March 24, 2006. *Id.* A deadline was not set for the production of documents to the defendant.

The March 10 Order did not explicitly address safeguards such as limiting the examination of the subject materials, or the issue of any subsequent disclosure of such materials at trial. *See* R. 62. However, the Court's Memorandum Opinion appears to indicate that the Court intended to impose the procedural safeguards offered by defendant, that is, that PDB-related materials would be examined only by defendant and four of his attorneys in the SCIF, and that the copying of such materials would be prohibited. See R. 63 at 10. The Memorandum Opinion also indicates that the March 10 Order did not purport to address the issue of public disclosure of the subject materials, including disclosure at trial, and that, given the classified and highly sensitive nature of the subject materials, this issue would be resolved through the CIPA process. R. 63 at 22-23 n. 25.

*Efforts to Comply with Court's March 10 Order*

As set forth in the accompanying Declaration of Central Intelligence Agency ("CIA") Information Review Officer Marilyn A. Dorn dated March 21, 2006, upon the issuance of the Court's March 10, 2006 Order, the CIA promptly began retrieving documents in response to the Order. The CIA devoted the equivalent of two experienced intelligence analysts working full time for a week to the task of retrieving responsive documents. At the end of the week, the analysts had succeeded in retrieving responsive documents covering a period of only six days. Thus, the CIA concluded that it was not possible to retrieve, review, and redact or prepare topic overviews of the subject materials prior to March 24, 2006.

Through its efforts, the CIA also determined that it would be more efficient, and would result in the production of a greater volume of materials, to produce redacted documents or topic overviews related to documents that were provided to defendant during morning intelligence briefings, without regard to whether the subject documents were also provided to or reviewed by the Vice President. The defendant would receive more than the Court initially ordered because documents determined to have been viewed only by the defendant would not be excluded, and time would be saved by obviating the need to cull out documents reviewed only by the defendant, and not by the Vice President.

In addition, upon the issuance of the Court's March 10, 2006 Order, the CIA promptly consulted with the Executive Office of the President ("EOP") regarding whether

a claim of executive privilege would be asserted with respect to the subject documents. After reviewing the sample of documents and proposed topic overviews compiled by the CIA, the EOP and CIA determined that, while all of the responsive documents are protected by privilege, including executive privilege, and thus a blanket claim of privilege reasonably could be asserted, in light of the Court's ruling limiting production to redacted documents and topic overviews, and assuming that access to such redacted documents or topic overviews would be limited to defendant and his attorneys in the SCIF as proposed by defendant (see R. 63 at 10), there is a reasonable prospect that the government could avoid a blanket assertion of privilege and instead be able to comply with the Court's Order while asserting executive privilege with respect to a discrete number of materials, if any. However, such limited assertions of privilege would only be possible if the CIA and EOP first had an opportunity to conduct a document-by-document review of the documents and proposed redactions or topic overviews, and if the failure to assert privilege with respect to such materials was not deemed a waiver of any privilege with respect to the disclosure of such materials in subsequent public proceedings, or to any third parties.

     As set forth in the accompanying Declaration of Marilyn Dorn, given its experience to date, the CIA has determined that it is impossible to retrieve, review, and to redact documents or prepare topic overviews related to the responsive materials, much less to allow time for the EOP to review the materials and determine whether a blanket assertion of privilege can be avoided, before March 24, 2006. The CIA estimates that completion of all

of these tasks, including a document-by-document privilege review, will require twelve weeks from today.

*Need for Clarification of Court's March 10 Order*

In order for the CIA to properly prepare redacted documents and/or topic overviews of the subject documents, and for the CIA and EOP to make judgments regarding the need to assert privilege, the government seeks clarification and modification of the Court's March 10 Order in four respects. Specifically, the government respectfully requests that this Court enter an Order providing that:

 (a) the government is permitted to produce to defendant redacted documents or topic overviews related to the defendant's morning intelligence briefings, without regard to whether such materials were provided to or reviewed by the Vice President;

 (b) materials produced pursuant to the March 10, 2006 Order may only be examined by defendant and four of his attorneys (Messrs. Wells, Jeffress, and Cline and Ms. Maxwell), examination of such materials may only take place in the SCIF maintained by the Court Security Officer, and the copying of such materials is prohibited;

 (c) the production of materials pursuant to the March 10 Order is for purposes of discovery only, and neither the production of such materials in classified discovery pursuant to the March 10 Order, nor the failure to assert executive privilege with respect to any materials produced pursuant to the March 10 Order, constitutes a waiver of any claim of

privilege, including executive privilege, with respect to the disclosure of such documents or information at trial or other public proceedings in this case, or to any third parties; and

(d)    the production of materials pursuant to the March 10, 2006 Order, and the assertion of any claim of privilege with respect to such materials, are required to be made on or before June 13, 2006, and neither the production of documents, nor the failure to assert privilege with respect to the production of documents pursuant to the March 10 Order, constitutes a waiver of any applicable privilege with respect to the disclosure of such documents or information in subsequent public proceedings, or to third parties.[3]

Respectfully submitted,

_____/s/_____
PATRICK J. FITZGERALD
Special Counsel


Office of Special Counsel
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C. 20530
202-514-1187

---

[3]  While it is substantially preferable to consider privilege issues in the context of the entire group of documents to be produced, as the attached Declaration of Marilyn Dorn states, it might be possible to produce documents and make any necessary assertions of privilege in two waves, the first (documents for the period June 7 through July 14, 2003) on or before May 17, 2006, and the second (all remaining documents) on or before June 13, 2006.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 21st day of March, 2006, I caused true and correct copies of the foregoing to be served on the following parties by electronic mail:

William Jeffress, Esq.
Baker Botts
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Facsimile: 202-585-1087

Theodore V. Wells, Esq.
Paul Weiss
1285 Avenue of the Americas
New York, NY 10019-6064
Facsimile: 212-373-2217

Joseph A. Tate, Esq.
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793
Facsimile: 215-994-2222

John D. Cline, Esq.
Jones Day
555 California Street
San Francisco, CA 94104
Facsimile: 415-875-5700

                                              Patrick J. Fitzgerald
                                              Special Counsel
                                              U.S. Department of Justice
                                              1400 New York Ave., N.W.
                                              Washington, D.C.  20530
                                              202-514-1187

                                              By: _____/s/_____
                                               Kathleen M. Kedian
                                               Deputy Special Counsel