UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 05-394 (RBW) |
| | ) | |
| I. LEWIS LIBBY, | ) | |
| also known as "Scooter Libby," | ) | |
| Defendant. | ) | |

**SUPPLEMENTAL PROTECTIVE ORDER REGARDING CLASSIFIED DOCUMENTS**

Upon the motion of the parties to supplement the Protective Order Regarding Classified Information entered by the Court on November 23, 2005, IT IS HEREBY ORDERED THAT:

1. This Order supplements the terms of the Protective Order Regarding Classified Information. This Order applies to classified documents provided by the Office of Special Counsel ("OSC") to the defense in discovery that were originally produced to the OSC by the executive branch (the "classified documents").[1] This Order does not apply to any other categories of documents or information provided to the defense by the OSC.

2. Documents Produced to the OSC and to the Defense On or After February 24, 2006. If the executive branch claims that any classified documents provided by the executive branch to the OSC on or after February 24, 2006 and provided by the OSC to the defense on or after February 24, 2006 are covered by executive privilege, the defense shall not assert that the mere act of production to the OSC or by the OSC to the defense constituted a waiver of

---

[1] For purposes of this Order, the executive branch is defined as entities in the executive branch (including but not limited to the Executive Office of the President, the Office of the Vice President, the Central Intelligence Agency, and the State Department) other than OSC.

executive privilege, if applicable, with respect to those documents.  However, the defense retains the right to challenge on any other basis any claims by the executive branch that classified documents produced to the defense on or after February 24, 2006 are covered by executive privilege.  Nothing in this Order is intended to prohibit the defense from contesting such privilege claims on, among other grounds, the basis that executive privilege never attached to the classified documents in dispute.

      3.      Documents Produced to the Defense Before February 24, 2006.  The defense retains the right to challenge on any basis, without limitation, any assertions by the executive branch that executive privilege applies to any classified documents produced to the defense prior to February 24, 2006, including but not limited to the grounds that (a) the act of production by the executive branch to the OSC constituted a waiver of executive privilege and (b) the act of production by the OSC to the defense constituted a waiver of executive privilege.

      4.      Documents Produced to the OSC Before February 24, 2006 But Produced to the Defense After February 24, 2006.  If the executive branch claims that any classified documents provided by the executive branch to the OSC before February 24, 2006, but provided by the OSC to the defense after February 24, 2006 are covered by executive privilege, the defense shall not assert that that the mere act of production of those documents by OSC to the defense constituted a waiver of executive privilege.  However, the defense retains the right to challenge any assertions by the executive branch that executive privilege applies to those documents on any other grounds, including but not limited to the ground that the act of production by the executive branch to the OSC constituted a waiver of executive privilege.

      5.      Waiver Claims by Third Parties.  The executive branch takes the position that neither its production of classified documents to the OSC, nor the OSC's production of classified

documents to the defense, constitutes a waiver of privilege as to third parties. The defense shall take no position regarding any possible waiver of executive privilege in any dispute between any third party and the executive branch with respect to any classified documents.

6. Any assertions by the executive branch that executive privilege may apply to any classified documents shall be made in proceedings authorized under Section 6 of the Classified Information Procedures Act.

7. Amendments. This agreement shall be freely amended by agreement of the parties or by application to the Court.

8. This Order does not preclude the executive branch from refusing to produce documents for which it believes a valid claim of privilege exists if it determines that it is necessary and appropriate to do so.

SO ORDERED:

_____
Hon. Reggie B. Walton
UNITED STATES DISTRICT JUDGE

Date: _____