UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

APR 4 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA )
)
v. ) CR. NO. 05-394 (RBW)
)
I. LEWIS LIBBY, )
    also known as "Scooter Libby," )
    Defendant. )

## SUPPLEMENTAL PROTECTIVE ORDER REGARDING NON-CLASSIFIED AND DECLASSIFIED DOCUMENTS

Upon the motion of the parties to supplement the Protective Order entered by the Court on November 23, 2005 (the General Protective Order), IT IS HEREBY ORDERED THAT:

1. This Order supplements the terms of the General Protective Order. This Order applies to non-classified documents and declassified documents (as described in paragraph 8) provided by the Office of Special Counsel ("OSC") to the defense in discovery that were originally produced to the OSC by the executive branch (the "executive branch documents").[1] This Order does not apply to any other categories of documents or information provided to the defense by the OSC, such as grand jury transcripts or materials from news organizations.

2. Documents Produced to the OSC and to the Defense On or After February 24, 2006. If the executive branch claims that any executive branch documents provided by the executive branch to the OSC on or after February 24, 2006 and provided by the OSC to the

---

[1] For purposes of this Order, the executive branch is defined as entities in the executive branch (including but not limited to the Executive Office of the President, the Office of the Vice President, the Central Intelligence Agency, and the State Department) other than OSC.

defense on or after February 24, 2006 are covered by executive privilege, the defense shall not assert that the mere act of production to the OSC or by the OSC to the defense constituted a waiver of executive privilege, if applicable, with respect to those documents. However, the defense retains the right to challenge on any other basis any claims by the executive branch that executive branch documents produced to the defense on or after February 24, 2006 are covered by executive privilege. Nothing in this Order is intended to prohibit the defense from contesting such privilege claims on, among other grounds, the basis that executive privilege never attached to the executive branch documents in dispute.

3. Documents Produced to the Defense Before February 24, 2006. The defense retains the right to challenge on any basis, without limitation, any assertions by the executive branch that executive privilege applies to any executive branch documents produced to the defense prior to February 24, 2006, including but not limited to the grounds that (a) the act of production by the executive branch to the OSC constituted a waiver of executive privilege and (b) the act of production by the OSC to the defense constituted a waiver of executive privilege.

4. Documents Produced to the OSC Before February 24, 2006 But Produced to the Defense After February 24, 2006. If the executive branch claims that any executive branch documents provided by the executive branch to the OSC before February 24, 2006, but provided by the OSC to the defense after February 24, 2006 are covered by executive privilege, the defense shall not assert that that the mere act of production of those documents by OSC to the Defense constituted a waiver of executive privilege. However, the defense retains the right to challenge any assertions by the executive branch that executive privilege applies to those documents on any other grounds, including but not limited to the ground that the act of production by the executive branch to the OSC constituted a waiver of executive privilege.

5. Waiver Claims by Third Parties. The executive branch takes the position that neither its production of documents to the OSC, nor the OSC's production of documents to the defense, constitutes a waiver of privilege as to third parties. The defense shall take no position regarding any possible waiver of executive privilege in any dispute between any third party and the executive branch with respect to any executive branch documents.

6. Use of the Executive Branch Documents By the Defense. The executive branch documents may be used by the defendant and his counsel in connection with the defense of this case to the full extent permitted by the November 23, 2005 Protective Order, with the following restrictions:

    A. Copies of the executive branch documents may not be provided to any persons other than the defendant, defense counsel and persons employed or retained by them to assist in the defense.

    B. An executive branch document may not be shown (or its contents read) to any persons other the defendant, defense counsel or persons employed or retained by them to assist in the defense, unless:

        i. such persons have previously seen the executive branch document in question;

        ii. such persons were participants in event(s) or conversation(s) described in the executive branch document in question;

        iii. the defense makes a request to the OSC for an exception to these restrictions, and such a request is granted. The parties shall make all reasonable efforts to accommodate such exceptions. If such exceptions are refused, the defense may seek relief from the Court.

C. No persons shall be provided, shown, or read the contents of any executive branch document, or any copy thereof, unless and until they have been provided with a copy of this Supplemental Protective Order. The defense shall maintain a record of all such persons.

D. The defense will not attach any executive branch documents to any public filings with the Court, or publicly disclose executive branch documents or their contents in any other manner, without prior notice to the OSC. If the defense and the OSC cannot agree on the manner in which executive branch documents or their contents may be publicly disclosed, the parties shall seek resolution of such disagreements by the Court.

E. Nothing in this Paragraph 6 limits the use that the defense may make of executive branch documents at trial.

F. The defense agrees to return to the government or destroy any executive branch documents that do not become public during the course of pretrial proceedings and are not used at trial.

7. Schedule for Resolution of Assertions of Executive Privilege. No later than May 15, 2006, the OSC will provide to the defense a list of all executive branch documents as to which the executive branch believes a valid claim of privilege could be invoked for all documents provided to the defense on or before May 1, 2006. On or before June 15, 2006, the defense will identify all listed executive branch documents which the defense anticipates it may wish to use at trial. The defense will be free to disclose at trial any executive branch documents so identified unless, by July 15, 2006, the government files a motion in limine to preclude use of the documents at trial on privilege grounds, and the Court thereafter grants the motion; however,

4

the Government retains the right to challenge the admission of such documents at trial on evidentiary grounds. Executive branch documents not listed by the OSC pursuant to this paragraph or paragraph 8 hereof, or as to which a motion in limine is not filed or, if filed, is denied by the Court, shall no longer be subject to the restrictions set forth in Paragraphs 6A through 6D of this Order, but will be included in the definition of "protected materials" subject to the protections of Paragraphs 2 through 8 and 10 of the General Protective Order. If the court denies a motion in limine, the government will have two weeks to seek appellate review of that ruling. During that time, and while any appeal is pending, the defense will be required to abide by the restrictions in this Order, as well as the restrictions of the General Protective Order.

8. Documents Declassified or Produced After May 1. Any documents produced as classified discovery that are declassified after the date of this Order, and any non-classified executive branch documents produced to the defense after the date of this Order, will be governed by this Order. If any such documents are declassified or produced after May 1, 2006, the OSC will have 15 business days after notifying the defense of declassification, or after producing additional non-classified executive branch documents, in which to designate those documents as to which the executive branch believes a valid claim of privilege could be invoked. The defense will have 15 business days thereafter in which to identify any such designated documents which the defense anticipates it may wish to use at trial, and the government will have 30 days thereafter in which to file a motion in limine as provided in paragraph 7 hereof.

9. Amendments. This agreement shall be freely amended by agreement of the parties or by application to the Court.

5

10. This Order does not preclude the executive branch from refusing to produce documents for which it believes a valid claim of privilege exists if it determines that it is necessary and appropriate to do so.

SO ORDERED:

_____
Hon. Reggie B. Walton
UNITED STATES DISTRICT JUDGE

Date: April 4, 2006