UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 05-394 (RBW) |
| | ) | |
| I. LEWIS LIBBY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**FILED**

APR - 5 2006

**MEMORANDUM OPINION**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Currently before the Court is the defendant's motion that seeks to prohibit the

government from filing ex parte submissions under Section 4 of the Classified Information

Procedures Act ("CIPA"), 18 U.S.C. App. III (2000), without first making a particularized

showing of exceptional circumstances.[1] Although the defendant does "not object to in camera

consideration of potentially discoverable classified documents by the Court," he does challenge

submission to the Court of "any ex parte argument by the government that particular documents

are not discoverable or that [the government] should be permitted to redact or provide

substitutions for discoverable documents." Def.'s Mot. at 2-3. As support for his positions, the

defendant posits that (1) Section 4 of the CIPA gives this Court discretion when deciding

whether to accept or reject ex parte submissions, (2) ex parte proceedings are generally

---

[1] The following papers have been submitted in connection with this motion:  (1) Motion of I. Lewis Libby to Bar Ex Parte Submissions Under CIPA § 4 Without a Particularized Showing of Exceptional Circumstances ("Def.'s Mot."); (2) Government's Response to Defendant's Motion to Bar Ex Parte Submissions Under CIPA Section 4 Without a Particularized Showing of Exceptional Circumstances ("Gov't's Opp'n"); and (3) Reply in Support of Motion of I. Lewis Libby to Bar Ex Parte Submissions Under CIPA § 4 Without a Particularized Showing of Exceptional Circumstances ("Def.'s Reply").

1

disfavored, and (3) ex parte submissions are unnecessary because the defendant is a former

national security official[2] and his attorneys have security clearances. Id. at 4-6. For all these

reasons, the defendant argues that Section 4 ex parte proceedings should be prohibited in this

case absent a particularized showing of exceptional circumstances. Id. Accordingly, the

defendant opines that "once the Court determines that a document falls within the scope of Rule

16 or Brady,[3] the defense should have access to the document for purposes of arguing that any

redactions or substitutions the government proposes will not afford Mr. Libby substantially the

same ability to make his defense as the complete document." Id. at 3. In the alternative, the

defendant posits that if the Court permits the government to make ex parte submissions under

Section 4 of the CIPA, it should also permit the defendant to proceed ex parte in support of his

discovery requests. Id. at 8-9.

The government opposes the defendant's motion, arguing that the CIPA expressly

provides for ex parte, in camera submissions to the Court and that the CIPA imposes no

requirement that a particularized showing be made before such a submission is filed with the

Court. Gov't's Opp'n at 1-2. In addition, the government notes that Federal Rule of Criminal

Procedure 16 also authorized ex parte submissions to the Court. Id. at 4-5. Moreover, and

contrary to the defendant's position, the government contends that the defendant's previous

access to highly classified documents as a national security official and the security clearances

---

[2] It is this Court's understanding that upon the defendant's resignation from government service, the
defendant's security clearance became inactive. Accordingly, the defendant does not currently hold an active
security clearance, but no objection has been raised challenging his viewing of the documents which have been
produced by the government presumably, in part, because he previously had access to those documents as a national
security official and has consented to the various protective orders issued in this case.

[3] Brady v. Maryland, 373 U.S. 83 (1963).

held by the defendant's attorneys is not justification for departing from the procedures set forth in the CIPA. Id. at 5-6. The government also opines that exceptional circumstances should always be deemed to exist when the government properly submits a filing pursuant to Section 4 accompanied by supporting affidavits. Id. at 8-9. And finally, the government notes that the CIPA does not authorize the defense to file ex parte submissions, and there is no basis for providing the defense with that ability here. Id. at 10-11.

## I.    Analysis

As the District of Columbia Circuit has observed, "[i]t is a hallmark of our adversary system that we safeguard party access to the evidence tendered in support of a requested court judgment." Abourezk v. Regan, 785 F.2d 1043, 1060 (D.C. Cir. 1986). Thus, courts routinely express their disfavor with ex parte proceedings and permit such proceedings only in the rarest of circumstances. See, e.g., United States v. Rezaq, 899 F. Supp. 697, 707 (D.D.C. 1995); United States v. George, 786 F. Supp. 11, 16 (D.D.C. 1991). Accordingly, the District of Columbia Circuit adheres to the "the firmly held main rule that a court may not dispose of the merits of a case on the basis of ex parte, in camera submissions." Abourezk, 785 F.2d at 1061.[4] The Circuit Court did note, however, that there are exceptions to this rule, but concluded that they "are both few and tightly contained." Id. The Court acknowledged three such exceptions. First, the "inspection of materials by a judge isolated in chambers may occur when a party seeks to prevent use of the materials in the litigation." Id. (emphasis in original). Second, when the government has properly invoked, for example, the state secrets privilege, has demonstrated "compelling

---

[4] Although Abourezk was decided in the civil summary judgment context, its reasoning is equally applicable to the proceedings at issue here.

3

national security concerns," and has disclosed, "prior to any in camera examination, . . . as much of the material as it could divulge without compromising the privilege." Id. Finally, ex parte proceedings are permitted when a statute expressly provides for such proceedings. Id.; see, e.g., 50 U.S.C. § 1702(c) (2000) (an agency record containing classified information "may be submitted to the reviewing court ex parte and in camera").

In the context of discovery in criminal cases, both Rule 16 and the CIPA permit ex parte filings. Federal Rule of Criminal Procedure 16(d) provides that a court may permit a party seeking a protective order or seeking to modify a discovery request to "show good cause [why their request should be granted] by a written statement that the court will inspect ex parte." Fed. R. Crim. P. 16(d)(1). Section 4 of the CIPA, which "Congress intended . . . to clarify the court's powers under Fed. R. Crim. P. 16(d)(1) to deny or restrict discovery in order to protect national security," also provides for ex parte filings. United States v. Sarkissian, 841 F.2d 959, 965 (9th Cir. 1988) (citing S. Rep. No. 823, 96th Cong., 2d Sess. 6, reprinted in 1980 U.S. Code & Cong. News 4299-4300). Under Section 4 of the CIPA,[5] "[t]he court may permit the United States to make a request [to delete specified items of classified information from documents or provide substitutions] in the form of a written statement to be inspected by the court alone." 18 U.S.C.

---

[5] Section 4 of the CIPA provides:

The court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone. If the court enters an order granting relief following such an ex parte showing, the entire text of the statement of the United States shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal.

18 U.S.C. App. III., § 4 (emphasis added).

4

App. III, § 4. Ex parte submissions of such information is authorized "'since the government is seeking to withhold classified information from the defendant, [and] an adversary hearing with defense knowledge would defeat the very purpose of the discovery rules.'" Sarkissian, 841 F.2d at 965 (quoting H.R. Rep. No. 831, 96th Cong., 2d Sess. 27 n.22). It is clear from the plain text of Section 4, however, that the Court has discretion in deciding whether to accept ex parte filings under Section 4.

Nevertheless, the defendant seeks a definitive pre-submission ruling from this Court concerning how it will employ the CIPA procedures under Section 4 throughout the prosecution of this case. While this Court appreciates why the defendant desires such a ruling, the defendant's request not only is premature[6] but conflicts with the text of the provision itself. Thus, despite this Court's prior admonition to both parties that they make all possible attempts to refrain from filing documents both ex parte and under seal, the substance of future filings are unknown, and this Court cannot preemptively constrain either party or limit their ability to make filings they deem appropriate and necessary. This Court can imagine scenarios in which ex parte proceedings will be both warranted and necessary throughout the prosecution of this case, not only to preserve national security, but also to ensure the defendant's right to a fair trial.

The defendant's motion does, however, raise an important issue — how this Court will proceed when presented with filings under Section 4 of the CIPA. The CIPA does not provide a detailed roadmap for courts to follow; in fact, the course is primarily unchartered. As a former member of this Court observed, the "CIPA is a procedural statute, and the legislative history of it

---

[6] The government has submitted its initial filing pursuant to Section 4. In light of the motion which is the subject of this opinion, the Court has deferred ruling on the government's motion until after it issued this opinion.

shows that Congress expected trial judges to fashion creative solutions in the interests of justice

for classified information problems." United States v. North, 713. F. Supp. 1452, 1453 (D.D.C.

1989) (citing H.R. Conf. Rep. No. 96-1436 (96th Cong., 2nd Sess., 11, 14 (1980), U.S. Code

Cong. & Admin. News 1980, p. 4294.)).   This case will inevitably require such creative

solutions.  And in crafting the process the parties will be required to follow, the Court will

endeavor to properly balance the defendant's right to receive a fair trial and the government's

need to protect classified information.

It important to note at the outset that Section 4 of the CIPA is only implicated if the

government seeks to "delete specified items of classified information from documents to be

made available to the defendant through discovery . . . ." 18 U.S.C. App. III, § 4.  By its terms,

Section 4 applies only after it has been determined that documents are discoverable.  Moreover,

the Court concludes that it is only logical to permit Section 4 to be invoked when the government

decides to produce information contained in classified documents even though it is under no

legal obligation to produce the information.  Accordingly, Section 4 only applies after the

threshold question of materiality is made in favor of disclosure or the government agrees to

disclosure without making a materiality challenge.  Therefore, it is inappropriate (and in fact

unnecessary) for the government to argue questions of materiality through an ex parte Section 4

filing.  Rather, questions of materiality must be litigated in a separate adversarial setting, just as

the Court did when addressing the defendant's first two motions to compel.[7]  And, as the

defendant has acknowledged, the government can submit to this Court for its ex parte review

---

[7] This Court notes that it has no reason to believe that the government would attempt to argue the
materiality of documents in a Section 4 filing, as no such attempt has been made at this point.

copies of disputed documents during such adversarial proceedings to assist the Court in resolving

the threshold materiality determinations. See, e.g., Palermo v. United States, 360 U.S. 343, 354

(1959); Abourezk, 785 F.2d at 1061. The actual materiality challenges, however, cannot be

submitted to the Court along with the ex parte Section 4 filing.

The next question the Court must address is what role, if any, the defendant and his

attorneys should be permitted to play in Section 4 proceedings in this case. In examining this

issue, the Court must first assess whether the defense should be accorded access to unredacted

documents that this Court deems discoverable or the government has otherwise agreed to

disclose, in order to participate in discussions about the government's proposed redactions or

substitutions. And, this Court must also consider whether the defense should be provided access

to the government's justifications for proposed redactions or substitutions along with the

opportunity to challenge those justifications. Other than the statutory language of Section 4, the

parties have provided this Court with no caselaw explicitly discussing how the Court should

proceed when the government makes an ex parte filing under Section 4 or the role the defendant

has, if any, in such proceedings. Nor has the Court's research discovered such authority. In fact,

the caselaw cited by the parties is not particularly insightful. For example, the defendant relies

on United States v. George, 786 F. Supp. 11, 14 n.1 (D.D.C. 1991), and United States v.

Poindexter, 727 F. Supp. 1470, 1473 n. 4 (D.D.C. 1989), to support his position that because he

previously held a national security position and his attorneys have security clearances the defense

should be permitted to play a role equal to the government's in the Section 4 proceedings. Def.'s

Mot. at 5-6. These cases, however, simply stand for the unremarkable proposition that there are

fewer threats to national security in disclosing classified documents to a defendant and his

7

attorney who have obtained security clearances, than when disclosure is made to someone who has not received such clearances. These cases therefore do not address the question at issue here. And the government attempts to support its position that ex parte proceedings under Section 4 are appropriate, despite the defendant's former national security position and defense counsel's security clearances, by simply citing to cases where the facts indicate that ex parte proceedings were conducted under Section 4. See Gov't's Opp'n at 6-7. Thus, the Court must devise a creative solution without the aid of existing precedent.

In most cases in which the government has invoked Section 4, the defendant played no role in the proceedings, in large part because the defendant and his attorneys did not possess the requisite security clearances to even view the documents in question or to comment on proposed redactions and substitutions. See, e.g., United States v. Dumeisi, 424 F.3d 566, 577 (7th Cir. 2005); United States v. Gurolla, 333 F.3d 944, 951 (9th Cir. 2003); United States v. Yunis, 867 F.2d 617, 620 (D.C. Cir. 1989); United States v. Pringle, 751 F.2d 419, 427 (1st Cir. 1984). But here, the defendant is a former national security official and his attorneys possess security clearances, and they have already been provided with and permitted to view classified documents. These circumstances, however, do not lead to the inescapable conclusion that the defendant and his team of attorneys should be permitted to view every classified document associated with this case. There can be no doubt that this Court will be presented with a number of highly sensitive national security issues, and there will be times when the Court will be required to make decisions on substitutions or redactions. For example, this Court has previously ordered the government to produce to the defendant topic summaries that represent the information the defendant received during his morning intelligence briefings. United States v.

8

Libby, ____ F. Supp. 2d ____, ____, 2006 WL 574260, at * 10 (D.D.C. March 10, 2006). This Court noted in that ruling that the government could either provide the defense redacted documents or provide the defense "table of contents" type documentation as substitutions for the actual documents. Id. This Court can therefore envision the need for the government to submit to the Court, pursuant to Section 4, these documents for a determination of whether certain redactions or substitutions are proper. In addition, despite the fact that the defendant is a former national security official and some of his defense team hold security clearances, this does not entitle them to view documents that exceed the level of their security clearances or documents that may discuss particularly sensitive issues with profound national security implications whose viewing is permitted only upon a showing that there is a "need-to-know the information."[8] See Executive Order No. 12,958, § 4.2(a)(3), 60 Fed. Reg. 19,825 (Apr. 17, 1995), as amended by Exec. Order No. 13,292, 68 Fed. Reg. 15,315 (March 25, 2003) ("A person may have access to classified information provided that . . . the person has a need-to-know the information.").

Nonetheless, the Supreme Court has recognized that "[f]airness can rarely be obtained by secret, one-sided determination of facts decisive of rights." United States v. James Daniel Good Real Prop., 510 U.S. 43, 55 (1993) (citation omitted). And this Court appreciates that adversarial proceedings contribute to a balanced and fair process. With these principles in mind, the Court believes that a proper balance can be struck, which it concludes has been accomplished as set forth below.

First, the Court declines to adopt the defendant's position that he must first have the

---

[8] It is axiomatic that even if the defendant and his attorneys had been granted the highest level of security clearances, that fact alone would not entitle them to access to every piece of classified information this country possesses.

9

opportunity to litigate whether the government has established exceptional circumstances before

the government can submit to the Court ex parte filings pursuant to Section 4. There is simply

no requirement for such a showing in the CIPA, and this Court cannot not judicially require it.

Cf. Sarkissian, 841 F.2d at 965-66 ("Nowhere does CIPA require the government to file a public

claim of privilege before making an in camera, ex parte submission."). In fact, as the

government has noted, "[d]isclosing the rationale for classification or the damage that reasonably

could be expected to result [from disclosing documents to the defense] would entail risks of

disclosing the very information that the government is seeking to protect." Gov't's Opp'n at 9.

Nor can this Court accept the defendant's position that the government should be prohibited from

including in its ex parte Section 4 filings written justification for its proposed substitutions or

redactions. Section 4 requires the government to make a "sufficient showing" that proposed

redactions or substitutions are necessary and adequate to serve the purpose of the defense. And it

is therefore entirely appropriate for the government, as it must when making a Section 4 filing, to

provide written justification for its contention that it is necessary to delete specific items of

classified information or to provide substitutions for that information. Moreover, requiring the

government to litigate whether a particular substitution or redaction is necessary would defeat the

very purpose of Section 4 filings, as the defendant would no doubt be able to determine exactly

what the government is attempting to withhold during such proceedings. See Sarkissian, 841

F.2d at 965.

However, the defendant is a former national security official and some of his defense

team have security clearances, and they have already been privy in this case to a variety of

classified documents. Thus, this Court will require the government to justify, as part of any ex

parte filing pursuant Section 4, that an ex parte filing is necessary. This submission must

necessarily include a declaration or affidavit, executed by an intelligence community official with

the requisite classification review authority, which (1) describes the reasons for the classification

of the information at issue, (2) sets forth the potential harm to national security that could result

from its disclosure, and (3) explains why the defense, based upon appropriate classification

guidelines, does not have a "need-to-know the information" in its unaltered form. See Gov't's

Opp'n at 8. This showing must detail why the classified documents the government is producing

ex parte are of a nature and quality distinguishable from the classified documents already

produced to the defendant. Upon receipt of such a filing, the Court will review it and determine

whether the filing should remain ex parte, or whether all or some portion of it should provided to

the defendant.[9] Cf. Palermo, 360 U.S. at 354; Abourezk, 785 F.2d at 1061.

        The defendant, undoubtedly, will continue to object to this process, arguing that this

Court "cannot be expected to surmise the factual nuances of the defense" in order to determine

whether a redaction or substitution submitted ex parte adequately compensates for the unaltered

original or copy of a classified document. Def.'s Mot. at 8. While the Court is not

unsympathetic to the defendant's concerns, it nonetheless anticipates, in large part based upon

the defense as it understands it,[10] that questions concerning the adequacy of substitutions and

redactions will not be too complex for the Court to make without input from the defendant.

However, the Court is mindful of the Supreme Court's admonition that "[i]n our adversary

_____

[9] The process described above shall be used for CIPA Section 4 filings, and should not be construed to limit the government's ability to raises other objections to disclosure of the documents, e.g., executive privilege or attorney client privilege.

[10] In the defendant's papers filed in connection with the first two motions to compel, the defendant carefully and thoroughly described his anticipated defense. See Libby, 2006 WL 574260, at *7.

system, it is enough for judges to judge. The determination of what may be useful to the defense

can properly and effectively be made only by an advocate." Dennis v. United States, 384 U.S.

855, 875 (1966) (citations omitted). Nevertheless, by enacting Section 4 of the CIPA, Congress

explicitly provided for ex parte proceedings. Accordingly, striking a balance between the

Supreme Court's admonition in Dennis and Congress's adoption of Section 4, the Court will

provide the defendant the opportunity to submit an ex parte affidavit from counsel detailing the

defense so that the Court will be in a more informed position to determine whether the

government's proposed redactions or substitutions for a particular document adequately provide

the defendant with what he needs to pursue his defense.[11] See, e.g., United States v. Clegg, 740

F.2d 16, 17 (9th Cir. 1984) (observing that the district court permitted the defendant to file an ex

parte, in camera submission to the Court to support its discovery requests); Poindexter, 727 F.

Supp. at 1479 n.16 (permitting the defendant to file an ex parte submission so that the defendant

would not have to "reveal to the prosecution the theories of his defense"); United States v. North,

698 F. Supp. 322, 324 (D.D.C. 1988) (court conducted an in camera, ex parte hearing with the

defense so they could argue why certain documents were discoverable). In addition, if redacted

or substitute documents are produced to the defendant pursuant to Section 4, the Court will

provide the defendant an opportunity, if he so chooses, to file a motion for reconsideration

alleging that the redacted or substitute documents are not sufficient to provide the defendant with

what he needs to pursue his defense. And, as already noted, this Court reserves the right to

require the government to provide the defendant with all or portions of a Section 4 filing if it

---

[11] In light of the government's pending Section 4 motion, the defendant should submit, if he so chooses, this ex parte affidavit within two weeks from the date of this memorandum opinion and accompanying order.

12

finds inadequate basis for the government's refusal to disclose the document.

## II.    Conclusion

Although the Court is not unsympathetic to the defendant's positions, for the reasons set forth above, this Court cannot agree with the defendant's view that he and his counsel should be permitted to play a role equal to the government in the Section 4 proceedings the Court will have to conduct. The process this Court will employ strikes the appropriate balance on the one hand between ensuring that matters of national security remain protected, and on the other hand preserving the defendant's right to a fair trial. The Court will therefore grant in part and deny in party the defendant's motion to preclude the government from making ex parte CIPA Section 4 submissions to the Court absent a particularized showing of exceptional circumstances.

**SO ORDERED** this 5th day of April, 2006.

REGGIE B. WALTON
United States District Judge

13