UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

APR 1 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA, )
)
)
v. ) Criminal No. 05-394 (RBW)
)
I. LEWIS LIBBY, )
)
Defendant. )

## ORDER

The Rules of this Court make clear that

[i]t is the duty of the lawyer or law firm not to release or authorize the release of information or opinion which a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent criminal litigation with which the lawyer or the law firm is associated, if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice.

LCrR 57.7(b)(1). This Court has previously cautioned the parities about making extrajudicial statements and warned that the Court would not tolerate this case being tried in the media. Despite this Court's prior admonition, it appears that on several occasions information has been disseminated to the press by counsel, which has included not only public statements, but also the dissemination of material that had not been filed on the public docket. The dissemination of such statements and material undoubtedly has the potential to "interfere with a fair trial or otherwise prejudice the due administration of justice." LCrR 57.7(b)(1). Rule LCrR 57.7(c) gives this Court authority, "[i]n a widely publicized or sensational criminal case, . . . [to] issue a special order governing such matters as extrajudicial statements by parties." It appears that the parties have a propensity to contribute to the dissemination of extrajudicial statements, which the Court

believes has the potential to impair its ability to ensure that both sides receive a fair trial and that the administration of justice is not prejudiced. Accordingly, it is hereby this 13th day of April, 2006,

**ORDERED** that the parties shall, in a written response to this Order, show cause by April 21, 2006, why this Court should not enter an order pursuant to LCrR 57.7(c).[1]

**SO ORDERED.**

/s/ Reggie B. Walton
REGGIE B. WALTON
United States District Judge

---

[1] This Court has strongly held views against lawyers trying to gain a tactical advantage by disseminating extrajudicial information to the media. The Court expressed that view to counsel at the early stages of this litigation and expected that counsel would comport with the Court's informal admonition. And although the Court is loath to enter orders that compel lawyers to adhere to their professional responsibilities to the Court, one being compliance with the Rules of this Court, this Court will nonetheless not hesitate to act if action is deemed necessary.