UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO 05-394 (RBW) |
| v. ) | |
| ) | |
| I. LEWIS LIBBY, ) | |
| also known as "Scooter Libby" ) | |

**GOVERNMENT'S RESPONSE TO RULE TO SHOW CAUSE
DATED APRIL 13, 2006**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, SPECIAL COUNSEL, respectfully submits the following response to the Court's Order of April 13, 2006, directing that the parties show cause why an order should not be entered pursuant to Local Criminal Rule 57.7(c).

*Legal Standard*

It is well established that, while the interest in free speech regarding judicial proceedings is weighty, the speech of those participating in such proceedings may be restricted in order to ensure the fairness of those proceedings. *See Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1073-75 (1991); *Nebraska Press Ass'n v. Stuart*; 427 U.S. 539, 561 (1976).  While the Supreme Court has approved the issuance of a gag order restricting extrajudicial statements having a substantial likelihood of materially prejudicing the parties' right to a fair trial, the Court has not articulated a minimum standard to be applied in evaluating the question of whether a gag order directed to attorney or non-attorney trial participants may be issued, nor has the Court specified precisely what such an order may prohibit.  The Court has indicated, however, that such an order legitimately may be entered in order to prevent a "carnival atmosphere" in a high-profile case.  *See Sheppard v. Maxwell*, 384 U.S. 333, 358 (1966).  *See also United States v. Scarfo*, 263 F.3d 80, 94 (3d Cir.

2001); *United States v. Brown*, 218 F3d 415, 429 (5th Cir. 2000). As this Court has noted, the Court's local rules specifically provide in widely publicized or sensational criminal cases for the issuance of orders prohibiting extrajudicial statements by parties, witnesses and attorneys likely to interfere with the rights of the parties to a fair trial by an impartial jury.

*Necessity of an Order in this Case*

In the April 13 Order, the Court referred to "several occasions" upon which "information has been disseminated to the press by counsel, which has included not only public statements, but also the dissemination of material that had not been filed on the public docket." As demonstrated by the attached Affidavit of Special Counsel Patrick J. Fitzgerald, however, no attorney or agent of the Special Counsel's office has made any substantive extrajudicial statements regarding this case since the announcement of the indictment in October 2005, much less any such statements likely to interfere with the defendant's right to a fair trial. Nor has any member of the Special Counsel team released to the press any non-public documents. Moreover, making extrajudicial statements likely to interfere with the right of the accused to a fair trial and disclosing non-public documents would violate the consistent policy of the Special Counsel, as well as applicable Department of Justice regulations and the local rules of this Court. Accordingly, no past or prospective conduct of government attorneys or agents would warrant the entry of an order pursuant to LCrR 57.7(c).

Because the government will follow the requirements of any such order whether or not one is entered, the Special Counsel takes no position regarding whether this Court should enter an order pursuant to LCrR 57.7(c).

Respectfully submitted,

/s/
PATRICK J. FITZGERALD
Special Counsel
Office of the United States Attorney
Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5300

Dated:   April 21, 2006

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 21st day of April, 2006, I caused true and correct copies of the foregoing to be served on the following parties by electronic mail:

> William Jeffress, Esq.
> Baker Botts
> The Warner
> 1299 Pennsylvania Avenue, N.W.
> Washington, DC 20004-2400
> Facsimile: 202-585-1087
>
> Theodore V. Wells, Esq.
> Paul Weiss
> 1285 Avenue of the Americas
> New York, NY 10019-6064
> Facsimile: 212-373-2217
>
> Joseph A. Tate, Esq.
> Dechert LLP
> 4000 Bell Atlantic Tower
> 1717 Arch Street
> Philadelphia, PA 19103-2793
> Facsimile: 215-994-2222
>
> John D. Cline, Esq.
> Jones Day
> 555 California Street
> San Francisco, CA 94104
> Facsimile: 415-875-5700

                                            Patrick J. Fitzgerald
                                            Special Counsel
                                            U.S. Department of Justice
                                            1400 New York Ave., N.W.
                                            Washington, D.C.  20530
                                            202-514-1187

                                            By: _____/s/_____
                                             Kathleen M. Kedian
                                             Deputy Special Counsel