UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO 05-394 (RBW) |
| v. ) | |
| ) | |
| I. LEWIS LIBBY, ) | |
| also known as "Scooter Libby" ) | |

## AFFIDAVIT

PATRICK J. FITZGERALD, being duly sworn, deposes and says:

1. I am the United States Attorney for the Northern District of Illinois. For purposes of the instant matter, I serve in the capacity as "Special Counsel." I submit this affidavit in response to the Court's Order of April 13, 2006, directing that the parties show cause why an order should not be entered pursuant to Local Criminal Rule 57.7(c).

2. In the April 13 Order, the Court referred to "several occasions" upon which "information has been disseminated to the press by counsel, which has included not only public statements, but also the dissemination of material that had not been filed on the public docket."

3. I can assure the Court unequivocally that government counsel have made no public statements concerning this matter during pre-trial litigation  From the commencement of the investigation of this matter, the attorneys and staff have refrained from public comment on the matter. Following the announcement of the Indictment on October 28, 2005, no substantive statements regarding the case have been made by me or by any other attorneys on my staff outside of court pleadings or proceedings. When asked about the matter by media members covering matters involving Chicago prosecutions, I and my staff consistently have declined comment, or commented only to make plain that there would be no comments on any questions regarding this matter.

4. It has also been the consistent policy of the attorneys on the team, including AUSA Randall Samborn, the Public Information Officer for the United States Attorney's Office for the Northern District of Illinois who handles press matters in this case, not to disseminate documents unless they have already been publicly docketed. Consistent with that policy, on April 11, 2006, when government counsel submitted to the Court (and copied to the defense) a letter correcting a sentence in the Government's Response to the Defendant's Third Motion to Compel, the letter was not provided to the press because the letter had not yet been filed publicly. During the evening of April 11, Mr. Samborn was surprised by a request for comment regarding the letter from a reporter who indicated that he had a copy of the letter. Mr. Samborn himself did not have a copy of the letter, nor could he find the letter on the docket. Subsequently, some articles were published indicating that government filings had been distributed to the media before they were publicly documented.

5.      I can assure the court that none of the prosecutors or staff on the prosecution team distributed my April 11, 2006 letter to the media prior to the letter being docketed on Wednesday, April 12, 2006, or distributed to the press any other pleading prior to its being publicly filed. To the contrary, it is our policy to make available whatever documents are requested by the media only after they are publicly docketed.

6.      I understand and appreciate that the press and the public have a right to attend, observe and report on public proceedings, and to obtain documents that become public. However, I also understand that the intense media scrutiny can interfere with a fair trial. Therefore, I can assure the Court that the attorneys working for the government on this matter will not make any substantive extrajudicial statements about this matter, and will not disseminate any non-public documents, whether or not the Court enters an order pursuant to LCrR 57.7(c).

_____
PATRICK J. FITZGERALD
Special Counsel

Sworn to before me this
21st day of April 2006.

_____
Notary Public

OFFICIAL SEAL
MARGARET R CUSACK
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 04-23-06

2