UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 05-394 (RBW) |
| | ) | |
| I. LEWIS LIBBY | ) | |
|    also known as "Scooter Libby," | ) | |
|    Defendant. | ) | |

**RESPONSE OF I. LEWIS LIBBY TO GOVERNMENT'S MOTION FOR RECONSIDERATION OF THE OPINION OF APRIL 5, 2006 CONCERNING *EX PARTE* SUBMISSIONS UNDER CIPA SECTION 4**

The Court should reject the government's attempt to overturn a key element of the April 5 Order on Mr. Libby's motion to bar ex parte submissions under CIPA § 4.[1] Although cast in part as a request for "clarification," the government motion unmistakably asks the Court to reconsider and reverse its balanced approach to classified discovery under CIPA. The motion, however, does not come close to satisfying (nor does it even mention) the strict standards that govern reconsideration in a criminal case. The April 5 Order properly safeguards both Mr. Libby's right to a fair trial and the government's need to protect classified information. It follows the plain language of CIPA § 4. The Court should deny the government's motion.

---

[1] Motion for Clarification of the Opinion of April 5, 2006 Concerning *Ex Parte* Submissions Under CIPA Section 4, Or in the Alternative, Motion for Reconsideration (filed Apr. 17, 2006) ["Motion"].

**ARGUMENT**

**I.    THE GOVERNMENT'S MOTION IS FOR RECONSIDERATION, NOT CLARIFICATION.**

The government purports to seek "clarification" that the Court did not intend its April 5 Order to preclude the government from making ex parte materiality arguments under Fed. R. Crim. P. 16(d)(1).  Motion at 5-9.  But the Court expressly considered Rule 16 in its Order.[2]  It did so in response to the government's argument, in its opposition to Mr. Libby's motion, that Rule 16 "creates a mechanism for a district court to make an *ex parte, in camera* inspection of materials in support of denying or restricting discovery"-- the very argument the government makes here.[3]  The Court left no doubt that its ruling barring ex parte materiality arguments encompasses Rule 16 as well as CIPA § 4.  It would be astonishing, and inconsistent with the Order's "detailed analysis" (Motion at 1), if the Court had expressly barred ex parte materiality arguments under CIPA § 4 while implicitly allowing such arguments under Rule 16(d).  That would render the Court's discussion of CIPA § 4 meaningless dictum.

It would be equally bizarre if Rule 16(d) gave the government more protections in addressing classified discovery than CIPA § 4, which Congress drafted specifically for that purpose.  The government effectively concedes this point; it argues that Congress intended CIPA § 4 to "incorporate, and add to" Rule 16(d).  Motion at 11.  The Court similarly observed that Congress intended § 4 "'to clarify the court's powers under Fed. R.

---

[2]  *E.g., United States v. Libby*, 2006 U.S. Dist. LEXIS 15811, at *4, *7 (D.D.C. Apr. 5, 2006).

[3]  Government's Response to Defendant's Motion to Bar *Ex Parte* Submissions Under CIPA Section 4 Without a Particularized Showing of Exceptional Circumstances at 4-5 (filed March 10, 2006).

2

Crim. P. 16(d)(1) to deny or restrict discovery in order to protect national security.'" *United States v. Libby*, 2006 U.S. Dist. LEXIS 15811, at *7 (D.D.C. Apr. 5, 2006) (quoting *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988)). Because CIPA § 4 affords at least as much protection for classified information (more, according to the government) as Rule 16(d)(1), the Court's discussion of CIPA § 4 necessarily subsumes Rule 16(d)(1).[4]

Far from seeking "clarification" of the Court's ruling--which could not be more clear--the government asks the Court to reconsider its April 5 Order and reverse itself. To obtain reconsideration, however, the government must satisfy a stringent standard, which it ignores. Federal courts grant motions for reconsideration in criminal cases only on three narrow grounds: "an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice." *United States v. Sims*, 252 F. Supp. 2d 1255, 1260 (D.N.M. 2003), *aff'd in part, rev'd in part on other grounds*, 428 F.3d 945 (10th Cir. 2005); *see, e.g., United States v. D'Armond*, 80 F. Supp. 2d 1157, 1170 (D. Kan. 1999).[5]

---

[4] The Court's discussion of ex parte submissions at the February 24 hearing and in its February 27 Order (cited at Motion at 2-3) has nothing to do with the issues here. The Court was not addressing classified information in its February rulings, and it did not address the propriety of ex parte arguments about materiality. The discussion arose in connection with the government's offer to furnish the Court ex parte with the documents it had and had not produced to the defense concerning reporters with potential knowledge of Ms. Wilson's employment. *E.g.*, Tr. 2/24/06 at 38, 40-42. The February rulings do not undercut or render unclear the Court's April 5 Order.

[5] This is the same standard as a motion to reconsider in civil cases under Fed. R. Civ. P. 59(e). *See Sims*, 252 F. Supp. 2d at 1260. This Court and the District of Columbia Circuit have repeatedly applied the standard set forth above in considering Rule 59(e) motions. *See, e.g., Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006); *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004); *Niedermeier v. Office*

3

In ruling on a motion for reconsideration, a district court has a "compelling interest in the finality of judgments which should not lightly be disregarded." *United States v. Shi*, 396 F. Supp. 2d 1132, 1137 (D. Haw. 2003) (quotation omitted). Because of this "compelling interest" in finality, a motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed. . . . In other words, such motions are not appropriate if the movant's only purpose is to have the reviewing court revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally." *Sims*, 252 F. Supp. 2d at 1261 (quotations omitted); *see, e.g., D'Armond*, 80 F. Supp. 2d at 1170 (same). Thus, the Court should not grant a motion to reconsider "where the moving party simply seeks to have the Court rethink what the Court has already thought through-- rightly or wrongly." *United States v. Torain*, 77 F. Supp.2d 749, 751 (S.D.W. Va. 1999) (brackets and quotation omitted).[6]

The government does not cite any change in controlling law or identify any previously unavailable evidence. Thus, the Court should only reconsider the April 5 Order if necessary "to correct clear error or prevent manifest injustice." *Sims*, 252 F. Supp. 2d at 1260. As we demonstrate in the next part, the government cannot satisfy that standard.

---

*of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001); *State of New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995).

[6] Whether to grant a motion for reconsideration, of course, "is committed to the reviewing court's sound discretion." *Sims*, 252 F. Supp. 2d at 1261; *see, e.g., United States v. Rezaq*, 899 F. Supp. 697, 701 (D.D.C. 1995). But the Court's exercise of discretion should be guided by the standards described in text.

SFI-541076v1
001400 - 600001

## II. THE GOVERNMENT DOES NOT MEET THE STANDARD FOR RECONSIDERATION OF ITS APRIL 5 ORDER.

Although the Court concluded in the April 5 Order that Rule 16(d) and CIPA § 4 authorize ex parte filings under certain circumstances, it held unequivocally that the government cannot argue questions of materiality ex parte. Those issues instead must be litigated in a separate adversarial hearing. *See Libby*, 2006 U.S. Dist. LEXIS 15811, at *11, *24. This portion of the Order contains no error, clear or otherwise, and it certainly works no "manifest injustice." Even the government concedes that the language of CIPA § 4 on which the Court relied "could justify reading that section to apply only after the documents at issue are deemed discoverable." Motion at 9. The government's motion for reconsideration seeks merely to "dress up arguments that previously failed" and to have this Court "revisit issues already addressed." *Sims*, 252 F. Supp. 2d at 1261 (quotation omitted).

The government insists that it cannot argue materiality without discussing (and disclosing to the defense) the very details about the classified information that it wishes to withhold. Motion at 1, 5, 8, 13. But this argument is patently wrong, as the Court demonstrated in the April 5 Order. The government has managed to argue in an adversarial (and even public) setting the materiality of the discovery Mr. Libby sought in his first two motions to compel. *See Libby*, 2006 U.S. Dist. LEXIS 15811, at *11. One of these motions involved the President's Daily Brief, which the government claims is among the nation's most sensitive intelligence documents. If the government can argue the materiality of the PDB in an adversarial proceeding, it can surely do so with other classified documents. Similarly, the government apparently made its first CIPA § 4 submission without arguing materiality. *See id.* at *11 n.7.

The April 5 Order allows the government ample opportunity, without jeopardizing national security, to argue that even the most sensitive intelligence documents are non-material. The government can (1) address materiality, in a closed proceeding if necessary, at a level of generality that does not disclose extremely sensitive details, as it did with respect to Mr. Libby's previous motions to compel, (2) submit disputed documents for ex parte review, and (3) on a sufficient showing, *see id.* at *19, provide the Court with a written, ex parte justification for its contention that a particular redaction or substitution is necessary. These protections strike a reasonable balance between the "defendant's right to receive a fair trial and the government's need to protect classified information." *Id.* at *10.

In balancing these competing interests, the Court fashioned procedures under CIPA § 4 and Rule 16(d) that greatly limit Mr. Libby's participation in two stages of the classified discovery litigation: (1) Mr. Libby may not litigate whether the government has established that circumstances exist which justify an ex parte § 4 filing; and (2) on a sufficient showing, the government may include in its ex parte § 4 filings justification for its proposed substitutions or redactions. *Libby*, 2006 U.S. Dist. LEXIS 15811, at *18. The Court, therefore, struck a balance in favor of the government's need to protect classified information in these respects on one hand, and in favor of protecting Mr. Libby's right to a fair trial on the other hand by allowing him to litigate the threshold question of materiality, as CIPA § 4 plainly contemplates. Far from presenting a "clear error" or a "manifest injustice," the Court's Order reflects a thoughtful and creative solution to the clash of competing interests.

The government's motion cites a number of cases. The government cited virtually the identical cases, in support of the same argument, in its opposition to Mr. Libby's initial motion. Mr. Libby distinguished many of those cases in his reply, and the Court undoubtedly considered them in rendering its April 5 decision. Most of the cases involve ex parte submissions of the disputed documents, which we do not oppose. None of the cases purports to require that the Court accept ex parte submissions on materiality under CIPA § 4 or Rule 16(d)(1). The cases are no more persuasive on this point now than they were the first time the government cited them. The government merely seeks to have the Court "revisit issues already addressed," *Sims*, 252 F. Supp. 2d at 1261, and "rethink what the Court has already thought through," *Torain*, 77 F. Supp. 2d at 751 (brackets and quotation omitted).

One of the few new cases the government cites--*United States v. Carmichael*, 232 F.3d 510 (6th Cir. 2000)--highlights the inherent problems with ex parte proceedings. The government cites *Carmichael* for the proposition that "courts have repeatedly evaluated the discoverability of information based on the government's *ex parte* presentation under Rule 16(d) where the defendant does not know the specific nature of the evidence proposed to be withheld." Motion at 6. The government asserts that the Sixth Circuit found no error where the prosecutor informed the court ex parte that a cooperating witness had been intercepted in an ongoing wiretap. It overlooks, however, that the ruling rested almost entirely on the defendant's failure to object at trial. *Carmichael* does not even mention Rule 16(d), and the court specifically notes that

> [a]s a general rule of thumb, in all but the most exceptional circumstances, ex parte communications with the court are an extraordinarily bad idea. This court has not concealed its strong disapproval of ex parte approaches in criminal

7

> cases, reasoning that giving the government private access to the ear of the court is not only a gross breach of the appearance of justice, but also a dangerous procedure.

*Carmichael*, 232 F.3d at 517 (quotations omitted); *see id.* at 523-28 (Keith, J., dissenting) (contending that the ex parte contacts required reversal even without a defense objection). *Carmichael* thus cuts squarely against the government's position. Permitting the government to argue the materiality of discovery ex parte would be both a "gross breach of the appearance of justice" and "a dangerous procedure." Neither *Carmichael* nor any other authority the government cites warrants reconsideration of the April 5 Order.

SFI-541076v1
001400 - 600001

## CONCLUSION

The Court's decision to bar ex parte materiality arguments is correct, in light of the plain language of CIPA § 4 and for the additional reasons stated in the April 5 Order and in Mr. Libby's initial motion and reply. The government has failed to show a "clear error" or a "manifest injustice"; it merely seeks to reargue a position the Court has already rejected. The Court should deny the government's motion.

May 1, 2006                                                                 Respectfully submitted,

_____/s/_____        _____/s/_____
Theodore V. Wells, Jr.                                                William H. Jeffress, Jr.
(DC Bar No. 468934)                                                 (DC Bar No. 041152)
James L. Brochin                                                          Alex Bourelly
(DC Bar No. 455456)                                                 (DC Bar No. 441422)
Paul, Weiss, Rifkind, Wharton                                  Baker Botts LLP
 & Garrison LLP                                                            1299 Pennsylvania Ave., NW
1285 Avenue of the Americas                                   Washington, DC  20004
New York, NY  10019-6064                                      (202) 639-7751
(212) 373-3089

_____/s/_____        _____/s/_____
Joseph A. Tate                                                               John D. Cline
Dechert LLP                                                                  (D.C. Bar No. 403824)
2929 Arch Street                                                          K.C. Maxwell (*Pro Hac Vice*)
Cira Centre                                                                   Jones Day
Philadelphia, PA  19104                                             555 California Street, 26th Floor
                                                                                      San Francisco, CA  94104
                                                                                      Tel:  (415) 626-3939
                                                                                      Fax: (415) 875-5700

9