UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) | Criminal No. 05-394 (RBW) |
| I. LEWIS LIBBY, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

      Currently before the Court is the government's Motion for Clarification of the Opinion of April 5, 2006, Concerning <u>Ex</u> <u>Parte</u> Submissions Under CIPA Section 4, or in the Alternative, Motion for Reconsideration, and the defendant's opposition thereto. At issue in the government's motion is whether the Court intended to restrict Section 4 proceedings to classified information that had already been deemed discoverable. To prevail on such a motion, courts have concluded that the movant must demonstrate that there has been "an intervening change in controlling law," there is "new evidence," or there is a "need to correct clear error or prevent manifest injustice." <u>United States v. Yakouu</u>, Crim. No. 03-449, 2004 WL 884545, at *2 (D.D.C. Apr. 9, 2004); <u>accord</u> Fed. R. Civ. P. 59(e). For the reasons set forth below, the government's motion is granted because the Court concludes that it must correct a clear error of law.[1]

---

[1] Because this Court is granting the government's motion for reconsideration, it need not resolve the government's motion for clarification.

Section 4 of the Classified Information Procedures Act ("CIPA") provides, in pertinent part, that

> [t]he court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove.

18 U.S.C. Appx. III, § 4.  In this Court's April 5, 2006 Memorandum Opinion, it concluded that "[b]y its terms, Section 4 applies only after it has been determined that documents are discoverable."  United States v. Libby, ____ F. Supp. 2d ____, ____, 2006 WL 862345, at *3 (D.D.C. Apr. 5, 2006).  Accordingly, this Court held that arguments challenging the materiality of a classified document could not be made in an ex parte pleading; rather, such arguments must be fully litigated between the parties.  Id.  The Court's holding was made, in part, based on the context of what had already transpired in this case, that being the materiality challenges having been fully litigated in earlier pleadings.  Id.

This Court's earlier interpretation of Section 4 limited its application to circumstances where materiality determinations have previously been made.  However, this contextually restricted application of Section 4 conveyed broader applicability and therefore erroneously read into the text of the statute requirements that are simply not there.  Section 4 of the CIPA provides that the government may seek to "delete specified items of classified information from documents to be made available to the defendant through discovery . . . ."  18 U.S.C. App. III, § 4.  The text of the statute does not limit when in the discovery process Section 4 can be invoked and the Court appreciates that the government may seek to utilize Section 4 at any point

throughout the litigation.  See United States v. O'Hara, 301 F.3d 563, 568 (7th Cir. 2002) ("CIPA's plain terms evidence Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial.  Any other interpretation would be wholly inconsistent with and threaten to undermine CIPA's fundamental purpose—protecting and restricting the discovery of classified information in a way that does not impair the defendant's right to a fair trial.") (emphasis added).  For example, the government could invoke Section 4 to delete specified classified information from documents that have been deemed discoverable by the Court under either Federal Rule of Criminal Procedure 16 or Brady v. Maryland, 373 U.S. 83 (1963).  Moreover, the government could also file a Section 4 motion seeking to delete specified items of classified information from documents which the government has decided to produce even though it is under no legal obligation to produce the information.  In addition, by permitting the government to seek "delet[ion of] specified classified information from documents to be made available to the defense through discovery . . . ," Section 4 accords the Court authority to determine whether classified documents or certain classified information contained therein should be produced at all. 18 U.S.C. Appx. III, § 4.

It remains this Court's conclusion that, just as the Court did when addressing the defendant's first two motions to compel, questions of materiality can largely be resolved through adversarial proceedings.  These type of adversarial proceedings best ensure that the defendant's right to a fair trial is preserved.  However, Section 4 permits the government to petition the Court for non-disclosure of specified classified information.  In such circumstances, the Court would necessarily have to resolve in the first instance whether the information is material to the preparation of the defense.  While this Court is disquieted by the prospect of having to make such

a determination through ex parte proceedings, and trust that because defense counsel in this case have security clearances the need for such proceedings will be rare, it can certainly envision situations where materiality will have to be addressed in ex parte Section 4 proceedings. This could clearly occur if the government is of the view that simply disclosing the nature or mere existence of certain classified information would alone pose significant harm to national security, even where defense counsel have security clearances. To conclude otherwise could undermine the very purpose of the CIPA. This result comports with the Court's ability under Rule 16 to "deny, restrict, or defer discovery," which is the basis for the Court's authority under Section 4. United States v. Sarkissian, 841 F.2d 959, 965 (9th Cir. 1988) ("Congress intended [Section 4] . . . to clarify the court's powers under Fed. R. Crim. P. 16(d)(1) to deny or restrict discovery in order to protect national security") (citation omitted). Accordingly, the Court cannot preemptively constrain the government in any manner from making filings it deems appropriate, necessary, and permissible under Section 4. To the extent the Court suggested otherwise, that suggestion is retracted. However, in those rare situations where the government is compelled to make an ex parte Section 4 filing containing arguments in support of immateriality, the government should fully explain why the ex parte filing is necessary and appropriate. The Court will then carefully scrutinize any such filing to determine whether it should remain an ex parte filing or whether it should be served on the defendant.[2] And if the Court concludes that an ex parte filing should be served on the defendant, and thus requires the disclosure of classified

---

[2] The defendant will no doubt continue to object to this procedure. The Court notes, however, that this process actually places the defendant in a stronger position then he otherwise would be. If this Court did not amend its April 5, 2006 Opinion, the government, not the Court, would be tasked with independently determining the materiality of certain classified information. Here, the Court, as it must under CIPA, will be the final arbiter of such determinations.

information, it will afford the government the opportunity to appeal the decision pursuant to Section 7 of the CIPA or, if appropriate, withdraw the motion.

For the foregoing reasons, the government's motion is granted and the Court's April 5, 2006 Memorandum Opinion is amended as set forth herein.[3]

**SO ORDERED** this 3rd day of May, 2006.

_____
REGGIE B. WALTON
United States District Judge

---

[3] Nothing in this Opinion, or the Court's April 5, 2006 opinion, should be construed to limit either party's ability to proceed under Rule 16. These opinions are intended only to address the Court's interpretation of Section 4 CIPA filings and how they will be resolved.