UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )  | |
| ) | CR. NO 05-394 (RBW) |
| v.           ) | |
| ) | |
| I. LEWIS LIBBY,      ) | |
|     also known as "Scooter Libby"   ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
<u>HIS THIRD MOTION TO COMPEL DISCOVERY</u>**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, SPECIAL COUNSEL, respectfully submits the following response to defendant's "Supplemental Memorandum of Law in Further Support of Third Motion of I. Lewis Libby to Compel Discovery Under Rule 16 and *Brady*."

## INTRODUCTION

During the oral argument on defendant's Third Motion to Compel held on May 5, 2006, the defendant argued that the government was required under Fed. R. Crim. P. 16(a)(1)(E)(i) to produce certain documents related to individuals identified by the defendant as potential witnesses. Supp. Memo. 3.[1] This Court reserved ruling on the motion in order to allow defendant present case law in support of this argument. 5/5/06 Tr. 56.

---

[1] Citations to the transcript of the May 5, 2006 hearing are to "5/5/06 Tr.," followed by the relevant page number. Citations to defendant's supplemental memorandum of law are to "Supp. Memo.," and to the government's Response to the Defendant's Third Motion to Compel are to "Rsp.," followed by the relevant page number.

In his supplemental memorandum, the defendant proffers as supporting authority *United States v. Marshall*, 132 F.2d 63 (D.C. Cir. 1998), a case mentioned by the Court at oral argument 95/5/06 Tr. 55. However, as demonstrated below, neither *Marshall* nor any other case relied upon by the defendant supports the position that Rule 16 requires the government to produce documents on the ground that they relate to potential defense witnesses.

More fundamentally, the government has not withheld documents material to the preparation of the defense on the basis that the documents relate to individuals who may called as witnesses by the defense, rather than the government.

For these reasons, the defendant's Third Motion to Compel should be denied.

## ARGUMENT

### I. The Government Has Produced All Documents in Its Possession that are Material to the Preparation of the Defense.

The defendant has identified as potential defense witnesses Richard Armitage, Stephen Hadley, Bill Harlow, Colin Powell, Karl Rove, Joseph Wilson and Valerie Wilson and seeks documents from "the files of these witnesses – and others – that relate to former Ambassador Joseph Wilson's trip to Niger" on the ground that they may aid in preparing to examine these witnesses. Supp. Memo. 1.

The government has produced to defendant all documents received from the Office of the Vice President relating to former Ambassador Joseph Wilson's trip to Niger, and all documents received from any source relating to conversations, correspondence, or meetings

in which defendant was involved, or which relate to the defendant's inquiries regarding former Ambassador Joseph Wilson's trip to Niger. Rsp. 8. Moreover, the government has gone beyond its obligations under Rule 16 to produce some additional materials from the OVP, CIA and the State Department that relate generally to Mr. Wilson's trip. *Id.*; 5/5/06 Tr. 49. With respect to documents relating to Mr. Wilson's trip, the government has declined to produce only documents that were created during the investigation and are protected from discovery pursuant to the Jencks Act, and documents which relate solely to individuals other than the defendant, including innocent accused, and have no connection with or relevance to the defendant.

## II. Rule 16 Does Not Require the Production of Documents Related to Defense Witnesses.

The defendant contends that *United States v. Marshall*, 132 F.2d 63 (D.C. Cir. 1998) "unequivocally requires the government to disclose information pertaining to potential defense witnesses under Rule 16." Supp. Memo. 3. Contrary to this contention, *Marshall* does not support an interpretation of Rule 16 that obligates the government to produce all documents related to any individual named by the defendant as a potential defense witness. To the contrary, the documents at issue in *Marshall* were incriminating in nature and directly related to the government's case-in-chief, and thus were discoverable under Rule 16 in the absence of any connection to a potential defense witness. 132 F.2d at 68.

In *Marshall*, caller identification records revealed that calls made to a confidential informant in connection with a controlled narcotics sale were made from a telephone

subscribed to by a woman named Sabrina Shorter. *Id.* at 65. Jail visitation records reflected that Ms. Shorter visited the defendant in jail and, thus, established a connection between defendant and the telephone used to make calls to the confidential informant. *Id.* at 66. The government provided the caller identification records to the defense in discovery, but withheld the jail visitation records, apparently on the ground that the records were inculpatory, rather than exculpatory. *See* 132 F.2d at 67. When the government sought to introduce the jail visitation records at trial, the defendant sought to exclude them on the ground that they had not been timely produced pursuant to Rule 16. 132 F.2d at 66. The district court declined to exclude the records, holding that while the records should have been turned over earlier, the defendant had not been prejudiced. *Id.* at 66-67.

In the district court and on appeal, the government contended that it had no obligation to produce the prisoner visitation records because they were not exculpatory, and therefore not "favorable" or "helpful" to the defense. *Id.* at 67. The Court of Appeals rejected this argument, holding that "inculpatory evidence . . . is just as likely to assist in 'the preparation of the defendant's defense' as exculpatory evidence." *Id.* (quoting Rule 16). In explaining this principle the court noted that, had the visitation records been produced, defense counsel would have known to avoid asking the investigating agent on cross-examination "if he had any information connecting [the defendant] to any of the returned phone calls." *Id.* at 67-68.

The Court of Appeals found that the government knew even before trial that Ms. Shorter "could play a significant role in its case-in-chief" and, arguably, that the jail visitation

records would bear more than "some abstract logical relationship to the issues in the case." *Id.* at 69(quoting *United States v. Caicedo-Lalanos*, 960 F.2d 158, 164 n. 4 (D.C. Cir. 1992)(internal quotation marks and citation omitted)). Therefore, the court held that the government was required to produce the visitation records, and "the fact that the evidence was incriminating did not excuse the government of its Rule 16 obligations." *Id.*

For reasons not explained in the appellate court's opinion, defense counsel named Ms. Shorter as a potential defense witness during jury selection. The appellate court stated that, "[f]rom the government's perspective, the materiality picture came into even sharper focus during voir dire examination, when the defense identified Sabrina Shorter as a potential witness" and that "[t]hat fact alone plainly triggered the government's disclosure obligations under Rule 16." *Id.* at 69. However, even though defense counsel asserted during his opening statement that the government would present no evidence connecting the defendant to any of the telephones used to contact the confidential informant, the appellate court affirmed the district court's conclusion that the defendant had not been prejudiced, and that any prejudice he did suffer was self-inflicted. *Id*. at 70. After all, the defendant was well aware that he had placed calls from Ms. Shorter's telephone and that there was a risk that during trial the government would acquire additional evidence to prove it.

Accordingly, *Marshall* holds that evidence that is material to the preparation of the defense must be produced, whether it is exculpatory or inculpatory. Nothing in the opinion in *Marshall* suggests that, to be protected from "minefields," the defendant is entitled to

5

discovery concerning any person he names as a potential witness, even if such documents are not relevant to the charges contained in the indictment.

Nor do the district court cases cited by the defendant support the proposition that the defendant is entitled to discovery based solely on his stated intention to call certain individuals as witnesses at trial. *See United States v. Marshak*, 364 F. Supp. 1005, 1007-1008 (S.D. N.Y. 1973)(analysis of limits of Jencks Act; no attempt to obtain discovery on the basis that individuals will be called as defense witnesses); *United States v. Zovluck*, 274 F. Supp. 385, 391 (S.D. N.Y. 1967)(holding defendant was entitled to return of his own business records, which had been seized by the government, in order to identify potential defense witnesses). Given their distinct circumstances, neither of these cases support the instant request for additional discovery, much less a blanket rule requiring the production of documents on the ground that they relate to individuals whom the defendant has named as potential witnesses.

Defendant's attempts to distinguish cases holding that the government is under no obligation to produce prior statements or information reflecting negatively on the credibility of witnesses called by the defense, much less witnesses who *may* be called by the defense, are unavailing. *See United States v. Presser*, 844 F.2d 1275, 1285 (6th Cir. 1988)("the government need not disclose impeaching material in its possession relating to any potential defense witness where that impeaching material does not meet the *Brady* test of being material *and* exculpatory"); and *United States v. Souffront,* 338 F.3d 809, 824 (7th Cir. 2003)

(no *Brady* violation where government failed to disclose that agent called as defense witness had been accused by a former agent of participating in or covering up theft). *See also* 18 U.S.C. § 3500 (which by its terms applies only to witnesses called by the government). Defendant's arguments make clear that he intends to use the documents he seeks for impeachment, or to re-focus the jury's attention to the conduct of others, rather than his own.

## CONCLUSION

For all of the foregoing reasons, and the reasons set forth in the government's response to the defendant's Third Motion to Compel Discovery, the United States respectfully requests that this Court deny the defendant's motion.

                                        Respectfully submitted,

                                        /s/
                                    PATRICK J. FITZGERALD
                                    Special Counsel
                                    Office of the United States Attorney
                                    Northern District of Illinois
                                    219 South Dearborn Street
                                    Chicago, Illinois 60604
                                    (312) 353-5300

Dated:  May 19, 2006

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 19th day of May, 2006, I caused true and correct copies of the foregoing to be served on the following parties by electronic mail:

> William Jeffress, Esq.
> Baker Botts, The Warner
> 1299 Pennsylvania Avenue, N.W.
> Washington, DC 20004-2400
> Facsimile: 202-585-1087
>
> Theodore V. Wells, Esq.
> Paul Weiss, 1285 Avenue of the Americas
> New York, NY 10019-6064
> Facsimile: 212-373-2217
>
> Joseph A. Tate, Esq.
> Dechert LLP, 4000 Bell Atlantic Tower
> 1717 Arch Street
> Philadelphia, PA 19103-2793
> Facsimile: 215-994-2222
>
> John D. Cline, Esq.
> Jones Day
> 555 California Street
> San Francisco, CA 94104
> Facsimile: 415-875-5700

>> Patrick J. Fitzgerald
>> Special Counsel
>> U.S. Department of Justice
>> 1400 New York Ave., N.W.
>> Washington, D.C.  20530
>> 202-514-1187
>>
>> By: _____/s/_____
>>      Debra Riggs Bonamici
>>      Deputy Special Counsel