UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Criminal No. 05-394 (RBW) |
| I. LEWIS LIBBY, | ) ) ) | |
| Defendant. | ) ) | |

## PROTECTIVE ORDER

Currently before the Court is the government's <u>ex parte</u>, <u>in camera</u>, motion for a protective order pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3, and Federal Rule of Criminal Procedure 16(d).  The government's motion requests the Court's approval for it to withhold discrete items of classified information from the defendant, and to provide to the defense, as substitutes for several items of classified information, summaries setting forth the relevant information contained in the classified documents.   For the following reasons, the government's motion is granted.

Upon careful review of the government's requests, its supporting declarations from the intelligence community filed <u>ex parte</u>, <u>in camera</u>, and the original documents from which the summaries were created, the Court finds that the documents and information identified in the government's Section 4 CIPA filing are extremely sensitive and their disclosure could cause serious if not grave damage to the national security of the United States.  Moreover, the materials withheld pursuant to this Order are not discoverable under Rule 16, nor exculpatory within the meaning of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  In addition, the proposed unclassified substitutions are more than sufficient to address any obligation the government might have to produce the underlying classified documents and information to the defense.  Accordingly, it is

hereby this 2nd day of June, 2006,

**ORDERED** that the government may withhold from the defendant the specific documents and information which are the basis of this motion subject to the following limitations:

(1) The government shall provide to the defense by June 9, 2006, the proposed substitution recounting Valerie Plame Wilson's employment history with the Central Intelligence Agency from January 1, 2002, and thereafter.

(2) The government shall provide to the defense by June 9, 2006, the proposed substitution discussing potential damage (if any) caused by the alleged disclosure of Valerie Plame Wilson's affiliation with the Central Intelligence Agency.

(3) The government shall, as requested, provide to the defense by June 9, 2006, the true names of three individuals whose identities were redacted from classified documents previously made available to the defense, and shall identify for the defense the specific documents and locations within those documents where those names should be inserted.

**IT IS FURTHER ORDERED** that nothing in this Order shall be construed to limit the government's discovery obligations as set forth in this Court's earlier Memorandum Opinion and Order. United States v. Libby, ___ F. Supp. 2d ___, 2006 WL 574260 (D.D.C. Mar. 10, 2006); June 2, 2006 Order.

**SO ORDERED**.[1]

_____
REGGIE B. WALTON
United States District Judge

---

[1] The documents produced pursuant to this protective order are responsive to the final two disputes raised in connection with the defendant's Motion to Compel Discovery of Rule 16 and Brady Material in the Possession of Other Agencies filed on January 31, 2006. Those two requests sought (1) "[a]ny assessment done of the damage (if any) caused by the disclosure of Valerie Wilson's status as a CIA employee" and (2) "[a]ll documents, regardless of when created, relating to whether Valerie Wilson's status as a CIA employee, or any aspect of that status, was classified at any time between May 6, 2003 and July 14, 2003." Because the government is voluntarily providing documents responsive to these two requests through its Section 4 CIPA filing, the Court need not determine whether their production is compelled by either Rule 16 or Brady. Accordingly, the Court concludes that these requests have now been satisfied and the unresolved portions of the defendant's motion to compel are now moot.