THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.        )<br>)<br>I. LEWIS LIBBY,         )<br>    also known as Scooter Libby   ) | CR. NO. 05-394 (RBW) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MEMORANDUM CONCERNING ADMISSIBILITY OF DOCUMENTS
ON DEFENDANT'S CONSOLIDATED § 5 NOTICE**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, Special Counsel, respectfully submits the following Response to Defendant's Memorandum Concerning Admissibility of Documents on Defendant's Consolidated CIPA § 5 Notice.

**BACKGROUND**

In advance of the CIPA § 6(a) hearing scheduled for September 27, 2006, this Court inquired whether, and to what extent, defendant expected to disclose classified information through the introduction of documents, rather than trial testimony, and if defendant seeks to introduce documents, how hearsay objections would be overcome. Defendant filed a written memorandum in response to the Court's inquiries on September 22, 2006.

In his memorandum, defendant stated that most of the classified documents he would seek to introduce would be offered as evidence of the defendant's state of mind, rather than for the truth of the matters asserted therein. Def.'s Mem. at 5-6, 7, 8. Defendant asserted that any documents (or portions of documents) that he offered for their truth would be admissible as business records, agency records, present sense impressions, and past recollection recorded, under Rules 803(6), 803(8)(A), 803(1), and 803(5) of the Federal Rules of Evidence.

Of course, if the designated documents are offered solely for a non-hearsay purpose, Fed. R. Evid. 801©, then the government will have no *hearsay* objection; however, it may still object to the admission of the documents on relevancy, Rule 403, executive privilege, or any other applicable grounds. With respect to documents offered for the truth of the matters asserted therein, the government agrees in principle with some of the legal principles set forth in defendant's memorandum, but disagrees with others. As demonstrated below, the contents of the Presidential Daily Briefs (PDBs) and Terrorist Threat Matrices (TTMs) do not fall within any of the hearsay exceptions proposed by defendant, and thus would not be admissible for their truth, even if any of them were deemed relevant and not unfairly prejudicial. In contrast, information contained in defendant's notes likely will qualify as present sense impressions or past recollection recorded (assuming the proper foundation is established) and thus hearsay objections to their admission will usually be overcome, even though the notes do not, as defendant contends, qualify as business records or a records of a public agency. Finally, documents related to the Wilson controversy may, on a document-by-document basis, be admitted if they satisfy the requirements of one or more hearsay exceptions or are admissible for a limited purpose.

Because all of the designated documents – whether offered for the limited purpose of establishing defendant's state of mind, or for the truth of statements contained herein – must meet the requirements of Fed. R. Evid. 401 and 403, the first and most important issues to be determined by this Court with respect to all of the designated documents are whether the documents are relevant and whether their admission is likely to confuse, mislead or prejudice the jury, or to waste time.

## ARGUMENT

I.     **The PDBs/TTMs Are Neither Business Records Nor Public Reports.**

Defendant disclaims a general intent to offer the PDBs and TTMs to prove the truth of the matters asserted therein, Def.'s Mem. at 6, but argues in the alternative that, "if we were to offer the . . . materials for their truth," the PDBs and TTMs are admissible as business records under 803(6) and public records under 803(8), Def.'s Mem. at 7.  Setting aside seriously questions of relevance, unfair prejudice, and other potential objections, and presidential privilege concerns, the PDBs and TTMs qualify for neither the business record nor the public agency record exception to the hearsay rule.    Fed. R. Evid. 803(6) provides a hearsay exception for the following:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was *the regular practice of that business activity to make the memorandum, report, record or data compilation,* all as shown by the testimony of the custodian or other qualified witness . . . unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.  The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Fed. R. Evid. 803(6) (emphasis added).  Under this rule, a fundamental requirement is that the maker have knowledge of the information contained in the record, and that the record is made in the regular course of the business's activities.  Thus, defendant must account for all sources of information contained in the purported business record, including information that does not come from the business. *United States v. Patrick*, 959 F.2d 991, 1000-02 (D.C. Cir. 1996).  In *Patrick*, the court looked to the requirement of Rule 803(6) that the information come from "a person with knowledge" and found error in the admission of a receipt from a business (offered to prove that the defendant lived at a particular address) because the government failed to establish that the business took some

steps to verify the address information provided to it by a customer (presumably the defendant).  *See also United States v. Baker*, 693 F.2d 183, 188 (D.C. Cir. 1982); *United States v. Warren,* 42 F3d 647, 656-57 (D.C. Cir 1995 ("each participant in the chain producing the record – from the initial observer-reporter to the final entrant – must be acting in the course of the regularly conducted business") (citation omitted); *United States v. David*, 96 F.3d 1477, 1481-82 (D.C. Cir. 1996) (government satisfied verification requirement by showing that the business employee compared signature on the paperwork with the customer's drivers license).  In the case of the PDBs and TTMs, there is no doubt that they are compilations of information received from multiple sources, some of whom are outside the United States government, and may even be trying to deceive the government.  Thus, defendant cannot account for the knowledge or practices of the sources of the underlying information contained in the PDBs and TTMs, and these documents do not satisfy the requirements of 803(6).

Nor do the PDBs or TTMs constitute public records under Rule 803(8)(A), as defendant contends.  Rule 803(8)(A) provides:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency . . . .

Fed. R. Evid. 803(8)(A).  The PDBs and TTMs do not set forth the "activities" of the agency that compiles them, but rather reflect multiple sources of information, including, ultimately, sources outside the government.  The "activities" contemplated by Rule 803(8)(A) include such matters as "Treasury records of miscellaneous receipts and disbursements," Fed. R. Evid. 803(8), 1972 Advisory Committee Notes, not the reporting of daily intelligence information from multiple sources.  In other words, the PDBs and TTMs do not set forth the agency's own activities, but rather

set forth the past and predicted activities of others outside, and at times hostile to, the government. For this reason also, Rule 803(8)(A) does not apply to those intelligence briefing materials, and they may not be admitted for the truth of the matter asserted therein.

**II.     Hearsay Objections to the Admission of Information Contained in Defendant's Notes May Be Overcome Under Certain Theories Proposed by Defendant, But Not Others.**

Defendant argues that his notes may be offered for the truth of the matters asserted therein as present sense impressions, past recollection recorded, business records and reports of a public agency. As demonstrated below, while the government agrees that hearsay objections will not likely serve as a substantial impediment to information contained in defendant's notes, contrary to defendant's contention, defendant's notes are neither business records nor records of public agency and are not entitled to admission for their truth based on those exceptions to the hearsay rule.

The government agrees that, as a general rule, entries in defendant's notes may often qualify as present sense impressions and thus will not be excludable as hearsay. *See* Fed. R. Evid. 803(1), which provides: "A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." In order to fall within this exception to the hearsay rule, three requirements must be met: (1) "[t]he declarant must have personally perceived the event described"; (2) "[t]he declaration must be a simple explanation or description of the event"; and (3) "[t]he declaration and the event described must be contemporaneous." Weinstein's Federal Evidence § 803.03[1]; *see also United States v. Morrow*,

2005 WL 3163803, at *2 (D.D.C. June 9, 2005).[1] It appears that much of the information contained in defendant's notes may meet these requirements.

As defendant acknowledges, in the case of notes that document "statements made by others" in defendant's presence, a "multiple hearsay" issue arises. In such cases, the notes may be admitted to prove that a certain statement was made by a certain person (*see Schuster v. Symmetricon*, 2000 WL 33115909, at *2 (N.D. Cal. Aug. 1, 2000) (handwritten minutes of conversations were hearsay because offered to prove that speakers "actually made the statements contained therein")). However, the notes may not be admitted to prove the truth of the statement itself in the absence of an independent basis for admission. *See* Fed. R. Evid . 805 (hearsay within hearsay is admissible if it meets an exception to the hearsay rule). Defendant asserts that he intends to offer his notes only as proof that certain statements were made by certain people in his presence, but not for the truth of the statements themselves. Def.'s Mem. at 5-6 ("statements of others reflected in Mr. Libby's notes will not be offered for the truth of the matters asserted."). Based on this limitation, any "secondary" hearsay problem is eliminated.

As defendant suggests, certain designated documents, including notes of the defendant, may be admissible for their truth as past recollection recorded under Rule 803(5), which provides:

---

[1] Present sense impressions are limited to factual description of what was observed through the senses, and may not include subjective "interpretations and analyses of conversations." *In re: Cirrus Logic Securities Litigation*, 946 F. Supp. at 1469; *Schuster*, 2000 WL 33115909, at *2; *see also Brown v. Keane*, 355 F.3d 82, 89 (2d Cir. 2004) (exception applies "only to reports of what the declarant has actually observed through the senses, not to what the declarant merely conjectures" or to "subject input" and interpretations); *Schuster*, 2000 WL 33115909, at *2 (exception does not apply where notes reflect the declarant's reactions to the conversations). *See also* Weinstein's Federal Evidence (2d ed. 2006) § 803.03[3] ("[A] statement evoked by an event that does not describe or explain the event is not admissible as a present sense impression.")

> A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

Fed. R. Evid. 803(5). Thus, if defendant establishes the proper foundation during his trial testimony, he may be able to admit information contained in his notes for its truth. As discussed above, each level of hearsay must qualify for a hearsay exception, so if the matter asserted (but now forgotten) would itself be hearsay, defendant must establish an independent exception for that statement (for example, the present sense impression exception defendant proposes for notes reporting what others said). Additionally, Rule 803(5) authorizes the reading of the document, but not its admission as an exhibit, unless offered by the government. Fed. R. Evid. 803(5) ("If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.").

Contrary to defendant's contention, defendant's notes do not qualify as business records under Fed. R. Evid. 803(6). Even assuming that the notes are offered by defendant only as a memorialization of what defendant said or did, or what he heard someone else say or do, and not for the truth of the statements, defendant's notes do not qualify for a business records exception because there is no reason to believe that defendant's notes or note-taking was the *regular* practice of the Office of the Vice President. In *United States v. Ferber*, 966 F.2d 90, 98-99 (D. Mass. 1997), which defendant cited in support of his present sense impression exception argument, the trial court refused to admit an e-mail sent by a Merrill Lynch employee to his boss reporting statements made to the employee by the defendant. Although the government showed that it was the regular practice of the

employee to send such e-mails, the court rejected the e-mail evidence because "there was no sufficient evidence that *Merrill Lynch* required such records to be maintained. This was fatal to the government's proffer on this ground because, in order for a document to be admitted a business record, there must be some evidence of a business duty to make and regularly maintain records of this type." *Id.* (emphasis added). The court went on to note that if the employee had such a practice in his personal life, the outcome might be different, but, "Here, however, [employee] was under no business duty to make and maintain the E-mail messages, and the evidence failed to show that Merrill Lynch itself followed a such a routine." *Id.*

Similarly, in *New York v. Microsoft*, the district court excluded an e-mail which purported to describe a conversation and was authored by an employee of a Microsoft competitor, RealNetworks. The proponent of the evidence failed to establish that it was the "'regular practice' of RealNetworks employees to write and maintain such emails." 2002 WL 649951, at *2. In the instant case, the evidence will show, the government believes, that defendant took the notes for his own work purposes and not because the OVP generally required note-taking or that the regular practice of OVP employees was to take notes for the OVP to rely upon. Indeed, much of defendant's notes are in a short-hand format that he alone used and that only those familiar with his particular short-hand could decipher. Given that defendant's notes were created solely for his own use, they do not carry the indicia of trustworthiness carried by records used by businesses as a whole. *New York v. Microsoft*, 2002 WL 649951, at *2 (D.D.C. April 12, 2002)("The justification for this exception is that business records have a high degree of accuracy because the nation's business demands it, because the records are customarily checked for correctness, and because recordkeepers

are trained in habits of precision.")(quoting *United States v. Baker*, 693 F.2d 183, 188 (D.C. Cir. 1982)).

Defendant's notes also do not constitute a public record under Rule 803(8)(A). Defendant does not offer facts that support a foundation that his personal notes constitute a record of "the activities of the" OVP. He proffers no facts to establish that his personal notes – taken on his own initiative, at his own discretion, in his own hand, in his own style, and for his own use in planning and executing his duties – were records that set forth the activities of the OVP as an office or agency.

Defendant cites no case law that supports characterizing handwritten and personal notes of an employee – even a high ranking employee – as a "public record" under Rule 803(8)(A). To the contrary, courts have been reluctant to regard handwritten notes such as the ones authored by defendant as public records. For example, in *United States v. Patrick*, 248 F.3d 11, 22 (1st Cir. 2001), the district court excluded from evidence certain handwritten notes found in police files that recorded tips the police had received about who committed the charged murder. The defense theory was that the police had not adequately investigated the murder, as evidenced by these notes, and that the notes were not hearsay because they were not offered for their truth but rather for the inadequacy of the police investigation of other possible suspects. The defense also argued that the police notes were admissible as business records under 803(6) and 803(8). The court rejected these arguments, noting first that where the notes contained information from informants who are not themselves part of the business of police, such information is not admissible as an exception to the hearsay rule. *Id.* As to the defendant's public records argument, the court ruled, "Nor do police notes contain findings of a public agency charged with making those findings, which would render the notes admissible under Fed.R.Evid. 803(8)." *Id.*; *see also United States v. Bishop*, 264 F.3d 535, 548 (5th Cir. 2001)

(IRS agents' notes regarding meetings they had with the defendant were not public records: "Personal notes made by an investigator such as an IRS agent are not ordinarily admissible because they are hearsay. *See* Fed.R.Evid. 801©, 803(8)(B)."). Likewise, defendant's notes are not public records that set forth the OVP's activities.

### III.     Admissibility of Wilson/Niger Case-Related Documents.

Lastly, defendant explains that, aside from documents pertaining solely to his memory or preoccupation defense, there are two broad categories of documents that relate to the Wilsons and the Niger controversy: (1) documents that defendant created or that defendant reviewed; and (2) documents that were created or reviewed by other potential witnesses (but, presumably, not reviewed by defendant). Def.'s Mem. at 7. Again, defendant states that he will generally not offer the documents for the truth of the matters asserted therein. Def.'s Mem. at 7, 8. Of course, in those instances, the documents are not hearsay and no hearsay exception is necessary, although the government reserves its right to object to the documents (or portions thereof) on grounds other than hearsay, for example, on the grounds that the matter is irrelevant, should be excluded under Rule 403, or implicates executive privilege. Furthermore, to the extent that defendant offers some of the documents in an attempt to impeach other witnesses, *see* Def.'s Mem. at 8, the government may also object on grounds that the documents are not a proper basis for impeachment (for example, if a witness did not create, review, or adopt statements in a particular document), or are not admissible as substantive evidence if used only for impeachment.

## CONCLUSION

The government respectfully requests that this Court apply the foregoing legal principles to the evidentiary proffer to be made by the defendant at the upcoming § 5 hearing.

                                          Respectfully submitted,

                                          /s/
                                      PATRICK J. FITZGERALD
                                      Special Counsel
                                      Office of the United States Attorney
                                      Northern District of Illinois
                                      219 South Dearborn Street
                                      Chicago, Illinois 60604
                                      (312) 353-5300

Dated:  September 25, 2006

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 25th day of September, 2006, I caused true and correct copies of the foregoing to be served on the following parties by electronic mail:

> William Jeffress, Esq.
> Baker Botts
> The Warner
> 1299 Pennsylvania Avenue, N.W.
> Washington, DC 20004-2400
> Facsimile: 202-585-1087
>
> Theodore V. Wells, Esq.
> Paul Weiss
> 1285 Avenue of the Americas
> New York, NY 10019-6064
> Facsimile: 212-373-2217
>
> Joseph A. Tate, Esq.
> Dechert LLP
> 4000 Bell Atlantic Tower
> 1717 Arch Street
> Philadelphia, PA 19103-2793
> Facsimile: 215-994-2222
>
> John D. Cline, Esq.
> Jones Day
> 555 California Street
> San Francisco, CA 94104
> Facsimile: 415-875-5700

                                          Patrick J. Fitzgerald
                                          Special Counsel
                                          U.S. Department of Justice
                                          1400 New York Ave., N.W.
                                          Washington, D.C. 20530
                                          202-514-1187

By:        /s/        
            Debra Riggs Bonamici
            Deputy Special Counsel