UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 05-394 (RBW) |
| ) | |
| I. LEWIS LIBBY ) | |
|    also known as "Scooter Libby," ) | |
|    Defendant. ) | |

**MEMORANDUM OF I. LEWIS LIBBY CONCERNING ADMISSIBILITY OF DOCUMENTS TO CORROBORATE HIS POTENTIAL TRIAL TESTIMONY**

The Court has asked the parties to brief whether the probative value of the classified documents listed in Mr. Libby's Consolidated CIPA § 5 Notice is "substantially outweighed" by the "needless presentation of cumulative evidence" to the extent those documents overlap Mr. Libby's likely trial testimony. Fed. R. Evid. 403. The answer is no, particularly at this stage of the case. "Rule 403 does not mean that a court may exclude arguably cumulative evidence that will cause delay regardless of its probative value. If the evidence is *crucial*, the judge would abuse his discretion in excluding it." *United States v. Foster*, 982 F.2d 551, 555 (D.C. Cir. 1993) (citation, alteration, and internal quotation marks omitted; emphasis added by *Foster* court).[1]

The documents that the defense has addressed thus far in the CIPA hearing, and the additional documents that we will review when the hearing resumes, are "crucial" for

---

[1] To avoid unnecessary repetition, we incorporate by reference the discussion of Rule 403 in Mr. Libby's Reply Concerning Use, Relevance, and Admissibility of Classified Information in the Consolidated CIPA § 5 Notice (filed Sept. 15, 2006). In addition, we have addressed the hearsay issues that the documents present in our Memorandum Concerning Admissibility of Documents on Defendant's Consolidated CIPA § 5 Notice (filed Sept. 22, 2006).

several purposes.[2] *First*, the memory defense documents will provide further evidence, in addition to Mr. Libby's testimony, that a constant rush of urgent national security and foreign policy issues commanded his attention during the relevant period. The government will challenge at least the *relative* importance of the national security matters; that is, while conceding dismissively that Mr. Libby was "busy" with "important matters," the government will present witnesses and documents in an effort to show that he was equally or more focused on Ms. Wilson. Similarly, the government will dispute that the crush of Mr. Libby's duties caused him to confuse or misremember the snippets of conversation involving Ms. Wilson. And it will attack Mr. Libby's credibility in general, arguing to the jury in closing that he lied to the FBI, lied to the grand jury, and lied from the witness stand at trial. The documents will provide tangible, contemporaneous support for Mr. Libby's testimony and thus will both advance the memory defense and rebut the government's attack.

The fact that the content of the documents will overlap to some extent with Mr. Libby's testimony is not a proper basis for excluding the documents as cumulative. *See, e.g., Henderson v. George Washington University*, 449 F.3d 127, 137 (D.C. Cir. 2006) ("'[T]he mere fact that two pieces of evidence might go to the same point would not, of course, necessarily mean that only one of them might come in.'") (quoting *Old Chief v.*

---

[2] As we have stated during the CIPA hearing, we do not at this point reasonably expect to disclose all of the documents listed in the Consolidated CIPA Notice. A number of the listed documents will serve only as the basis for "dots" on the PowerPoint the defense intends to present with Mr. Libby's direct testimony. It is possible, of course, that we may seek to introduce additional listed documents on redirect of Mr. Libby, depending on the government's cross-examination. And it is also possible that we will seek to admit additional listed documents during Mr. Libby's direct testimony or through other defense witnesses, if necessary to respond to the government's case in chief. As noted, we have not yet received any Jencks material and thus have only a general idea of the evidence the government will present in its case.

*United States*, 519 U.S. 172, 183 (1997)); *United States v. De Parias*, 805 F.2d 1447, 1454 (11th Cir. 1986) ("Rule 403 does not mandate exclusion merely because some overlap exists between the [documentary evidence] and other evidence."), *overruled on other grounds by United States v. Kaplan*, 171 F.3d 1351 (11th Cir. 1999).  In fact, the opposite is true.  Particularly where a witness's credibility is at issue courts routinely admit, notwithstanding Rule 403 concerns, evidence that corroborates the witness's testimony.  *See, e.g.*, *United States v. Casoni*, 950 F.2d 893, 905 (3d Cir. 1991) (admission of witness's prior consistent statement "for the purpose of buttressing [his] credibility" was proper "despite the provisions of Rule 403" because evidence was probative on the issue of credibility and was "not likely to confuse the issues or mislead the jury); *see also Hart v. Gomez*, 174 F.3d 1067, 1070-73 (9th Cir. 1999) (defense counsel provided ineffective assistance of counsel where he failed to offer contemporaneous documentary evidence that would have directly corroborated the otherwise unsupported testimony of a key defense witness).  *See generally* Hon. James P. Timony, *Demeanor Credibility*, 49 Cath. U. L. Rev. 901, 910-11 (Summer 2000) (a witness may "corroborate his testimony by presenting consistent documents or statements").  Where (as here) a *criminal defendant's* testimony is at issue, corroborating evidence may have particular probative significance.  *See United States v. Fulcher*, 250 F.3d 244, 250-51 (4th Cir. 2001) (testimony from law enforcement witness regarding his exculpatory conversations with the defendants would not have been cumulative, because the "probative force" of that testimony would have been "significantly greater than the testimony of the defendants alone").

Even if the government would stipulate to the relative importance of the nine national security matters as compared to the conversations about Ms. Wilson, the defense would still be entitled to admit probative evidence proving that point. *See, e.g., United States v. Bowie*, 232 F.3d 923, 932-33 (D.C. Cir. 2000) (defendant's offer to stipulate does not require exclusion under Rule 403 of government evidence offered in part to corroborate defendant's confession). Further, the government offers only the vague assurance that it will not dispute that Mr. Libby was busy with important matters, but does not concede the relative importance to Mr. Libby of the national security matters versus the conversations about Ms. Wilson. Thus, the documents cannot be considered "needless[ly] . . . cumulative" under Rule 403. *See, e.g., United States v. Allen*, 341 F.3d 870, 887-88 (9th Cir. 2003) (documents and photos showing defendants' racial animus and status as skinheads not cumulative under Rule 403 even though defendants admitted these facts in their testimony; citing *Old Chief*), *cert. denied*, 541 U.S. 975 (2004).

*Second*, the memory defense documents will permit the jury to understand how Mr. Libby can testify with some precision about the nine national security matters we have identified while having no recollection or faulty recollection of the bits of conversation concerning Ms. Wilson. The explanation rests in large part on the fact that the national security matters were of surpassing importance to Mr. Libby and the conversations about Ms. Wilson were not. Even so, if Mr. Libby testifies without visible reference to notes and other documents that particular events happened on particular days more than three years ago, the jury may think he has an extraordinary memory and thus doubt the memory defense. If the defense can display and briefly discuss the documents

as Mr. Libby testifies, the jury will understand that his recollection concerning the nine matters has been refreshed.

*Third*, in some instances Mr. Libby no longer recalls details that the memory defense documents reveal. For example, Mr. Libby may recall that a serious issue arose or event occurred during the relevant period, and even that the issue or event was important to him at the time. He may not, however, remember exactly when the issue or event was discussed, with whom he discussed it, how many times they talked about it, or other details that make the issue or event come to life in jurors' minds. For these forgotten details, the documents have probative value beyond corroboration of Mr. Libby's testimony; they are the primary evidence of the facts that the defense intends to establish. *See, e.g., United States v. Kizeart*, 102 F.3d 320, 324-26 (7th Cir. 1996) (admitting a tape recording of a conversation even though witnesses had already testified about the conversation because the tape would assist the jury by giving it "as complete a picture of the events as possible"); *K-B Trucking Co. v. Riss International Co.*, 763 F.2d 1148, 1155-56 (10th Cir. 1985) (fact that exhibits contained information that had been testified to by a witness did not render them cumulative, because they were not just a narrative of testimony but also contained "useful figures and details that supported [the witness's] testimony and that may have been helpful to the jury"); *cf. United States v. Sollars*, 979 F.2d 1294 (8th Cir. 1992) (admitting tape recording as past recollection recorded was proper where government witness remembered talking to the government agent but could not recollect certain specific details she had recounted).

*Fourth*, the Wilson/Niger documents are important because they will corroborate Mr. Libby's expected testimony that the OVP sought to respond to Ambassador Wilson's

claims on the merits, and not by exposing Ms. Wilson's affiliation with the CIA. The documents will show that, in the days following Ambassador Wilson's July 6, 2003 article, (1) there was extensive discussion among the OVP, the White House, and the CIA of a factual rebuttal to his charges, culminating in Director of Central Intelligence Tenet's statement on July 11, and (2) that during this period Mr. Libby's notes do not contain a single mention of Ms. Wilson. These points are crucial to Mr. Libby's defense. Although he will testify about them, the government will dispute that testimony and accuse him of lying. The Wilson/Niger documents are essential corroboration.

Evidence may be excluded as cumulative when "it adds very little to the probative force of the other evidence in the case." *United States v. Williams*, 81 F.3d 1434, 1443 (7th Cir. 1996). As shown above, Mr. Libby's contemporaneous notes and the morning intelligence briefing materials add substantial weight to his proposed trial testimony. Indeed, "corroborating documents, especially those written in the ordinary course of business and not for litigation, are one of the best sources of the truth." Timony, *supra*, at 911. As the D.C. Circuit observed in affirming the admission of physical evidence over an objection under Rule 403 that it was cumulative of prosecution witnesses' testimony, "[t]here is no question . . . that physical evidence is an important part of an effective trial presentation and that the 'persuasive power of the concrete and particular is often essential to the capacity of jurors to satisfy the obligations that the law places on them.'" *United States v. Gloster*, 185 F.3d 910, 913 (D.C. Cir. 1999) (quoting *Old Chief*, 519 U.S. at 187). Thus, the admission of the documents Mr. Libby has noticed would not constitute the "*needless* presentation of cumulative evidence" that "*substantially* outweigh[s]" their probative force. Fed. R. Evid. 403 (emphasis added).

The Court should be particularly cautious about excluding Mr. Libby's documents as cumulative at this stage of the case. Other courts have recognized that Rule 403 cumulativeness determinations are premature before trial has begun. *See United States v. Jamil*, 707 F.2d 638, 643 (2d Cir. 1983) (reversing pretrial exclusion of government evidence under Rule 403; concluding that "[a]t this stage of the litigation, when the trial has not yet commenced and no evidence has yet been put before a jury, it is premature to conclude that this evidence is cumulative"). The Court will be in a far better position to determine whether evidence is "needless[ly] . . . cumulative" once the trial has begun and the government has presented its case. Particularly at this point, therefore, the Court should deny the government's effort to exclude Mr. Libby's noticed documents under Rule 403.

October 2, 2006                                                             Respectfully submitted,

/s/
Theodore V. Wells, Jr.
(D.C. Bar No. 468934)
James L. Brochin
(D.C. Bar No. 455456)
Paul, Weiss, Rifkind, Wharton
  & Garrison LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3089

/s/
William H. Jeffress, Jr.
(D.C. Bar No. 041152)
Alex Bourelly
(D.C. Bar No. 441422)
Baker Botts LLP
Alexandra M. Walsh
(D.C. Bar. No. 490484)
1299 Pennsylvania Ave., NW
Washington, DC  20004
(202) 639-7751

/s/
Joseph A. Tate
Dechert LLP
2929 Arch Street
Cira Centre
Philadelphia, PA  19104
(215) 994-2350

/s/
John D. Cline
(D.C. Bar No. 403824)
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104
 (415) 626-3939