THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO. 05-394 (RBW) |
| v. ) | |
| ) | |
| I. LEWIS LIBBY, ) | |
| also known as Scooter Libby ) | |

**GOVERNMENT'S MEMORANDUM OF LAW IN RESPONSE TO
COURT'S INQUIRIES REGARDING LEGAL AUTHORITIES
IN CONNECTION WITH CIPA § 6(a) HEARING**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, Special Counsel, respectfully submits the following Memorandum of Law in response to inquiries made by the Court during the ongoing CIPA § 6(a) hearing in this matter, and the Court's invitation to both parties to address these issues in writing.

**BACKGROUND**

In advance of the CIPA § 6(a) hearing, the parties disagreed as to the standard applicable to determining the use, relevance and admissibility of classified information which the defendant seeks to disclose at trial. The defendant argued that admissibility of classified information must be determined solely by reference to the Federal Rules of Evidence. The government argued the Court was required to consider applicable privileges in determining admissibility even before the enactment of CIPA, *see* Fed. R. Evid. 501, and that therefore, in order to be admissible, the defendant's proposed testimony and exhibits must be relevant, helpful to the defense, and also must otherwise overcome the longstanding national security privilege in classified information.[1]

---

[1] The government's position, rejected by the Court, is that application of the long-standing national security privilege, enforceable through Federal Rule of Evidence 501, was included among the "current practices" which Congress determined to retain in lieu of resolving whether "any 'relevant' evidence should be admissible," as proposed by some Senators, or whether the evidence must be "relevant and material," as proposed by the Department of Justice. S. Rep. 96-823, at 8,

In its September 21, 2006 opinion, the Court ruled that, that it was inappropriate to consider classified status in determining the use, relevance and admissibility of classified evidence proposed by defendant at the CIPA 6(a) stage. Thus, the Court ruled that, at the § 6(a) hearing, it would make determinations of use, relevance and admissibility without regard to the classified status of the proposed information

During the course of proceedings pursuant to CIPA § 6(a), this Court raised a number of questions regarding possible limits on the Court's authority to restrict the defendant's ability to present a defense. Specifically, the Court inquired regarding the existence of cases addressing its authority to prohibit the defendant from introducing exhibits to corroborate aspects of his testimony, including aspects that will not be disputed at trial. In addition, the Court questioned the extent of its authority to limit the defendant's ability to present details pertaining to topics found generally relevant, as part of the defendant's direct testimony or through documents. On September 28, 2006, prior to the recess in the proceedings, the Court offered counsel for both parties the opportunity to submit written memoranda setting forth legal authorities relevant to the Court's inquiries.

In light of the Court's pre-hearing ruling, the government focuses in this brief on the application of the rules of evidence and, in particular, Fed. R. Evid. 403, to determining the admissibility of the evidence proposed by defendant. As demonstrated below, this Court is authorized by Rule 403 of the Federal Rules of Evidence to exclude evidence presented by the defendant, even if relevant, and it is well settled that such exclusion does not necessarily infringe on the defendant's Constitutional right to present a defense.

---

1980 USCCAN 4294, 4301.

**ARGUMENT**

While the defendant has a Constitutional right to present a defense, that right is not without limitation. As the Supreme Court repeatedly has explained, the defendant's right to present relevant testimony "'may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.'" *Rock v. Arkansas*, 483 U.S. 44, 55 (1987) (quoting *Chambers v. Mississippi*, 410 U.S. 284, 295 (1973)). Thus, any claim that "the Due Process Clause guarantees the right to introduce all relevant evidence is simply indefensible." *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996)(plurality opinion). *See also United States v. Lea*, 249 F.3d 632, 642 (7th Cir. 2001) ("a defendant's right to present relevant evidence is not unbounded, but rather is subject to reasonable restrictions").

The Supreme Court has ruled that relevant evidence offered by a defendant in a criminal case may be excluded under applicable procedural and evidentiary rules. Specifically, the Court has stated, "The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1988). Indeed, "[u]nder the Constitution, state and federal rulemakers have broad latitude to fashion rules which operate to exclude evidence from criminal trials." *Lea*, 249 F.3d 632, 642 (7th Cir. 2001) (citing *United States v. Scheffer*, 523 U.S. 303, 308 (1998)). These rules of exclusion "will not be deemed to abridge an accused's right to present a defense so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" *Lea*, 249 F.3d at 642-43 (quoting *Rock*, 483 U.S. at 56).

As the Supreme Court recently explained,

> While the Constitution thus prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its

3

> probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury. See, *e.g.,* Fed. Rule Evid. 403; Uniform Rule of Evid. . . . Plainly referring to rules of this type, we have stated that the Constitution permits judges "to exclude evidence that is 'repetitive . . ., only marginally relevant' or poses an undue risk of harassment, prejudice, [or] confusion of the issues.' " *Crane,* [476 U.S. 683], at 689-690 . . . (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 679 . . .(1986)) . . .

*Holmes v. South Carolina*, 547 U.S. ___, 126 S.Ct. 1727, 1732 (2006) (punctuation and citation notes omitted). *See also Clark v. Arizona*, ___ U.S. ___, 126 S.Ct. 2709, 2731-32 (2006) (citing *Holmes*).

In light of the legitimate interests served by Rule 403, it is not surprising that district courts have applied the Rule to proposed evidence that contained classified information. In *United States v. Wilson*, 586 F.Supp. 1011 (S.D.N.Y. 1983), *aff'd*, 750 F.2d 7 (2d Cir.1984), the district court held that, even assuming that the classified information sought to be introduced by the defendant was relevant, the evidence was inadmissible under Rule 403. The district court recognized that "the government as well as the defendant has an interest in a trial focused solely on the acts at issue." 586 F.Supp. at 1016. The district court then held that allowing the defendant to present classified evidence would unfairly prejudice the government because it would appeal to the juror's emotions: "the introduction of evidence detailing classified activities will have the tendency to focus attention on what cannot be doubted is the controversial character of foreign covert intelligence and counter-intelligence operations." *Id.* The district court also found that the presentation of the classified evidence would be time-consuming and would result in undue delay. *Id.*; *see also United States v. Miller*, 874 F.2d 1255, 1277 (9th Cir. 1989) (excluding classified information pursuant to Rule 403 based on confusion of the issues, misleading the jury, and waste of time).

Circuit Courts have also applied Rule 403 to limit evidence which defendants have sought to introduce in support of the defense. In *Lea*, for example, the Seventh Circuit approved the district court's exclusion of testimony that another suspect had failed a polygraph, and the court of appeals held that it was proper to exclude such testimony on Rule 403 grounds. *Id.* at 639-40. The court in *Lea* rejected the defendant's argument that this unconstitutionally hampered his right to present a defense, reasoning that the right to present a defense was not unlimited and Rule 403 was a standard rule of evidence that could operate to exclude the testimony. *Id.* at 643.[2]

Rule 403 applies to any and all types of evidence which a party seeks to introduce at trial. Thus, evidence may be excluded under the rule regardless of whether it is offered in the form of an exhibit or testimony, and regardless of whether the testimony is of a third-party witness or a criminal defendant. The D.C. Circuit has specifically recognized that a defendant is not entitled to *carte blanche* insofar as his testimony is concerned, but is subject to the rules of evidence, including Rule 403. In *United States v. North American Reporting*, 740 F.2d 50 (D.C. Cir. 1984), the defendant corporation and its president (Lee) were charged with fraud in connection with its billing of the White House for court reporting services. At trial, the defendants maintained that any errors were the product of good faith estimates, legitimate rounding off, and "honest mistakes." In addition to a summary chart refused by the district court for want of reliable foundation, because it was "terribly confusing" and "baffling to the jury," and was at odds with the language of the contract, the district judge also excluded Lee's testimony that he occasionally undercharged the White House. Lee argued that this evidence proved his lack of intent and guilty knowledge. The court expressed doubts about

---

[2] The court in *Lea* also rejected the defendant's claim that the district court violated his right to present a defense by relying on the marital communications privilege to preclude the testimony of a witness. *Id.* at 641-42, 643.

its probative value, but to the extent it was relevant, agreed with the district judge that this testimony would have created undue delay and, under Rule 403, was properly refused.

Similarly, in *United States v. Brown*, 217 F.3d 247, 257-58 n.8 (5th Cir. 2000), *vacated on other grounds*, 531 U.S. 1136 (2001)(vacating to consider impact of *Apprendi*), the Fifth Circuit held that the district court properly excluded the defendant's own proposed testimony concerning a lawsuit that he filed against one of the law enforcement agencies involved in the prosecution against him. The Fifth Circuit affirmed the district court's reliance on Rule 403 to exclude such testimony, which the defendant offered to show the alleged bias of the law enforcement officers, because the defendant had already offered other evidence of the lawsuit through cross-examination and other portions of his defense case. *Id.* at 258 n.8; *see also United States v. Moreno*, 102 F.3d 994, 998 (9th Cir. 1996) (excluding defendant's own testimony concerning purported duress, citing *Rock*, 483 U.S. at 55, and explaining, "Without question, the Government has a legitimate interest in excluding evidence which is not relevant or is confusing under Rule 402 and Rule 403 of the Federal Rules of Evidence.").

As in the foregoing cases, the defendant in this case proposes to introduce in support of his memory/preoccupation defense evidence that is so extraordinary both in breadth (*i.e.*, the topics are wide-ranging) and in depth (*i.e.*, the level of detail) that the evidence takes on a misleading aura, is confusing, and would be so time consuming that all of these dangers would substantially outweigh its probative value – particularly where there is no dispute as to the defendant's overall point that he was busy and worked on national security matters. To allow the defendant to describe *ad infinitum*, via both testimony and through documents, particular items of classified information that he heard about as if each particular item overwhelmed his ability to remember (and to not fabricate) other

conversations is misleading and confusing and unnecessarily wasteful of time because details and facts (*e.g.*, names of leaders or government officials of other countries, or the names and histories of various terrorist groups) that the defendant knew as a matter of course based on his experience will either inaccurately suggest that the defendant was learning more new information than he really was or time will be spent explaining the details to the jury to avoid confusion.  Accordingly, as the hearing progresses, the Court should take into account the dangers that Rule 403 legitimately seeks to avoid, and thus apply the Rule to the defendant's proposed testimony and exhibits.

## CONCLUSION

For the foregoing reasons, the government respectfully asks this Court to apply Federal Rule of Evidence 403 to exclude defendant's portions of defendant's proposed testimony and all of his proposed exhibits offered in support of the memory/preoccupation defense.

Respectfully submitted,

/s/
PATRICK J. FITZGERALD
Special Counsel
Office of the United States Attorney
Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5300

Dated: October 2, 2006

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that on this 2nd day of October 2006, I caused true and correct copies of the foregoing to be served on the following parties by electronic mail:

> William Jeffress, Esq.
> Baker Botts
> The Warner
> 1299 Pennsylvania Avenue, N.W.
> Washington, DC 20004-2400
> Facsimile: 202-585-1087
>
> Theodore V. Wells, Esq.
> Paul Weiss
> 1285 Avenue of the Americas
> New York, NY 10019-6064
> Facsimile: 212-373-2217
>
> Joseph A. Tate, Esq.
> Dechert LLP
> 4000 Bell Atlantic Tower
> 1717 Arch Street
> Philadelphia, PA 19103-2793
> Facsimile: 215-994-2222
>
> John D. Cline, Esq.
> Jones Day
> 555 California Street
> San Francisco, CA 94104
> Facsimile: 415-875-5700

                                        Patrick J. Fitzgerald
                                        Special Counsel
                                        U.S. Department of Justice
                                        1400 New York Ave., N.W.
                                        Washington, D.C. 20530
                                        202-514-1187

                            By:       /s/
                                        Debra Riggs Bonamici
                                        Deputy Special Counsel