UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO 05-394 (RBW) |
| v. ) | |
| ) | |
| I. LEWIS LIBBY, ) | |
| also known as "Scooter Libby" ) | |

**GOVERNMENT'S STATUS REPORT REGARDING DOCUMENTS DISCUSSED DURING CIPA SECTION 6(a) HEARING**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, Special Counsel, respectfully submits the following status report regarding documents discussed during hearings conducted pursuant to the Classified Information Procedures Act (CIPA) Section 6(a).

**Status Regarding Defendant's "Wilson/Niger" Exhibits For Which Follow Up Was Requested During the CIPA Section 6(a) Hearing**

*Exhibits 56, 75, 76, 178, and 299.*

Pursuant to the Court's instructions during the hearing, Special Counsel has provided the defense with redacted versions of Defense Exhibits 56, 75, 76, 178, and 299.

With respect to Exhibit 56, the defense has advised us that our proposed redaction is acceptable for the purpose of refreshing recollection; however, they note that Exhibit 56 is also being offered in connection with their memory defense, and they do not accept the proposed redaction for that purpose.

With respect to Exhibits 75, 76, and 178, the defense has advised us that they will not agree with our proposed redactions. Therefore, the Court will need to consider these documents, and the government respectfully submits that the limited proposed redactions leave sufficient material for

the defense to have context for the entries that pertain to the case. The government's proposed redacted versions of these exhibits are being provided to the Court under separate cover.

A redacted version of Exhibit 299 was provided to the defense today; and they have not yet informed us whether they agree to our proposed redactions. The government's proposed redacted version of this exhibit also is being provided to the Court under separate cover.

*Exhibits 57 and 58.*

The government has been advised, and has advised the defense, that the specific entries at issue on Defense Exhibits 57 and 58 are unclassified. The defense has advised that with that information, those s are no longer at issue.

*Exhibits 173, 174, and 242.*

The government has been advised, and has advised the defense, that these documents are unclassified with the redactions agreed to in Court; therefore, they are no longer in issue for the CIPA process.

*Exhibit 242.*

During the hearing, there was a question as to the identity of the individual whose handwriting is on this exhibit. The government has provided that information to the defense.

*Exhibit 71*

During the hearing the defense agreed to limit the exhibit to the memorandum and attachment 1, but exclude all the other attachments. The government agreed to provide the defense with an additional version of the document that includes a paragraph from the memorandum that had previously been redacted. That paragraph has been declassified and made public. The government will provide that version of the document to the defense this week.

**Status Regarding the "Memory Defense" Exhibits**

The government has completed its review of defendant's modified CIPA § 5 Notice, including (a) the narrative portion of the defendant's CIPA § 5 Notice; (b) the oral proffer set forth in the transcripts of September 27, September 28, October 3 and October 4, 2006; and (c) the highlighted portions of exhibits designated in Attachment A to defense counsel's letter to the Special Counsel dated October 5, 2006.

After completing this review, counsel for the government met in person with counsel for the defense. During this meeting, counsel addressed some open questions raised by discrepancies between the highlighted documents and defense counsel's oral proffers. All but two discrete issues were resolved by the end of the meeting. The remaining two issues will be resolved in the next day or so.

Counsel also explored whether any progress could be made resolving issues concerning any of the nine topics specified in the Section 5 notice and related materials. It appears that some agreements can be reached with respect to evidence proffered by the defense relevant to Topics Eight and Nine. Counsel wish to continue discussions in the hope that we may narrow the issues that the Court will need to address. Counsel have discussed the parameters of a possible resolution on those topics and will follow up on those conversations and report back to the Court.

Counsel discussed whether any agreement could be reached with respect to two issues that cut across the nine topics: (1) whether it is necessary to disclose particular statements made during meetings attended by Mr. Libby and the individuals who made them; and (2) whether it is necessary to disclose details regarding the identity or type of intelligence sources. With respect to the first issue, defense counsel has agreed to advise us of their position after reviewing the proposed

documents with their client next week. With respect to the second issue, the government has agreed to provide an itemized list of the specific references to intelligence details for the defendant's consideration, and will do so on or before Wednesday, October 25, 2006.

After some discussion, counsel concluded that further discussions concerning the evidence relevant to Topics One through Seven would not be fruitful, and that the parties will require a ruling from the Court as to that evidence.

**Proposal As to How to Proceed**

As indicated above, the parties will require rulings from the Court with respect to a significant number of evidentiary items. In order to streamline further court proceedings, the government proposes to identify its specific objections to the defendant's proffered testimony and highlighted documents in a written submission on Monday, October 23, 2006. Thereafter, the government proposes that the Court schedule one additional day for a continued CIPA § 6(a) hearing so that the remaining objections may be addressed. Government counsel are available on October 30, 2006 for the continued § 6(a) hearing, but have conflicts on the remaining days of that week. Alternatively, given that the parties and the Court have set aside November 6, 2006, the continued hearing could be conducted on that day. In the interim, in order to expedite the preparation of necessary substitutions, the relevant agencies are in the process of reviewing defendant's (a) written narrative contained in the Consolidated § 5 Notice; (b) the oral proffer set forth in the transcripts of September 27, September 28, October 3 and October 4; and (c) the exhibits designated in Attachment A to defense counsel's letter of October 5, 2006. We would proposed to preserve any issues of substitution concerning the "dot" chart until the chart is finalized by the defense.

Respectfully submitted,

/s/
PATRICK J. FITZGERALD
Special Counsel
U.S. Department of Justice
1400 New York Ave., NW
Washington, D.C. 20530
202-514-1187

Dated: October 18, 2006.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 18th day of October, 2006, I caused true and correct copies of the foregoing to be served on the following parties:

William Jeffress, Esq.
Baker Botts
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Facsimile: 202-585-1087

Theodore V. Wells, Esq.
Paul Weiss
1285 Avenue of the Americas
New York, NY 10019-6064
Facsimile: 212-373-2217

Joseph A. Tate, Esq.
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793
Facsimile: 215-994-2222

John D. Cline, Esq.
Jones Day
555 California Street
San Francisco, CA 94104
Facsimile: 415-875-5700

                                      Patrick J. Fitzgerald
                                      Special Counsel
                                      U.S. Department of Justice
                                      10th & Constitution Ave., NW
                                      Washington, D.C.  20530
                                      202-514-1187

                By:     /s/ Kathleen M. Kedian
                            Deputy Special Counsel