UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. NO. 05-394 (RBW) |
| v. | ) | |
| | ) | |
| I. LEWIS LIBBY, | ) | |
| also known as "Scooter Libby" | ) | |

### GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE
### EVIDENCE, COMMENT, AND ARGUMENT REGARDING
### THE GOVERNMENT'S CHARGING DECISIONS

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, SPECIAL

COUNSEL, respectfully submits the following motion in limine to preclude evidence,

comment, and argument regarding the government's charging decisions in the investigation

that gave rise to the indictment in the above-captioned matter.

### INTRODUCTION

Defendant I. Lewis "Scooter" Libby is charged in the pending indictment with

obstruction of justice, perjury, and making false statements to federal investigators, in

violation of 18 U.S.C. §§ 1503, 1623 and 1001, in connection with an investigation

concerning the disclosure to reporters of then-classified information regarding the

employment of Valerie Plame Wilson. It is axiomatic that the purpose of a criminal trial is

to determine whether the government has met its burden of proof as to the charged crimes,

not to examine why the government decided to seek the indictment against the defendant,

why additional charges were not lodged against the defendant, or why other persons were or

1

were not charged as a result of the investigation that gave rise to the pending indictment. This motion in limine requests that the Court preclude evidence, comment, and argument regarding the government's charging decisions and thereby confine the trial to its proper purpose and prevent irrelevant, unfairly prejudicial, and potentially confusing matters from influencing the jury's decision as to the charged crimes.

The evidence, comment, and argument this motion seeks to preclude are not relevant in the trial of the charged crimes; they have zero probative value in the case. The investigation that led to the indictment of defendant did not result in a charge against Libby or any other person for the act of disclosing classified information, nor was any person other than Libby charged with obstruction of justice, perjury, or making material false statements. The fact that neither Libby nor anyone else has been charged with a crime for the disclosure of classified information is irrelevant to whether Libby committed the crimes charged in the indictment.  Likewise, the fact that no one but Libby has been charged with obstruction of justice, perjury, or making material false statements is irrelevant as to whether Libby committed the charged crimes.  Evidence, comment, and argument about the government's charging decisions have no tendency to make any matter of consequence to the determination of the action more or less probable.

Besides lacking any relevance, the evidence, comment, and argument sought to be precluded carry enormous danger of unfair prejudice and confusion of the issues in that they have an undue tendency to suggest decision on improper bases.  For a jury to decide the case

on any basis other than the facts and the law is a species of jury nullification. The courts have roundly rejected jury nullification arguments and jury nullification instructions. The courts also have rejected the notion that otherwise irrelevant evidence may be admissible because it supports a jury nullification argument or verdict. In this case, evidence, comment, and argument concerning the government's charging decisions would risk unfair prejudice and confusion of the issues. By way of example: (1) the jury might improperly second guess the government's charging decision as to Libby based on its perception of the relative merits of potential charges against other individuals that were not lodged; and (2) the jury might impute to the government certain beliefs based on the decision not to charge certain crimes and improperly draw inferences regarding the government's view of the conduct, such as the conclusion that the government believes the defendant's behavior in disclosing information was proper. The danger of unfair prejudice and confusion of the issues resulting from improper inferences is manifest. To allow such potentially prejudicial and confusing matters before the jury would have an undue tendency to suggest jury nullification.

Given the complete lack of relevance of the evidence, comment, and argument regarding the government's charging decisions, and the substantial risks of unfair prejudice, this is not a matter that can be addressed solely through limiting instructions to the jury. Evidence that is not relevant is not admissible. Where the probative value of evidence is substantially outweighed by the danger of unfair prejudice, that evidence should be excluded. The Court should preclude evidence, comment, and argument regarding the government's

charging decisions.

## ARGUMENT

### I.    The District Court Should Preclude Evidence, Comment, and Argument Regarding the Government's Charging Decisions on Relevance Grounds.

Evidence, comment, and arguments regarding the government's charging decisions – including the fact that no other person under investigation has been charged with a crime – are irrelevant to the issues to be decided by the jury at trial. Such evidence, comment, and argument should be precluded on that basis.

The basic principles of relevance are well known to the Court. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevancy "exists only as a relation between an item of evidence and a matter properly provable in the case." *Advisory Committee Notes, Rule 401*. The determination of relevancy involves an inquiry into whether evidence "possesses sufficient probative value to justify receiving it in evidence." *Id.* "Evidence which is not relevant is not admissible." Fed. R. Evid. 402.

The decision by a prosecutor not to bring additional criminal charges against a defendant or not to charge additional persons is irrelevant at the trial of charges lodged against the defendant. The decision not to file other charges or charge other defendants has no tendency to make the existence of any fact that is of consequence to the action more probable or less probable. For example, in *United States v. Young*, 20 F.3d 758 (7th Cir.

1994), defendant Young appealed the district court's exclusion of evidence that another person (Russell) arrested for drug crimes along with defendant was released and not charged. *Id.* at 765. The district court ruled that the evidence that Russell had been released and not charged was irrelevant. *Id.* The Court of Appeals affirmed:

> "Young's defense at trial was that he did not knowingly participate in the attempted cocaine purchase. Accordingly, the primary issue for the jury was whether the government met its burden of proof as to Young's knowledge. Whether or not Russell was criminally charged does not make the facts relating to Young's knowledge and participation in the attempted purchase more or less probable."

*Id.* (citing Fed. R. Evid. 401). *See also United States v. Mosky*, 1990 WL 70832 (N.D. Ill.)("The government seeks to bar only any reference to its decisions regarding who to indict and for what acts. The government is correct that those decisions are not relevant to the charges faced by these defendants.") Therefore, evidence concerning the government's charging decisions is irrelevant and has no probative value.

Application of the test of relevancy to defendant Libby's case is straightforward. In this case, the defendant is charged with obstruction of justice, perjury, and making material false statements. It is expected that the issue at trial will be whether the government can prove that the defendant had the requisite *mens rea* required for conviction or whether the defendant's statements in his grand jury testimony and FBI interviews were the result of inaccurate memory. Neither the fact that Libby has not been charged with any crime relating to the disclosure of classified information, nor the government's reasons for not seeking such charges, has any tendency to make any fact of consequence more or less likely in the trial of

the obstruction of justice, perjury, and material false statement charges. Obviously, the jury will know that defendant Libby is not charged with any other crime in the pending indictment. But neither the fact that no crime relating to the disclosure has been charged, nor the reasons underlying that decision, has any bearing on whether the defendant is guilty of the crimes charged in the indictment.

As for evidence, comment, and argument regarding whether other persons have been charged with crimes as a result of the investigation, those too lack relevance to the issues on trial.[1] The fact that no other person was charged with a crime relating to the disclosure of classified information says absolutely nothing about whether defendant Libby is guilty of the charged crimes. Similarly, the fact that no other person has been charged with obstruction of justice, perjury, or making false statements has no relevance to the issues in the trial.

The court should preclude evidence, comment, and argument concerning the government's charging decisions on the ground that such matters are irrelevant to the issues at the upcoming trial.

## II.     The District Court Should Preclude Evidence, Comment, and Argument Regarding the Government's Charging Decisions Because of the Significant Risk of Unfair Prejudice and Confusion of the Issues.

Evidence, comment, and argument regarding the government's charging decisions is irrelevant and should be excluded on that basis alone. However, there is another basis to

---

[1] Of course, the government acknowledges that information relating to its discussions with prospective witnesses, for example, an agreement to provide immunity, is relevant on the issue of the witnesses' motivation.

6

grant the government's motion in limine: the evidence, comment, and argument at issue will create a substantial risk of unfair prejudice and confusion of the issues. Those are risks that warrant the exclusion of even relevant evidence when the risk substantially outweighs the probative value of the evidence. In this case, the risks are significant and the probative value is nil. The risks of unfair prejudice and confusion of the issues provide a compelling basis for granting the government's motion.

Under the Federal Rules of Evidence, even relevant evidence may be excluded if its probative value is "substantially outweighed by the danger of unfair prejudice [or] confusion of the issues." Fed. R. Evid. 403. "Unfair prejudice" is defined as "an undue tendency to suggest decision on an improper basis." *Advisory Committee Notes, Rule 403*. The jury's duty in any criminal case is to be the finder of fact with respect to whether the prosecution has proven the elements of the charged offenses. Jurors are sworn to follow the instructions of the court and are routinely told that they are obligated to follow the law as told to them by the court. Instruction 2.01, *Criminal Jury Instructions for the District of Columbia* (4th ed. rev. 2005) ("It is your duty to accept the law as I state it to you."); *Federal Jury Practice and Instructions, Fifth Edition,* Vol. 1A § 10.01 ("I instruct you that the law as given to you by the Court in these and other instructions constitutes the only law for your guidance. It is your duty to accept and to follow the law as I give it to you even though you may disagree with the law."). *See also United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997).

It is improper for the jury to consider, or for counsel to suggest, that the decisions by the government not to charge additional crimes or defendants are grounds that could support an acquittal on the crimes charged in the indictment. An acquittal based upon the jury's view of the government's charging decisions would be a form of jury nullification. It follows that since jury nullification arguments are improper, evidence that is otherwise irrelevant to the charges in the pending indictment does not become admissible to support a nullification argument. The D.C. Circuit adheres to the almost universal rule disapproving arguments that ask the jury to decide a criminal case on extraneous matters, that is, to engage in jury nullification. In *United States v. Washington*, 705 F.2d 489 (D.C. Cir. 1983), the court, in holding that a defendant has no right to a jury instruction informing the jury of its power to engage in nullification, stated:

> A jury has no more "*right*" to find a "guilty" defendant "not guilty" than it has to find a "not guilty" defendant "guilty," and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law. Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power.

*Id.* at 494. Indeed, since the Supreme Court's decision in *Sparf and Hansen v. United States*, 156 U.S. 51 (1895), "federal courts have uniformly recognized the right and the duty of the judge to instruct the jury on the law and the jury's obligation to apply the law to the facts, and that nullification instructions should not be allowed." *United States v. Drefke*, 707 F.2d 978, 982 (8th Cir. 1983). *See also, United States v. Carr*, 424 F.3d 213, 220 (2d Cir. 2005)("We categorically reject the idea that, in a society committed to the rule of law, jury nullification

is desirable or that courts may permit it to occur when it is within their authority to prevent."); *United States v. Bruce*, 109 F.3d 323, 327 (7th Cir. 1997)(jury nullification is not to be sanctioned by instructions, but is to be viewed as an aberration under our system); *United States v. Desmarais*, 938 F.2d 347, 350 (1st Cir. 1991)(it is "improper to urge the jury to nullify applicable law."); *United States v. Trujillo*, 714 F.2d 102, 105-06 (11th Cir. 1983)("We therefore join with those courts which hold that defense counsel may not argue jury nullification during closing argument."); *United States v. Childress*, 746 F. Supp 1122, 1140 (D.D.C. 1990)(a defendant has no right to have the court inform the jury of its inherent power to acquit nor may counsel argue jury nullification in closing argument).

A corollary to the rejection by the D.C. Circuit and other courts of jury nullification arguments and instructions that encourage nullification is the strident refusal by courts to admit otherwise irrelevant evidence to support a jury nullification argument or verdict. In *United States v. Gorham*, 523 F.2d 1088 (D.C. Cir. 1975), the D.C. Circuit did exactly that. In *Gorham,* defendants were charged with an attempted prison escape during which hostages were taken. While the hostages were being held, two persons without legal authority promised the defendants immunity for their actions if they gave up and released the hostages. At trial, the defendants lost their argument that the promises were binding, but sought to admit the promises so that the jury might consider them in rendering a verdict. The trial judge found that the promises of immunity "were irrelevant to the issue of appellants' guilt or innocence of the offenses charged, and thus declined to admit them into evidence." *Id.*

9

at 1097-98.  The D.C. Circuit affirmed:  "We approve [the district judges's] determination and agree that introduction of [the promise] would have been unnecessarily confusing and potentially prejudicial."  *See also United States v. Funches*, 135 F.3d 1405, 1409 (11th Cir. 1998)("Because the jury enjoys no right to nullify criminal laws, and the defendant enjoys a right to neither a nullification instruction nor a nullification argument to a jury, the potential for nullification is no basis for admitting otherwise irrelevant evidence . . . . No reversible error is committed when evidence, otherwise inadmissible under Rule 402 of the Federal Rules of Evidence, is excluded, even if the evidence might have encouraged the jury to disregard the law and to acquit the defendant "); *Zal v. Steppe*, 969 F.2d 924-31 (9th Cir. 1992) (Trott, J., concurring)(no right to present evidence that is irrelevant to a legal defense); *United States v. Crosby,* 713 F.2d 1066, 1074 (5th Cir. 1983)(following *Gorham* and affirming exclusion of evidence finding "similar irrelevance and potential for prejudice"); *United States v. Lucero*, 895 F. Supp 1421, 1426 (D. Kan. 1995)("defendants are not entitled to present evidence which is irrelevant for any purpose other than to provoke finder of fact to disregard the law").

Application of these principles to the facts of the pending case leads inexorably to the conclusion that the Court should preclude evidence, comment, and argument concerning the government's charging decisions.  While there are many improper inferences that a jury might draw from consideration of the irrelevant information about charging decisions, several examples illustrate the potential for unfair prejudice and confusion of the issues.

First, the jury might improperly second guess the government's charging decision as to Libby based on its perception of the relative merits of potential charges against other individuals that were not lodged. Whether other persons were investigated for disclosing classified information were not charged either with a crime relating to the disclosure or with obstruction of justice, perjury, or making false statements has no relevance to the charges against Libby, but might cause the jury to improperly render a verdict on its evaluation of the government's charging decisions rather than the facts and the law. The jury must evaluate the case against defendant on its own merits, and may not evaluate the case on a relative basis. If Mr. X was investigated for leaking classified information, the government's decision not to charge Mr. X should have nothing to do with the jury's role as the finder of fact in Libby's case. If Mr. Y submitted to interviews and testified before the grand jury, but was not charged with obstruction of justice, perjury, or making false statements, the government's decision not to charge Mr. Y should have nothing to do with the jury's deliberation. Evidence, comment, and argument focusing the jury on the relative merits of the government's charging decisions in different cases injects unfair prejudice and potential confusion and induces the jury to nullify the law rather than uphold it.

Second, the jury might impute to the government certain beliefs and opinions based on the decision not to charge certain crimes, and improperly draw inferences regarding the government's view of the conduct, such as the conclusion that the government believes that the defendant's disclosure of the classified information at issue was proper. The

11

government's decision not to charge a crime is not a declaration as to the legality or propriety of the defendant's conduct.  Indeed, perjury and obstructive conduct very often frustrates the government's strong interest in discovering whether the underlying crime was in fact illegal, and thus to suggest that a decision not to charge the underlying disclosure of classified information is a clean bill of health in fact contradicts the very purpose of bringing perjury, false statements, and obstruction charges.  In any event, the beliefs of government officers supporting charging decisions are not properly considered by a jury.  Evidence, comment, and argument based on the government's charging decisions that the government held certain beliefs or reached certain conclusions about the conduct of the defendant or anyone else is irrelevant and will cause unfair prejudice and confusion of the issues.

The Court should grant the government's motion in limine and preclude the evidence, comment, and argument that is the subject of the motion.  The government may seek one or more jury instructions to encourage the jury to remain focused on the facts and the applicable law,[2] but the government respectfully suggests that granting the motion and precluding evidence, comment, and argument regarding the government's charging decisions is vital to preventing unfair prejudice and confusion of the issues.

---

[2] For example, the government may seek an instruction telling the jury not to speculate why any other person whose name the jurors may have heard during the trial is not on trial.

## <u>CONCLUSION</u>

For all of the foregoing reasons, the United States respectfully requests that this Court grant the government motion in limine to preclude comment and argument regarding the government's charging decisions.

Respectfully submitted,

_____/s/_____
PATRICK J. FITZGERALD
Special Counsel

JAMES P. FLEISSNER
DEBRA RIGGS BONAMICI
KATHLEEN M. KEDIAN
*Deputy Special Counsels*

Office of the United States Attorney
Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5300

Dated:   October 30, 2006

13