UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 05-394 (RBW) |
| ) | |
| I. LEWIS LIBBY, ) | Oral Argument Requested |
| also known as "Scooter Libby," ) | |
| Defendant. ) | |

### I. LEWIS LIBBY'S MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM OFFERING ANY EVIDENCE OR ARGUMENT THAT HIS DISCLOSURE OF INFORMATION FROM THE OCTOBER 2002 NATIONAL INTELLIGENCE ESTIMATE WAS ILLEGAL OR IMPROPER

I. Lewis Libby, through his counsel, hereby moves *in limine* to preclude the government from offering any evidence or argument that his discussions with Judith Miller or any other reporter about information contained in the October 2002 National Intelligence Estimate (the "NIE") was in any way illegal or improper.

Any such offer is clearly foreclosed by this Court's prior ruling that "the legality of the defendant's disclosure of the NIE will not be at issue in this case," and its consequent decision to deny Mr. Libby discovery related to this issue. Order at 7 (June 2, 2006) (Dkt. 112) ("June 2 Order"). Further, there is no support for the notion that Mr. Libby's actions with respect to the NIE contravened any law or policy. In fact, the opposite is true.

### MEMORANDUM OF LAW

In the summer of 2003, Mr. Libby discussed certain contents of the NIE with some reporters, including Judith Miller, then of the *New York Times*. Mr. Libby was informed by the Vice President that the President had authorized disclosure of information contained in the NIE in order to respond to allegations that he had ignored intelligence information in making a statement in the January 2003 State of the Union address.

The government has never suggested—nor could it—that the President lacks the power to authorize the disclosure of previously classified information as he sees fit. The government also has never stated that Mr. Libby was not aware of that authority at the relevant time. To the contrary, the government has made clear—in representations to this Court—that it would not attempt to prove at trial that "there was anything illegal about [Mr. Libby] giving over material in the NIE that was declassified by direction of a superior." Tr. of Mot. Hearing at 65 (May 5, 2006) (Dkt. 106); *see id.* ("We are not alleging to the jury that Mr. Libby is guilty of disclosing classified information [or] committed a crime that they should vote on by discussing the NIE"); *id.* ("We're not alleging that he committed a crime when he talked to Ms. Miller about the NIE on July 8").

Given the government's prior representations, and absent any support for the notion that Mr. Libby's conduct with respect to the NIE was in any way unlawful or improper, the government cannot be permitted to suggest otherwise at trial.

The Court has already confirmed the irrelevance of this issue. In its June 2 Order, it held that "the legality of the defendant's disclosures of the NIE will not be at issue in this case," and that therefore "documents relating to [the NIE] and its declassification need not be produced." June 2 Order at 7; *see id.* at 7 n.6 (offering to instruct the jury on this point). Mr. Libby had moved for the production of certain documents that would confirm the propriety of his actions with respect to the NIE. *See* Third Motion of I. Lewis Libby to Compel Discovery Under Rule 16 and *Brady* at 14 (March 17, 2006) (Dkt. 68) (requesting all documents related to the declassification of the NIE or reflecting public comments by government officials about the NIE). Having denied Mr. Libby that discovery, the Court should now make clear that the government must stand by its word, and that it will not be permitted to offer evidence or to

- 3 -

suggest that Mr. Libby's conversations with Ms. Miller and others regarding the NIE was in any way unlawful or improper. *See United States v. Lewis*, 511 F.2d 798, 800-803 (D.C. Cir. 1975) (where the prosecution states that it does not intend to use any statements made by the defendant at the time of arrest, it may not be permitted to refer to those statements at trial).

## CONCLUSION

For the foregoing reasons, Mr. Libby respectfully requests that the Court grant the relief requested in the proposed order attached hereto.

Dated: October 30, 2006            Respectfully submitted,

/s/ Theodore V. Wells, Jr.            /s/ William H. Jeffress, Jr.
Theodore V. Wells, Jr.                William H. Jeffress, Jr.
(D.C. Bar No. 468934)                 (D.C. Bar No. 041152)
James L. Brochin                      Alex J. Bourelly
(D.C. Bar No. 455456)                 (D.C. Bar No. 441422)
Paul, Weiss, Rifkind, Wharton         Baker Botts LLP
  & Garrison LLP                      Alexandra M. Walsh
1285 Avenue of the Americas           (D.C. Bar. No. 490484)
New York, NY  10019-6064              1299 Pennsylvania Ave., NW
(212) 373-3089                        Washington, DC  20004
                                      (202) 639-7751

/s/ John D. Cline
John D. Cline
(D.C. Bar No. 403824)
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104
 (415) 626-3939