UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Cr. No 05-394 (RBW) |
| | : | |
| v. | : | |
| | : | |
| **I. LEWIS LIBBY,** | : | |
| a/k/a "Scooter Libby" | : | |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, SPECIAL COUNSEL, respectfully requests that the Court give the standard instructions listed below by name and number to the jury in this case. The Government also respectfully requests that the Court give the instructions which are thereafter set forth in full and which pertain to the offenses charged in the indictment. The Government respectfully seeks leave to make any additional requests for specific jury instructions that may become necessary in the event of any presentation of defense evidence or otherwise.

The following instructions are drawn from the Bar Association of the District of Columbia's <u>Criminal Jury Instructions</u> (4th Ed. Revised 2005) (The Red Book):

<u>General Instructions</u>

    1.02    Notetaking by Jurors

    1.03    Preliminary Instruction Before Trial

    1.05    Cautionary Instruction Prior to First Recess

    1.07    Question Not Evidence

    1.10    Evaluation of Prior Inconsistent Statement of a Witness (if applicable)

    1.16    Cautionary Instruction on Publicity

2.01	Function of Court

2.02	Function of Jury

2.03	Jury's Recollection Controls

2.04	Evidence in Case – Judicial Notice, Stipulations

2.05	Statements of Counsel

2.06	Indictment Not Evidence

2.07	Inadmissible and Stricken Evidence

2.08	Burden of Proof -- Presumption of Innocence

2.09	Reasonable Doubt

2.10	Direct and Circumstantial Evidence

2.11	Credibility of Witnesses (with bracketed portion if applicable)

2.13	Number of Witnesses

2.14	Nature of Charges Not to be Considered

2.26	Law Enforcement Officer's Testimony[1]

2.27	Right of Defendant Not to Testify (if applicable)

2.28	Defendant as Witness (if applicable)

2.42	Character and Reputation of Defendant (if applicable)

2.43	Cross-examination of Character Witnesses (if applicable)

2.48	Statements of the Defendant - Substantive Evidence

2.52	Multiple Counts – One Defendant

---

[1] The Government respectfully requests that the instructions in 2.26 "police officer" be changed to "law enforcement agent" to accommodate the particular facts of this case.

2.70 Redacted Documents

2.71 Election of Foreperson

2.72 Unanimity (first paragraph)

2.73 Exhibits During Deliberations

2.74 Possible Punishment Not Relevant

2.75 Communication Between Court and Jury During Deliberations

2.76 Furnishing the Jury with a Copy of the Instructions

Definitions and Proof

3.02 Proof of State of Mind

3.07 "On or About" – Proof of

Offenses

The Government also respectfully requests the following particular instructions pertaining to the offenses charged in the indictment:

## INSTRUCTIONS RELATED TO SPECIFIC COUNTS

Count One: NATURE OF THE OFFENSE

     Count One of the indictment charges that on or about March 5 and March 24, 2004, in the District of Columbia, Defendant Libby knowingly and corruptly endeavored to influence, obstruct, or impede the due administration of justice in a pending federal judicial proceeding, namely, proceedings before a Grand Jury, by misleading and deceiving the grand jury as to when and how Defendant Libby acquired and subsequently disclosed to the media information concerning the employment of Valerie Wilson by the CIA.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 48.01.

Count One: STATUTORY LANGUAGE

Section 1503 of Title 18 of the United States Code provides, in part, that

"Whoever corruptly, . . . endeavors to influence, obstruct, or impede the due administration of justice . . ." shall be guilty of an offense against the United States.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 48.02.Count One:

ELEMENTS OF THE OFFENSE

In order to sustain its burden of proof for the crime of corruptly endeavoring to influence, obstruct or impede the due administration of justice as charged in Count One of the indictment, the government must prove the following four essential elements beyond a reasonable doubt:

**One**: the judicial proceeding identified in the indictment was pending at the time alleged in the indictment;

**Two**: Defendant Libby knew that this proceeding was pending;

**Three**: Defendant Libby misled or deceived the Grand Jury as to when or how he acquired or subsequently disclosed to the media information concerning the employment of Valerie Wilson by the CIA.

**Four**: In doing so, Defendant Libby corruptly endeavored to influence, obstruct, or impede the due administration of justice in Count One of the indictment.

**Authority**: Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 48.03.

DEFINITIONS

"Corruptly" – Defined

To act "corruptly" as that word is used in these instructions means to act voluntarily and deliberately and for the purpose of improperly influencing, or obstructing, or interfering with the administration of justice.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 48.04.


"Endeavors" – Defined

The term "endeavors" as used in these instructions means to knowingly and deliberately act or to knowingly and deliberately make any effort which has a reasonable tendency to bring about the desired result.

It is not necessary for the government to prove that the "endeavor" was successful or, in fact, achieved the desired result.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 48.05.


"Due Administration of Justice" – Defined

The phrase "due administration of justice" requires that an individual's corrupt acts relate to a pending federal judicial proceeding.   A federal grand jury investigation is a federal judicial proceeding.

**Authority**: United States v. Russo, 104 F.3d 431 (D.C. Cir. 1997); United States v. Paxson, 861 F.2d 730, 738 (D.C. Cir. 1988) (recognizing that lying to grand jury affects the due administration of justice).

Count 2 : NATURE OF THE OFFENSE

Count 2 of the indictment charges that on or about October 14 and November 26, 2003, in the District of Columbia, Defendant Libby knowingly made a false, fictitious, or fraudulent statement or representation concerning a material fact within the jurisdiction of the executive branch of the United States, the Federal Bureau of Investigation, by falsely stating in response to questions posed to him by agents of the Federal Bureau of Investigation that:

> During a conversation with Tim Russert of NBC News on July 10 or 11, 2003, Russert asked Libby if Libby was aware that Wilson's wife worked for the CIA. Libby responded to Russert that he did not know that, and Russert replied that all the reporters knew it. Libby was surprised by this statement because, while speaking with Russert, Libby did not recall that he previously had learned about Wilson's wife's employment from the Vice President.

**Authority**: Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.05.

Count 3: NATURE OF THE OFFENSE

Count 3 of the indictment charges that on or about October 14 and November 26, 2003, in the District of Columbia, Defendant Libby knowingly made a false, fictitious, or fraudulent statement or representation concerning a material fact within the jurisdiction of the executive branch of the United States, the Federal Bureau of Investigation, by falsely stating in response to questions posed to him by agents of the Federal Bureau of Investigation that:

> During a conversation with Matthew Cooper of Time magazine on July 12, 2003, Libby told Cooper that reporters were telling the administration that Wilson's wife worked for the CIA, but Libby did not know if this was true.

**Authority**: Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.05.

<u>Counts 2 & 3</u>: STATUTORY LANGUAGE

Section 1001(a)(2) of Title 18 of the United States Code provides, in part, that:

"Whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States . . . makes any materially false, fictitious or fraudulent statements or representation . . . ." shall be guilty of an offense against the United States.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.06.

<u>Counts 2 & 3</u>:  ELEMENTS OF THE OFFENSE

In order to sustain its burden of proof for the crime of knowingly and willfully making a false statement to the United States government as charged in Count 2 of the indictment, the Government must prove the following four essential elements beyond a reasonable doubt:

**One**: Defendant Libby knowingly made a false, fictitious, or fraudulent statement or representation to the government as detailed in Count 2 of the indictment;

**Two**: In making the false, fictitious, or fraudulent, statement, Defendant Libby acted willfully;

**Three**: The statement was made in a matter within the jurisdiction of the executive branch of the government of the United States; and

**Four**: The statement made by Defendant Libby was material to the investigation being conducted by the Federal Bureau of Investigation.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.07

Counts 2 and 3 each contain multiple alleged false, fictitious or fraudulent statements allegedly made by Defendant Libby. To find the defendant guilty of these counts, the government must prove beyond a reasonable doubt that at least one of the alleged statements contained in each count was false, fictitious or fraudulent.  However, as to each count, you must unanimously agree on which statement was false or fictitious, or you must unanimously agree on which statement was fraudulent.  (Red Book, 2.72, bracketed paragraph (modified)).

DEFINITIONS

"False, Fictitious or Fraudulent Statements or Representations" – Defined

A false or fictitious statement or representation is an assertion which is untrue when made or when used and which is known by the person making it or using it to be untrue.

A fraudulent statement or representation is an assertion which is known to be untrue and which is made or used with the intent to deceive.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.08.

"Material" – Defined

A statement or representation is material if it had the natural tendency to influence, or be capable of affecting or influencing, a governmental function.  The false statement or representation need not have influenced the actions of the Federal Bureau of Investigation, and the agents need not have been actually deceived.

**Authority**:  Federal Jury Practice and Instruction, O'Malley-Grenig-Lee, § 40.07 (commentary); United Staes v. Corsino, 812 F.2d 26, 30 (1st Cir. 1987).

"Knowingly" – Defined

A person acts "knowingly," as that term is used in these instructions, if that person acts consciously and with awareness and comprehension and not because of ignorance, mistake or misunderstanding or other similar reasons.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.13.

"Willfully" – Defined

A person acts "willfully," as that term is used in these instructions, when that person acts deliberately, voluntarily and intentionally.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 40.14.

    The Federal Bureau of Investigation is a part of the Executive Branch of the government of the United States, and statements or representations concerning matters being investigated by the Federal Bureau of Investigation are within the jurisdiction of the Executive Branch.

Count 4: NATURE OF THE OFFENSE

Count 4 of the Indictment charges that on or about March 5, 2004, in the District of Columbia, Defendant Libby knowingly made a false representation under oath before a federal grand jury in that the defendant said (underlined portions alleged as false):

> . . . . <u>And then he said, you know, did you know that this – excuse me, did you know that Ambassador Wilson's wife works at the CIA?  And I was a little taken aback by that.  I remember being taken aback by it.  And I said – he may have said a little more but that was – he said that.  And I said, no, I don't know that.  And I said, no, I don't know that intentionally because I didn't want him to take anything I was saying as in any way confirming what he said, because at that point in time I did not recall that I had ever known, and I thought this is something that he was telling me that I was first learning.  And so I said, no, I don't that because I want to be very not to confirm it for him, so that he didn't take my statement as confirmation for him.</u>
>
> Now, I had said earlier in the conversation, which I omitted to tell you, that this – you know, as always, Tim, our discussion is off-the-record if that's okay with you, and he said, that's fine.  <u>So then he said – I said – he said, sorry – he, Mr. Russert said to me, did you know that Ambassador Wilson's wife, or his wife, works at the CIA?  And I said, no, I don't know that.  And then he said, yeah – yes, all the reporters know it.  And is said again, I don'tknow that.  I just wanted to be clear that I wasn't confirming anything for him on this.  And you know, I was struck by what he was saying in that he thought it was an important fact, but I didn't ask him anymore about it because I didn't want to be digging in on him</u>, and he then moved on and finished the conversation, something like that.

And at the time he made this representation, Defendant Libby knew that it was not true.

**Authority**:  Federal Jury Practice and Instruction, O'Malley-Grenig-Lee, § 50.06.

Count 5: NATURE OF THE OFFENSE

Count 5 of the Indictment charges that on or about the 5th and 24th day of March, 2004, in the District of Columbia, Defendant Libby knowingly made a false representation under oath before a federal grand jury in that the defendant said (underlined portions alleged as false):

    **a.**    **Testimony Given on March 5, 2004 Regarding a Conversation With Matthew Cooper on or About July 12, 2003:**

        Q.    And it's your specific recollection that when you told Cooper about Wilson's wife working at the CIA, you attributed that fact to what reporters –

        A.    <u>Yes</u>.

        Q.    – plural, were saying. Correct?

        A.    <u>I was very clear to say reporters are telling us that because in my mind I sill didn't know it as a fact. I thought I was – all I had was this information that was coming in from the reporters.</u>

        . . . .

        Q.    And at the same time you have a specific recollection of telling him, you don't know whether it's true or not, you're just telling him what reporters are saying?

        A.    <u>Yes, that's correct, sir. And I said, reporters are telling us that, I don't know if it's true. I was careful about that because among other things, I wanted to be clear I didn't know Mr. Wilson. I don't know – I think I said, I don't know if he has a wife, but this is what we're hearing.</u>

    **b.**    **Testimony Given on March 24, 2004 Regarding Conversations With Reporters:**

        Q.    And let me ask you this directly. Did the fact that you knew that the law could turn, the law as to whether a crime was committed, could turn on where you learned the information from, affect your account for the FBI when you told them that you were telling reporters Wilson's wife worked at the CIA but your source was a reporter rather than the Vice-President?

        A.    <u>No, it's a fact. It was a fact, that's what I told the reporters.</u>

> Q. And you're, you're certain as you sit here today that every reporter you told that Wilson' wife worked at the CIA, you sourced it back to other reporters?
>
> A. <u>Yes, sir</u>, because it was important for what I was saying and because it was – that's what – <u>that's how I did it</u>.
>
> . . . .
>
> Q. The next set of questions from the Grand Jury are – concern this fact. If you did not understand the information about Wilson's wife to have been classified and didn't understand it when you heard it from Mr. Russert, why was it that you were so deliberate to make sure that you told other reporters that reporters were saying it and not assert it as something you knew?
>
> A. I want – I didn't want to – I didn't know if it was true and I didn't want people – I didn't want the reporters to think it was true because I said it. I – <u>all I had was that reporters are telling us that, and by that I wanted them to understand it wasn't coming from me and that it might not be true.</u> Reporters write things that aren't true sometimes, or get things that aren't true. <u>So I wanted to be clear they didn't, they didn't think it was me saying it. I didn't know it was true and I wanted them to understand that.</u> Also, it was important to me to let them know that because what I was telling them was that I don't know Mr. Wilson. We didn't ask for his mission. That I didn't see his report. <u>Basically, we didn't know anyting about him until this stuff came out in June. And among the other things, I didn't know he had a wife. That was one of the things I said to Mr. Cooper. I don't know if he's married. And so I wanted to be very clear about all this stuff that I didn't, I didn't know about him. And the only thing I had, I thought at the time, was what reporters are telling us.</u>
>
> . . . .
>
> Well, talking to the other reporters about it, I don't see as a crime. What I said to the other reporters is what, you know – <u>I told a couple reporters what other reporters had told us</u>, and I don't see that as a crime.
>
> . . . .

And at the time he made these representations, Defendant Libby knew that they were not true.

**Authority**: Federal Jury Practice and Instruction, O'Malley-Grenig-Lee, § 50.06.

Counts 4 & 5: STATUTORY LANGUAGE

Section 1623(a) of Title 18 of the United States Code provides, in part, that

"Whoever under oath . . . in any proceeding before . . . any . . . court or grand jury of the United States knowingly makes any false material declaration . . ." shall be guilty of an offense against the United States.

**Authority**:  Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 50.07.

<u>Counts 4 & 5</u>:  ELEMENTS OF THE OFFENSE:

In order to sustain its burden of proof for the crime of making a false declaration before a federal grand jury as charge in Count 5 of the indictment, the government must prove the following five essential elements beyond a reasonable doubt:

**One**: Defendant Libby gave testimony under oath before a federal grand jury;

**Two**: This testimony was false in one or more respects;

**Three**: The false testimony concerned a matter that was material to the grand jury investigation;

**Four**: The false testimony was knowingly given.

**Authority**: <u>United States v. Sampol</u>, 636 F.2d 621, 652-53 (D.C. Cir. 1980).

UNANIMITY INSTRUCTION

Counts 4 and 5 each contain multiple false declarations allegedly made by Defendant Libby. To find the defendant guilty of these counts, the government must prove beyond a reasonable doubt that at least one of the alleged declarations contained in each count was false, fictitious or fraudulent. However, as to each count, you must unanimously agree on which declaration was false.

(Red Book, 2.72, bracketed paragraph (modified)).

DEFINITIONS

Materiality – A statement is material if it had the effect of impeding, interfering with or influencing the grand jury in the matter it was considering, or had the potential or capability of doing so. It is not necessary that the statement actually have that effect, so long as it had the potential or capability of doing so.

**Authority**: Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 50.08 (commentary).

**ADDITIONAL INSTRUCTIONS**

<u>PUBLICITY DURING TRIAL</u>

I have been advised that reports about this trial are appearing in the newspapers, radio, television, or the internet. The person who wrote or is reporting the story may not have listened to all the testimony as you have, may be getting information from people who you will not see here in Court under oath and subject to cross-examination, may emphasize an unimportant point, or may simply be wrong.

Please do not read anything or listen to anything or watch anything with regard to this trial. The case must be decided by you solely and exclusively on the evidence which will be received here in court.

**Authority**: Federal Jury Practice and Instructions, O'Malley-Grenig-Lee, § 11.08

Respectfully submitted,

/s/
PATRICK J. FITZGERALD
Special Counsel
Office of the United States Attorney
Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5300

Dated: November 13, 2006