UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>    )<br>v.     )<br>    )<br>I. LEWIS LIBBY,    )<br>    also known as "Scooter Libby"    ) | CR. NO. 05-394 (RBW) |

**GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO
PRECLUDE EVIDENCE, COMMENT, AND ARGUMENT REGARDING
THE GOVERNMENT'S CHARGING DECISIONS**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, SPECIAL COUNSEL, respectfully submits the following reply in support of its motion in limine to preclude evidence, comment, and argument regarding the government's charging decisions in the investigation that gave rise to the indictment in the above-captioned matter.

**INTRODUCTION**

The government's motion in limine asks this Court to enter an order designed to preclude evidence, comment, and evidence that might tend to lead the jury to focus improperly on matters other than whether the government has proved the charged crimes beyond a reasonable doubt. Specifically, the government's motion seeks to preclude, with limited exceptions discussed in the motion and in this reply, any evidence, comment, and argument about the government's charging decisions that might tend to lead the jury to improperly decide Libby's case on its perception that others engaged in similar conduct and were not charged or that the government's decision not to charge a crime reflects a belief on

1

the part of the prosecutors that the conduct in question was legal and proper.

Although the defendant's response asks this Court to deny the motion, the response actually provides an ample basis for *granting* the motion. The response raises several questions about the scope of the government's motion, each of which is addressed below. In sum, the government's motion in limine should be granted.

## ARGUMENT

The defendant does not take serious issue with the legal premises of the government's motion in limine, but rather characterizes many of the propositions as "unobjectionable truisms" and describes the arguments as "difficult to quarrel with." Resp. at 3. Most of the defendant's response agrees with the government's motion or raises clarifying questions about the motion's scope. The points of agreement provide a sufficient basis to grant the government's motion in limine; and, as discussed below, the government's reply to the defendant's questions regarding the scope of the motion expands the area of agreement.

The defendant agrees that the primary thrust of the government's motion in limine "is not controversial." Resp. at 1. The defendant expressed his agreement "that the jury should not be invited to speculate about theoretical charges against Mr. Libby or other persons, unless the possibility of future charges is relevant to the witness's state of mind." Resp. at 3. The defense further denies any intention to encourage the jury to compare the relative merits of the charges against himself to hypothetical charges against other individuals, or to ask the jury to impute beliefs to the government based on decisions not to bring charges, or

suggest jury nullification because the defendant was not charged with any crime relating to the actual disclosure of classified information, or argue that because other individuals have not been charged that the defendant should be acquitted. Resp. at 3, 5. On these points, it appears the parties can "agree to agree." The government submits that the motion in limine to preclude evidence, comment, and argument as to the government's charging decisions should be granted as to these matters.

Despite these areas of agreement, the defendant insists that the government's motion in limine is designed to "preemptively muzzle the defense" and deny the defendant a fair trial. Resp. at 11. The defense presents several arguments claiming that the government motion in limine is overly broad and "seeks extraordinary relief that, if granted, will deprive Mr. Libby of a fair trial." Resp. at 1. Each of those arguments will be considered in turn.

First, the defense claims that it should be able to tell the jury that the defendant has not been charged with any offense relating to the leak of classified information, not just that he is not charged with such a crime in this indictment. Resp. at 1, 4-6. In light of the defendant's statement that he will advance no argument imputing to the government any beliefs or conclusions from the lack of such a charge, the government agrees that the court's order need not preclude evidence, comment, or argument that the defendant, in fact, was not charged with a crime for leaking classified information. The government reserves the right to propose a jury instruction cautioning the jury from drawing any inferences from that fact, as the defendant suggests.

3

Second, in his response the defendant expresses concern about information concerning charging decisions that might be used to explore a witness's motivations or bias on cross examination. As the defendant states, in its motion, the government explicitly agreed that this category of information was excepted from its motion in limine, noting the example of an agreement to provide immunity to a witness. Resp. at 6. The defendant argues that this category of evidence is not limited to immunity agreements, but also includes other information that might be used to explore the bias of a witness from concern about possible criminal charges. Of course, the government did not intend its example to limit the category excepted from its motion, so any concern that the motion in limine is intended to limit such cross examination evaporates. For the same reason, the defendant's contention that it is premature to rule because the government has not provided Jencks material is without foundation. Although the government agrees that, where appropriate, information regarding charging decisions may be admissible for cross examination and argument regarding the motivations of a witness, the government's motion in limine does extend to the use of such information to make arguments drawing the improper inferences that are the subject of the motion in limine. It is that improper use of the material that prejudices the government unfairly, and the government reserves the right to request an appropriate limiting instruction concerning information pertaining to charging decisions that is admitted solely on the issue of the motivation of a witness.

Third, the defendant states, "Nothing in the motion should fairly be interpreted to exclude evidence or argument that is probative of the defendant's state of mind." Resp. at 4. The defendant notes that the court has found that the defendant's state of mind in the "touchstone for determining relevance in this case." Resp. at 3. Among other claims, the defendant's response asserts that he must be able to offer proof that "he did not know or have any reason to believe that [Plame's] employment status was classified or covert" and "did not fear criminal liability for 'leaking'." Resp. at 4. The government agrees that the defendant may offer evidence to attempt to prove that he did not have a guilty state of mind or motive to commit a crime. Evidence of defendant's state of mind is not within the scope of the government's motion in limine regarding charging decisions. What the defendant ignores is that state of mind is the touchstone of relevance for both the defendant and the prosecution. The government may seek to offer evidence establishing that during the relevant time period the defendant did have reasons to suspect or fear that Plame's identity was classified or covert and reason to fear criminal liability. That evidence, too, goes to the defendant's state of mind and is equally admissible to that offered by the defendant. This conclusion has no bearing on the government's motion in limine, but undermines the defendant's motion in limine attempting to preclude references to Plame's employment status that meet the state of mind touchstone of relevance.

Fourth, the defense argues that the government is inviting the jury to speculate because of its intention to argue that the defendant's conduct frustrated the investigation into

5

whether the disclosures at issue were illegal. The defense labels the government's position "disingenuous" and "ironic." Resp. at 2, 10. Those labels perfectly describe the defendant's argument. The defendant argues that it is disingenuous for the government to argue that the defendant frustrated the investigation because the investigation was limited to discovering who leaked information to Robert Novak and was limited to whether violations of the Foreign Intelligence Identities Protections Act had occurred. Resp. at 2, 10. Of course, the investigation was not so limited and, to borrow a phrase, the defense knows this. In fact, defendant was on notice that the investigation concerned any government officials who leaked the identity of Valerie Plame to any reporters, not just Robert Novak, and that the investigation was not limited to determining whether violations of a single statute had occurred. That establishes the disingenuous nature of defendant's argument. The irony comes from the fact that the defendant, having pledged not to make arguments comparing the investigation of the defendant's conduct to the investigations of other uncharged individuals, erects the flimsy straw man that the entire investigation concerned the conduct of others. The indictment charges that the defendant obstructed justice, committed perjury, and made false statements during a criminal investigation of *defendant's* conduct.

As discussed above, if the court agrees with the parties, the jury will learn that the defendant has not been charged with a crime for revealing Valerie Plame's identity. Of course, the jury also will learn that the defendant's conduct was under scrutiny. In a trial where the defendant is accused of obstructing justice and lying during an investigation but

6

not charged with the crime that gave rise to the investigation, it cannot be any more improper for the government to argue that the defendant frustrated the investigation than it would be for the defense to argue that the defendant did not frustrate the investigation. The point of the government's motion, which the court should grant, is that it is improper for the defendant to argue that the government didn't charge a crime relating to the original disclosures because the government believes no crime occurred.

The court should grant the motion in limine. This important ground rule, which, to a great extent is agreed to by the defendant, should be established pre-trial and enforced by the court.

## CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that this Court grant the government motion in limine to preclude comment and argument regarding the government's charging decisions.

      Respectfully submitted,

      /s/
      PATRICK J. FITZGERALD
      Special Counsel

      JAMES P. FLEISSNER
      DEBRA RIGGS BONAMICI
      KATHLEEN M. KEDIAN
      *Deputy Special Counsels*

      Office of the United States Attorney
      Northern District of Illinois
      219 South Dearborn Street
      Chicago, Illinois 60604
      (312) 353-5300

Dated: November 17, 2006

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 17th day of November, 2006, I caused true and correct copies of the foregoing to be served on the following parties by electronic mail:

> William Jeffress, Esq.
> Baker Botts
> The Warner
> 1299 Pennsylvania Avenue, N.W.
> Washington, DC 20004-2400
> Facsimile: 202-585-1087
>
> Theodore V. Wells, Esq.
> Paul Weiss
> 1285 Avenue of the Americas
> New York, NY 10019-6064
> Facsimile: 212-373-2217
>
> Joseph A. Tate, Esq.
> Dechert LLP
> 4000 Bell Atlantic Tower
> 1717 Arch Street
> Philadelphia, PA 19103-2793
> Facsimile: 215-994-2222
>
> John D. Cline, Esq.
> Jones Day
> 555 California Street
> San Francisco, CA 94104
> Facsimile: 415-875-5700

>> Patrick J. Fitzgerald
>> Special Counsel
>> U.S. Department of Justice
>> 1400 New York Ave., N.W.
>> Washington, D.C.  20530
>> 202-514-1187
>>
>> By: _____/s/_____
>>  Debra Riggs Bonamici
>>  Deputy Special Counsel