# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                        ) | CR. NO. 05-394 (RBW) |
| ) | |
| I. LEWIS LIBBY,                    ) | |
|     also known as "Scooter Libby," ) | |
|     Defendant.                      ) | |

## DEFENDANT'S PROPOSED VOIR DIRE

Defendant I. Lewis Libby respectfully submits the following proposed questions for use by the Court in its voir dire of potential jurors. As we discussed in Court, these proposed questions are not a comprehensive list, and we intend to supplement these questions on or before November 28, per the Court's order. More specifically, we wish to alert the Court that the defense will likely request that the Court employ a questionnaire as part of the jury selection process. We hope to be able to submit a joint proposal with the government. We have proposed this approach to the government, which is considering it, but with both sides immersed in the CIPA substitution process, this issue remains unresolved.

We recognize that the Court has previously stated that it is generally opposed to the use of juror questionnaires, but we believe that a questionnaire may be appropriate in this case for several reasons. First, given the amount of news coverage this case has generated, identifying potential jurors who have been exposed to pre-trial publicity, and understanding the extent of that exposure, will be important to ensuring a fair trial. A questionnaire is an indispensable tool for making such assessments. Second, potential jurors are often more forthcoming and candid when they respond to questions in

writing than when they respond to oral questions, particularly if asked to do so in open court. Because this case involves politically charged issues, such as the war in Iraq, about which potential jurors may have deeply held views, questionnaires can be of particular use in identifying possible bias here. In addition, questionnaires can save time in voir dire. Once potential jurors complete them, the Court and counsel can use them to focus on only those areas requiring follow-up and minimize time spent on routine background questions or other areas where no additional inquiries are necessary. Finally, if we seek to use a questionnaire, we would only do so in conjunction with oral follow-up examination. The combination of the two types of questioning will ensure that the questionnaire does not unfairly screen otherwise capable jurors out of the process.

**JUROR IDENTITY AND BACKGROUND**

1. The defense respectfully requests that the Court inquire into the following background information concerning each prospective juror, and ask such follow-up questions as the Court does in its usual practice:

    (a) name;
    (b) address;
    (c) place of birth;
    (d) native language;
    (e) level of education;
    (f) present occupation;
    (g) length of time in current job;
    (h) employer;
    (i) other employment over the past five years;
    (j) marital status; and
    (k) number and age(s) of children.

2. Have you applied for a job or been employed by any local, state, or federal law enforcement authorities or any private security agencies?

    Law enforcement authorities would include: the Metropolitan Police Department, the Federal Bureau of Investigation, the Drug Enforcement Administration, the Internal Revenue Service, the Capitol Police, the Park

        Police, the Bureau of Prisons, any Parole or Probation Office, the Federal Protective Service, any investigative divisions of a federal agency, any prosecutors' offices, or the Department of Justice.

[For anyone who answers yes, the defense respectfully requests that the Court make follow-up inquiries to determine whether the prospective juror was hired, what position they held or sought, and by which law enforcement authority.]

3. Have any members of your family or any close friends applied for a job or been employed by any local, state, or federal law enforcement authorities or any private security agencies?

    Law enforcement authorities would include: the Metropolitan Police Department, the Federal Bureau of Investigation, the Drug Enforcement Administration, the Internal Revenue Service, the Capitol Police, the Park Police, the Bureau of Prisons, any Parole or Probation Office, the Federal Protective Service, any investigative divisions of a federal agency, any prosecutors' offices, or the Department of Justice.

[For anyone who answers yes, the defense respectfully requests that the Court make follow-up inquiries to determine who applied or was so employed, what position they held or sought, and at which law enforcement authority.]

4. Have you attended law school, taken a paralegal course, participated in a clinical program involving criminal law issues or received any type of legal training?

[For anyone who answers yes, the defense respectfully requests that the Court make follow-up inquiries to determine what type of training the prospective juror received.]

5. Have any members of your immediate family or close friends attended law school, taken a paralegal course, participated in a clinical program involving criminal law issues or received any type of legal training?

[For anyone who answers yes, the defense respectfully requests that the Court make follow-up inquiries to determine what type of training was received and the prospective juror's relationship to the person who received it.]

6. Have you had any education, special training, work experience or any familiarity with any of the following fields?

   a. Journalism, media, or communications
   b. Psychology
   c. Psychiatry
   d. Private investigations

   [For anyone who answers yes, the defense respectfully requests that the Court inquire as to the nature and extent of the experience the prospective juror has had.]

7. Have any members of your immediate family or close friends had any education, special training, work experience, or any familiarity with the fields I just mentioned?

   [For anyone who answers yes, the defense respectfully requests that the Court inquire as to the prospective juror's relationship to the individual and the nature and extent of the experience that friend or family member has had.]

8. Do you know anyone who works in law enforcement, including the FBI, the United States Attorney's Office, any local police forces, or any local prosecutor's office?

   [For anyone who answers yes, the defense respectfully requests that the Court make follow-up inquiries as to the details of that person's employment and relationship with the prospective juror.]

9. Have you had any dealings with any person in the FBI, the CIA, the Department of Justice, any United States Attorney's Office, any police department, or any district attorney's office?

   [For anyone who answers yes, the defense respectfully requests that the Court inquire as to the nature of those dealings and whether they would affect the prospective juror's ability to be impartial in this case.]

10. Have you been employed by, or applied for a job with, any intelligence agency, such as the CIA, the National Security Agency, or the Defense Intelligence Agency?

    [For anyone who answers yes, the defense respectfully requests that the Court inquire as to whether the prospective juror sought employment or worked with the intelligence agency, which agency they were employed by or sought employment with, and the type of position the prospective juror held or applied for.]

11. Have any of your family members or close friends, been employed by, or applied for a job with, any intelligence agency, such as the CIA, the National Security Agency, or the Defense Intelligence Agency?

[For anyone who answers yes, the defense respectfully requests that the Court inquire as to the juror's relationship to the person who applied for the position or was so employed, which agency they worked for or sought employment with, and the type of position that person held or applied for.]

12. Have you, or any family members or close friends, been employed in a position with any law enforcement agency in which you, your relative or your friend needed to work undercover?

[For anyone who answers yes, the defense respectfully requests that the Court inquire about the identity of the person who worked undercover, the agency that employed that person, and the type of position that person held.]

13. Have you, or any family members or close friends, been employed in a position in which you handled or had access to classified information?

[For anyone who answers yes, the defense respectfully requests that the Court inquire as to the identity of the person who was so employed and the level of security clearance that person held.]

14. Have you ever served in the United States military (including the military reserves, National Guard or ROTC)?

[For anyone who answers yes, the defense respectfully requests that the Court inquire as to what branch, the highest rank achieved, the place of service, the dates of service, and the circumstances of discharge.]

15. Have any of your relatives or close friends served in the military?

[For anyone who answers yes, the defense respectfully requests that the Court inquire as to the prospective juror's relationship to the person and the dates and location of service.]

16. Since September 11, 2001, have you, a relative or close friend, been injured while serving in Iraq, Afghanistan, or elsewhere in the Middle East?

   a. If yes: Who was injured? If not the juror: What is your relationship to that person?

17.  Since September 11, 2001, have any of your relatives or close friends been killed while serving or working in Iraq, Afghanistan, or elsewhere in the Middle East?

[For anyone who answers yes, the defense respectfully requests that the Court inquire as to the prospective juror's relationship to the person.]

18.  Do you now, or have you previously, held a leadership position in any organizations, charities, volunteer groups, professional organizations, religious, environmental, or other organized groups?

   If yes: Please explain which group(s), and describe any positions you held.

19.  Have you supported any organizations through donating money or volunteering your time or services?

   If yes: Please explain which organization(s), and your involvement.

20.  What newspapers, magazines, or journals do you like to read on a regular basis?

21.  What types of T.V. programs do you regularly like to watch (*e.g.*, the news, sports, talk shows, legal dramas, movies, comedies, other).

22.  What *one* source do you get *most* of your news from?

23.  Do you ever listen to talk radio shows, watch political commentary on TV, or visit any political blog sites on the internet?

   a. If yes: Which ones?

24.  Please describe your views of the news media.

25.  How do you spend your spare time (*e.g.*, reading, hobbies, travel, etc.)?

26.  Is there any personal, professional, or medical reason that would distract you or otherwise make it difficult for you to sit on this jury?

6

## JUROR'S PREVIOUS EXPERIENCE WITH JURY SERVICE & LITIGATION

27. Have you ever served on a grand jury?

    If yes: Was there anything about that experience that left you disappointed or dissatisfied with our justice system?

28. Have you ever served on a trial jury?

    If yes:

    a. Was it for a criminal or civil matter?

    b. Did the jury reach a verdict?

    c. What was the verdict?

    d. Were you satisfied with the outcome(s) in the case(s)?

    e. Was there anything about your jury experience that left you disappointed or dissatisfied with our justice system?

29. Have you ever served as a jury foreperson?

    a. If yes: How many times?

30. Other than a traffic ticket, have you ever been arrested for, charged with, or convicted of a crime?

    [For anyone who answered yes, the defense respectfully requests that the Court inquire as to the nature of the arrest or charges, whether they resulted in a conviction, and how long ago the incident occurred.]

31. Excluding divorce, have you, or any member of your immediate family, ever been involved in a lawsuit or any legal action in any way?

    [For anyone who answered yes, the defense respectfully requests that the Court inquire as to the identity of the person involved in the suit and whether that person was a plaintiff, defendant, trial witness or deponent.]

32. Have you, or any close relative or friend, ever been the victim of or witness to a crime?

    [For anyone who answered yes, the defense respectfully requests that the Court inquire about the identity of the person who was a victim or witness, the circumstances of

7

the crime, how law enforcement handled it, and whether the person who committed the crime was apprehended or convicted.]

**KNOWLEDGE OF THE PARTICIPANTS**

33. Are you acquainted with or do you know any other persons called for jury duty in this case?

34. Do you, or any relative, know, or have any dealings, directly or indirectly, with Lewis Libby (who is also known as Scooter Libby) or his immediate family?

35. Mr. Libby is represented by Theodore V. Wells, Jr. and James L. Brochin of the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, by William H. Jeffress and Alex J. Bourelly of Baker Botts LLP, and John D. Cline of Jones Day. Do you know, or have you had any dealings, directly or indirectly, with any of these attorneys or their law firms?

36. The Government is represented by Special Counsel Patrick J. Fitzgerald and Deputy Special Counsels Debra Riggs Bonamici, Kathleen M. Kedian, Ronald R. Roos, and Peter Zeidenberg. Do you know, or have you had any dealings, directly or indirectly, with any of the attorneys for the Government or with any relatives or friends of the attorneys for the Government?

37. Do you know, or have you had any dealings, directly or indirectly, with any of the following individuals, who may be witnesses in this case or may be referred to in this trial:

    [A witness list will be provided closer to trial].

[If the answer is "yes" with respect to any of the above individuals, the defense respectfully requests that the Court inquire further about the nature of the prospective juror's knowledge or affiliation.]

38. Would your impression or opinion of any of the people or entities just listed affect your ability to act as a fair and impartial juror in this case?

39. Based on either your personal experience or what you have read or heard about him in the news, please describe any feelings you have about Vice President Cheney.

    a. Vice President Cheney is expected to be a witness in this trial. Would your opinion of him cause you to credit his testimony more or less than the testimony of any other witnesses?

40. Other senior Bush Administration officials will also be witnesses at trial in this case. Would your opinion of the Bush Administration's policies cause you to credit those witnesses' testimony more or less than the testimony of any other witness?

**PRE-TRIAL EXPOSURE TO THE FACTS OF THIS CASE**

41. In July of 2003, journalist Robert Novak published a newspaper column discussing former ambassador Joseph Wilson's trip to Niger and his subsequent criticism of the Bush Administration. In that column, Mr. Novak wrote that Mr. Wilson's wife (Valerie Plame) worked at the CIA. After the column was published, an investigation began into the possible disclosure of classified information. A grand jury investigating the possible disclosure indicted Mr. Libby for perjury and obstruction of justice. Mr. Libby has pled not guilty and denies the charges. Have you read, seen or heard anything about the investigation?

    If yes, the defendant respectfully requests that the Court further question the juror outside the presence of the other jurors in the following manner:

    a. From which sources?

    b. What do you remember learning about the case?

    c. How closely have you followed the case?

    d. Have you formed an opinion of Mr. Libby?

    e. Would you be able to put aside what you have learned about the case and come to a decision based only on the evidence that is presented at trial?

    f. Is there anything you have learned about the case that would prevent you from being a fair and impartial juror?

**OTHER QUESTIONS**

42. What are the qualities you have that would make you a good juror in this case?

43. I will instruct you that the defendant in this case is presumed innocent. When you hear that, what does it mean to you?

44. Would you, as a juror, give law enforcement officers testifying as witnesses in this case more or less credibility than other witnesses in the case?

45. Would you, as a juror, give reporters testifying as witnesses in this case more or less credibility than other witnesses in the case?

46. Would you, as a juror, give government officials testifying as witnesses in this case more or less credibility than other witnesses in the case?

47. Are you the kind of person who makes a decision quickly, or are you the kind of person who takes time to make a decision?

    For those who say that they make a decision quickly:

    a. This trial will last approximately four weeks. Can you keep an open mind and hear all the evidence?

    b. If yes: What makes you think you can do that?

48. When you feel you are correct, will you still listen to the arguments of others who do not agree with you?

    a. If yes: Are you sometimes persuaded to change your position?

49. Do you generally pay attention to criminal cases that are covered in the media?

    a. If yes: What cases have you followed?

50. Have you been following any of the recent political scandals involving Jack Abramoff, William Jefferson, Tom DeLay, Cynthia McKinney, or Mark Foley?

    a. If yes: What have you found interesting about them?

51. If you sit as a juror in this case, I will instruct you to avoid exposure to any media coverage or discussion about the case outside of the courtroom. Would you find it difficult to obey such an instruction?

52. After I read each of the following statements, please indicate whether you agree with the statement:

    a. Memory is like a videotape, in that people can "play back" events when asked to recall them. Do you agree?

    b. I have had the experience of remembering that I was told information by person A, but I later realized that person B actually gave me the

        information. Do you agree?

    c. I can remember everyone I spoke to in the past week, and what we discussed. Do you agree?

    d. I would have a difficult time believing a witness who has been charged with perjury. Do you agree?

53. Have you ever disagreed with a family member or a colleague about what happened at a meeting or who said what in a conversation?

    a. If yes: Did you think that the other person was lying or that he or she was simply mistaken?

54. Do you believe that someone who has a lot of confidence in how he or she remembers something is necessarily correct?

55. Have you ever passed on information to someone saying "did you hear X?" only to have the person reply, "yes, *I* was the one who told *you* X."?

56. Do you think it is possible that someone could believe very strongly that he or she has certain memories, even though those memories turn out to be inaccurate?

57. What is your political party preference? Democrat, Republican, Independent or other?

58. Do you have particularly strong feelings about the war in Iraq?

    a. If yes: Please explain those feelings.

    b. If the prospective juror's views are negative: Mr. Libby participated in making decisions related to the U.S. government's decision to go to war in Iraq. Would this fact interfere with your ability to be a fair and impartial juror in this case?

59. During this trial, you will hear testimony about some of the evidence the Bush Administration considered when deciding to go to war in Iraq. Based on what you know at this time, do you believe that the Administration misled the American people to justify going to war?

60. Is there any juror who feels, based upon all that he or she has seen and heard in this voir dire, that he or she cannot be fair and impartial in this case?

61.   Is there *anything*, no matter how small, that you would like to bring to the Court's attention that might affect your ability to be a fair and impartial juror in this case and treat both sides equally?

Dated: November 17, 2006                          Respectfully submitted,

/s/ James L. Brochin                              /s/ William H. Jeffress, Jr.
Theodore V. Wells, Jr.                            William H. Jeffress, Jr.
(DC Bar No. 468934)                               (DC Bar No. 041152)
James L. Brochin                                  Alex J. Bourelly
(DC Bar No. 455456)                               (DC Bar No. 441422)
Paul, Weiss, Rifkind, Wharton                     Baker Botts LLP
 & Garrison LLP                                   1299 Pennsylvania Avenue, NW
1285 Avenue of the Americas                       Washington, DC 20004
New York, NY 10019-6064                           Tel: (202) 639-7751
Tel: (212) 373-3089                               Fax: (202) 585-1087
Fax: (212) 373-2217

/s/ John D. Cline
John D. Cline
(D.C. Bar No. 403824)
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104
Tel: (415) 626-3939
Fax: (415) 875-5700