UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.                            )     CR. NO. 05-394 (RBW)<br>)<br>)<br>I. LEWIS LIBBY,                 )<br>     also known as "Scooter Libby."  )<br>) | |

**MOTION OF I. LEWIS LIBBY FOR RECIPROCAL DISCLOSURE UNDER CIPA § 6(f) AND THE FIFTH AMENDMENT DUE PROCESS CLAUSE**

Defendant I. Lewis Libby, through undersigned counsel, moves the Court under CIPA § 6(f) and the Fifth Amendment Due Process Clause for an Order (1) requiring the government to provide to the defense all information it expects to use to rebut the classified information that the Court has determined to be relevant and admissible under CIPA § 6(a), and (2) placing the government under a continuing duty to provide such information.

**BACKGROUND**

On August 15, 2006, the defense submitted its Consolidated CIPA § 5 Notice listing the classified information that Mr. Libby reasonably expects to disclose at trial. With the notice the defense filed a memorandum outlining the use, relevance, and admissibility of the listed evidence. The memorandum provided a detailed preview of Mr. Libby's memory defense, as well as other aspects of the defense.

The government requested a hearing under CIPA § 6(a). The hearing began on September 26, 2006 and covered a number of days, concluding on November 2. At the hearing, Mr. Libby explained in detail the relevance of the classified information contained in his notice.

Because much of the classified information will be presented through Mr. Libby's own anticipated trial testimony, the § 6(a) hearing afforded the government not only a detailed explanation of Mr. Libby's memory defense, but a preview of what he will say on the witness stand in support of that defense.

By oral rulings that were memorialized in a Memorandum Opinion and Order dated November 15, 2006, the Court held relevant and admissible much of the classified information on Mr. Libby's Consolidated CIPA § 5 Notice (as modified during the § 6(a) hearing). The government then proposed substitutions under CIPA § 6(c). At the hearing on the adequacy of the substitutions (which is not yet complete), the Court and the parties have again discussed the details of Mr. Libby's memory defense, in a number of instances specifying the precise words that he will be permitted to use (and forbidden to use) when he testifies.

At the conclusion of the CIPA § 6(a) hearing on November 2, 2006, the defense requested reciprocal disclosure from the government under CIPA § 6(f).[1] The government has not responded to the defense request.

## ARGUMENT

CIPA § 6(f) provides in relevant part:

> Whenever the court determines pursuant to subsection (a) that classified information may be disclosed in connection with a trial or pretrial proceeding, the court shall, unless the interests of fairness do not so require, order the United States to provide the defendant with the information it expects to use to rebut the classified information. The court may place the United States under a continuing duty to disclose such rebuttal information.

CIPA § 6(f). As the language of this provision makes clear, the government's reciprocal disclosure obligation is triggered by the district court's finding of relevance and admissibility under CIPA § 6(a). See, e.g., United States v. Lopez-Lima, 738 F. Supp. 1404, 1415 (S.D. Fla.

---

[1] See Letter from John D. Cline to Patrick J. Fitzgerald, Nov. 2, 2006 (attached as Exhibit A).

1990) (ordering reciprocal disclosure under § 6(f) following § 6(a) rulings). That obligation is not affected by the district court's substitution decisions under CIPA § 6(c) or by any further CIPA proceedings. In light of this Court's November 15 opinion and order concerning § 6(a), the government must now provide reciprocal disclosure under § 6(f). As the D.C. Circuit has recognized, § 6(f) requires the government to disclose rebuttal information that it will present during its case in chief, as well as in its rebuttal case. See United States v. North, 910 F.2d 843, 902 n.40, modified on other grounds, 920 F.2d 940 (D.C. Cir. 1990).

Reciprocal disclosure is not just a statutory requirement under CIPA § 6(f)--it is a matter of due process. In Wardius v. Oregon, 412 U.S. 470 (1973), the Supreme Court held that "[i]t is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State." Id. at 476. Because CIPA §§ 5 and 6 require the defense to make substantial pretrial disclosures to the prosecution in cases involving classified information, defendants have argued repeatedly that the statute violates the principle of reciprocity embodied in the Due Process Clause, as interpreted in Wardius. Courts have rejected these reciprocity challenges in significant part because CIPA § 6(f) ensures that the government's disclosure obligation is comparable to the defendant's.[2] Absent reciprocity here under § 6(f), the massive pretrial disclosure that CIPA has compelled Mr. Libby to make would violate his Fifth Amendment right to due process.

The government will likely contend that it does not yet know what evidence it will use at trial to rebut Mr. Libby's memory defense. But CIPA has compelled Mr. Libby to make a detailed presentation concerning the core of his defense and to do so before he has seen key

---

[2] See, e.g., United States v. Collins, 720 F.2d 1195, 1200 (11th Cir. 1983); United States v. Lee, 90 F. Supp. 2d 1324, 1329 (D.N.M. 2000); United States v. Ivy, 1993 U.S. Dist. LEXIS 13572, at *13-*17 (E.D. Pa. Aug. 13, 1993).

parts of the government's proof, including the Jencks material. It is only fair that the government--which has been investigating the case for years--be similarly required to identify the evidence it will use to rebut the memory defense. Moreover, § 6(f) authorizes the Court to "place the United States under a continuing duty to disclose such rebuttal information." The "continuing duty" provision ensures that, as the government discovers rebuttal evidence of which it was previously unaware, it will make prompt disclosure to the defense.

## CONCLUSION

For the foregoing reasons, the Court should enter an Order (1) requiring the government to provide to the defense all information it expects to use to rebut the classified information that the Court has determined to be relevant and admissible under CIPA § 6(a), and (2) placing the government under a continuing duty to provide such information.

Dated: November 21, 2006                    Respectfully submitted,


/s/ Theodore V. Wells, Jr._____            /s/ William H. Jeffress, Jr._____
Theodore V. Wells, Jr.                      William H. Jeffress, Jr.
(D.C. Bar No. 468934)                       (D.C. Bar No. 041152)
James L. Brochin                            Alex J. Bourelly
(D.C. Bar No. 455456)                       (D.C. Bar No. 441422)
Paul, Weiss, Rifkind, Wharton               Baker Botts LLP
  & Garrison LLP                            1299 Pennsylvania Avenue, NW
1285 Avenue of the Americas                 Washington, DC  20004
New York, NY  10019-6064                    (202) 639-7751
(212) 373-3089

/s/ John D. Cline_____
John D. Cline
(D.C. Bar No. 403824)
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104
(415) 626-3939

4