UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>                )<br>   v.           )<br>                 )<br>I. LEWIS LIBBY,       )<br>  also known as "Scooter Libby" ) | CR. NO 05-394 (RBW) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR RECIPROCAL
DISCLOSURE UNDER CIPA § 6(f)**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, Special Counsel, respectfully submits this Response to the Defendant's Motion for Reciprocal Disclosure under Section 6(f) of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III.

As discussed below, the plain language of Section 6(f) only requires the government to provide discovery of information that the government "expects to use to rebut *the classified information*" that the defendant will offer at trial, CIPA § 6(f) (emphasis added), and does not, as the defendant attempts to more broadly recast it, require the government "to identify the evidence it will use to rebut *the memory defense*," Def. Mot. at 4 (emphasis added). When interpreted in the sole way that its text permits, the government currently has no information to provide under Section 6(f) because the government does not expect to dispute the veracity or accuracy of "the classified information" that the defendant plans to offer at trial in support of his memory defense.

**BACKGROUND**

The defendant has obtained from the government in this case extensive discovery of classified information. This information includes a full and complete set of the defendant's own notes from time periods deemed relevant by the Court; detailed summaries of Presidential Daily Briefs and Terrorist Threat Matrices received and/or reviewed by the defendant during periods of

time deemed relevant by this Court; pertinent classified documents from the White House, the CIA, the State Department and the Department of Defense; and copies of documents in the possession of the Special Counsel obtained by subpoena or otherwise from the Office of the Vice President. Most of the extensive classified discovery, and certainly the most sensitive information among the classified discovery, only relates to the defendant's "memory" defense.

On August 15, 2006, the defendant submitted his consolidated CIPA § 5 Notice to the Court setting forth the classified information he reasonably expected to disclose at trial. The Notice, as amended, now consists of nine topic areas of classified information described by three ways: a narrative, which counsel proffered would be used by the defense to introduce each topic, a listing of classified documents (exhibits) containing specific classified information which counsel represented would be used to flesh out the relevant topic area; and proffered testimony concerning the narratives and exhibits. Every exhibit identified by the defendant in his Notice was obtained from the government in discovery, and each narrative, as well as the proffered testimony, draws from the defendant's review of this discovered information, with limited exceptions.

During the course of the Section 6(a) relevancy hearings, the defendant withdrew from the Court's consideration over 300 of the classified exhibits he had identified in his Section 5 Notice, with the representation that the defense would not seek to elicit detailed testimony about these documents but instead would present them to the jury in summary form as dots on a chart. With some redactions, most of the remaining exhibits and all of the narratives and proffered testimony were held to be relevant to the defendant's memory defense and ruled admissible. The defense has not yet provided a final copy of its chart for the Court to rule on.

The CIPA Section 6(c) proceedings are still ongoing, with a number of issues still unresolved. The Court has indicated that it will not impose a standard whereby the government is required to produce a substitution or statement for every individual item of classified information that the Court has ruled relevant and admissible. Instead, the Court has stated that it will look at the totality of the information made available by the government in assessing whether the proposed substitutions provide the defendant with substantially the same ability to make his defense as would disclosure of the underlying classified information. In keeping with these tentative holdings, the government will be requesting the Court at the upcoming CIPA Section 6© hearing to preclude the defendant from testifying about certain limited, discrete facts which the court previously ruled were relevant and admissible.

Throughout the CIPA proceedings the government has maintained that it will not challenge the defendant's contention that he was busy on important national security issues during the periods of time deemed relevant by the defense. Significantly, the government has further represented that it does not intend to challenge the accuracy and veracity of the specific items of sensitive intelligence that the Court may permit the defendant to disclose in connection with his preoccupation defense. Indeed, given that most, if not all, of the classified information will be offered by the defense for the effect it may have had on the defendant's state of mind, rather than for the truth of the matters asserted, the accuracy of the information is not at issue.[1] Nor does the government expect to drag

---

[1] Defendant has consistently represented that the memory-related documents are relevant to establish the defendant's state of mind and not to prove the truth of the matters asserted. *See e.g.* Def.'s Doc. No. 146 ("The statements by others reflected in Mr. Libby's notes will not be offered for the truth of the matters asserted and thus constitute nonhearsay under Rule 801(c). . . . [I]f a Libby note reflects a CIA official describing intelligence about a terrorist threat against the United States, it is irrelevant whether the official's statement is true or false, accurate or inaccurate. The relevance of the statement lies solely in the fact that it was made and the resulting effect it had on

out either the pre-trial proceedings or the trial itself by conducting trials-within-trials over the accuracy of the classified information.

It is against this backdrop that the defendant now seeks an order from the Court under CIPA 6(f) for disclosure of all evidence that rebuts the "memory defense." Def. Mot. at 4.

## ARGUMENT

**I.    CIPA Section 6(f) Requires Disclosure Only of Information Used to Rebut The Classified Information.**

Section 6(f) of CIPA provides in relevant part:

> Whenever the court determines pursuant to subsection (a) that classified information may be disclosed in connection with a trial or pretrial proceeding, the court shall, unless the interests of fairness do not so require, order the United States to provide the defendant with the information it expects to use to rebut *the classified information*.

18 U.S.C. App. III, § 6(f) (emphasis added). By its express terms, Section 6(f) authorizes the court to order disclosure only of information that the government expects will rebut "the classified information" that the defendant will offer at trial. In other words, Section 6(f) makes no mention of a requirement that the government disclose information that would rebut defenses generally rather than classified information specifically.

Without any supporting legal authority for expanding the terms of Section 6(f), the defendant's motion for reciprocal disclosure demands that the government "identify the evidence it will use to rebut *the memory defense*," Def. Mot. at 4 (emphasis added), not just information that would rebut "the classified information," CIPA § 6(f). By making this demand, the defendant attempts to recast Section 6(f) as an omnibus reciprocal disclosure provision, which it is not. The

---

Mr. Libby's state of mind.")

court's authority under Section 6(f) begins and ends with information that will rebut "the classified information." That the statute does not permit the court to enter an order requiring the government to disclose all information rebutting a 'defense' should not be at all surprising; CIPA's purpose was to provide a framework by which the court deals with *classified information*, and was not intended to radically expand the defendant's access to the government's trial strategy. The D.C. Circuit recognized these principles in *United States v. North*, 910 F.3d 843, 902 n.41 (D.C. Cir. 1990), *modified on other grounds*, 920 F.2d 940 (D.C. Cir. 1990), specifically endorsing that the exchange of information will not be precise and that Section 6(f) has no constitutional defect:

> CIPA was specifically designed to minimize the need to "forego [ ] prosecution of conduct [the government] believed to violate criminal laws in order to avoid compromising national security information." Discovery proceedings under CIPA, therefore, entail the kind of strong state interest that may justify an exchange of information between the prosecution and the defense that is not entirely reciprocal. *Wardius*, 412 U.S. at 475. In these circumstances, the Dissent's repeated invocations of *Wardius* . . . – in which the Court considered a state rule precluding reciprocal discovery by the defense without any countervailing state interest – are misplaced. Here, unlike the situation in *Wardius*, the "State's inherent information-gathering advantages," *id.* at 475 n.9, are matched by the defendant's opportunities for engaging in "greymail" to derail legitimate prosecutions.

*Id.* at 902 n.41 (citation omitted).

Accordingly, by its terms, Section 6(f) is limited to evidence that the government intends to use to rebut specific classified information found to be disclosable at trial under Section 6(a). As applied here, the government has repeatedly stated that it does not intend to challenge the accuracy or veracity of the classified information that this Court has ruled relevant and admissible. For example, if the defendant testifies that it was reported to him that a particular foreign nation was attempting to become a nuclear power, the government does not expect to present information that challenges the accuracy of that report. So too with any other classified information that the

5

defendant presents for the impact on his state of mind.[2]  Thus, the government currently has no information to provide pursuant to Section 6(f).[3]  If for some reason the government later develops an expectation that it will rebut the accuracy or veracity of classified information offered by the defendant, the government will disclose that information pursuant to Section 6(f)'s continuing duty to disclose, or if appropriate, seek a ruling from the Court permitting it not to disclose.

II.     The "Interests of Fairness" Do Not Require Any Reciprocal Disclosure.

Separate and apart from the absence of any dispute over the classified information, and even if Section 6(f) somehow could be interpreted to require disclosure of information rebutting the memory defense generally, Section 6(f) does not require disclosure of information where the "interests of fairness" do not require it.  18 U.S.C. App. III, § 6(f).  The legislative history of Section 6(f) shows that Congress did not intend to require yet additional government disclosure of information where it was the government that, in the first instance, already provided the classified information that the defendant is using against the prosecution.

---

[2] The defendant's use of classified information in this case starkly differs from the use made by the defendant in *North*.  In *North*, the defendant was *not* using classified information to present a memory defense; rather, the classified documents, which were either written by or sent to North, were "directly relevant to the case." 901 F.2d at 399-400.  Thus, the government's rebuttal evidence in that case did in fact rebut the accuracy of the classified information, whereas in the instant case, the classified information's accuracy is simply not at issue.

[3] To be clear, the government does reserve the right to challenge any overstatements that the defendant makes concerning the *impact* of the classified information on the defendant's preoccupation or memory.  For example, if the defendant testifies that certain information caused him great concern because it was the first time he had heard that information, the government reserves the right to show that it was not the first time defendant had heard that particular information; such a showing is not, under Section 6(f), a rebuttal to the classified information.  The defense has represented that it will not overstate the extent to which any classified information was new.  The government obviously cannot determine in advance of defendant's testimony the extent to which it will need to provide evidence to challenge any overstatements.

The phrase, "unless the interests of fairness do not require," was added to CIPA's reciprocity provision as a result of concerns expressed by then-Assistant Attorney General Phillip Heymann about a similar disclosure provision in an earlier version of the bill. That earlier version required the government, without exception, to provide the defendant with evidence rebutting "particular classified information" ruled admissible by the court. *See* Section 107 of H.R. 4736, *Classified Information Criminal Trial Procedures Act,* (96th Cong., 1st Sess. 1979). In objecting to this requirement, Mr. Heymann made the following observation:

> If you move to basic fairness in questions of reciprocity, remember that in most cases the defendant is going to be tendering a document we gave him in discovery as something he wants to use at trial. The notion of reciprocity [as articulated in the bill] is that the defendant is revealing his secrets, his case, and [so] the Government ought to [be required] to [reveal] its secrets, its case. [However], in most of the situations we [will be] dealing with here, the defendant is going to have obtained from the Government during discovery, documents which are secret. There will then be this proceeding where the defendant will then say I want to use this document that the Government gave me at trial. If the judge rules that it can be used at trial, your bill, Mr. Chairman (Congressman Murphy), and Senator Biden's bill then requires us to come in and reveal more information, anything that goes to show that we are going to rebut it, in fairness to the defendant. But remember, the document that the defendant revealed came from us. It is our document that we gave to the defendant to help his case. It is our information that was given to the defendant in fairness to him as required by law that he has now said he would like to use. It hardly seems that equity requires us then to provide an additional amount of information to show how we are going to rebut the effect of our own document.

*Hearing on Graymail Legislation before the Permanent Select Committee on Intelligence*, p. 24 (August 7, 1979).

Mr. Heymann went on to explain how the Federal Rules of Criminal Procedure already required the government to turn over to the defense in discovery all documents the government intended to use at trial as well as documents helpful and material to the defendant's case. He concluded by noting that "[o]ur case is largely exposed by discovery, by the indictment, and by

7

normal bills of particulars," and he questioned the wisdom and fairness of an additional discovery obligation. *Id.* at 24-27.

Based in large measure on the concerns expressed by Mr. Heymann, H.R. 4736 was amended to add a new subsection to the previous bill's reciprocity provision. That subsection, Section 107(d), provided:

> The provisions of this section shall not apply to classified information provided by the United States to the defendant pursuant to a discovery request, unless the court determines that the interests of fairness so require.

H.R. 4736, Section 107(d) (96th Cong., 2nd Sess. 1980). Section 107 ultimately was replaced by current CIPA Section 6(f) and the provisions of subsection 107(d) were condensed into Section 6(f)'s current phrase, "unless the interests of fairness do not so require." In commenting on this language, the House and Senate conferees observed:

> The conferees agree that the reciprocal provision of information by the government to the defendant may not be "in the interests of fairness" in cases where the defendant has received the classified information in question from the government by discovery.

House Conference Report No. 96-1436, at 12-13 (1980). Accordingly, under CIPA 6(f) disclosure of information is hardly a matter of right and should not be ordered as a matter of course in cases where, as here, the defendant has obtained almost all of the classified information in question from the government in discovery.

Moreover, the interests of fairness do not weigh in favor of yet more pre-trial disclosures where the purported tactical disadvantages of which the defendant complains, Def. Mot. at 3 ("CIPA has compelled Mr. Libby to make a detailed presentation concerning the core of his defense"), is illusory. It is not as if the government learned for the first time during the CIPA proceedings that the defendant would assert a memory defense. From the start of the defendant's discovery requests,

8

discovery motions, and proposed expert testimony, it was no mystery that the defendant was going to assert that he was busy, that he worked on national security matters, and that any misstatements were due to faulty memory. Indeed, there was significant litigation over the extent that the Presidential Daily Briefs and the Terrorist Threat Matrices would be discoverable. CIPA simply required the defendant to notify the government and the Court as to what classified information he was going to rely on – almost all of which turned out to be information that the government itself provided in discovery. Furthermore, the playing field is also leveled because the government's theory of the case, including the general parameters of its rebuttal case, has been aired repeatedly and in some detail during the course of the CIPA proceedings.

## CONCLUSION

For the foregoing reasons, the government does not object to entry of an order that requires the disclosure of information that it expects to "rebut the classified information" that the defendant will offer at trial, as CIPA Section 6(f) requires. Currently, however, no such information is expected to be used because the government does not expect to dispute the accuracy or veracity of the classified information.

Respectfully submitted,

_____/s/_____
PATRICK J. FITZGERALD
Special Counsel

Office of the United States Attorney
Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5300

Dated: November 28, 2006

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 28th day of November, 2006, I caused true and correct copies of the foregoing to be served on the following parties by first class mail and electronically:

William Jeffress, Esq.
Baker Botts
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Facsimile: 202-585-1087

Theodore V. Wells, Esq.
Paul Weiss
1285 Avenue of the Americas
New York, NY 10019-6064
Facsimile: 212-373-2217

Joseph A. Tate, Esq.
Dechert LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793
Facsimile: 215-994-2222

John D. Cline, Esq.
Jones Day
555 California Street
San Francisco, CA 94104
Facsimile: 415-875-5700

Patrick J. Fitzgerald
Special Counsel
U.S. Department of Justice
10th & Constitution Ave., NW
Washington, D.C.  20530
202-514-1187

By:     /s/ Peter R. Zeidenberg
          Deputy Special Counsel