UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>I. LEWIS LIBBY, )<br>   also known as "Scooter Libby," )<br>   Defendant. ) | CR. NO. 05-394 (RBW) |

**STATUS REPORT**

This Status Report is submitted in response to inquiries posed by the Court on December 11, 2006 regarding matters remaining to be resolved in advance of trial.

**I.     Government's Proposed Substitutions Under CIPA**

During the recent proceedings under the Classified Information Procedures Act ("CIPA"), the government designated certain classified material that it expects to disclose at trial. The government has not, however, provided its proposed substitutions for that material to the Court or to Mr. Libby. The Court has inquired what process the government will follow in submitting its proposed substitutions and whether the Court will be required to rule on their adequacy. In this regard, the defense notes that it may well object to the substitutions offered by the government, either under CIPA or under the general rules of evidence, including for example Fed. R. Evid. 106. In the event the defense does raise such objections, the Court will be required to rule on the adequacy of the government's substitutions.

**II.    Trial Subpoenas**

Mr. Libby has issued or will issue trial subpoenas to several news reporters whom he may call as defense witnesses. Based on communications with counsel for those individuals, the defense is currently aware of two reporters who may resist testifying.

In one case, we have agreed with counsel for the reporter that any objections that may be made in the event the reporter is actually called to testify can be addressed at the time of trial without causing any delay in the proceedings. Communications with counsel for the other reporter who has indicated he may resist testifying are ongoing. It is the defense's understanding, however, that the reporter will likely file a motion to quash upon issuance of any subpoena for testimony. If that occurs, the defense believes it can negotiate an expedited briefing schedule under which this Court can resolve the motion in advance of trial.

### III.    The "Dot Chart" And Other Demonstratives

Mr. Libby intends to provide the government with his evidentiary charts and summaries in advance of trial as they are completed. The defense expects that the government will do the same. The Court has specifically inquired when the defense will disclose its "dot chart" exhibit, which was discussed extensively during the CIPA proceedings. Because that exhibit will not itself reveal the substance of any classified information, Mr. Libby does not anticipate that it will trigger the need for any proceedings under CIPA. He therefore submits that the dot chart be provided on the same timetable as the other defense materials.

### IV.    Rule 17(c) Subpoenas

On May 26, 2006, the Court issued an Order and Memorandum Opinion addressing motions to quash Rule 17(c) subpoenas issued by Mr. Libby to certain reporters and news organizations. *See* Order and Memorandum Opinion (May 26, 2006) (1:06-mc-00169-RBW Dkt. 9 & 10). The Court held that certain responsive documents possessed by *The New York Times*, NBC News, and Andrea Mitchell are or may be relevant to the questions at issue in this case. Order at 2. These include draft news articles written by Judith Miller, Mem. Op. at 15, 19, and certain documents pertaining to Andrea Mitchell, *id.* at 23 & n.16. The Court did not,

however, rule on whether the documents must be produced to Mr. Libby. Instead, it deferred that ruling so it could consider the admissibility of the documents at trial. Order at 2. Mr. Libby understands that it is his burden to seek a final ruling on these documents at the appropriate time. *Id.* Mr. Libby further understands that the documents in question are in the possession of the Court, and believes that that obviates any need for the defense to subpoena these documents again for use at trial. *See* Mem. Op. at 15, 19, 23 n.16.

In its May 26 Order, the Court did grant Judith Miller's motion to quash the Rule 17(c) subpoena issued to her to obtain, *inter alia*, the complete, unredacted original notebooks from which certain pages were produced to the grand jury or the Office of Special Counsel, and all appointment calendars, telephone logs, and records of telephone calls placed or received by Ms. Miller during the period of June 7 to July 14, 2003. Order at 1; Mem. Op. at 9. The Court found that those documents would not assist Mr. Libby in his defense and that his requests for the latter category of documents did not satisfy the specificity requirement under *United States v. Nixon*, 418 U.S. 683, 700 (1974). *See* Mem. Op. at 11-13. Mr. Libby will issue a new subpoena for these documents so that they will be available in the event that they are shown to be relevant during trial.

Finally, the defense has recently issued a subpoena to Robert Woodward of the *Washington Post*, which includes a request for an excerpt of the tape recording of an interview Mr. Woodward conducted of Richard Armitage. That excerpt has already been produced to the government. The defense does not anticipate any objection to the subpoena from Mr. Woodward, assuming the Court rules the tape recording relevant and admissible.

3

V.   **Other Issues To Be Resolved**

Mr. Libby would also like to bring to the Court's attention several other matters that will need to be addressed in advance of trial.

First, as the Court knows, the government has not yet provided the defense with any Jencks material. As counsel explained during the CIPA proceedings, once that material is provided the defense may well find it necessary to file an additional notice under CIPA § 5, which may in turn necessitate additional proceedings under CIPA § 6.

Second, the defense may file, within the next two weeks, a motion to compel production of specific documents from periods the Court has ruled critical to this case. The documents Mr. Libby may move to compel were all the subject of previous discovery requests, requests that the government has denied. *See* Letter from John Cline to Patrick Fitzgerald, July 27, 2003 (attached as Ex. A. to the Response of Defendant I. Lewis Libby to Government's In Camera Declaration dated Dec. 7, 2006).

Third, the defense notes that the government has yet to identify which among the thousands of documents it has produced in discovery it intends to offer as trial exhibits. Mr. Libby requires that information in order to finalize his own exhibit list for provision to the government.

Finally, the government has indicated that it will seek to introduce as evidence at trial the full transcripts of both days of Mr. Libby's grand jury testimony so that the jury may, if it chooses, review the transcripts in their entirety. *See* Letter from Patrick J. Fitzgerald to William Jeffress (Oct. 25, 2006) (attached hereto as Ex. A). The defense would object to any such offer as it is clear that large portions of Mr. Libby's testimony bear no relevance to this case and would serve no purpose other than to distract and confuse the jurors during their deliberations.

The government has further indicated that it does not presently intend to read or play a tape of the entirety of Mr. Libby's grand jury testimony during trial, but will instead publish to the jury only selected portions of Mr. Libby's testimony during its case-in-chief. *Id.* The defense hereby requests that the government be required to identify the portions of Mr. Libby's testimony that it intends to publish now so that the defense has sufficient opportunity to designate additional portions or other evidence that should in fairness be considered with the government's evidence pursuant to Fed. R. Evid. 106.

Dated: December 14, 2006

Respectfully submitted,

/s/ Theodore V. Wells, Jr.
Theodore V. Wells, Jr.
(D.C. Bar No. 468934)
James L. Brochin
(D.C. Bar No. 455456)
Paul, Weiss, Rifkind, Wharton
 & Garrison LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3089

/s/ John D. Cline
John D. Cline
(D.C. Bar No. 403824)
K.C. Maxwell
(*pro hac vice*)
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104
(415) 626-3939

/s/ William H. Jeffress, Jr.
William H. Jeffress, Jr.
(D.C. Bar No. 041152)
Alex J. Bourelly
(D.C. Bar No. 441422)
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004
(202) 639-7751