UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO 05-394 (RBW) |
| v. ) | |
| ) | |
| I. LEWIS LIBBY, ) | |
|     also known as "Scooter Libby" ) | |

### GOVERNMENT'S STATUS REPORT

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, Special Counsel, respectfully submits the following status report as requested by the Court on December 11, 2006.

**1.      Classified Government Exhibits**

The government previously provided the Court and the defense with binders of proposed classified government exhibits not also designated by the defense. The intelligence community is working on final substitutions and/or redactions to those exhibits,[1] and the government

---

[1] As the Court is aware, for the past several months, the intelligence community has been intensely focused on preparing substitutions and/or redactions for classified defense exhibits for the process under the Classified Information Procedures Act (CIPA). The intelligence community has also recently completed the classification review of the Court's November 15, 2006 opinion. Among the classification review projects that are still underway are the review of the classified government exhibits, the review of a limited amount of classified Jencks Act material the government expects to turn over to the defense on December 22, 2006 (see item 5 below), the review of the Court's December 11, 2006 opinion, the review of all of the pleadings filed during the CIPA process, and the review of all of the transcripts for the hearings conducted during the CIPA process. Because there are a limited number of personnel who can perform the necessary classification reviews, the intelligence community has asked us to prioritize the reviews for them. Subject to the Court's approval, the government has tentatively advised the intelligence community that priority should be given to classification reviews that are necessary to ensure no delay in the trial date. Therefore, if the Court concurs with that prioritization, the intelligence community has advised us that it can complete the classification reviews for the classified Jencks Act materials and the classified government exhibits next week, and will make every effort to complete the classification review of

anticipates filing the final substitutions and/or redactions to those documents on Friday, December 22, 2006. The Court need not approve the substitutions because the information redacted in the exhibits is being removed from the government's evidence, not the defense's, and what will be offered in evidence will be unclassified. However, we will provide the substitutions/redactions to the defense so that they can make sure that these exhibits do not raise any issues from their perspective.

**2.      Privilege Issues for Classified Documents**

We have been advised that the White House has no current plans to assert privilege as to any classified documents in this matter.

**3.      Government Appellate Rights Under CIPA**

The government does not intend to appeal the Court's ruling pursuant to CIPA Section 6(c), and the government will move to dismiss its Notice of Appeal on the Court's CIPA Section 6(a) ruling.

**4.      Anticipated Witness Assertions of Privilege or Attempts to Quash or Limit Trial Subpoenas**

The government is not aware of any government witness who is intending to assert a blanket privilege, and the government does not otherwise anticipate any of its witnesses moving to quash or limit trial subpoenas. The government also does not intend to examine any witnesses on any topic for which we expect an assertion of privilege. Although the Jencks Act materials the government will be turning over contain a very limited number of topics where privilege

---

the December 11, 2006 opinion by December 22, 2006; however, they have advised us that completing the review of the Jencks Act materials and the classified government exhibits may cause a slight delay in completing the review of the Court's opinion.

issues may arise, the government does not intend to examine witnesses on those topics. When the Jencks Act materials are turned over, we will alert the defense to the potential privilege problems and request that they advise us whether they intend to examine on any of those topics.

As the government does not know who the defense intends to call, we do not know whether privilege issues will arise with any of their witnesses; however, the Court and the defense should be aware that each government agency follows certain regulations that govern, among other things, testimony of current or former government employees regarding information acquired in the performance of their official duties. These regulations are often called "Touhy regulations" after the Supreme Court case authorizing them, United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951). We will provide the defense with cites to those regulations and to points of contact at relevant agencies by letter of separate cover.

5.      **Jencks Act Material**

The government intends to turn over Jencks Act material to the defense on or before December 22, 2006, and the defense has agreed to provide reverse Jencks Act material to the government on January 2, 2007.

6.      **Witness Security Issues**

The government does not anticipate any security issues with the witnesses it intends to call.

7.      **Voir Dire Process**

The government has no objection to the Court's proposal that two reporters be present in the courtroom during the voir dire process, and that other members of the media be permitted to watch via closed circuit in the media room. The government also agrees with the defense that the

jurors should be told that if they wish to answer any questions privately, they can do so at sidebar with the judge and the attorneys.

**8.     Additional Issues**

There is an outstanding issue regarding a discrete set of documents which we are discussing with the defense. We have been working towards an agreed resolution with defense counsel and have exchanged written proposals to resolve the matter, and can advise whether that has been resolved by the time of the December 19, 2006 conference.

Respectfully submitted,

/s/
PATRICK J. FITZGERALD
Special Counsel
U.S. Department of Justice
1400 New York Ave., NW
Washington, D.C. 20530
202-514-1187

Dated: December 14, 2006.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 14th day of December, 2006, I caused true and correct copies of the foregoing to be served on the following parties:

>William Jeffress, Esq.
>Baker Botts
>The Warner
>1299 Pennsylvania Avenue, N.W.
>Washington, DC 20004-2400
>Facsimile: 202-585-1087
>
>Theodore V. Wells, Esq.
>Paul Weiss
>1285 Avenue of the Americas
>New York, NY 10019-6064
>Facsimile: 212-373-2217
>
>John D. Cline, Esq.
>Jones Day
>555 California Street
>San Francisco, CA 94104
>Facsimile: 415-875-5700

>>Patrick J. Fitzgerald
>>Special Counsel
>>U.S. Department of Justice
>>10th & Constitution Ave., NW
>>Washington, D.C. 20530
>>202-514-1187
>
>By:   /s/ Kathleen M. Kedian
>        Deputy Special Counsel