UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>I. LEWIS LIBBY )<br>    also known as "Scooter Libby," )<br>    Defendant. ) | Cr. No. 05-394 (RBW) |

### I. LEWIS LIBBY'S PROPOSED JURY INSTRUCTION
### CONCERNING CLASSIFIED INFORMATION

I. Lewis Libby submits the attached proposed jury instruction to supplement the instructions he proposed to the Court on November 13, 2006.[1] At the time of that filing, the CIPA proceedings regarding a large portion of the classified information in this case were ongoing.[2] Now that those proceedings have been concluded, Mr. Libby respectfully submits that an additional jury instruction is warranted. As noted below, the Court has previously indicated that it would be willing to give an instruction addressing the limitations that its rulings under CIPA might place on Mr. Libby's testimony.

### ARGUMENT

During the recent CIPA § 6(c) proceedings, the Court approved a series of substitutions proposed by the government, in many instances over the defense's objection that the substitutions were inadequate and/or misleading. *See* Order and Memorandum Opinion (Dec. 8,

---

[1] As with Mr. Libby's prior proposed instructions, this proposal is not intended to waive any matter raised in any pretrial motion or any other objection or matter raised by Mr. Libby before or during trial, including during CIPA proceedings. Mr. Libby continues to reserve the right to supplement, withdraw, or modify all proposed instructions, particularly in response to evidence adduced at trial or other developments before or during trial.

[2] As explained in the Status Report submitted by Mr. Libby on December 14, additional CIPA proceedings may well be required as the case proceeds. *See* Status Report at 1, 4 (Dkt. 219).

2006). In addition to omitting certain relevant facts or events, the substitutions at many points require Mr. Libby to use language drafted by the government, while testifying in his own defense. In those instances, Mr. Libby will be prohibited from describing certain critical matters in his own words as he remembers and understands them.

In the defense's view, the government's substitutions threaten, in several ways, to undermine Mr. Libby's ability to present a full and effective defense. Two of the specific dangers posed by the substitutions can be partially avoided by the proposed jury instruction.

First, as the defense explained during the § 6(c) proceedings, the substitutions approved by the Court may lead the jury to conclude erroneously that Mr. Libby's testimony fully describes the national security matters that commanded his attention during the relevant period. The first paragraph of the proposed instruction will help to dispel any such misconception, and thus address to some extent the risk that the jury will, lacking crucial details, underestimate the urgency of those matters and the attention Mr. Libby devoted to them. The instruction explains that, for classification reasons, Mr. Libby is prohibited from testifying fully about relevant aspects of certain national security information he received and the importance of that information to him. The instruction also makes clear that defense counsel are subject to the same constraints in opening statement and closing argument.

Second, in some cases Mr. Libby will likely have to read portions of the substitutions verbatim to avoid straying beyond the language drafted by the government and approved by the Court. Inevitably, he will be unnatural and uncomfortable reciting words that are not his own and that in several instances are incomplete and even inaccurate. Mr. Libby's credibility is of central importance in this perjury and obstruction case. What is more, a central component of his defense will be that any inaccuracies in his statements to the FBI or the grand jury were the result

- 3 -

not of deliberate lies or an attempt to hide the truth, but of innocent failures of memory caused by the rush of urgent matters he confronted during the relevant period. Whether the jury accepts that defense may well be outcome determinative in this case. Yet, as explained during the § 6(c) proceedings, there is a substantial risk that the jury will view Mr. Libby's strain and discomfort in testifying in language other than his own as an indication that his testimony is not credible. The second paragraph of the proposed instruction is an attempt to reduce that risk. It explains the source of Mr. Libby's discomfort and seeks to prohibit the jury from holding it against him.

Both the Court and the government have previously indicated that an instruction along these lines would be appropriate given the circumstances limiting Mr. Libby's testimony. *See, e.g.*, T. 10/26/06 at 39; T. 11/07/06 at 12-13; 11/29/06 at 37; *see also* Dec. 8, 2006 Mem. Op. at 12 n.6 (citing Government's Mot. Pursuant to CIPA Section 6(c) For Substitutions in Lieu of the Disclosure of Classified Information at 11).

In light of the Court's recent § 6(c) ruling, the defense now requests that the Court adopt the instruction proposed below. Given the importance of this instruction, the defense requests that it be given both before opening statements and as part of the final instructions. Doing so will increase the likelihood that the instruction will mitigate, at least in part, the threats posed by the government's substitutions to Mr. Libby's Fifth and Sixth Amendment right to present a complete defense, including through his own testimony.

| | |
|---|---|
| December 15, 2006 | Respectfully submitted, |
| /s/ Theodore V. Wells, Jr.<br>Theodore V. Wells, Jr.<br>(D.C. Bar No. 468934)<br>James L. Brochin<br>(D.C. Bar No. 455456)<br>Paul, Weiss, Rifkind, Wharton<br>  & Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY  10019-6064<br>Tel:  (212) 373-3089<br>Fax: (212) 373-2217 | /s/ William H. Jeffress, Jr.<br>William H. Jeffress, Jr.<br>(D.C. Bar No. 041152)<br>Alex J. Bourelly<br>(D.C. Bar No. 441422)<br>Baker Botts LLP<br>1299 Pennsylvania Avenue, NW<br>Washington, DC  20004<br>Tel:  (202) 639-7751<br>Fax: (202) 585-1087 |
| /s/ John D. Cline<br>John D. Cline<br>(D.C. Bar No. 403824)<br>K.C. Maxwell<br>(*pro hac vice*)<br>Jones Day<br>555 California Street, 26th Floor<br>San Francisco, CA  94104<br>Tel:  (415) 626-3939<br>Fax: (415) 875-5700 | |

- 5 -

## MR. LIBBY'S PROPOSED JURY INSTRUCTION ON CLASSIFIED INFORMATION

Mr. Libby will testify [has testified] about national security matters that commanded his attention during the period May 2003 through March 2004. Some aspects of those matters are classified. Thus, although Mr. Libby will be [has been] able to describe those national security matters and their effect on his state of mind in general terms, he is not [has not been] allowed to testify fully about information that he received and acted upon at the time, or about the importance of that information to him. You should bear this in mind when considering whether other events during the relevant time may have affected Mr. Libby's ability to remember accurately conversations concerning Ms. Wilson when he was asked about them in October and November 2003 and March 2004. Mr. Libby's counsel are also limited by the classification rules in what they can say in their opening statement and closing argument about the national security matters on which Mr. Libby was focused during the relevant period.

In addition, you may notice [have noticed] that Mr. Libby seems [seemed] hesitant or uncomfortable when he describes [described] the national security matters he was dealing with during the time relevant to this case. For example, he might seem [have seemed] to be choosing his words unusually carefully, or to sound as if he is reading from a script. You must not hold this against Mr. Libby in any way. In order to protect classified information, Mr. Libby has been required to use certain words and not use others, and avoid mentioning certain matters, according to very strict guidelines proposed by the government and approved by the Court. As a result, Mr. Libby must [was required to] describe the national security matters differently than he would describe them if he were not required by the Court to follow certain rules regarding the disclosure of classified information.