UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA            ) | |
| )  | CR. NO 05-394 (RBW) |
| v.                                                       ) | |
| ) | |
| I. LEWIS LIBBY,                                 ) | |
|     also known as "Scooter Libby"   ) | |

**GOVERNMENT'S REPLY IN SUPPORT OF
GOVERNMENT'S PROPOSED JURY INSTRUCTIONS,
AND IN OPPOSITION TO DEFENDANT'S PROPOSED ALTERNATIVES**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, SPECIAL COUNSEL, respectfully submits the following response to defendant's proposed jury instructions.

## BACKGROUND

On November 13, 2006, both parties submitted proposed jury instructions to the Court. On December 22, 2006, each party submitted objections to the other's proposed instructions. The parties also proposed miscellaneous instructions in connection with proceedings pursuant to the Classified Information Procedures Act and various motions in limine.

*Instructions to Which the Parties Agree*

Based on the parties' submissions to date, it appears that the parties agree to the Court's giving the following instructions from the Bar Association of the District of Columbia's *Criminal Jury Instructions* (4th ed. Revised 2005)(The Red Book)("D.C. Form Instructions"):

| | | | | | |
|---|---|---|---|---|---|
| 1.02 | 1.16 | 2.04 | 2.08 | 2.27 | 2.73 |
| 1.05 | 2.01 | 2.05 | 2.09 | 2.42 | 2.75 |
| 1.10 | 2.02 | 2.06 | 2.11 | 2.52 | 2.76 |
| 1.11 | 2.03 | 2.07 | 2.13 | 2.71 | |

In addition, the government has proposed that the following D.C. Form Instructions be given, and the defense has neither specifically objected to the government's proposal, nor proposed alternative instructions:

| | | | |
|---|---|---|---|
| 1.07 | (Questions Not Evidence) | 2.43 | (Cross-examination of Character Witnesses) |
| 2.10 | (Direct / Circumstantial Evidence) | 2.48 | (Statements of the Defendant - Substantive Evidence) |
| 2.14 | (Nature of Charges Not Considered) | 2.70 | (Redacted Documents) |
| 2.23 | (Testimony of Immunized Witness) | 3.02 | (Proof of State of Mind) |
| 2.28 | (Defendant as Witness) | 3.07 | ("On or about" – Proof of) |
| 2.29 | (False/Inconsistent Statement by Defendant) | | |

We therefore assume that the defense agrees with the giving of these instructions.

The defense also has neither objected to, nor offered alternatives for, the following additional instructions proposed by the government, most of which were drawn from O'Malley-Grenig-Lee, Federal Jury Practice and Instructions ("O'Malley"): (a) instructions setting forth the statutory language of each of the statutes under which defendant is charged (18 U.S.C. §§ 1503, 1001(a)(2), and 1623(a) and the nature of the charges); (b) a separate unanimity instruction to be given with respect to Counts 2, 3, 4 and 5 (§1001(a)(2) false statements and § 1623(a) perjury) in addition to the general unanimity instruction; and (c) a limiting instruction with respect to evidence admitted solely for the purpose of establishing its effect on defendant's state of mind. We assume that the defendant agrees to the giving of these instructions as well.

Finally, the government has agreed to the Court's giving the defendant's additional proposed instructions numbered 3, 5, 6, 9, 10 and 16.

*Instructions That Are In Dispute*

The government objects to the following instructions proposed by the defense:

| 1 | (Pretrial Instructions) | The government agrees in part and objects in part, and has proposed modifications, particularly with respect to the summaries of the elements of the charged offenses.[1] |
| 2 | (Pretrial Publicity) | The government objects to a single sentence as set forth in its Response to Defendant's Proposed Jury Instructions ("Gov. Dec. 22 Response"), and would agree to the giving of this instruction if that sentence were omitted. |
| 4 | (Credibility of Law Enforcement Witnesses) | The government objects to this proposed instruction, and has proposed the use of D.C. Form Instruction No. 2.26 instead. |
| 7 | (Propriety of Defendant's Disclosures of the NIE) | The government objects to this proposed instruction and has proposed an alternative as set forth in the Gov. Dec. 22 Response. |

---

[1] The government has objected to the defendant's proposed description of the nature of the case as incomplete. The case should be described as follows:

> According to the indictment, the government began an investigation in September 2003 into possible unauthorized disclosures to various reporters of classified information regarding the CIA employment of Valerie Wilson, the wife of Ambassador Joseph Wilson, in the spring of 2003. The indictment charges that, during the course of this investigation, defendant I. Lewis Libby knowingly and willfully made materially false statements during two interviews with FBI agents in the fall of 2003, and that Mr. Libby knowingly and willfully provided materially false testimony under oath during two appearances before a federal grand jury in March 2004. The indictment further alleges that, by deliberately providing false testimony to the grand jury, Mr. Libby corruptly endeavored to obstruct the due administration of justice.
>
> The defendant denies that he is guilty of any of the offenses charged in the indictment.

| | | |
|---|---|---|
| 8 | ("Findings from the Science of Memory") | The government objects to this proposed instruction and, as discussed in the Gov. Dec. 22 Response, asserts that D.C. Form Instruction No. 2.11 (to which the defense has agreed) properly address the issues the jury should consider in assessing whether inaccuracies in defendants statements to investigators and the grand jury were attributable to faulty memory. |
| 11 | (Obstruction of Justice) | The government objects to this proposed instruction. The government originally proposed the use of O'Malley §§ 48.01-48.05. The government would agree to the use of Defense No. 11 if the substantial modifications outlined in the Gov. Dec. 22 Response were made. |
| 12 | (False Statements) | The government objects to this proposed instruction. The government originally proposed the use of O'Malley §§ 40.05-40.8 and 40.13-40.14. The government would agree to the use of Defense No. 12 if the substantial modifications outlined in the Gov. Dec. 22 Response were made. |
| 13 | (Ambiguity) | The government objects to this proposed instruction on the ground that there is no factual basis for giving it. |
| 14 | (Perjury) | The government objects. The government originally proposed an instruction based on O'Malley §§ 50.06- 50.08 and case authority. The government would agree to the use of Defense No.14 if the substantial modifications outlined in the Gov. Dec. 22 Response were made. |
| 15 | (Unanimity) | The government requests that D.C. Form Instruction 2.72 be given instead. |

The defense has objected to the following instructions proposed by the government:

| | |
|---|---|
| Obstruction of Justice - Elements and Definition of Terms | The defense has objected to the government's proposed instructions and proposed an alternative (Defense No. 11) to which the government objects.  As indicated above, the government would agree to Defense No. 11 if the modifications outlined in the Gov. Dec. 22 Response were made. |
| False Statements - Elements and Definition of Terms | The defense has objected to the government's proposed instruction and proposed an alternative (Defense No. 12) to which the government objects.  As indicated above, the government would agree to Defense No. 12 if the substantial modifications outlined in the Gov. Dec. 22 Response were made. |
| Perjury - Elements and Definition of Terms | The defense has objected to the government's proposed instruction and proposed an alternative (Defense No. 14) to which the government objects.  As indicated above, the government would agree to Defense No. 14 if the substantial modifications outlined in the Gov. Dec. 22 Response were made. |
| Unanimity | The defense has proposed an alternative (Defense No. 15) to which the government objects. |
| Instruction on Employment Status of Valerie Plame. | The defense proposed an alternative to which the government objects. |
| Instruction on Testimony Regarding Classified Information | The defense proposed an alternative to which the government objects.[2] |

---

[2] The government proposed this instruction during the CIPA proceedings.  The defendant submitted an alternative instruction in a supplemental filing on December 15, 2006.  The government included its proposed instruction in the Gov. Dec. 22 Response, but inadvertently omitted to state its strong objection to the defendant's alternative..

| Instruction on the Absence of Charges Related to Defendant's Disclosure of Information Regarding Valerie Plame Wilson | The provided an alternative to which the government objects. |
|---|---|

## ARGUMENT

In his response to the government's proposed jury instructions, defendant argued that: (a) the government's proposed instruction regarding the elements of 18 U.S.C. §1503, obstruction of justice (Count 1) is deficient in that it understates the requisite *mens rea* and overstates the conduct for which the jury could properly convict the defendant; (b) the government's proposed definition of materiality with respect to the false statement charges (Counts 2 and 3) is inadequate; (c) the wording of the government's proposed definition of materiality for purposes of the perjury charges (Counts 4 and 5) is deficient; and (d) the government's proposed instructions related to false statements and perjury improperly fail to instruct the jury with respect to the effect of ambiguous questioning. As demonstrated below, the objections raised in defendant's response to the government's proposed jury instructions lack merit.[3]

**I.    The Government's Proposed Instructions Accurately State the Law Regarding the Requisite Mens Rea for Obstruction of Justice.**

In order to establish a violation of § 1503, the government must establish that the defendant acted with the wrongful intent or improper purpose to influence the judicial or grand jury proceeding, whether or not the defendant is successful in doing so. *E.g.*, *United States v. Quatrrone*, 441 F.3d 153, 170 (2d Cir. 2006)(citing *United States v. Fassnacht,* 332 F.3d 440, 447 (7th Cir.2003); *United*

---

[3] Defendant argues generally that the government's instructions fail to address certain critical issues, and requests that the Court give the instructions he has proposed. The government sets forth its position with respect to the defendant's proposed instructions and limits its argument to the specific objections raised by the defendant in its Response to the Government's Proposed Jury Instructions.

*States v. Aguilar,* 515 U.S. 593, 599 (1995)). The government's proposed instructions, which were drawn directly from O'Malley-Grenig-Lee, Federal Jury Practice and Instructions (§§ 48.04 and 48.05) accurately state the law:

> To act "corruptly" as that word is used in these instructions means to act voluntarily and deliberately and for the purpose of improperly influencing, or obstructing, or interfering with the administration of justice.
>
>    \*   \*   \*
>
> The term "endeavors" as used in these instructions means to knowingly and deliberately act or to knowingly and deliberately make any effort which has a reasonable tendency to bring about the desired result.
>
> It is not necessary for the government to prove that the "endeavor" was successful or, in fact, achieved the desired result.

Contrary to defendant's contention, the foregoing do not understate the requisite *mens rea* of a violation of 18 U.S.C. § 1503. Instead, they inform the jury that, in order to convict, the jury must find beyond a reasonable doubt that the defendant acted knowingly, voluntarily and deliberately, for the purpose of improperly influencing, or obstructing, or interfering with the administration of justice. Thus, these instructions make clear that the defendant may not be convicted unless the jury finds that he acted knowingly, voluntarily and deliberately, with the specific intent of improperly influencing, obstructing or interfering with the administration of justice, and do not allow for a conviction based on "innocuous" efforts to influence the grand jury's investigation, because they require that the defendant deliberately attempted to *improperly* influence, obstruct or interfere with it. The government's proposed instruction fully and accurately apprises the jury that the defendant may not be convicted unless he acted deliberately and with consciousness of wrongdoing.

Defendant's demand that the term "for the purpose of improperly influencing, or obstructing, or interfering with the administration of justice" be replaced with the term "with specific intent to subvert or undermine the administration of justice" is also unwarranted. At best, defendant's proposed terminology is more unfamiliar and confusing. How often does the average juror see or use the term "subvert"? At worst, it is misleading. The New Oxford American Dictionary (2001 edition) (at 1697) defines the term "to subvert" as to "undermine the power and authority of (an established system or institution). Section 1503 includes no requirement that the defendant specifically intend to undermine the power and authority of the grand jury, but only to improperly influence, obstruct or impede the grand jury's investigation.

Nor would inserting the terms "dishonestly" or "with consciousness of wrongdoing" as defendant suggests add any meaning to the government's proposed description of the requisite *mens rea.* To the contrary, it would lead to confusion with redundancy. Count 1 charges that the defendant corruptly endeavored to influence, obstruct or impede proceedings before Grand Jury 03-3 in the federal district court of the District of Columbia by knowingly making certain following materially false and misleading statements and representations under oath. The government's proposed instruction requires that the jury find that the defendant acted voluntarily and deliberately, for the purpose of improperly influencing, obstructing or impeding the investigation. How might a person knowingly lie to a grand jury under oath, voluntarily and deliberately for the purpose of improperly influencing, obstructing or impeding its investigation, without acting dishonestly or with consciousness of wrongdoing? By adding such terms, the instruction would only confuse the jury by suggesting that knowingly making materially false declarations under oath, voluntarily and deliberately "for the purpose of improperly influencing, obstructing or impeding" a federal grand jury

investigation, is somehow not in itself "dishonest" and "consciously wrongful," and leading the jury to speculate regarding what additional evidence might be required to find that the defendant acted "dishonestly" and with consciousness of wrongdoing.

Finally, defendant cites, and research reveals, no authority for the proposition that a defendant charged with obstruction of justice under § 1503 is entitled to an instruction that requires the jury to find not only must the defendant have deliberately lied for the purpose of improperly influencing, obstructing, or interfering with the grand jury's investigation, *but also* that his conduct was "wrongful, immoral, depraved or evil."  As the D.C. Circuit has noted, "[w]ords like 'depraved,' 'evil,' 'immoral,' 'wicked,' and 'improper' are no more specific-indeed they may be less specific- than 'corrupt'" and defining vague terms with other vague terms serves no purpose. *United States v. Poindexter*, 951 F.2d 369, 379 (D.C. Cir. 1991)(citing *Walton v. Arizona,* 497 U.S. 639 (1990)). Moreover, there is no legal requirement that the government meet this additional burden and, thus, including this language in the instruction would misstate the law.  In fact, considering that the terms "immoral," depraved," and "evil," are commonly associated with conduct of a completely different character, that is, conduct that is violent and/or sexually deviant, it is difficult to imagine that a jury would ever apply these terms to a violation of § 1503.

Defendant's reliance on *United States v. Arthur Andersen*, 544 U.S. 696 (2005) is misplaced. As defendant concedes, the instruction rejected by the Supreme Court in that case made it sufficient for the defendant to have acted for the purpose merely of "impeding" a government function.  Def. Rsp. at 3.  In order to argue that the government's proposed instruction suffers from the same deficiency, the defendant is forced to omit the term "improperly" from the government's instruction. Def. Rsp. at 3 ("The government's definition defines "corruptly" as "acting" to "influenc[e], or

9

obstruct[] or interfer[e].") Moreover, as previously noted, the Court in *Arthur Andersen* specifically distinguished the language of § 1512(b)(2)(A) and (B) from that of § 1503, however, observing that, whereas the relevant provision of § 1512 requires that a defendant have acted both "knowingly" and "corruptly," § 1503 (and § 1505) require that a defendant merely have acted "corruptly." 544 U.S. at 706, n. 9. Here, the alleged conduct is inherently "dishonest" and improper. Knowingly making materially false declarations to a grand jury cannot be innocuous. The additional requirement that the defendant have done so for the purpose of "improperly" influencing, obstructing or impeding the grand jury's investigation clearly conveys the point that the defendant must have acted with an improper purpose. *See also United States v. North*, 910 F.2d 843, 882 (D.C. Cir. 1990). Nothing more is required.

For all of these reasons, the government strongly objects to the Defense Proposed Instruction No. 10 unless it is modified to remove the terms "dishonestly," "wrongful, immoral, depraved and evil," and "specific intent to subvert." Consistent with the above, the government would agree to the following modified elements instruction:

> Count One charges Mr. Libby with corruptly endeavoring to influence, obstruct or impede the due administration of justice obstruction of justice. In order to sustain this charge, the government must prove each of the following essential elements beyond a reasonable doubt:
>
> 1. That there was a proceeding pending before a federal grand jury;
>
> 2. That Mr. Libby knew of the pending grand jury proceeding;
>
> 3. That Mr. Libby endeavored to influence, obstruct, or impede the due administration of justice in that proceeding as charged in Count One; and

  4. That Mr. Libby acted corruptly, that is, voluntarily and deliberately and for the purpose of improperly influencing, or obstructing, or interfering with the administration of justice.

It is not necessary for the government to prove that Mr. Libby was successful in improperly influencing, obstructing or interfering with the grand the "endeavor" was successful or, in fact, achieved the desired result.

## II. The Government's Proposed Instruction Regarding the Elements of Obstruction of Justice, as Modified, More Closely Tracks the Language of the Indictment, as Defendant Advocates.

Defendant argues that the government's proposed instruction fails to set out the means by which the indictment charges that the defendant endeavored to obstruct justice. In the Gov. Dec. 22 Response, the government proposed a modification to Defense No. 10 that would resolve the defendant's objection:

> Count One charges that, in March 2004, Mr. Libby corruptly endeavored to influence, obstruct or impede proceedings before Grand Jury 03-3 in the federal district court of the District of Columbia by knowingly making the following materially false and misleading statements and representations under oath: [Continue with paragraphs numbered 1 through 3 as set forth on page 23 of the defendant's proposed instructions, and omit the language that follows.]

The government agrees that the means by which the indictment charges the defendant committed the offense charged in Count 1 should be included in the jury's charge. In addition, based on the discussion in Section I above, the government suggests that language related to the requisite *mens rea* be added, and that the language of the indictment related to the charged false declarations be tracked more closely, as the defendant advocates. Thus, the government proposes the following modification:

> Count One charges that Mr. Libby corruptly endeavored to influence, obstruct and impede the due administration of justice by knowingly making the following materially false and misleading statements and representations under oath, voluntarily

and deliberately, for the purpose of improperly influencing, obstructing or interfering with the proceedings before Grand Jury 03-3 in the District of Columbia:

1.  When Mr. Libby spoke with Tim Russert of *NBC News*, on or about July 10, 2003,

    a.  Mr. Russert asked Mr. Libby if Mr. Libby knew that Joseph Wilson's wife worked for the CIA;

    b.  Mr. Russert told Mr. Libby that all the reporters knew it;

    c.  At the time of this conversation, Mr. Libby was surprised to hear that Wilson's wife worked for the CIA;

2.  Mr. Libby advised Matthew Cooper of *Time* magazine on or about July 12, 2003, that he had heard that other reporters were saying that Wilson's wife worked for the CIA, and further advised him that Mr. Libby did not know whether this assertion was true;

3.  Mr. Libby advised Judith Miller of the *New York Times* on or about July 12, 2003 that he had heard that other reporters were saying that Wilson's wife worked for the CIA but Mr. Libby did not know whether that assertion was true.

**III.    The Government's Proposed Instructions Accurately Define the Term "Material" for Purposes of Counts 2 and 3.**

The defendant charges that the government's proposed definition of the term "material" is deficient in that it would allow the jury to "nit-pik Mr. Libby's statements and convict him based on a finding that he lied about unimportant facts." To remedy this purported problem, the defendant proposes the additional following language:

> The test is whether the false statement has the capacity to impair or pervert the functioning of the FBI. In other words, a statement is material if it relates to an important fact as distinguished from some unimportant or trivial detail.

This objection is meritless. The government's proposed definition ("A statement is material if it has a natural tendency to influence, or is capable of influencing" a governmental function) has been approved by the Supreme Court, *United States v. Gaudin,* 515 U.S. 506, 509 (1995)(quoting *Kungys*

*v. United States,* 485 U.S. 759, 770 (1988)). The instruction does not allow a conviction based upon lies that are "unimportant;" to the contrary, it allows conviction only upon a showing that the charged lie was material. As the Supreme Court has stated, the questions the jury must answer are simple and straightforward: (a) "[W]hat statement was made?" (b) "[W]hat decision was the agency trying to make?" and (c) "[W]hether the statement was material to the decision?" 515 U.S. at 512. Thus, it is necessary to show only that the statement was important in the sense that it was capable of influencing a decision of the FBI.

It would be improper to instruct the jury that it must determine whether the fact or facts to which the statement relates are "important" or "trivial," in a general sense in that it would invite the jury to assess the materiality of the charged statements by reference to their own views of what is important or unimportant or by their views of what the defendant considered, or should have considered, important and unimportant. Defendant's modification of the essential elements of 18 U.S.C. § 1001(a)(2) fits neatly with his anticipated arguments that information regarding Ms. Wilson and his conversations regarding this information were "unimportant" and therefore he forgot them. The jury must not be permitted to confuse the alleged "unimportance" of information regarding Ms. Wilson's employment to Mr. Libby with the question of whether the defendant's statements were important to the conduct of the FBI's investigation and, thus, could have influenced that investigation.

**IV.    The Government's Proposed Instructions Accurately Define the Term "Material" for Purposes of Counts 4 and 5.**

Defendant charges that the government's proposed elements instruction for Counts 4 and 5 (perjury) creates the risk that the defendant could be convicted based on innocent, immaterial

13

statements only tangentially related to material issues"based on its syntax, that is, its use of phrase, "The false testimony concerned matters that were material to the grand jury investigation." The government disagrees with this assessment and notes that, in light of the instruction's requirement that the false testimony be "knowingly given," and the definition of "materiality" proposed along with the elements instruction, there is no risk that the defendant would be convicted based on innocent, immaterial statements if the government's proposed instruction were given.

In any event, in the Gov. Dec. 22 Response, the government agreed to a modified version of defendant's formulation of the elements of perjury which would resolve any objection based on the use of the word "concerned":

> Counts Four and Five charge Mr. Libby with perjury. In order to sustain a charge of perjury, the government must prove each of the following essential elements beyond a reasonable doubt:
>
> 1.  That Mr. Libby made a statement before the grand jury while he was under oath;
>
> 2.  That such statement was false in one or more of the respects charged;
>
> 3.  That Mr. Libby knew such statement was false when he made it; and
>
> 4.  That the false statement was material to the grand jury's inquiry, that is, that it had the effect of influencing the decision or actions of the grand jury, or was capable of or had the potential to do so.
>
> It is not necessary for the government to prove that a decision or action of the grand jury actually influenced the false statement, but only that it was capable, or had the potential of doing so.

**V.  Defendant Is Not Entitled to an Instruction that "Educates Jurors How to Weigh Ambiguities Under *Bronston.*"**

The defendant objects to the government's proposed instructions in that they "fail to inform the jurors how their deliberations should be affected by ambiguity in the questions asked of Mr.

Libby and the answer he gave." Def. Reply at 6. However, defendant fails to identify a single question or answer that he claims is in any way ambiguous and, thus, there is no ambiguity for the jury to "weigh" in this case. Thus, there is no reason, and no proper basis, for instructing the jury regarding ambiguity, and defendant should not be able to inject an issue into the jury's deliberations that does not exist. *See, e.g., Mathews v. United States,* 485 U.S. 58, 63 (1988)(stating that defendant is "entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor").

The Supreme Court's decision in *United States v. Bronston*, 409 U.S. 352 (1973) has no application to this case. There, the Supreme Court ruled that the defendant could not be convicted of perjury based on an "answer that [was] literally true but unresponsive, even assuming the witness intends to mislead his questioner by the answer." In *Bronston*, the defendant was charged with perjury based on his testimony in a bankruptcy proceeding when asked whether he had any accounts in Swiss banks, and he answered, "The company had an account there for about six months, in Zurich." While the defendant's testimony that the company had an account in Zurich for about six months was literally true, the answer was intentionally misleading in that it failed to account for the fact that he, too, held a personal Swiss bank account. Because defendant has not, and cannot, identify any charged false declaration made in response to an ambiguous question, or any charged false declaration that was "literally true" but misleading, there is no basis under *Bronston* or any other authority to instruct the jury in this case on how to weigh ambiguity as part of their deliberations.

## **CONCLUSION**

For all of the foregoing reasons, the United States respectfully requests that this Court sustain the government's objections to defendant's proposed jury instructions, and overrule the defendant's objections to the instructions proposed by the government.

Respectfully submitted,

_____/s/_____
PATRICK J. FITZGERALD
Special Counsel
Office of the United States Attorney
Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5300

Dated:   January 3, 2006.

**CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that on this 3rd day of January, 2006, I caused true and correct copies of the foregoing to be served on the following parties by electronic mail:

      William Jeffress, Esq.
      Baker Botts
      The Warner
      1299 Pennsylvania Avenue, N.W.
      Washington, DC 20004-2400
      Facsimile: 202-585-1087

      Theodore V. Wells, Esq.
      Paul Weiss
      1285 Avenue of the Americas
      New York, NY 10019-6064
      Facsimile: 212-373-2217

      John D. Cline, Esq.
      Jones Day
      555 California Street
      San Francisco, CA 94104
      Facsimile: 415-875-5700

                                        Patrick J. Fitzgerald
                                        Special Counsel
                                        U.S. Department of Justice
                                        1400 New York Ave., N.W.
                                        Washington, D.C.  20530
                                        202-514-1187

                                        By:  _____/s/_____
                                         Debra Riggs Bonamici
                                         Deputy Special Counsel