UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>I. LEWIS LIBBY, )<br>    also known as "Scooter Libby" ) | CR. NO. 05-394 (RBW) |

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF
ADMISSION OF COMPLETE TRANSCRIPT OF
DEFENDANT'S GRAND JURY TESTIMONY**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, SPECIAL COUNSEL, respectfully submits the following memorandum of law in support of the admission in evidence of the complete transcript of the defendant's grand jury testimony.

## INTRODUCTION

The government has advised the defense and the Court that it intends to offer into evidence the transcript of the defendant's grand jury testimony in its entirety, and to publish to the jury during the trial substantial portions of that testimony. 12/19/06 Tr. 14. The defense has voiced an objection to the admission of any portions of the transcript other than those that reflect the false declarations with which the defendant has been charged. 12/19/06 Tr. 15, 17. As demonstrated below, the government is entitled to introduce the complete transcript of the defendant's grand jury testimony in order to establish that the charged false declarations were made, the context in which they were made, and the fact that they were material to the grand jury's investigation.

## ARGUMENT

Defendant has cited, and research reveals, no case in which the Court has precluded the government from introducing the complete transcript of a defendant's grand jury testimony in

1

support of perjury charges. In fact, the government is unaware of any reported federal case in which a defendant even *argued* that portions of his own testimony should be excluded from evidence. To the contrary, the typical defense argument is that additional portions of the transcript ought to be admitted "in fairness" so that the charged declarations are given their proper context, or that excerpts are insufficient to establish materiality. *See*, *e.g.*, *United States v. Conley*, 186 F.3d 7, 20 (1st Cir. 1999). *See generally* Fed. R. Evid. 106.

To establish defendant's guilt on Counts 4 and 5 of the indictment, the government has the burden of proving beyond a reasonable doubt that the charged false declarations were material to the grand jury's investigation, that is, that they had "a natural tendency to influence, or [were] capable of influencing" the grand jury's decisions (see *United States v. Gaudin,* 515 U.S. 506, 509 (1995)(quoting *Kungys v. United States,* 485 U.S. 759, 770 (1988)). While the materiality of the charged declarations in perjury cases may be proven by a variety of means, it is well accepted that admission of the complete transcript of the defendant's testimony is a proper method of proof. *See*, *e.g.*, *United States v. Abrams*, 568 F.2d 411, 421 (5th Cir. 1978) (approving the admission of "the entire transcript of all three [of defendant's] grand jury appearances" and commenting that "the best way to know what the grand jury deems material is by reading what it asked about"); *United States v. Thompson*, 637 F.2d 267, 268 (5th Cir. 1981) ("[t]he scope of the grand jury's inquiry and the materiality of the declaration to that inquest are generally, and usually best, proved by introduction of a complete transcript of the grand jury proceedings or by testimony of the foreman or some other member of the grand jury"). *See generally*, *United States v. Nazzaro,* 889 F.2d 1158, 1166 (1st Cir.1989); *United States v. Picketts,* 655 F.2d 837, 840 (7th Cir.1981). In contrast, offering the allegedly false statements alone generally is "not enough" to prove their materiality. *E.g., United*

*States v. Leon-Reyes*, 177 F.3d 816, 820 & n.5 (9th Cir. 1999)(also noting that cases predating *United States v. Gaudin,* 515 U.S. 506 (1995) continue to be relevant to the question of how the prosecution may prove materiality)(citations omitted); *United States v. Bell*, 623 F.2d 1132, 1135 (5th Cir. 1980)(finding that "excerpts" of the defendant's grand jury testimony, even when coupled with the testimony of an agent and prosecutor, were insufficient in that they "prove[d] little about materiality").

Some courts have gone so far as to hold that it is preferable to admit the transcript of the grand jury's entire investigation in order to prove materiality. *See, e.g.*, *United States v. Ostertag*, 671 F.2d 262, 265 (8th Cir. 1982) ("although it would have been preferable if the government had introduced the entire transcript [of the grand jury proceeding], we conclude that the trial judge had adequate evidence of the scope of the investigation before him"); *United States v. McComb*, 744 F.2d 555, 564 (7th Cir. 1984) (identifying the introduction into evidence of "[t]he transcript of the grand jury proceedings" as one of several means by which the government may establish "a nexus between the grand jury's investigation and the defendant's false statements"); *United States v. Farnham*, 791 F.2d 331, 333 (4th Cir. 1986) ("[t]raditionally, the government can establish the scope of the grand jury investigation by one of three methods: obtaining the testimony of a grand juror as to the nature of the investigation; introducing a full transcript of the grand jury proceedings; or having the attorney who presented the case to the grand jury testify")(internal citations omitted). However, other cases have made clear that it is not necessary to introduce the transcript of the entire grand jury investigation in every case. *See, e.g.*, *Ostertag*, 671 F.2d at 265; *United States v. Jackson*, 640 F.2d 614 (8th Cir. 1981)(approving trial court's determinations that introduction of excerpted portion of prior proceedings containing only defendant's testimony was sufficient, and that there was no need

to introduce transcript of entire prior proceeding).

Separate and apart from the issue of materiality, the complete transcript of defendant's grand jury testimony is also relevant to place the charged false declarations in context. *United States v. Martellano*, 675 F.2d 940, 943-44 (7th Cir. 1982). The government must introduce portions of the transcript "sufficient to put the question[s] and answer[s] in context so as to shed light on the meaning of the question[s] and response[s]." *Id.* Both "preliminary questions" and "qualifying colloquies" following the questions and answers in issue may be relevant to context. Acknowledging that it may not be necessary for the government to introduce the defendant's entire grand jury testimony in every case, the Seventh Circuit has pointed out that placing the charged false declarations in context is necessary to a fair trial for *both* sides:

> This common sense context rule works both ways. The defendant may not establish his defense by isolating a statement from its context in order to try to give it a meaning entirely different from that which it has when the testimony is considered as a whole.

*Id.*

In this case, introduction of the complete transcript of the entire grand jury investigation clearly would be unnecessary and improper, in light of both the length and breadth of the investigation, and the fact that portions of the grand jury's inquiry focused primarily on the conduct of others, including others who were never charged with crimes. Evidence related to the grand jury's inquiries concerning conduct and events completely unrelated to the defendant is irrelevant and, in any event, any probative value of such evidence would be far outweighed by the risk of confusion, undue prejudice and waste of time and thus excludable under Fed. R. Evid. 403.

Admission of the complete transcript of *defendant's* grand jury testimony, however, is

essential in this case. First, admission of the complete transcript is necessary to demonstrate the scope of the grand jury's investigation and the materiality of the charged declarations. The government has the burden of proving materiality beyond a reasonable doubt. Moreover, the defense has indicated that it intends to contest the materiality of the charged false declarations by arguing that the focus of the grand jury's investigation was the leak of information regarding Valerie Wilson's employment to Robert Novak, rather than leaks to other reporters (or that the defendant believed the scope of the investigation to be so limited), and that defendant's testimony could not have been material given that the grand jury had identified the individuals who leaked to Novak prior to defendant's grand jury appearance (or that defendant believed that such was the case). The government is entitled to demonstrate through all of the questions asked of defendant that the scope of the grand jury investigation included: (a) identifying all individuals involved in leaking information concerning Ms. Wilson's employment to any reporters; (b) determining the circumstances under which information regarding Ms. Wilson's employment was learned and leaked by such individuals; and (c) determining whether false information was provided to the FBI or the grand jury. If only the charged false declarations and the testimony immediately preceding and following them were admitted in evidence, the jury would be given the false impression that the scope of questioning of the defendant, and the scope of the grand jury's overall investigation, were more limited than they were. The government is entitled to present, and the jury is entitled to evaluate, the full scope of the defendant's testimony in determining what was, and what was not, material to the grand jury's investigation.

Second, admission of the complete transcript is necessary in order to establish that the defendant made the charged false declarations under non-coercive circumstances, and in response

5

to careful, thorough, and fair questioning. Similarly, admission of the complete transcript is necessary to demonstrate to the jury that the government has neither cherry-picked inculpatory "snippets" of testimony, nor omitted exculpatory details. The jury should be permitted to evaluate both the government's questioning and the defendant's testimony as a whole, and should not be left to speculate or wonder about the questions or answers contained in the excluded portions of the transcripts.

Third, in light of the defendant's planned "memory" defense, it is critical for the jury to have an opportunity to assess the quality of defendant's memory as reflected in his testimony throughout both grand jury appearances. In assessing all of the charged counts, the jury will be required to weigh the credibility of defendant's assertions that he was so consumed with the national security matters that he was unable to accurately recall details of the relevant events, and to determine whether, instead, the defendant knowingly made false statements and declarations, and attempted to mislead and deceive the grand jury for the purpose of obstructing justice. In order to make this assessment, the jury must be permitted to evaluate the overall content and tenor of the defendant's testimony and to compare the defendant's memory of exculpatory or neutral facts with his memory of facts that tended to inculpate him. In light of defendant's insistence that he is entitled to put before the jury a panoply of details of meetings he attended during the period May 2003 through March 2004, his attempt to keep from the jury the complete transcript of his own testimony is ironic, to say the least.

Finally, while the defendant has suggested generally that parts of the defendant's grand jury testimony are not relevant, he has not requested that any particular passages be excluded under Fed. R. Evid. 401 or 403. Contrary to defendant's suggestion, as a result of government counsel's

focused questioning of defendant before the grand jury, the transcript is limited to topics that were material to the grand jury's inquiry and are relevant to the matters in issue at trial. Moreover, the transcript contains no material that could even remotely be characterized as prejudicial or inflammatory. While the government intends to streamline its trial presentation by limiting the number of transcript passages it will publish to the jury, there is no basis in law or fact for excluding any portion of the transcript of defendant's grand jury testimony from evidence.

## CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that this Court rule that the complete transcript of defendant's grand jury testimony may be admitted during the trial of this case.

                                              Respectfully submitted,

                                              /s/
                                            PATRICK J. FITZGERALD
                                            Special Counsel

                                            Debra Riggs Bonamici
                                            Kathleen M. Kedian
                                            Peter R. Zeidenberg
                                            *Deputy Special Counsels*

                                            Office of the Special Counsel
                                            U.S. Department of Justice
                                            1400 New York Ave., N.W.
                                            Washington, D.C. 20530
                                            202-514-1187

Dated: January 3, 2006

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 3rd day of January 2007, I caused true and correct copies of the foregoing to be served on the following parties by electronic mail:

William Jeffress, Esq.
Baker Botts
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Facsimile: 202-585-1087

Theodore V. Wells, Esq.
Paul Weiss
1285 Avenue of the Americas
New York, NY 10019-6064
Facsimile: 212-373-2217

John D. Cline, Esq.
Jones Day
555 California Street
San Francisco, CA 94104
Facsimile: 415-875-5700

                                                Patrick J. Fitzgerald
                                                Special Counsel
                                                U.S. Department of Justice
                                                1400 New York Ave., N.W.
                                                Washington, D.C.  20530
                                                202-514-1187

                                                By: _____/s/_____
                                                 Debra Riggs Bonamici
                                                 Deputy Special Counsel