UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 05-394 (RBW) |
| ) | |
| I. LEWIS LIBBY ) | |
|    also known as "Scooter Libby," ) | |
|    Defendant. ) | |

## I. LEWIS LIBBY'S PROPOSED THEORY OF DEFENSE INSTRUCTION

At the request of the Court, I. Lewis Libby, through his counsel, submits the following proposed jury instruction describing the theory of defense. This instruction will be revised and expanded at the close of the evidence.

**Proposed Instruction:**

Mr. Libby denies that he intended to or did obstruct justice, make intentionally false statements to the FBI, or make intentionally false statements to the grand jury. He contends that he told the FBI and the grand jury his honest recollections at the time, and to the extent any of those recollections were incorrect, his mistakes were innocent. He contends that he lacked any notes of the conversations about which he has been accused of lying, and that he was unable to refresh his recollection by reviewing the notes of other people and discussing with them their recollections of events. He contends that any conversations he had about Ambassador Wilson's wife during June and July 2003 were so brief, and the information he received so incidental to the issues he was dealing with, that he honestly did not recall them when he was questioned about them. He contends that the amount and importance of intelligence information he was receiving and responding to during June and July 2003, and the number of vital issues of national security he was dealing with on a daily basis, dwarfed any information about Joseph Wilson's

wife's employment. Thus Mr. Libby contends that it is natural that he did not recall, or recalled incorrectly, brief conversations about the employment of Mr. Wilson's wife when the FBI's investigation began in October, and when he testified to the grand jury the following March. Mr. Libby further contends that when the investigation began, he was confident that he had not provided any information about Mr. Wilson's wife to Robert Novak, and that he had not disclosed classified information about Mr. Wilson or his wife to any other reporters. Further, Mr. Libby was well aware when he was first interviewed by the FBI and when he testified to the grand jury that the investigators could and likely would talk to the journalists he spoke with concerning Ambassador Wilson and that those journalists would truthfully recount their recollections of the conversations he had with them. Thus Mr. Libby submits he had no reason to lie to the FBI or the grand jury, and did not do so.

Dated: January 19, 2007                    Respectfully submitted,


_____/s/_____                     _____/s/_____
Theodore V. Wells, Jr.                     William H. Jeffress, Jr.
(D.C. Bar No. 468934)                      (D.C. Bar No. 041152)
James L. Brochin                           Alex J. Bourelly
(D.C. Bar No. 455456)                      (D.C. Bar No. 441422)
Paul, Weiss, Rifkind, Wharton              Baker Botts LLP
  & Garrison LLP                           1299 Pennsylvania Ave., NW
1285 Avenue of the Americas                Washington, DC  20004
New York, NY  10019-6064                   (202) 639-7751
(212) 373-3089


_____/s/_____
John D. Cline
(D.C. Bar No. 403824)
K.C. Maxwell
(*pro hac vice*)
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104
 (415) 626-3939