UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO 05-394 (RBW) |
| v. ) | |
| ) | |
| I. LEWIS LIBBY, ) | |
|     also known as "Scooter Libby" ) | |

**GOVERNMENT'S PROPOSED JURY INSTRUCTION REGARDING
DEPARTMENT OF JUSTICE GUIDELINES ON
ISSUANCE OF SUBPOENAS TO MEMBERS OF THE MEDIA**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, Special Counsel, respectfully submits the following proposed jury instruction regarding the Department of Justice Guidelines on the Issuance of Subpoenas to Members of the News Media.

## ARGUMENT

As this Court is aware, defendant is charged with obstruction of justice, perjury, and making false statements to investigators, in violation of 18 U.S.C. § § 1502, 1623 and 1001 in connection with FBI and grand jury investigations concerning leaks to reporters of previously-classified information regarding the employment of Valerie Plame Wilson. In interviews with the FBI and in two appearances before the grand jury, the defendant represented that, when he disclosed information regarding Ms. Wilson to reporters, he believed he was merely relaying information he had learned from *NBC News* correspondent Tim Russert on July 10 or 11, 2003. Mr. Russert testified that while he did speak with Mr. Libby by telephone on July 10 or 11, the issue of Ms. Wilson was not discussed during that conversation.

During the defense opening statement, counsel made the following arguments to the jury:

Yet, Mr. Russert, when he was questioned by the Government about his knowledge and his recollection of the conversation between he and Mr. Libby, Mr. Russert was only questioned for 22 minutes, 22 minutes. Mr. Russert was not even required to go down to court and appear before the Grand Jury. They interviewed Mr. Russert in a law office. All the Grand Jurors ever saw was Mr. Russert's transcript or they read it to them. Mr. Russert didn't even have to go and appear before the Grand Jury, 22 minutes.

During that 22 minutes, Mr. Russert was not asked one question about what he knew about possibly David Gregory knowing. He wasn't asked one question about Andrea Mitchell knowing, not a question. Not one question.

Mr. Fitzgerald says the FBI was concerned about getting to the truth, to the truth. Well, you're going to see that Tim Russert had a deal. He had a deal with the Government whereby he would only be questioned about his conversation with Scooter Libby and he couldn't be questioned about anything else.

So Mr. Russert wasn't required to answer any questions about Andrea Mitchell or David Gregory because he had a deal. We'll explore that deal when Mr. Russert comes to court. But in terms of getting at the truth? They didn't ask Mr. Russert about Mitchell. They didn't ask Mr. Russert about Gregory.

Now, you will find that the Government went out and did ask David Gregory and Andrea Mitchell if they would submit to an interview. And both of them told the Government, we don't want to be interviewed. We don't want to talk about it. What did the Government do? They did not subpoena Andrea Mitchell. They did not subpoena David Gregory. They just said we don't want to be interviewed. That was the end of it. Twenty-two minutes with Russert, they don't ask him. David Gregory, I don't want to be interviewed, no subpoena. Andrea Mitchell, I don't want to be interviewed, no subpoena.

Now, Andrea Mitchell, she goes on the Imus radio show and talks about what she knew readily, but she doesn't talk to the Government. I mean so we have this perverse situation where Imus on the radio is asking the tough questions. He's asking the tough questions, the guy with the cowboy hat, yet, neither Gregory nor Mitchell are subpoenaed or required to give their side of the story, nor is Russert even questioned about it.

   *  *  *

> Now, Matthew Cooper, I just talked about Russert. That's two counts. Mr. Russert is two counts of the indictment, two separate counts, false statement, perjury. Then he's part of that umbrella count, Count I. Mr. Russert, who I said only was questioned for 22 minutes, two counts of Mr. Libby's life.

1/23/07 Tr. 19, 23-24. This argument asked the jury to draw the inference from the government's limited questioning of Mr. Russert and failure to question other reporters, that the government's investigation was inadequate, and that it unfairly targeted the defendant. This argument was misleading and unfair, in that it omitted the salient fact that government counsel were bound by the Department of Justice Guidelines on the Issuance of Subpoenas to Members of the News Media, 28 C.F.R. § 50.10, which provide in pertinent part that:

- Government counsel must take an approach that "strike[s] the proper balance between the public's interest in the free dissemination of ideas and information and the public's interest in effective law enforcement and the fair administration of justice." § 50.10(a).

- "In criminal cases, there should be reasonable grounds to believe, based on nonmedia sources, that a crime has occurred, and that the information sought is essential to a successful investigation–particularly with reference to establishing guilt or innocence." § 50.10(f)(1).

- A "subpoena should not be used to obtain peripheral, nonessential, or speculative information." § 50.10(f)(1).

- Before issuing a subpoena to a member of the news media, all reasonable efforts should be made to obtain the desired information from alternative sources. § 50.10(b); § 50.10(f)(3).

- When issuance of a subpoena to a member of the media is contemplated, the government must pursue negotiations with the relevant media organization. The negotiations should seek accommodation of the interests of the grand jury and the media. "Where the nature of the investigation permits, the government should make clear what its needs are in a particular case as well as its willingness to respond to particular problems of the media." § 50.10(c).

- Wherever possible, subpoenas should be directed at information regarding a limited subject matter and a reasonably limited period of time. Subpoenas should avoid requiring

> production of a large volume of unpublished materials and provide reasonable notice of the demand for documents. § 50.10(f)(6).
>
> - Subpoena requests "should be treated with care to avoid claims of harassment." § 50.10(f)(5).

Based on this omission, the jury would necessarily infer that the government was under no constraints in seeking information from journalists, and hold against the government the fact that subpoenas were issued to a discrete number of reporters, and that the government agreed to make certain accommodations to take into account the reporters' interests in protecting information, particularly information concerning confidential sources, that was not germane to the grand jury's investigation. This inference is directly contrary to fact in that, as this Court held in ruling on the defendant's Motion to Dismiss, the Office of Special Counsel was required to adhere to the Department of Justice Guidelines. See *United States v. Libby*, 429 F. Supp. 2d 27, 42 (D.D.C. 2006)("[T]he Special Counsel cannot act outside the bounds of either his limited jurisdiction or without regard for Department of Justice policies and regulations.") Moreover, as Chief Judge Hogan found in ruling on Mr. Russert's motion to quash the subpoena:

> Assuming, *arguendo,* that the DOJ guidelines did vest a right in the movants in these cases, this Court holds that the DOJ guidelines are fully satisfied by the facts of this case as presented to the court in the *ex parte* affidavit of Patrick Fitzgerald. Furthermore, assuming *arguendo* that this Court were to determine that the journalists did possess a qualified privilege-a holding which this Court has explained is simply not supported by case law-the *ex parte* affidavit has also established that Special Counsel would be able to meet even the most stringent of balancing tests. The information requested from Mr. Cooper and Mr. Russert is very limited, all available alternative means of obtaining the information have been exhausted, the testimony sought is necessary for the completion of the investigation, and the testimony sought is expected to constitute direct evidence of innocence or guilt.
>
> Given the argument made in the defense opening, it is important that the jury be informed

that the government was not free to obtain any information it desired from any and all reporters it

chose to subpoena, but was obligated to act with restraint, and with a view toward accommodating the needs of members of the media. Therefore, the government requests that the Court give the following instruction:

> **PROPOSED INSTRUCTION RELATING TO SUBPOENAS TO REPORTERS**
> In order to obtain testimony or documents from reporters or other members of the news media, government counsel was required to comply with the Department of Justice Guidelines on the Issuance of Subpoenas to Members of the News Media, 28 C.F.R. § 50.10. Under these guidelines, government counsel was required to:
>
> - Attempt to "strike the proper balance between the public's interest in the free dissemination of ideas and information and the public's interest in effective law enforcement and the fair administration of justice," and treat any subpoena requests to reporters with "care to avoid claims of harassment";
>
> - Pursue negotiations with reporters prior to issuing any subpoena, seeking to accommodate the interests of both the grand jury and the media; and
>
> - Seek from reporters information limited with respect to both subject matter and time frame, requesting only information essential to a successful criminal investigation, particularly with reference to establishing guilt or innocence, and only information unavailable from alternative sources; and
>
> - Refrain from issuing subpoenas to reporters in the absence of reasonable grounds to believe that a crime had occurred.

## **CONCLUSION**

For all of the foregoing reasons, the government respectfully requests that this Court provide the foregoing instruction at the conclusion of the case.

Respectfully submitted,

_____/s/_____
PATRICK J. FITZGERALD
Special Counsel
Debra Riggs Bonamici
Kathleen M. Kedian
Peter R. Zeidenberg
*Deputy Special Counsels*

Office of the Special Counsel
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C. 20530
202-514-1187

Dated: February 6, 2007

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 6th day of February, 2006, I caused true and correct copies of the foregoing to be served on the following parties by electronic mail:

William Jeffress, Esq.
Baker Botts
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Facsimile: 202-585-1087

Theodore V. Wells, Esq.
Paul Weiss
1285 Avenue of the Americas
New York, NY 10019-6064
Facsimile: 212-373-2217

John D. Cline, Esq.
Jones Day
555 California Street
San Francisco, CA 94104
Facsimile: 415-875-5700

Patrick J. Fitzgerald
Special Counsel
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C.  20530
202-514-1187

By:      /s/
 Debra Riggs Bonamici
 Deputy Special Counsel