UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. NO 05-394 (RBW) |
| v. | ) | |
| | ) | |
| I. LEWIS LIBBY, | ) | |
| also known as "Scooter Libby" | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTION
## REGARDING CLASSIFIED INFORMATION

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, SPECIAL
COUNSEL, respectfully submits the following proposed jury instruction regarding classified
information.

## ARGUMENT

During the defense Opening Statement, defense counsel argued that:

> I am not even permitted to talk about most of what  he did because it is so top secret.
> I am going to have to later read a script to you about what his job was all about, his
> day job. . . . They are going to make me read a script because I can't even talk about
> the details, but there is no dispute.

1/23/07 a.m. TR. 92.

> And later on, after lunch, we will go through what the government has agreed I can
> say about his job because under the rules -- and it's nobody's fault; I don't blame the
> government or anybody else -- Mr. Libby's job involved such issues of secrecy and
> national importance that to disclose the details of what he did could hurt the country.
> So I accept that.  I accept that.

*Id.* at 101.

\*     \*     \*

> Now, this time chart just shows you what's going on in terms of that week in terms
> of national security issues.  The bullets on the time chart have more specificity than
> the Government's statement I was permitted to read, but I also have to read these
> verbatim.  Okay?  I have to read them verbatim.  I cannot go beyond the four corners.

1/23/07 p.m. TR. 51-52.

As this Court recognized, these arguments were misleading and unfair, in that they inaccurately suggested to the jury that (a) the government was responsible for imposing restrictions on the defendant's ability to defend against the charges; and (b) the defendant's ability to present a defense was impaired as a result of the need to protect the secrecy of classified information.  See 1/23/07 p.m. TR 4-5 ("I am more troubled by the second part of the statement because it suggests that the Government has put a straight jacket on you.  And therefore, you can't say what you otherwise would say when in fact it's the Court that did that. . . . So I think, to the extent that you're suggesting that the Government somehow has constrained you from being able to present your case, is not fair. . . . Technically, it's really the Court that imposed the restrictions."); 1/23/07 p.m. TR 59 (". . . I do have concerns with the way it came out because, whether my rulings are liked or not, they're rulings that I felt I had to make.  I think they're the correct rulings.  Obviously, at some point if there is a conviction, a higher court will tell us whether those rulings were correct or not.  But those rulings were obviously predicated on the theory that Mr. Libby was substantially able or is able substantially to submit his defense to the jury despite the limitations that have been imposed.  So, to the extent that it's being suggested that he's being hampered from presenting that defense, I think that's an incorrect impression, an inappropriate impression to give because, from a legal perspective, I made a decision that he is able to substantially present his defense.  And it's being suggested that's not the case.  I think that is an inappropriate impression.")

In order to correct the misleading impression created by the defense opening, and to inform the jury that the Court, rather than the government, is responsible for imposing restrictions to protect classified information, and that the Court has made a determination that the defendant's ability to present a defense is not impaired as a result of the need to protect the secrecy of classified

information, the government proposes that the Court instruct the jury as follows:

## GOVERNMENT'S PROPOSED INSTRUCTION ON RESTRICTIONS RELATED TO PROTECTING THE SECRECY OF CLASSIFIED INFORMATION

In order to protect the national security, I made a legal ruling prior to trial that certain classified information could not be discussed during the trial by the witnesses or the lawyers.  In many cases, I have ruled that a substitution or summary of the information in an unclassified form would suffice for the point being made.  In making my ruling, I determined that prohibiting the witnesses and lawyers from discussing information at a level of detail that would be classified would not unfairly impair the defendant's ability to present a defense.  You may not in any way hold my ruling against the government, or consider or speculate about classified information that may not have been presented during the trial based upon my ruling.

## CONCLUSION

For all of the foregoing reasons, the government respectfully requests that this Court provide the foregoing instruction at the conclusion of the case.

Respectfully submitted,

_____/s/_____
PATRICK J. FITZGERALD
Special Counsel
Debra Riggs Bonamici
Kathleen M. Kedian
Peter R. Zeidenberg
*Deputy Special Counsels*

Office of the Special Counsel
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C.  20530
202-514-1187

Dated:  February 6, 2007

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned, hereby certify that on this 6th day of February, 2006, I caused true and

correct copies of the foregoing to be served on the following parties by electronic mail:

William Jeffress, Esq.
Baker Botts
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Facsimile: 202-585-1087

Theodore V. Wells, Esq.
Paul Weiss
1285 Avenue of the Americas
New York, NY 10019-6064
Facsimile: 212-373-2217

John D. Cline, Esq.
Jones Day
555 California Street
San Francisco, CA 94104
Facsimile: 415-875-5700

Patrick J. Fitzgerald
Special Counsel
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C.  20530
202-514-1187

By: _____/s/_____
 Debra Riggs Bonamici
 Deputy Special Counsel