UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Cr. No 05-394 (RBW) |
| : | |
| I. LEWIS LIBBY, : | |
| a/k/a "Scooter Libby" : | |

GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
REQUEST FOR DISCLOSURE OF INFORMATION RELATING TO
ACCOMMODATIONS PROVIDED TO MEDIA WITNESS TIM RUSSERT

The United States of America, by and through Patrick J. Fitzgerald, Special Counsel, hereby respectfully submits this memorandum in opposition to defendant's request for the production of documents and information concerning communications between the government and counsel for witness Tim Russert related to obtaining his testimony in the course of the grand jury investigation. As demonstrated below, the defendant is not entitled to demand irrelevant details concerning the discussions that preceded the taking of Mr. Russert's testimony.

## BACKGROUND

*Anticipated Testimony of Government Witness Tim Russert*

As this Court is aware, the government plans to call *NBC News* correspondent Tim Russert as a witness in its case-in-chief. The government anticipates that Mr. Russert will testify that, during the week following the appearance of former Ambassador Joseph Wilson on *NBC*'s "Meet the Press," Mr. Russert received a telephone call from the defendant in which defendant complained about statements made by *MSNBC* television host Chris Matthews on July 7 and 8, 2003. Mr. Russert will testify that, during this conversation, neither he nor the defendant made any mention of Valerie Plame Wilson or her employment at the CIA.

*Motion to Quash Subpoena*

In May 2004, pursuant to the Department of Justice Guidelines Regarding the Issuance of Subpoenas to Members of the News Media, the government requested that Tim Russert voluntarily cooperate by testifying before the grand jury. Mr. Russert, through counsel, sought to avoid providing testimony in this matter, first by attempting to convince the Special Counsel that Mr. Russert had nothing relevant to say because he had not been the recipient of any leak regarding Ms. Wilson's employment, and then by filing a motion (under seal) to quash the grand jury subpoena issued for his testimony. After Mr. Russert's motion was denied on July 21, 2004, the Special Counsel and counsel for Mr. Russert agreed on a procedure pursuant to which Mr. Russert would forego an appeal and provide testimony.

*Mr. Russert's Grand Jury Testimony*

On August 7, 2004, Mr. Russert was interviewed under oath in a deposition. By agreement, the deposition was conducted as if Mr. Russert were in the grand jury, with the exception that counsel for Mr. Russert and NBC was permitted to be present in the room. The questioning of Mr. Russert was limited to telephone conversation(s) between Mr. Libby and Mr. Russert on or about July 10, 2003 (and any follow up conversations) which involved Mr. Libby complaining to Mr. Russert in his capacity as NBC Bureau Chief about the on-the-air comments of another NBC correspondent, including whether during that conversation Mr. Russert imparted information concerning the employment of Ambassador Wilson's wife to Mr. Libby, or whether the employment of Mr. Wilson's wife was otherwise discussed in the conversation.

*Discovery*

The government provided defendant with extensive details regarding information obtained from reporters during the course of the grand jury proceeding on February 2, 2006. This disclosure included copies of correspondence between the Special Counsel and Mr. Russert's lawyers concerning the scope of the testimony sought by the government and the manner in which Mr. Russert's testimony would be taken. In addition, as part of its Jencks Act disclosures, the government produced to the defendant (a) the report of the FBI interview of Mr. Russert,[1] and (b) the transcript of Mr. Russert's August 7, 2004 deposition. The government also obtained an order unsealing the transcript of the oral argument on the motion to quash, and provided a copy of the transcript to the defense. Finally, the government informed the defense by letter of the following agreements reached between the Special Counsel and counsel for Mr. Russert: (a) the parties' agreement that nothing said during the parties' negotiations would be reported by Mr. Russert in the press, or argued by the government to constitute a waiver of any rights or privileges that could be asserted by Mr. Russert in litigation over the subpoena; (b) the government's agreement that it would refrain from arguing that Mr. Russert's statements to the FBI constituted a waiver for purposes of the subpoena litigation; and (c) the government's agreement to schedule Mr. Russert's deposition so that he could proceed with plans to cover the 2004 Democratic National Convention.

The government has been informed that the defense is in possession of all of the public

---

[1] As indicated in the Government's Memorandum in Opposition to Defendant's Request for Disclosure of Information Related to Accommodations Provided to Media Witness Tim Russert, notes taken during this interview have not been located, despite a diligent search.

filings and orders in connection with Mr. Russert's motion to quash,[2] but not the government's *ex parte* submissions, which remain under seal. In addition to all of the following, the defense has access to a substantial number of public statements by Mr. Russert. In sum, the government is in possession of nothing to which the defendant is entitled under the Jencks Act, *Brady*, *Giglio* or Rule 16 that has not been provided to the defense.

Nevertheless, in a letter dated February 3, 2007, defense counsel requested the following additional details concerning communications between counsel for the government and counsel for Mr. Russert:

1. Please inform us when the agreements described in your letter were reached and identify the persons involved in negotiating those agreements.

2. Were the agreements made in writing? If so, please provide those written materials.

3. What if anything was Chief Judge Hogan told about Mr. Russert's FBI Interview and/or the agreement that the government would not argue that the interview did not constitute a waiver of any rights or privileges asserted by Mr. Russert in his motion to quash?

4. If there was any further information disclosed to Chief Judge Hogan, through *ex parte* filings or otherwise, concerning information received from Mr. Russert or regarding negotiations with Mr. Russert or NBC, please provide it as soon as possible.

In response, the government informed the defense that government counsel that Chief Judge Hogan was indeed informed of the accommodations made with respect to the subpoena to Mr. Russert, and that there were no formal written agreements between the government and Mr. Russert. Counsel declined to provide the defense with any further details concerning communications between counsel for the government and Mr. Russert.

---

[2] Mr. Russert's motion was litigated jointly with a motion to quash by former *Time* magazine reporter Matthew Cooper.

## ARGUMENT

**Defendant Has Received All Information Regarding the Circumstances Surrounding Mr. Russert's Prior Testimony to Which He Is Entitled.**

The government has provided the defense with substantial discovery and, given the nature of Mr. Russert's profession, there is a wealth of public information through which the defense may search for cross-examination material. Nothing in the government's possession is inconsistent with the prior testimony or statements made by Mr. Russert during the course of the grand jury investigation, or in any way reflects the existence of any tacit agreements, incentives or benefits beyond those provided as part of government counsel's efforts to "accommodate the interests of both the grand jury and the media" as required by the DOJ Guidelines. While the government disputes the notion that accommodations made to members of the news media are, as defense counsel has suggested, "benefits" akin to concessions made for plea or immunity agreements, the government nevertheless has disclosed all accommodations to the defense.

Contrary to its suggestion, the defense is not entitled to a detailed accounting of which members of the Special Counsel's Office were involved in discussions with Mr. Russert's counsel, details concerning the substance of such conversations, or the various means by which such discussions were, or were not, memorialized. Such information has no possible bearing on Mr. Russert's credibility.

In seeking statements by counsel for Ari Fleischer the defense previously relied on a district court case from the Central District of California – *United States v. Sudikoff*, 36 F. Supp. 2d 1196 (C.D. Cal. 1999)(requiring the disclosure of notes of multiple proffer sessions with a witness that "led to the leniency agreement"). Mr. Russert received no "leniency," and neither *Sudikoff* nor any

5

other decision of which government counsel requires the government to provide the defense with a description of every conversation between lawyers for the government and a reporter witness prior to the witness's providing testimony for use in a grand jury investigation, irrespective of its impeachment value.

While the government strongly objects to the notion that the defense is entitled to anything beyond what has already been provided to the defense, the government has provided the Court, in a separate pleading, filed *ex parte* and under seal, an Affidavit of Patrick J. Fitzgerald which sets forth a summary of relevant conversations with Mr. Russert's counsel.

## **CONCLUSION**

For all of the foregoing reasons, the government respectfully requests that this Court rule that the government has complied with its obligations of discovery with respect to witness Tim Russert.

Respectfully submitted,

/s/
PATRICK J. FITZGERALD
Special Counsel

Debra Riggs Bonamici
Kathleen M. Kedian
Peter R. Zeidenberg
*Deputy Special Counsels*

Office of the Special Counsel
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C. 20530
202-514-1187

Dated: February 5, 2007

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 5th day of February, 2007, I caused true and correct copies of the foregoing to be served on the following parties by electronic mail:

William Jeffress, Esq.
Baker Botts
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Facsimile: 202-585-1087

Theodore V. Wells, Esq.
Paul Weiss
1285 Avenue of the Americas
New York, NY 10019-6064
Facsimile: 212-373-2217

John D. Cline, Esq.
Jones Day
555 California Street
San Francisco, CA 94104
Facsimile: 415-875-5700

Patrick J. Fitzgerald
Special Counsel
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C.  20530
202-514-1187

By: _____/s/_____
 Debra Riggs Bonamici
 Deputy Special Counsel

Dated: February 5, 2007