THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. NO. 05-394 (RBW) |
| v. | ) | |
| | ) | |
| I. LEWIS LIBBY, | ) | |
| also known as Scooter Libby | ) | |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE THE ADMISSION OF
IRRELEVANT EVIDENCE CONCERNING COLLATERAL MATTERS**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, Special

Counsel, respectfully submits this motion *in limine* to preclude the attempted impeachment of

government witnesses by the introduction of irrelevant evidence concerning collateral matters.

## INTRODUCTION

As this Court is aware, defendant is charged with obstruction of justice, perjury, and making

false statements to investigators, in violation of 18 U.S.C. §§ 1503, 1623 and 1001 in connection

with an investigation concerning the possible unauthorized disclosure of classified information

regarding the employment of Valerie Plame Wilson, the wife of former Ambassador Joseph Wilson.

The government has been provided an extensive list of potential defense witnesses.  Of

course, the government does not know which, if any, witnesses will be called by the defense.  Nor

does the government know what evidence the defense intends to adduce through such witnesses.

However, in reviewing the defendant's witness list, it appears that the defense may call witnesses

for the sole purpose of impeaching the testimony of witnesses called by the government.  The

government anticipates that the defense may seek to impeach government witnesses by offering

contradictory testimony or by the admission of prior inconsistent statements.  While the government

has no quarrel with the general proposition that a defendant may impeach by contradiction or by

prior inconsistent statements, the government anticipates that one or more of the defendant's witnesses may be asked to offer testimony that is inadmissible either because (a) it is collateral to the issues at hand, (b) it is not truly contradictory or inconsistent (and, therefore, is irrelevant); or (c) it is so marginally relevant, if at all, that its probative value is substantially outweighed by the risk of confusing the issues, misleading the jury, and needlessly protracting the trial, all of which are grounds for excluding the evidence under Rule 403.

The government files this memorandum to advise the Court of its position on these matters and to seek appropriate evidentiary rulings, before the defense begins calling witnesses, so as to minimize delay and the number of objections made in the presence of the jury, to maintain the jury's focus, and to ensure that proper limiting instructions are given when and where appropriate. All of these matters are entrusted to the broad discretion of this Court. *See United States v. Walker*, 930 F.2d 789, 791 (10th Cir. 1991) ("it is well settled that it is not improper for the trial judge to limit impeachment on matters that are deemed collateral or irrelevant"); *United States v. Mulinelli-Navas*, 111 F.3d 983, 988 (1st Cir. 1997) ("[t]he inquiry into what is collateral is squarely within the trial court's discretion"); *United States v. Hale*, 422 U.S. 171, 176 (1975) ("[a] basic rule of evidence provides that prior inconsistent statements may be used to impeach the credibility of a witness. As a preliminary matter, however, the court must be persuaded that the statements are indeed inconsistent"); *United States v. Agajanian*, 852 F.2d 56, 58 (2d Cir. 1988) ("the determination of whether statements are in fact inconsistent is committed to the sound discretion of the district court").

2

## ARGUMENT

### I.    Inadmissibility of Collateral Evidence

A defendant may impeach a government witness "by contradiction," that is, by offering evidence which contradicts the witness's testimony on a material issue. *United States v. Fonseca*, 435 F.3d 369, 375 (D.C. Cir. 2006); *United States v. Halperin*, 441 F.2d 612, 617 (5th Cir. 1971). This does not mean, however, that the defendant may seek to contradict a witness's testimony in whatever way, and to whatever extent, he desires. The law is well settled that a party may not present extrinsic evidence to impeach a witness by contradiction on a collateral or irrelevant matter elicited on cross-examination. *United States v. Tarantino*, 846 F.2d 1384, 1409 (D.C. Cir. 1988); *Mulinelli-Navas*, 111 F.3d at 988; *United States v. Ford*, 21 F.3d 759, 764 (7th Cir. 1994); *United States v. Beauchamp*, 986 F.2d 1, 3 (1st Cir. 1993).[1] "This rule stems from the trial judge's power under Fed. R. Evid. 403 to exclude evidence which is more prejudicial, misleading, or confusing than probative" (*Walker*, 930 F.2d at 791), to maintain a level of "concentration of attention" (*Tarantino*, 846 F.2d at 1409 (internal quotation marks omitted)), to avoid "undue extension of the trial" (*id*.), and "to avoid holding mini-trials on irrelevant or collateral matters." *Beauchamp*, 986 F.2d at 3 n.1. "In an old English case the rule is justified as a consequence of our not having a thousand year life span." *Tarantino*, 846 F.2d at 1409.

An issue is collateral if it is not relevant for any purpose other than the simple contradiction of a witness's in-court testimony. *United States v. Payne*, 102 F.3d 289, 294 (7th Cir. 1996); *Beauchamp*, 986 F.2d at 4. The "offered testimony must not only contradict a statement of [the

---

[1] "'Evidence is 'extrinsic' if offered through documents or other witnesses, rather than through cross-examination of the witness himself or herself.'" *United States v. Boulerice*, 325 F.3d 75, 82 n.5 (1st Cir. 2003) (quoting *Weinstein's Federal Evidence*, § 608.20[1] (2d ed. 2003)).

witness], but must also be material to [the defendant]'s guilt or innocence." *Mulinelli-Navas*, 111 F.3d at 988.  Ultimately, the admissibility of such evidence hinges on whether it is relevant under Rule 402, satisfies the balancing test of Rule 403, and is not barred by any other rule of evidence. *Beauchamp*, 986 F.2d at 4; *Tarantino*, 846 F.2d at 1409.  As the court of appeals held long ago, the term collateral "can mean no more than the matter inquired about is not logically relevant, independently of 'pure' impeachment, to the issues or cause on trial or is so only in so remote and indirect a manner that the authoritative tribunal thinks it should not be inquired into in a case of contradiction by extrinsic testimony or, in one of self-contradiction, further than to make inquiry of the witness." *Ewing v. United States*, 135 F.2d 633, 640 (D.C. Cir. 1942).

To the extent that the defense intends to offer any evidence solely for purposes of contradicting a government witness on a collateral matter, "it [i]s clearly exclud[a]ble." *Beauchamp*, 986 F.2d at 4.  For example, in *Mulinelli-Navas*, *supra*, a witness on cross-examination referred to an interview that he previously had with an attorney named Murray.  111 F.3d at 988.  The witness's in-court testimony regarding his interactions with the defendant differed from statements that he had made during his interview with Murray.  *Id*.  The witness testified that he lied during that interview because Murray had told him that the purpose of the interview was to "protect" the defendant.  *Id*. At trial, the defendant sought to call Murray to impeach the witness' testimony that Murray had told the witness that the interview was intended to protect the defendant.  *Id*.  The trial court refused to allow the testimony, and the court's ruling was upheld on appeal because the defendant had failed "to indicate any independent and material ground for admitting Murray's testimony as to what he told [the witness] at the time of the interview" and the testimony "was relevant only to [the witness'] credibility on a matter immaterial to [defendant]'s guilt." *Mulinelli-Navas*, 111 F.3d at 988; *see also*

4

*Beauchamp*, 986 F.2d at 4 (no abuse of discretion in refusing to allow defendant to present testimony impeaching the credibility of a government witness who testified that he lived at a certain address; the proposed testimony was properly excluded not only because it was collateral but because it was "inconclusive," "said little about [the witness'] personal involvement in the crime," and the "marginal relevance" of the proposed testimony was outweighed by "time and effort" required to present the testimony).

## II.    Prior Inconsistent Statements

Just as Rules 402 and 403 govern the use of extrinsic evidence to impeach a witness by contradiction, those same rules govern the use of extrinsic evidence to impeach a witness with a prior inconsistent statement.  Before a defendant may present evidence of a prior inconsistent statement, he must establish (1) that the statement is in fact inconsistent with the witness's trial testimony; (2) that the subject matter of the statements is relevant; and (3) that the requirements of Fed. R. Evid. 613 are satisfied.  *United States v. Strother*, 49 F.3d 869, 874 (2d Cir. 1995); *United States v. Thompson*, 708 F.2d 1294, 1302 (8th Cir. 1983); *United States v. Rogers*, 549 F.2d 490, 495-97 (8th Cir. 1976).  Rule 613 expressly requires that the prior statement "be shown or disclosed to opposing counsel" on request (Fed. R. Evid. 613(a)), that the witness  be afforded the opportunity "to explain or deny the [statement]" (Fed. R. Evid. 613(b)),  and that and the opposing party be afforded an opportunity "to interrogate the witness thereon."  *Id*.

In order for a prior inconsistent to be used to impeach, it is necessary that the prior statement actually be inconsistent with the witness's in-court testimony.  If, during the trial, a witness cannot recall making a prior statement, that does not automatically open the door for the defendant to admit extrinsic evidence of the prior statement.  *See United States v. Grubbs*, 776 F.2d 1281, 1287 (5th Cir.

1985) ("a claim of faulty memory does not constitute an inconsistent statement"); *United States v. Palumbo*, 639 F.2d 123, 128 n.6 (3d Cir. 1981) ("[s]everal courts have recognized that lack of memory as to the substance of a prior statement may not be inconsistent in certain circumstances with the prior statement").  See, generally, *United States v. Guaranty Trust of New York*, 100 F.2d 369, 372 (2d Cir. 1938)(holding that, where two witnesses testified with specificity about what was said concerning a particular issue during a meeting, while a third witness present at the meeting testified that he "did not believe" anything was said on the topic in question, but "he had no definite recollection of what occurred there," the testimony of the third witness could "hardly be deemed to be a contradiction of the occurrences remembered by" the first two witnesses, in light the third witness's admission regarding his memory.)

Where a witness openly admits to having made a prior inconsistent statement, admission of evidence of the prior statement may be unnecessary.  *United States v. Soundingsides*, 825 F.2d 1468, 1470 (10th Cir. 1987)( "the witness is thereby impeached and further testimony is not necessary") (internal quotation marks omitted); *Dennis*, 625 F.2d at 796 (accord).  Depending on the circumstances, application of the best evidence rule may also counsel in favor of admission.  *Gordon v. United States*, 344 U.S. 414, 420-21 (1953)("[t]he elementary wisdom of the best evidence rule rests on the fact that the document is a more reliable, complete and accurate source of information as to its contents and meaning than anyone's description and this is no less true as to the extent and circumstances of a contradiction.  We hold that the accused is entitled to the application of that rule, not merely because it will emphasize the contradiction to the jury, but because it will best inform them as to the document's impeaching weight and significance"); *Williams v. United States*, 403 F.2d 176, 179 (D.C. Cir. 1968).

If a defendant attempts to call a law enforcement agent or use that agent's report as proof of a prior inconsistent statement by a witness, then the trial court should pay careful attention to whether the defendant has laid a proper foundation for the use of such extrinsic evidence. "[A] witness may not be impeached with a third party's characterization or interpretation of a prior oral statement unless the witness has subscribed to or otherwise adopted the statement as his own." *United States v. Saget*, 991 F.2d 702, 710 (11th Cir. 1993) (district court properly sustained objection to defendant's attempt to use an FBI agent's summary because defendant failed to show that the witness had adopted the statements as his own); *see also United States v. Gantt*, 617 F.2d 831, 841 (D.C. Cir. 1980) (agent's notes did not constitute statement of witness within meaning of Jencks Act because witness did not sign or otherwise adopt the notes and they were not verbatim recital of witness's statements); *United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980) ("a witness may not be charged with a third party's characterization of his statements unless the witness has subscribed to them").

Attempts at impeachment by omissions from agent reports also warrant careful scrutiny, as the test for admission of such evidence is "plainly elastic": "Prior statements that omit details covered at trial are inconsistent if it would have been 'natural' for the witness to include them in the earlier statement." *United States v. Stock*, 948 F.2d 1299, 1301 (D.C. Cir. 1991). "[T]he 'naturalness' of a witness's decision to omit a point may depend on nuances of the prior statement's context, as well as on his own loquacity." *Id.*; *compare United States v. Ayotte*, 741 F.2d 865, 870-71 (6th Cir. 1984) (trial court erred in not allowing cross-examination of an agent who testified about a matter to which he had not testified in the grand jury and which was omitted from his report) *with Leonardi*, 623 F.2d at 756-57 (witness's trial testimony was mere "augment[ation]" of prior

statements omitting facts); *Victory v. Bombard*, 570 F.2d 66, 70 (2d Cir. 1978) (detective's notes of prior statements made by witness and transcript of interview by the prosecutor contained no mention of statement made a trial; "[t]he omissions and variously recorded statements were not necessarily inconsistent with any aspect of [the witness]'s testimony").

## <u>CONCLUSION</u>

For all of the foregoing reasons, the government respectfully requests that this Court preclude the introduction of irrelevant evidence regarding matters collateral to a determination of the defendant's guilt or innocence.

Respectfully submitted,

_____/s/_____
PATRICK J. FITZGERALD
Special Counsel

Debra Riggs Bonamici
Kathleen M. Kedian
Peter R. Zeidenberg
*Deputy Special Counsels*
Office of the Special Counsel
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C.  20530
202-514-1187

Dated:   February 7, 2007

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 7th day of February 2007, I caused true and

correct copies of the foregoing to be served on the following parties by electronic mail:


William Jeffress, Esq.
Baker Botts
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Facsimile: 202-585-1087

Theodore V. Wells, Esq.
Paul Weiss
1285 Avenue of the Americas
New York, NY 10019-6064
Facsimile: 212-373-2217

John D. Cline, Esq.
Jones Day
555 California Street
San Francisco, CA 94104
Facsimile: 415-875-5700

Patrick J. Fitzgerald
Special Counsel
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C.  20530
202-514-1187

By: _____/s/_____
 Debra Riggs Bonamici
 Deputy Special Counsel

Dated: February 6, 2007