THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.            ) | Cr. No. 05-394 (RBW) |
| ) | |
| I. LEWIS LIBBY, ) | |
|   also known as "Scooter Libby," ) | |
|   Defendant. ) | |

### I. LEWIS LIBBY'S RESPONSE TO THE GOVERNMENT'S MEMORANDUM IN OPPOSITION TO REQUEST FOR DISCLOSURE OF INFORMATION RELATING TO GOVERNMENT WITNESS TIM RUSSERT

To ensure that it has all materials necessary to prepare an effective cross-examination of the government's final witness, NBC correspondent Tim Russert, the defense requested a limited amount of discovery regarding the facts and circumstances surrounding the litigation of Mr. Russert's motion to quash the grand jury subpoena and his subsequent deposition. *See* Govt's Memo. in Opp'n to Defendant's Request for Disclosure of Information Relating to Accommodations Provided to Media Witness Tim Russert (Dkt. 269) (filed Feb. 5, 2007). The government has produced certain materials in response to those requests, such that the defense now has all materials docketed in connection with the grand jury litigation—save for the ex parte filings the government submitted in response to Mr. Russert's motion. The government has also withheld certain information regarding the government's communications with Mr. Russert and his counsel regarding the accommodations Mr. Russert received from the government in connection with his deposition. The government contends that it is not required to

produce this remaining material and has now submitted yet another ex parte filing in support of that position.

Mr. Libby is plainly entitled to obtain discovery of the facts and circumstances surrounding Mr. Russert's grand jury litigation and his subsequent deposition, as such information may well provide effective means of cross-examining Mr. Russert regarding both his credibility and ability to recall. The government itself has (at least tacitly) acknowledged as much through the documents and information it has already voluntarily provided. Mr. Libby cannot, of course, say specifically how the information described in the government's ex parte submission could be of use. We merely reiterate our request that the Court order the production of all such material consistent with its obligations under Rule 16 and *Giglio*.

Regarding the ex parte filings submitted in opposition to Mr. Russert's motion to quash, it is unclear why, at this stage of the litigation, those materials remain under seal. At a minimum, the Court should review these materials for the information that may assist in cross-examining Mr. Russert.

## CONCLUSION

For the foregoing reasons, Mr. Libby respectfully requests that the Court deny the government's Motion.

Dated: February 6, 2007

*Theodore Wells/by pen*

Theodore V. Wells, Jr.
(D.C. Bar No. 468934)
James L. Brochin
(D.C. Bar No. 455456)
Paul, Weiss, Rifkind, Wharton
 & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Tel: (212) 373-3089

*John Cline/by KCM*

John D. Cline
(D.C. Bar No. 403824)
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104
Tel: (415) 626-3939

Respectfully Submitted,

*Bill Jeffress/by KCM*

William H. Jeffress, Jr.
(D.C. Bar No. 041152)
Alex J. Bourelly
(D.C. Bar No. 441422)
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 639-7551