THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO. 05-394 (RBW) |
| v. ) | |
| ) | |
| I. LEWIS LIBBY, ) | |
|     also known as Scooter Libby ) | |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE
THE TESTIMONY OF JILL ABRAMSON**

    The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, Special Counsel, respectfully submits this motion *in limine* to preclude the testimony of Jill Abramson, a former Washington bureau chief for the *New York Times* and former editor of reporter Judith Miller. The defendant is seeking Ms. Abramson's testimony in an effort to impeach Ms. Miller; however, the testimony should be precluded because it would constitute an improper attempt to present extrinsic evidence to impeach a witness on a collateral matter, as well as an improper attempt to use impeachment to introduce an otherwise inadmissible prior statement.

**BACKGROUND**

    The defendant has indicated that he intends to call Jill Abramson as a witness but has not disclosed to the Government any *Jencks* material for Ms. Abramson. To the government's knowledge, Ms. Abramson did not participate in any of the interviews with the defendant that are the subject of this case, and can offer no testimony relevant to any of the issues in dispute.

    Based on the questions the defendant asked on cross examination of Judith Miller about Ms. Miller's conversations with Ms. Abramson,[1] we expect the defendant is seeking to call Ms. Abramson to provide extrinsic evidence to impeach Ms. Miller. On cross examination, Ms. Miller

---

[1] Ms. Miller offered no testimony on direct examination about any conversations she may have had with Ms. Abramson.

testified that she had suggested to Ms. Abramson, then the *Times*' Washington bureau chief, that someone should pursue the issue of "whether or not Joe Wilson's wife works at the Agency and, if so, what she does." 1/30/07 p.m. Tr. at 60. Ms. Miller further testified on cross examination that Ms. Abramson seemed "distracted that day," and Ms. Abramson "didn't have a response" to Ms. Miller's comment other than to say, "'Uh-huh.'" *Id.* at 61. The Government suspects the defendant will ask Ms. Abramson if she shares the same recollection of the conversation described by Ms. Miller. It appears from press accounts that Ms. Abramson has been asked in the past whether she recalls that a strong recommendation was made to her by Ms. Miller for Ms. Miller to pursue a story about the Wilsons and that Ms. Abramson then refused this request. Ms. Abramson has indicated in those press reports that she did not recall Ms. Miller asking to pursue a request to do a story herself. *See* Don Van Natta Jr., Adam Liptak & Clifford Levy, The Miller Case: A Notebook, A Cause, a Jail Cell and a Deal The New York Times October 16, 2005 Sunday, N.Y. Times, October 16, 2005; Byron Calame, The Miller Mess: Lingering Issues Among the Answers, N.Y. Times, October 23, 2005.

## ARGUMENT

In briefs previously filed with the Court, the government set forth the legal bases for prohibiting the admission of otherwise inadmissible and irrelevant evidence for the purpose of impeaching witnesses on collateral matters. *See* R. 266, 271. In brief summary,[2] the law is well settled that a party may not present extrinsic evidence to impeach a witness by contradiction on a collateral or irrelevant matter elicited on cross-examination. *United States v. Tarantino*, 846 F.2d

---

[2] Rather than restate the full legal bases for the preclusion of certain impeachment testimony, the Government refers the Court to the arguments made in those previous briefs.

1384, 1409 (D.C. Cir. 1988); *United States. v. Mulinelli-Navas*, 111 F.3d 983, 988 (1st Cir. 1997); *United States v. Ford*, 21 F.3d 759, 764 (7th Cir. 1994); *United States v. Beauchamp*, 986 F.2d 1, 3 (1st Cir. 1993).[3]

    Moreover, a party cannot call a witness for the primary purpose of impeaching that witness with an otherwise inadmissible prior statement. Although Rule 607 of the Federal Rules of Evidence provides that "[t]he credibility of a witness may be attacked by any party, including the party calling the witness," courts have consistently held that it is improper for a party to call a witness for the primary purpose of putting before the jury evidence that is not otherwise admissible. *See United States v. Johnson*, 802 F.2d 1459, 1466 (D.C. Cir. 1986) (holding that it was "entirely inappropriate" for the prosecution to call a witness for the sole purpose of bringing about the admission of a statement that was not independently admissible); *United States v. Peterman*, 841 F.2d 1474, 1479 n.3 (10th Cir. 1988)(noting that "[e]very circuit has said evidence that is inadmissible for substantive purposes may not be purposely introduced under the pretense of impeachment"); *United States v. Sebetich*, 776 F.2d 412, 429 (3d Cir. 1985) ("It is well established, however, that witnesses may not be called for the purposes of circumventing the hearsay rule by means of Rule 607"); *United States v. Morlang*, 531 F.2d 183, 190 (4th Cir. 1975) ("The overwhelming weight of authority is, however, that impeachment by prior inconsistent statement may not be permitted where employed as a mere subterfuge to get before the jury evidence not otherwise admissible"); *United States v. Fay*, 668 F.2d 375, 379 (8th Cir. 1981) ("Although Rule 607 allows a party to impeach his own witness, '(c)ourts

---

[3] "'Evidence is 'extrinsic' if offered through documents or other witnesses, rather than through cross-examination of the witness himself or herself.'" *United States v. Boulerice*, 325 F.3d 75, 82 n.5 (1st Cir. 2003) (quoting *Weinstein's Federal Evidence*, § 608.20[1] (2d ed. 2003)).

must be watchful that impeachment is not used as a subterfuge to place otherwise inadmissible hearsay before the jury'"); *United States v. Webster*, 734 F.2d 1191, 1192 (7th Cir. 184).

I. **THE TESTIMONY OF MS. MILLER AND PRIOR STATEMENTS OF MS. ABRAMSON ARE NOT DIRECTLY INCONSISTENT AND ARE COLLATERAL.**

The defendant seeks to elicit testimony from Ms. Abramson that would impeach Ms. Miller on a collateral matter elicited on cross-examination, namely, whether Ms. Miller suggested to Ms. Abramson that the New York Times pursue a story on Ms. Wilson. To constitute proper impeachment, the "offered testimony must not only contradict a statement of [the witness], but must also be material to [the defendant]'s guilt or innocence." *Mulinelli-Navas*, 111 F.3d at 988. Here, it is not clear that Ms. Abramson's expected testimony does in fact contradict Ms. Miller's testimony. Unless Ms. Abramson will affirmatively testify that Ms. Miller made no recommendation that the paper follow up on the tip provided by defendant regarding Ms. Wilson, her account would not be inconsistent with that of Ms. Miller.

In any event, such testimony would not be "material to [the defendant]'s guilt or innocence," *Mulinelli-Navas*, 111 F.3d at 988, and would be relevant for no purpose other than the "simple contradiction of [Ms. Miller's] in-court testimony." See *United States v. Payne*, 102 F.3d 289, 294 (7th Cir. 1996); *Beauchamp*, 986 F.2d at 4. The admission of such testimony poses the risk of confusing the jury and bogging down the trial to resolve a dispute over the accuracy of Ms. Miller's and Ms. Abramson's perception of a collateral conversation, and would take the jury far afield from the defendant's actions and the defendant's state of mind. Ms. Abramson's testimony also cannot satisfy the requirements of Rule 613, for defense counsel never confronted Ms. Miller with it, and thereby failed to give her "an opportunity to explain or deny." Fed. R. Evid. 613(b).

## II. MS. ABRAMSON SHOULD NOT BE CALLED TO ADMIT PRIOR HEARSAY STATEMENTS OUT OF CONTEXT.

The defendant also may be seeking testimony from Ms. Abramson for the purpose of impeaching her with an otherwise inadmissible prior statement. If Ms. Abramson is permitted to testify, it is likely she will testify that she does not recall a conversation with Ms. Miller in which Ms. Miller suggested that someone at the *New York Times* pursue a story on Ms. Wilson. At that point, the defendant could seek to impeach Ms. Abramson with prior statements from press accounts for the purpose of suggesting that Ms. Abramson previously denied that such a conversation occurred. This would be an improper attempt to admit a prior inconsistent statement for the truth of the matter asserted therein. *Johnson*, 802 F.2d at 1466. It is important to note first of all that the statements reflected in press accounts upon which defendant would rely are not Ms. Abramson's; they derive from articles written by others. Thus, they could not be used to impeach Ms. Abramson's testimony. Moreover, as explained above, the prior statements which the defendant would be attributing to Ms. Abramson, and with which the defendant would be attempting to impeach her, are not directly inconsistent with Ms. Miller's testimony.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court preclude the defendant from eliciting testimony from Ms. Abramson.

Respectfully submitted,

/s/
PATRICK J. FITZGERALD
Special Counsel

Debra Riggs Bonamici
Kathleen M. Kedian
Peter R. Zeidenberg
*Deputy Special Counsels*
Office of the Special Counsel
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C. 20530
202-514-1187

Dated:  February 7, 2007

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that on this 7th day of February 2007, I caused true and correct copies of the foregoing to be served on the following parties by electronic mail:

    William Jeffress, Esq.
    Baker Botts
    The Warner
    1299 Pennsylvania Avenue, N.W.
    Washington, DC 20004-2400
    Facsimile: 202-585-1087

    Theodore V. Wells, Esq.
    Paul Weiss
    1285 Avenue of the Americas
    New York, NY 10019-6064
    Facsimile: 212-373-2217

    John D. Cline, Esq.
    Jones Day
    555 California Street
    San Francisco, CA 94104
    Facsimile: 415-875-5700

    Patrick J. Fitzgerald
    Special Counsel
    U.S. Department of Justice
    1400 New York Ave., N.W.
    Washington, D.C. 20530
    202-514-1187

    By: \_\_\_\_\_/s/\_\_\_\_\_
    Kathleen M. Kedian
    Deputy Special Counsel

Dated: February 7, 2007