UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.    )<br>)<br>)<br>I. LEWIS LIBBY,    )<br>    also known as "Scooter Libby."   )<br>) | CR. NO. 05-394 (RBW) |

**RESPONSE OF DEFENDANT I. LEWIS LIBBY TO GOVERNMENT'S MOTIONS IN LIMINE CONCERNING IMPEACHMENT OF PROSECUTION WITNESSES**

The government has filed two motions seeking to insulate its witnesses from attacks on their credibility: a general motion in limine, which recites a series of abstract and largely undisputed principles that govern impeachment evidence,[1] and a motion to exclude the testimony of Jill Abramson, who will impeach government witness Judith Miller on a critical point.[2] The Court should deny both motions and address evidentiary issues as they arise during the testimony.

The principles that the government describes at such length in its general motion come down to this: the Court has discretion under Fed. R. Evid. 403 to exclude extrinsic impeachment evidence if the dangers cited in the rule substantially outweigh the probative value of the evidence. *See, e.g., United States v. Fonseca*, 435 F.3d 369, 375-76 (D.C. Cir. 2006); *United States v. Tarantino*, 846 F.2d 1384, 1409 (D.C. Cir. 1988). But the Court cannot make this judgment in the abstract; only in the context of particular questions and answers can the Court

---

[1] Government's Motion in Limine to Preclude the Admission of Irrelevant Evidence Concerning Collateral Matters (filed Feb. 7, 2007).

[2] Government's Motion in Limine to Preclude the Testimony of Jill Abramson (Feb. 7, 2007).

properly exercise its discretion under Rule 403. Thus, the Court should allow the impeachment witnesses to be called and address specific evidentiary objections, under Rule 403 or any other rule of evidence, as they arise.

The government's general motion in limine appears designed to force the defense to preview the direct examination of any witness whom the defense intends to call for impeachment purposes. That is not a proper use of a motion in limine. The government has no right to a preview of the direct examination of defense witnesses. If the Court needs an understanding of the impeachment evidence before a particular witness takes the stand, we are prepared to make an *ex parte* proffer of what we expect to establish.

The government's second motion challenges the testimony of Ms. Abramson, who was the New York Times Washington Bureau Chief at the relevant time. Ms. Abramson will squarely impeach a key point in Ms. Miller's testimony. Ms. Miller testified that "a very short time" after her second meeting with Mr. Libby (on July 8), she told Ms. Abramson that she "should have someone pursue this, whether or not Joe Wilson's wife works at the Agency and, if so, what she does." T. 1/30/07 at 60. Far from being "collateral," as the government contends, this testimony is highly significant; if true, it would tend to corroborate Ms. Miller's claim that Mr. Libby mentioned Ms. Wilson during the June 23 and July 8 meetings. But Ms. Abramson (who has communicated with the defense only through counsel) "strongly asserted" to New York Times Public Editor Byron Calame "that Ms. Miller never asked to pursue an article about the operative." Byron Calame, *The Miller Mess: Lingering Issues Among the Answers*, New York Times, Oct. 23, 2005; *see also* Don Van Natta Jr., *The Miller Case: A Notebook, A Cause, a Jail Cell and a Deal*, New York Times, Oct. 16, 2005 ("Ms. Abramson, the Washington bureau chief

at the time, said Ms. Miller never made any such recommendation.").[3]  Assuming that Ms. Abramson testifies consistently with her statements to her own newspaper, her testimony will squarely contradict Ms. Miller on a critical point.  To exclude this evidence, as the government suggests, would violate both the rules of evidence and Mr. Libby's Fifth and Sixth Amendment right to present a defense.

The government also argues that the defense intends to call Ms. Abramson for the primary purpose of impeaching her with otherwise inadmissible evidence.  Nonsense.  We expect Ms. Abramson to testify consistent with her prior statements.  If she varies from those statements, she will be subject to the usual techniques that the rules of evidence permit: refreshment of recollection under Fed. R. Evid. 612 and, if necessary, impeachment under Fed. R. Evid. 607.  There is nothing remotely objectionable about calling Ms. Abramson under these circumstances.

The government invokes Rule 613(b) and contends that the defense failed to confront Ms. Miller with her prior inconsistent statement.  But this is not an instance of impeachment by prior inconsistent statement.  Ms. Miller did not describe her alleged conversation with Ms. Abramson differently on a previous occasion.  Had she done so, impeachment by prior inconsistent statement would be appropriate, and Rule 613(b) would apply.  Instead, Ms. Miller described an alleged conversation with Ms. Abramson, and Ms. Abramson has flatly denied that the conversation occurred.  Rule 613(b) thus has no application, because (in the language of the rule) the impeachment is not by "prior inconsistent statement of [the] witness."

---

[3] The government mischaracterizes Ms. Abramson's statements, as reported in these articles.  According to the government (at page 2 of the Abramson motion), "Ms. Abramson has indicated [in the articles] that she did not recall Ms. Miller asking to pursue a request to do a story herself."  In fact, according to the articles Ms. Abramson unequivocally denies that Ms. Miller made such a request.

3

## CONCLUSION

For the foregoing reasons, the Court should deny the government's motions in limine and address objections as they arise during the testimony of the defense impeachment witnesses.

Date: February 8, 2007                                   Respectfully submitted,


/s/ Theodore V. Wells, Jr.                               /s/ William H. Jeffress, Jr.
Theodore V. Wells, Jr.                                   William H. Jeffress, Jr.
DC Bar No. 468934                                        DC Bar No. 041152
James L. Brochin                                         Alex Bourelly
DC Bar No. 455456                                        DC Bar No. 441422
Paul, Weiss, Rifkind, Wharton                            Baker Botts LLP
  & Garrison LLP                                         1299 Pennsylvania Ave., NW
1285 Avenue of the Americas                              Washington, DC  20004
New York, NY  10019-6064                                 (202) 639-7751
(212) 373-3089


/s/ John D. Cline
John D. Cline
DC Bar No. 403824
K.C. Maxwell
(*pro hac vice*)
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94101