# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 05-394 (RBW) |
| | ) | |
| I. LEWIS LIBBY, | ) | |
| also known as "Scooter Libby," | ) | |
| Defendant. | ) | |

## AMENDED OFFER OF PROOF

     Mr. Libby respectfully submits this offer of proof for the purpose of impeaching government witness Tim Russert and showing that Mr. Russert is biased and motivated to testify in a manner against defendant's interest.[1]

     1.    The defense wishes to elicit testimony regarding Mr. Russert's knowledge that on October 3, 2003, on the CNBC television program *Capital Report*, in response to a question about "how widely known it was in Washington that Joe Wilson's wife worked for the CIA," Mr. Russert's NBC colleague Andrea Mitchell stated:

---

[1] This Amended Offer of Proof differs slightly from the Offer of Proof submitted to the Court and the government during the cross-examination of Mr. Russert on February 8. It has been amended to reflect, as indicated during oral argument on that day, that Mr. Libby sought to introduce the evidence described herein to impeach Mr. Russert, as well as to show his motive and bias. To be clear, the defense will seek to use the same materials to show motive and bias on the part of Andrea Mitchell and to impeach her testimony, in the event it is necessary to do so. *See* Consolidated Opposition Of Defendant I. Lewis Libby To Government's Motion In Limine To Preclude Testimony Of Andrea Mitchell And To Motion Of Non-Party Andrea Mitchell To Quash Subpoena In Part (Dkt. 275) (filed Feb. 9, 2007). Mr. Libby will also seek to admit Ms. Mitchell's statements on the October 3, 2003 *Capital Report* program for their truth under the residual hearsay exception, Fed. R. Evid. 807. The relevant video clip of this program, as well as the other programs described in this filing, were submitted to the Court and presented to the government as DX 1972 on February 8.

It was widely known among those of us who cover the intelligence community and who were actively engaged in trying to track down who among the foreign service community was the envoy to Niger. So a number of us began to pick up on that. But frankly I wasn't aware of her actual role at the CIA and the fact that she had a covert role involving weapons of mass destruction, not until Bob Novak wrote it.

2.      On November 10, 2005, after Mr. Libby had been indicted, Ms. Mitchell was a guest on the radio and television program *Imus in the Morning*, hosted by Don Imus. Mr. Imus questioned Ms. Mitchell about the October 3, 2003 statement described above. To the knowledge of the defense, this was the first time that Ms. Mitchell was publicly confronted with this statement and asked to explain it. During that conversation with Mr. Imus, Ms. Mitchell sought to retract her October 3, 2003 statement, saying, in sum and in substance, that she must have misspoken or been confused.

3.      It is the defense's position that Ms. Mitchell was motivated to retract her October 3, 2003 statement because it demonstrated that Mr. Russert may also have known, prior to July 14, 2003, that Valerie Wilson was employed by the CIA. This was because Mr. Russert and Ms. Mitchell worked closely together in the Washington Bureau of NBC News, which, during the week of July 6, 2003, had been covering the story of Mr. Wilson's trip to Niger, his criticism of the Bush Administration, and the "sixteen words" in the 2003 State of the Union Address by President Bush. Mr. Russert had made public statements to the effect that he shared information with Ms. Mitchell, including information about this specific story. If Ms. Mitchell had not retracted her prior statement, great embarrassment would have been caused to Mr. Russert and the NBC television network, particularly because the indictment against Mr. Libby was

based in large part on testimony provided by Mr. Russert that he did not know about Ms. Wilson's wife's employment.

4.      Subsequently, on November 22, 2005, Mr. Russert was a guest on the *Imus in the Morning* program.  Mr. Imus asked Mr. Russert about Ms. Mitchell's October 3, 2003 statement.  Mr. Russert said that Ms. Mitchell "has not said that," and then said that when "she said that she had misspoke or misheard the question or something."

5.      On November 23, 2005, Ms. Mitchell was again a guest on the *Imus in the Morning* program.  She was confronted by Mr. Imus with her October 3, 2003 statement, her November 10, 2005 attempted retraction, and with Mr. Russert's comments the previous day regarding her statements about Ms. Wilson.  Ms. Mitchell sought to explain her previous statements and stated that she had had discussions with Mr. Russert about the subject of Mr. Wilson, his trip to Niger, and the "sixteen words."

6.      The forgoing events are, in the defense's view, powerful evidence that both Mr. Russert and Ms. Mitchell are biased against Mr. Libby and have a strong motivation to shade their testimony against him in order to prevent public embarrassment to Mr. Russert and NBC.  This evidence also serves valuable impeachment purposes. The jury is entitled to view this evidence in assessing the credibility of Mr. Russert's testimony regarding his conversation with Mr. Libby — testimony which the government itself has conceded is crucial to its case.

## CONCLUSION

For the foregoing reasons, I. Lewis Libby respectfully requests that the Court permit the evidence described herein to be offered.

Dated:  February 8, 2007                    Respectfully submitted,


_____/s/_____                _____/s/_____
Theodore V. Wells, Jr.                     William H. Jeffress, Jr.
(DC Bar No. 468934)                        (DC Bar No. 041152)
James L. Brochin                           Alex J. Bourelly
(DC Bar No. 455456)                        (DC Bar No. 441422)
Paul, Weiss, Rifkind, Wharton              Baker Botts LLP
  & Garrison LLP                           1299 Pennsylvania Avenue, NW
1285 Avenue of the Americas                Washington, DC  20004
New York, NY  10019-6064                   Tel:  (202) 639-7751
Tel:  (212) 373-3089                       Fax: (202) 585-1087
Fax: (212) 373-2217


_____/s/_____
John D. Cline
(D.C. Bar No. 403824)
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104
Tel:  (415) 626-3939
Fax: (415) 875-5700