UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.                                                          )<br>)<br>)<br>I. LEWIS LIBBY,                                          )<br>    also known as "Scooter Libby."      )<br>                                                                   ) | CR. NO. 05-394 (RBW) |

**PROPOSED JURY INSTRUCTION REGARDING DISMISSAL
OF THE JULY 12 MILLER CONVERSATION**

Mr. I. Lewis Libby, through undersigned counsel, respectfully moves this Court to give an instruction at the beginning of the defense's case informing the jury that the July 12, 2003 conversation has been dismissed as one of the allegedly obstructive actions. The Court, upon the request of Mr. Libby, instructed the jury upon its empanelment as to the three allegedly obstructive actions set forth in the obstruction of justice count. Now that one has been dropped, a jury instruction is appropriate so that the jury does not distract itself unnecessarily by questioning why Mr. Libby's case-in-chief and his closing argument do not focus upon this conversation. Mr. Libby proposes the following instruction, which is modified from Redbook Instruction 1.17(B):

PROPOSED INSTRUCTION

When this trial started, I described to you the charges against Mr. Libby. I told you that Count One, which charges obstruction of justice, alleges that Mr. Libby falsely testified to the grand jury concerning conversations with three reporters, Mr. Russert, Mr. Cooper, and Ms. Miller. Now, however, this trial has progressed to the point where the government has rested its case and one of those allegations — that Mr. Libby lied about his conversation with Judith Miller on July 12, 2003 — has been dropped. That aspect of the obstruction of justice count must be of no further concern to you, and the fact that

Mr. Libby was previously alleged to have obstructed justice by lying about his conversation with Ms. Miller on July 12, 2003 cannot in any way influence your verdict regarding the guilt or innocence of Mr. Libby on the remaining charges in the indictment. Count One, the obstruction of justice count, is now based solely on the allegation that Mr. Libby falsely testified to the grand jury concerning his conversations with two reporters, Mr. Russert and Mr. Cooper.

Date: February 12, 2007

Respectfully submitted,

/s/ Theodore V. Wells, Jr.
Theodore V. Wells, Jr.
DC Bar No. 468934
James L. Brochin
DC Bar No. 455456
Paul, Weiss, Rifkind, Wharton
 & Garrison LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3089

/s/ William H. Jeffress, Jr.
William H. Jeffress, Jr.
DC Bar No. 041152
Alex J. Bourelly
DC Bar No. 441422
Baker Botts LLP
1299 Pennsylvania Ave., NW
Washington, DC  20004
(202) 639-7751

/s/ John D. Cline
John D. Cline
DC Bar No. 403824
K.C. Maxwell
(*pro hac vice*)
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94101