UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. NO 05-394 (RBW) |
| v. | ) | |
| | ) | |
| I. LEWIS LIBBY, | ) | |
| also known as "Scooter Libby" | ) | |

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF
GOVERNMENT'S PROPOSED VERDICT FORM**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, SPECIAL
COUNSEL, respectfully submits the following Memorandum of Law in Support of Government
Proposed Verdict Form.

**INTRODUCTION**

On January 30, 2007, the parties submitted proposed verdict forms. The defendant's
proposed form, in contrast to the government's, requires that the jury answer multiple special
interrogatories with respect to each count of the indictment. Whereas, in the government's view, the
law requires that the jury be given special unanimity instructions in this case, it is not necessary that
the jury report their findings in special interrogatories, and it is inappropriate to encumber any
Special Verdict Form that is used with repetitions of parts of the Court's elements instructions.
Because the Court has expressed the desire to use a special verdict form in this case, the government
summarizes below the legal principles generally applicable to the use of special verdict forms, and
offers a proposed special Verdict Form to be used in lieu of the form proposed by the defense.

**ARGUMENT**

A "special unanimity" instruction is required "when there is a genuine risk of juror confusion
or of conviction resulting from different jurors concluding the defendant committed different acts."

*United States v. Sayan*, 968 F.2d 55, 65 (D.C. Cir. 1992). When a charge in an indictment encompasses separate acts, any one of which is sufficient for a finding of guilty, such as multiple, distinct false statements alleged in a single count, the D.C. Circuit, as a rule, will "requir[e] an instruction on the need for unanimity on the particular acts on which a guilty verdict is based.." *United States v. North*, 910 F.2d 843, 874, 876 (D.C. Cir.) ("as a rule a general instruction on unanimity like the one given in the present case — advising the jury that its members must unanimously agree on any aspect of the case as to which it renders a verdict — protects the defendant's right to a unanimous jury decision")(internal quotation marks omitted), *modified in part*, 920 F.2d 940 (D.C. Cir. 1990). In this case, the government has proposed the use of special unanimity instructions.[1]

It does not, however, automatically follow from a determination to give a special unanimity instruction that the jury must be required to answer specific questions proposed by the defendant, or by the government, or to return a special verdict.[2] To the contrary, special verdicts are generally

---

[1] On the other hand, there is no requirement of jury unanimity regarding which of several means were used to commit a single offense, however. *E.g.*, *Schad v. Arizona*, 501 U.S. 624, 650 (1991) (Scalia, J., concurring)("[I]t has long been the general rule that when a single crime can be committed in various ways, jurors need not agree upon the mode of commission. That rule is not only constitutional, it is probably indispensable in a system that requires a unanimous jury verdict to convict. When a woman's charred body has been found in a burned house, and there is ample evidence that the defendant set out to kill her, it would be absurd to set him free because six jurors believe he strangled her to death (and caused the fire accidentally in his hasty escape), while six others believe he left her unconscious and set the fire to kill her.)

[2] The terms "special verdicts" and "special interrogatories" often are used loosely and interchangeably, but they are not the same. *See* Nepveu, "Beyond 'Guilty' or 'Not Guilty': Giving Special Verdicts in Criminal Jury Trials," 21 Yale L. & Pol'y Rev. 263 (2003) ("[a] true special verdict is one where the jury does not render a general verdict of guilty or not guilty, but simply finds certain facts and leaves the rest to the court. True special verdicts are almost never used in criminal cases, because by taking away the jury's power to render a verdict, they violate the Sixth Amendment

2

disfavored in criminal cases (*United States v. Ellis*, 168 F.3d 558, 562 (1st Cir. 1999)). Whereas the use of a special verdict may be appropriate or even necessary in limited cases, such as when the defendant faces conviction "on counts charging the violation of multiple statutes, each with different maximum sentences" (*United States v. Todd*, 920 F.2d 399, 407 (6th Cir. 1990)), or where "the finding of an overt act is constitutionally necessary to conviction, or when the defendant requests or approves a special verdict as a means of more precisely determining an appropriate and fair punishment" (*North*, 910 F.2d at 911 (citations omitted)), in most cases, the use of special verdicts is within the broad discretion of the trial court. *North*, 910 F.2d at 910 (holding that, although the "the preferable practice is to require the jury to come to one general verdict as to each count," the district court has discretion). *See also United States v. Ogando*, 968 F.2d 146, 149 (2d Cir. 1992) (noting a preference for special interrogatories in particularly complex criminal cases, but declining "to delineate bright-line rules for determining when such interrogatories should be employed or in what form," and that "defendants may not demand special interrogatories as of right, let alone demand a specific form of special interrogatory") (citations omitted).

## PROPOSED SPECIAL VERDICT FORM

The government objects to the use of the special Verdict Form proposed by the defense on two grounds: first, the proposed Verdict Form incorporates *portions* of the legal instructions regarding the elements of the offenses, and, second, the proposed form fails to accurately set forth the individual charged false statements upon which verdicts of guilty could be reached. The

---

'right to have a jury make the ultimate determination of guilt'. ... Today, juries commonly return information beyond a simple 'guilty' or 'not guilty' in a wide range of criminal cases. Though these are often called 'special verdicts,' they are not true special verdicts: They provide additional information that accompanies, but does not replace, the general verdict") (footnotes omitted).

repetition of portions of the Court's elements instructions and omission of others is likely to confuse and mislead the jury by suggesting that following certain instructions is necessary while following others is optional.  The Court will instruct the jury that it must follow all of the instructions. Therefore, it is unnecessarily confusing and misleading to repeat portions of the instructions on the verdict form.  The government has provided an alternative proposed Special Verdict Form that omits the repetition of jury instructions, and corrects inaccuracies in the specification of the charged false statements.  The government's proposed Special Verdict Form is attached.

## <u>CONCLUSION</u>

For all of the foregoing reasons, the United States respectfully requests that this Court provide the jury with the attached Verdict Form.

Respectfully submitted,

_____/s/_____

PATRICK J. FITZGERALD
Special Counsel
Debra Riggs Bonamici
Kathleen M. Kedian
Peter R. Zeidenberg
*Deputy Special Counsels*

Office of the Special Counsel
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C.  20530
202-514-1187

Dated:  February 14, 2007

4

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 14th day of February, 2007, I caused true and correct copies of the foregoing to be served on the following parties by electronic mail:

William Jeffress, Esq.
Baker Botts
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Facsimile: 202-585-1087

Theodore V. Wells, Esq.
Paul Weiss
1285 Avenue of the Americas
New York, NY 10019-6064
Facsimile: 212-373-2217

John D. Cline, Esq.
Jones Day
555 California Street
San Francisco, CA 94104
Facsimile: 415-875-5700

Patrick J. Fitzgerald
Special Counsel
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C.  20530
202-514-1187

By: _____/s/_____
Debra Riggs Bonamici
Deputy Special Counsel

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. NO. 05-394 (RBW) |
| v. | ) | |
| | ) | |
| I. LEWIS LIBBY, | ) | |
| also known as Scooter Libby | ) | |

## VERDICT FORM

## COUNT ONE

Answer each of the following questions with respect to Count One of the indictment, in which Mr. Libby is charged with obstruction of justice:

1.      We the jury, unanimously find that the government

PROVED ☐                    FAILED TO PROVE ☐

beyond a reasonable doubt that the defendant, I. LEWIS LIBBY, committed the offense charged in Count One by making the following declaration to the grand jury, under oath, in March 2004:

> When Mr. Libby spoke with Tim Russert of *NBC News*, on or about July 10, 2003, Mr. Russert asked Mr. Libby if Mr. Libby knew that Joseph Wilson's wife worked for the CIA, and told Mr. Libby that all the reporters knew it.

2.      We the jury, unanimously find that the government

PROVED ☐                    FAILED TO PROVE ☐

beyond a reasonable doubt that the defendant, I. LEWIS LIBBY, committed the offense charged in Count One by making the following declaration to the grand jury, under oath, in March 2004:

> At the time of his conversation with Tim Russert of *NBC News* on or about July 10, 2003, Mr. Libby was surprised to hear from Mr. Russert that Joseph Wilson's wife worked for the CIA.

3.      We the jury, unanimously find that the government

        PROVED ☐             FAILED TO PROVE ☐

beyond a reasonable doubt that the defendant, I. LEWIS LIBBY, committed the offense charged in

Count One by making the following declaration to the grand jury, under oath, in March 2004:

> Mr. Libby advised Matthew Cooper of *Time* magazine on or about
> July 12, 2003 that he had heard that other reporters were saying that
> Joseph Wilson's wife worked for the CIA, and further advised Mr.
> Cooper that he did not know whether this assertion was true.

4.      If you answered "FAILED TO PROVE" with respect to ALL of the foregoing questions, you

should find Mr. Libby NOT GUILTY of Count One.

      If you answered "PROVED" to ONE OR MORE of the foregoing questions, you should find

Mr. Libby GUILTY of Count One.

      With respect to Count One,

      We, the jury, find the defendant, I. LEWIS LIBBY (Check one):

        GUILTY      ☐           NOT GUILTY      ☐

## COUNT TWO

Answer each of the following questions with respect to Count Two of the indictment, in which Mr. Libby is charged with knowingly and willfully making materially false statements to agents of the Federal Bureau of Investigation:

1.     We the jury, unanimously find that the government

PROVED  ☐                    FAILED TO PROVE  ☐

beyond a reasonable doubt that the defendant, I. LEWIS LIBBY, committed the offense charged in Count Two by making the following statement to agents of the FBI on or about October 14 and November 26, 2003:

> When Mr. Libby spoke with Tim Russert of *NBC News*, on or about July 10, 2003, Russert asked Mr. Libby if Mr. Libby knew that Joseph Wilson's wife worked for the CIA, and told Mr. Libby that all the reporters knew it.

2.     We the jury, unanimously find that the government

PROVED  ☐                    FAILED TO PROVE  ☐

beyond a reasonable doubt that the defendant, I. LEWIS LIBBY, committed the offense charged in Count Two by making the following statement to agents of the FBI on or about October 14 and November 26, 2003:

> At the time of his conversation with Tim Russert of *NBC News* on or about July 10, 2003, Mr. Libby was surprised to hear from Mr. Russert that Joseph Wilson's wife worked for the CIA.

3

3.      If you answered "FAILED TO PROVE" with respect to BOTH of the foregoing questions,

you should find Mr. Libby NOT GUILTY of Count Two.

        If you answered "PROVED" to ONE OR BOTH of the foregoing questions, you should find

Mr. Libby GUILTY of Count Two.


        With respect to Count Two,

        We, the jury, find the defendant, I. LEWIS LIBBY (Check one):

                GUILTY        ☐                NOT GUILTY        ☐

4

**<u>COUNT THREE</u>**

With respect to Count Three of the indictment, in which Mr. Libby is charged with knowingly and willfully making materially false statements to agents of the Federal Bureau of Investigation on or about October 14 and November 26, 2003, namely, that:

> When Mr. Libby spoke with Tim Russert of *NBC News*, on or about July 10, 2003, Russert asked Mr. Libby if Mr. Libby knew that Joseph Wilson's wife worked for the CIA, and told Mr. Libby that all the reporters knew it.

We, the jury, find the defendant, I. LEWIS LIBBY (Check one):

GUILTY    ☐              NOT GUILTY    ☐

## COUNT FOUR

With respect to Count Four of the indictment, in which Mr. Libby is charged with perjury by, on March 5, 2004, making the following declaration to the grand jury, under oath, regarding a conversation that he represented he had with Tim Russert of *NBC News*, on or about July 10, 2003 (underlined portions alleged as false):

> . . . . And then he said, you know, did you know that this – excuse me, did you know that Ambassador Wilson's wife works at the CIA?  And I was a little taken aback by that.  I remember being taken aback by it.  And I said – he may have said a little more but that was – he said that.  And I said, no, I don't know that.  And I said, no, I don't know that intentionally because I didn't want him to take anything I was saying as in any way confirming what he said, because at that point in time I did not recall that I had ever known, and I thought this is something that he was telling me that I was first learning.  And so I said, no, I don't know that because I want to be very careful not to confirm it for him, so that he didn't take my statement as confirmation for him.

> Now, I had said earlier in the conversation, which I omitted to tell you, that this – you know, as always, Tim, our discussion is off-the-record if that's okay with you, and he said, that's fine.

> So then he said – I said – he said, sorry – he, Mr. Russert said to me, did you know that Ambassador Wilson's wife, or his wife, works at the CIA?  And I said, no, I don't know that.  And then he said, yeah – yes, all the reporters know it.  And I said, again, I don't know that.  I just wanted to be clear that I wasn't confirming anything for him on this.  And you know, I was struck by what he was saying in that he thought it was an important fact, but I didn't ask him anymore about it because I didn't want to be digging in on him, and he then moved on and finished the conversation, something like that.

We, the jury, find the defendant, I. LEWIS LIBBY (Check one):

GUILTY        ☐                    NOT GUILTY        ☐

**COUNT FIVE**

Answer each of the following questions with respect to Count Five of the indictment, in which Mr. Libby is charged with perjury:

1.      We the jury, unanimously find that the government

    PROVED ☐                        FAILED TO PROVE ☐

beyond a reasonable doubt that the defendant, I. LEWIS LIBBY, committed the offense charged in Count Five by, on March 5, 2004, making the following declaration to the grand jury, under oath, regarding a conversation that he had with Matthew Cooper on or about July 12, 2003 (underlined portions alleged as false):

Q.      And it's your specific recollection that when you told Cooper about Wilson's wife working at the CIA, you attributed that fact to what reporters –

A.      <u>Yes</u>.

Q.      – plural, were saying.  Correct?

A.      <u>I was very clear to say reporters are telling us that because in my mind I still didn't know it as a fact.  I thought I was – all I had was this information that was coming in from the reporters.</u>

                    . . . .

Q.      And at the same time you have a specific recollection of telling him, you don't know whether it's true or not, you're just telling him what reporters are saying?

A.      <u>Yes, that's correct, sir.  And I said, reporters are telling us that, I don't know if it's true.  I was careful about that because among other things, I wanted to be clear I didn't know Mr. Wilson. I don't know – I think I said, I don't know if he has a wife, but this is what we're hearing.</u>

_____

2.     We the jury, unanimously find that the government

       PROVED  ☐                    FAILED TO PROVE  ☐

beyond a reasonable doubt that the defendant, I. LEWIS LIBBY, committed the offense charged in

Count Five by, on March 24, 2004, making the following declaration to the grand jury, under oath,

regarding conversations with reporters (underlined portions alleged as false):

> Q.     And let me ask you this directly.  Did the fact that you knew that the law
> could turn, the law as to whether a crime was committed, could turn on where
> you learned the information from, affect your account for the FBI when you
> told them that you were telling reporters Wilson's wife worked at the CIA but
> your source was a reporter rather than the Vice-President?
>
> A.     <u>No, it's a fact.  It was a fact, that's what I told the reporters</u>.
>
> Q.     And you're, you're certain as you sit here today that every reporter you told
> that Wilson's wife worked at the CIA, you sourced it back to other reporters?
>
> A.     <u>Yes, sir</u>, because it was important for what I was saying and because it was
> – that's what – <u>that's how I did it.</u>

3.    We the jury, unanimously find that the government

PROVED ☐                    FAILED TO PROVE ☐

beyond a reasonable doubt that the defendant, I. LEWIS LIBBY, committed the offense charged in

Count Five by, on March 24, 2004, making the following declaration to the grand jury, under oath,

regarding conversations with reporters (underlined portions alleged as false):

Q.    The next set of questions from the Grand Jury are – concern this fact.  If you did not understand the information about Wilson's wife to have been classified and didn't understand it when you heard it from Mr. Russert, why was it that you were so deliberate to make sure that you told other reporters that reporters were saying it and not assert it as something you knew?

A.    I want – I didn't want to – I didn't know if it was true and I didn't want people – I didn't want the reporters to think it was true because I said it.  I – all I had was that reporters are telling us that, and by that I wanted them to understand it wasn't coming from me and that it might not be true.  Reporters write things that aren't true sometimes, or get things that aren't true.  So I wanted to be clear they didn't, they didn't think it was me saying it.  I didn't know it was true and I wanted them to understand that.  Also, it was important to me to let them know that because what I was telling them was that I don't know Mr. Wilson.  We didn't ask for his mission.  That I didn't see his report.  Basically, we didn't know anything about him until this stuff came out in June.  And among the other things, I didn't know he had a wife.  That was one of the things I said to Mr. Cooper.  I don't know if he's married.  And so I wanted to be very clear about all this stuff that I didn't, I didn't know about him.  And the only thing I had, I thought at the time, was what reporters are telling us.

4.    We the jury, unanimously find that the government

        PROVED  ☐                FAILED TO PROVE  ☐

beyond a reasonable doubt that the defendant, I. LEWIS LIBBY, committed the offense charged in

Count Five by, on March 24, 2004, making the following declaration to the grand jury, under oath,

regarding conversations with reporters (underlined portions alleged as false):

> Well, talking to the other reporters about it, I don't see as a crime.  What I said to the
> other reporters is what, you know – <u>I told a couple reporters what other reporters had
> told us</u>, and I don't see that as a crime.

5.     If you answered "FAILED TO PROVE" with respect to ALL of the foregoing questions, you should find Mr. Libby NOT GUILTY of Count Five.

If you answered "PROVED" to ONE OR MORE of the foregoing questions, you should find Mr. Libby GUILTY of Count Five.

With respect to Count Five,

We, the jury, find the defendant, I. LEWIS LIBBY (Check one):

GUILTY          ☐                    NOT GUILTY          ☐


_____                              _____
FOREPERSON


_____                              _____


_____                              _____


_____                              _____


_____                              _____


_____                              _____

11