UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. NO 05-394 (RBW) |
| v. | ) | |
| | ) | |
| I. LEWIS LIBBY, | ) | |
| also known as "Scooter Libby" | ) | |

**GOVERNMENT'S CONSOLIDATED**
**PROPOSED JURY INSTRUCTIONS**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, SPECIAL COUNSEL, respectfully submits the following response to defendant's proposed jury instructions.

**GENERAL INSTRUCTIONS**

The government proposes that, after the close of all evidence, the Court give the following general instructions from the Bar Association of the District of Columbia's *Criminal Jury Instructions* (4th ed. Revised 2005)(The Red Book)("D.C. Form Instructions"):

1.04 (Stipulation of Fact/Testimony)

1.07 (Questions Not Evidence)

1.10 (Prior inconsistent statement)

1.11 (Prior consistent statement)

2.01 (Function of the Court)

2.02 (Function of the Jury)

2.03 (Jury's Recollection Controls)

2.04 (Evidence in the Case) [edit]

2.05 (Statements of Counsel)

2.06 (Indictment Not Evidence)

2.07 (Inadmissible or Stricken Evidence)

2.08 (Burden of Proof)

2.09 (Reasonable Doubt)

2.10 (Direct / Circumstantial Evidence)

2.11 (Credibility of Witnesses (as modified))

2.13 (Number of Witnesses)

2.14 (Nature of Charges Not Considered)

2.23 (Testimony of Immunized Witness

2.27 (Right of Defendant Not to Testify)

2.42 (Character or Reputation of Defendant)

2.48 (Statements of the Defendant - Substantive Evidence)

2.52 (Multiple Counts)

2.70 (Redacted Documents or Tapes)

2.71 (Selection of Foreperson)

2.73 (Exhibits During Deliberations - par. 1)

2.75 (Communications between Court and Jury)

2.76 (Copy of Instructions)

3.02 (Proof of State of Mind)

3.07 (“On or about” – Proof of)

**INSTRUCTIONS REGARDING ELEMENTS OF THE CHARGED OFFENSES**

The government has no objection to, and agrees to, the instructions regarding the elements of the charged offenses (18 U.S.C. §§ 1001, 1503, and 1623), together with definitions of terms, that were provided to the jury as part of the preliminary instructions. The government understands, and agrees, that when the elements instructions are given at the conclusion of the case, the Court will add to the instructions related to all counts: (a) a detailed description of the charged false statements at issue in each count; and (b) language requiring unanimity with respect to the false statements. We object to the addition of any language beyond that which was contemplated by the Court at the time that the preliminary instructions were given, as nothing has occurred during the trial to warrant any such additions. The government further objects to the notion of adding a summary of the theory of the defense at the bottom of every elements instruction, as the defense has suggested.

The government also objects to the inclusion of language regarding ambiguity in the instructions related to the perjury and false statements counts. No question or answer has been identified as "ambiguous," nor is there any contention that any of the charged statements may be interpreted in such a way as to be "literally true." Thus, there is no ambiguity for the jury to "weigh" in this case, and no "literal truth" that provides any basis for instructing the jury regarding these issues. *See, e.g., Mathews v. United States,* 485 U.S. 58, 63 (1988)(stating that defendant is "entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a

reasonable jury to find in his favor").[1] Injecting these issues into the jury's deliberations would serve only to confuse and mislead.

**INSTRUCTIONS REGARDING SPECIAL ISSUES**

The government has no objection to repeating the Court's instructions, given during the trial, related to (a) the classified status of Valerie Plame Wilson's employment at the CIA; (b) the propriety of the defendant's disclosure of portions of the NIE;[2] (c) newspaper articles; and (d) the nondisclosure agreement.

The government takes the following positions with respect to other special issues in the case.

***Elimination of Allegation Related to July 12, 2003 Conversation with Judith Miller***

In order to clarify that defendant's July 12, 2003 conversation with Judith Miller has been eliminated from the jury's consideration as a possible basis for conviction, but that evidence concerning the conversation may still be considered by the jury in its assessment of the charges, the

---

[1] Defendant relied on the Supreme Court's decision in *United States v. Bronston*, 409 U.S. 352 (1973) in seeking such instructions; however, *Bronston* does not apply in this case. In *Bronston*, the Supreme Court ruled that the defendant could not be convicted of perjury based on an "answer that [was] literally true but unresponsive, even assuming the witness intend[ed] to mislead his questioner by the answer." The defendant in *Bronston* was charged with perjury based on his testimony in a bankruptcy proceeding when asked whether he had any accounts in Swiss banks, and he answered, "The company had an account there for about six months, in Zurich." While the defendant's testimony that the company had an account in Zurich for about six months was literally true, the answer was intentionally misleading in that it failed to account for the fact that he, too, held a personal Swiss bank account. Because none of the charged declarations in this case were made in response to an ambiguous question, and none of the charged false declarations were "literally true" but misleading, *Bronston* does not require or even authorize the use of those terms in instructing the jury in this case.

[2] However, the government requests that the phrase "at least" be removed from the Court's most recent formulation of this instruction. The evidence shows, at best, that the portions of the NIE disclosed by the defendant were declassified on or after July 8, 2003, and not before.

government requests that the instruction suggested by the Court with respect to this issue be modified to include the following sentence at the end of the instruction:

> You may, however, consider evidence presented at trial related to Mr. Libby's July 12, 2003 conversation with Ms. Miller in evaluating whether the government has proven the remaining allegations against Mr. Libby beyond a reasonable doubt.

***Classified Information***

As the government has previously proposed, it requests that the following instruction be given in order to correct the misleading impression created by the defense opening, and to inform the jury that the Court, rather than the government, is responsible for imposing restrictions to protect classified information, and that the Court has made a determination that the defendant's ability to present a defense is not impaired as a result of the need to protect the secrecy of classified:

> In order to protect the national security, I made a legal ruling prior to trial that certain classified information could not be discussed during the trial by the witnesses or the lawyers. In many cases, I have ruled that a substitution or summary of the information in an unclassified form would suffice for the point being made. In making my ruling, I determined that prohibiting the witnesses and lawyers from discussing information at a level of detail that would be classified would not unfairly impair the defendant's ability to present a defense. You may not in any way hold my ruling against the government, or consider or speculate about classified information that may not have been presented during the trial based upon my ruling.

***Instruction Regarding Memory***

The government strongly objects to the instruction related to memory originally formulated by the defense, and also objects to the modified version of the instruction suggested by the Court, in its current form. While the language proposed by the Court resolves a number of the objections the government previously raised with respect to defendant's proposed instruction, the government continues to have objections to this instruction.

First, the instruction should be presented as factor to be considered in assessing credibility and reliability of testimony, rather than given as a cross between a supplemental theory of defense instruction and an instruction by the Court regarding factors to be considered in assessing credibility. As the Court has observed, through the cross-examination of government witnesses, the defense has made the issue of memory relevant to the jury's assessment of the credibility and reliability of the testimony of all the witnesses, and has not limited its treatment of the issue to the presentation of the "memory" defense. Second, the defendant has offered a separate theory of defense instruction, and there is no need to duplicate that instruction. Third, by essentially combining a theory of defense instruction and an instruction by the Court regarding factors that are "appropriate for the jury to take into account," the Court essentially puts its stamp of approval on the defendant's defense. Unless the Court is also going to instruct the jury regarding factors appropriate for it to determine that the defendant deliberately lied, this is unfair and prejudicial to the government. On the other hand, if the Court were to present the issue of memory as part of a recitation of factors relevant to assessing credibility and reliability (such as by incorporating these issues into D.C. Form Instruction 2.11), the Court can avoid unduly and unfairly highlighting memory factors above other factors, such as bias and motive to lie, that are equally pertinent to the jury's assessment of the credibility and reliability of statements and testimony.

Second, if the Court elects to instruct the jury in any form regarding factors relevant to assessing testimony based on memory, the government respectfully suggests that two relevant factors be added to those the jury may take into account: (a) the distinctiveness of the to-be-remembered information; and (b) the importance and meaningfulness of the information to the witness.

***Testimony of Law Enforcement Officer***

As previously indicated, the government strongly objects to the inclusion of the second two paragraphs of the defendant's proposed instruction on this issue. First, defense counsel did not (and had no reason to) attack the credibility of the government's sole law enforcement witness on the ground that her testimony may have been "colored by a personal or professional interest in the case," and there is no reason to instruct the jury that it would have been legitimate to do so had counsel made that election. Moreover, it is inappropriate to instruct the jury to do anything other than to treat a law enforcement witness as they would any other witness.

***Instruction Related to Crimes Being Investigated by the FBI and Grand Jury***

The defense has proposed an instruction that sets forth, in simplified form, the elements of the Intelligence Identities Protection Act, 50 U.S.C. § 421, the statute which David Addington testified he provided to the defendant around the inception of the FBI investigation, and instructs the jury that the defendant is not charged with violating the statute, and that evidence concerning the statute has been admitted solely for any bearing it may have on the defendant's state of mind. Evidence related to other statutes, including the grand jury transcript in which the defendant was specifically advised that the grand jury was investigating possible violations of other statutes, including 18 U.S.C. §793 (disclosure of national security information), 18 U.S.C. § 641 (theft of government property), and 18 U.S.C. § 1001 (false statements) and the nondisclosure agreement signed by the defendant which listed various statutes including 18 U.S.C. § 793 as statutes that could be violated by improper disclosures of classified information, was also admitted for the limited purpose of assessing defendant's state of mind. The government respectfully requests that a brief description of these statutes be included in the instruction proposed by the defense.

**CONCLUSION**

For all of the foregoing reasons, the United States respectfully requests that this Court provide the jury with instructions consistent with the government's proposals set forth above.

Respectfully submitted,

/s/

PATRICK J. FITZGERALD
Special Counsel
Debra Riggs Bonamici
Kathleen M. Kedian
Peter R. Zeidenberg
*Deputy Special Counsels*

Office of the Special Counsel
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C. 20530
202-514-1187

Dated: February 14, 2007

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 14th day of February, 2006, I caused true and correct copies of the foregoing to be served on the following parties by electronic mail:

William Jeffress, Esq.
Baker Botts
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Facsimile: 202-585-1087

Theodore V. Wells, Esq.
Paul Weiss
1285 Avenue of the Americas
New York, NY 10019-6064
Facsimile: 212-373-2217

John D. Cline, Esq.
Jones Day
555 California Street
San Francisco, CA 94104
Facsimile: 415-875-5700

Patrick J. Fitzgerald
Special Counsel
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C. 20530
202-514-1187

By: ______/s/________
Debra Riggs Bonamici
Deputy Special Counsel

Dated: February 17, 2005.