THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.        )<br>)<br>I. LEWIS LIBBY, )<br>    also known as "Scooter Libby," )<br>    Defendant. ) | Cr. No. 05-394 (RBW) |

### I. LEWIS LIBBY'S MEMORANDUM IN SUPPORT OF OBJECTION TO THE GOVERNMENT'S PROPOSED VERDICT FORM

I. Lewis Libby, through his counsel, objects to the verdict form proposed by the government and submits this memorandum in support of his objection.

**I.      Special Verdict Form**

The government's proposed verdict form as to Counts One, Two, and Five violates the presumption, expressed in *United States v. North*, 910 F.2d 843, 910-911 (D.C. Cir. 1990), against the use of verdict forms that provide the jury with alternative theories for finding the defendant guilty on a single count.  As the Court made clear in *North*, "as a general matter, in criminal cases, the preferable practice is to require the jury to come to one general verdict as to each count." *Id.* at 910.  Contrary to the principles set forth in *North*, the verdict form proposed by the government provides the jury with not one but *three* alternative bases for finding Mr. Libby guilty on Count One, *two* alternative bases to find him guilty on Count Two; and *four* alternative bases to find him guilty on Count Five.  To ensure that the jury comes to one general verdict with respect to each Count, Mr. Libby requests that the Court provide to the jury the verdict form proposed by the defense on February 14 (Dkt 287).  *See generally North*, 910 F.2d at 911 (courts may employ special verdict forms "when the defendant *requests or approves* a

- 2 -

special verdict as a means of more precisely determining an appropriate and fair punishment") (emphasis added).

We recognize that in a case where an indictment alleges more than one factual basis for finding guilt, the jury must be informed, for the protection of the defendant, that it must reach a unanimous finding on the basis (or bases) for guilt. *See id.* at 878; *United States v. Sayan*, 968 F.2d 55, 65 (D.C. Cir. 1992). The proper means to guard against the risk that the jurors could find a defendant guilty on a single count under multiple, disparate theories is not, however, a special verdict form. Rather, it is a specific unanimity instruction. *See United States v. Holley*, 942 F.2d 916, 925 (5th Cir. 1991); *United States v. Ferris*, 719 F.2d 1405, 1407 (9th Cir. 1983) (Kennedy, J.) (special unanimity instruction appropriate where a single count charges "separate false statements, any one of which is sufficient to convict").

Accordingly, we propose that the Court instruct the jury as follows with respect to Count One:

> You will note that Count One describes two allegedly false statements made by Mr. Libby to the grand jury. You need not find that both statements are false in order to find Mr. Libby guilty on Count One, but you must unanimously find that one or the other is false. In other words, you may not convict Mr. Libby on Count One because some of you find one statement is false, and others of you find that the other statement is false.

As to Count Five, we similarly propose the following instruction:

> You will note that Count Five describes numerous statements made by Mr. Libby to the grand jury, and that the statements alleged to be false are italicized. You need not find that all of the italicized testimony is false in order to find Mr. Libby guilty on Count Five, but you must unanimously find that a particular statement is false. In other words, you may not convict Mr. Libby because some of you find one particular part of his testimony is false, and others of you find that a different part of his testimony was false.

If the jury is properly instructed as to the need for unanimity as suggested above, there is no need for a special verdict form and the defense opposes the use of such a form.

- 3 -

II.     **"Proved/Failed to Prove"**

In a proposed verdict form submitted on January 29, the defense proposed questions in a form asking the jury to answer whether the government "proved" or "failed to prove" certain allegations. That form was mistakenly submitted, through miscommunication among the defense team as to which version of the draft proposals should be filed. We apologize for the error and the confusion it created for the Court and the government.

The government, picking up on the mistakenly submitted version by the defense, now adopts this formulation and asks the jury several "proved/failed to prove" questions prior to asking its verdict. That form is in the nature of a series of interrogatories, which are disfavored in criminal cases, except under certain circumstances none of which are present here. *See North*, 910 F.2d at 911. A jury's entitlement to find the defendant not guilty "should not be attenuated by requiring the jury to answer in writing a detailed list of questions or explain its reasons." *United States v. Wilson*, 629 F.2d 439, 444 (6th Cir. 1980); *see also United States v. Stonefish*, 402 F.3d 691 (6th Cir. 2003) (holding that special verdict not reversible under plain error standard, but admonishing that "special verdicts are disfavored in criminal cases"); *North*, 910 F.2d at 910-11 ("Judicial distaste for special verdicts in criminal cases results from a concern that the jury will be led to its conclusion by a progression of questions each of which seems to require an answer unfavorable to the defendant.") (citation, internal quotation marks, and alterations omitted)

Mr. Libby is entitled to have a properly instructed jury answer a single question on each count: guilty or not guilty. We request that the verdict form so provide.[1]

---

[1] With respect to Count One, the defense has included an additional question, to be answered only in the event that the jury has found Mr. Libby guilty on that Count. In this particular case, the follow-on question is necessary because the Count involves two entirely distinct

- 4 -

## CONCLUSION

For the foregoing reasons, Mr. Libby respectfully requests that the Court submit to the jury the verdict form proposed by the defense in yesterday's filing. *See* Verdict Form (filed Feb. 14, 2007) (Dkt. 287).


Dated:  February 15, 2007

/s/ Theodore V. Wells, Jr.
Theodore V. Wells, Jr.
(D.C. Bar No. 468934)
James L. Brochin
(D.C. Bar No. 455456)
Paul, Weiss, Rifkind, Wharton
  & Garrison LLP
1285 Avenue of the Americas
New York, NY  10019-6064
Tel:  (212) 373-3089

/s/ John D. Cline
John D. Cline
(D.C. Bar No. 403824)
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104
Tel:  (415) 626-3939

Respectfully Submitted,

/s/ William H. Jeffress, Jr.
William H. Jeffress, Jr.
(D.C. Bar No. 041152)
Alex J. Bourelly
(D.C. Bar No. 441422)
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004
Tel:  (202) 639-7551

---

conversations and the defense desires to know, for appeal purposes, the basis for the jury's determination, particularly in light of the various issues the defense may (if necessary) raise on appeal with respect to issues involving Mr. Russert.