UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 05-394 (RBW) |
| ) | |
| I. LEWIS LIBBY ) | |
|     also known as "Scooter Libby," ) | |
|     Defendant. ) | |

### I. LEWIS LIBBY'S OBJECTIONS TO PROPOSED VERDICT FORM

The Court's proposed verdict form provided to the defense on February 16, 2007, includes special interrogatories on Counts One, Two, and Five. Mr. Libby, through his counsel, objects to any special interrogatories on Counts Two and Five.

During the charge conference, counsel for Mr. Libby stated that there should be interrogatories on Count One, but "we make no request and waive any right to special interrogatories on any other counts." 2/15/07 Tr. at 52. Asked its position, government counsel responded that "subject to checking the research tonight," the government "would be willing to live with the defense's proposal." *Id.* at 56. The following day, the government submitted a memorandum of law stating that the "government does not object to the use of the general verdict form for Counts 2 and 5 if the Court supplements the current unanimity instruction by explaining to the jury the specific statements upon which they could unanimously agree to convict the defendant on each of those counts." Gov't.'s Objections and Proposals Regarding Final Jury Instructions at 1.

The Court's proposed instructions do set forth the two specific statements alleged in Count Two, and the four specific statements alleged in Count Five. The instructions then state, as to Count Two, that two false statements are alleged "as set forth above in this instruction,"

that the government is not required to prove that both are false, and that the jury must be unanimous on which statement is false. A virtually identical unanimity instruction is set forth for Count Five, specifying that there are four allegedly false statements.[1]

The unanimity instructions thus properly identify the number and specifics of false statements charged in both Counts Two and Five, and — as requested by the defense and agreed to by the government — there should be no special interrogatories in the verdict form for those counts. For the reasons stated in I. Lewis Libby's Memorandum in Support of Objection to the Government's Proposed Verdict Form, filed February 15, 2007, we respectfully submit that to include such special interrogatories over the defendant's objection would be improper and unfairly prejudicial to Mr. Libby.

February 17, 2007

Respectfully submitted,

/s/ Theodore V. Wells, Jr._____
Theodore V. Wells, Jr.
(D.C. Bar No. 468934)
James L. Brochin
(D.C. Bar No. 455456)
Paul, Weiss, Rifkind, Wharton
  & Garrison LLP
1285 Avenue of the Americas
New York, NY  10019-6064

/s/ William H. Jeffress, Jr._____
William H. Jeffress, Jr.
(D.C. Bar No. 041152)
Alex J. Bourelly
(D.C. Bar No. 441422)
Baker Botts LLP
1299 Pennsylvania Avenue, NW
Washington, DC  20004

/s/ John D. Cline_____
John D. Cline
(D.C. Bar No. 403824)
K.C. Maxwell
(*pro hac vice*)
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104

---

[1] This instruction should, we suggest, be modified. The charge is perjury, not Section 1001, so the language should read "false statements" rather than "false, fictitious, or fraudulent statements or representations." Also, in the same paragraph, "count two" is a typo and should read "count five."