UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )   | |
| ) | CR. NO 05-394 (RBW) |
| v. ) | |
| ) | |
| I. LEWIS LIBBY, ) | |
|     also known as "Scooter Libby" ) | |

**GOVERNMENT'S RESPONSE TO THE COURT'S
DRAFT JURY INSTRUCTIONS**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, SPECIAL COUNSEL, respectfully submits the following response to the draft jury instructions provided to the parties by the Court on Friday, February 16, 2007, as well as to the defendant's response to the Court's draft, and objections to the Court's proposed verdict form filed on February 17, 2007.

*Unanimity Instructions and Special Verdict Forms*

    The government does not object to modifying the unanimity instruction to read:

    If you cannot unanimously agree that a particular statement or representation alleged in Count [One, Two and Five] was false, then you must find Mr. Libby not guilty of that count.

The government objects to including the phrase "and that Mr. Libby knew this when he made the statement" in that it is potentially confusing, given the Court's other instruction that defines "false" to including defendant's knowledge of the statement's falsity. As the government has previously argued, it is potentially confusing and inappropriate to repeat portions of instructions in multiple contexts.

    With respect to the Court's suggested verdict form, the government prefers the use of the special verdict form suggested by the Court to the use of a special verdict form with respect to Count One and general verdict forms with respect to the other counts as requested by defendant. When

asked by the Court on February 15, 2007 whether the government could agree to the defendant's proposal, the government responded that it could agree if certain additional instructions were provided. That position has not changed; however, as previously expressed, the government's preference is for the use of the verdict form drafted by the Court. Moreover, the government notes that the defendant has failed to express any reason for his objection to the use of a special verdict form with respect to Counts Two and Five and the government is at a loss to think of one. The government is unaware of any case authority indicating that the defendant's choice governs the decision; instead, as the government reads the applicable case law, the matter is left to the discretion of the trial court.

### *Obstruction of Justice*

The government agrees that the language of the Obstruction of Justice elements instruction should be modified. The government proposes that elements (3) and (4) be modified as follows:

> (3) That the defendant corruptly endeavored to influence, obstruct or impede the due administration of justice;

> (4) That Mr. Libby carried out the corrupt endeavor by making the following three allegedly false statements with intent to mislead or deceive the grand jury as to when or how he acquired or thereafter disclosed to the media information concerning the employment of Valerie Plame Wilson by the CIA.

Finally, the government also agrees with the defense that the passage "and Mr. Russert told Mr. Libby that all the reporters knew it" should be added to False Statement No. 1 and removed from False Statement No. 2 in the Obstruction of Justice instruction.

*Perjury*

The government has no objection to removing the ellipses between the two sub-statements in Statement One of Count 5, and to editing the parenthetical to state that the statement extends from page 187, line 14 to page 188, line 5, as requested by the defense.

The government also has no objection to the defendant's proposed change to the last sentence of the perjury instruction, so that it references the four allegedly false statements rather than the two appearances.

The government maintains that there is no factual basis to support the giving of any instruction regarding ambiguity. *See, e.g., Mathews v. United States,* 485 U.S. 58, 63 (1988)(stating that defendant is "entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor"). Thus the government objects to the language concerning ambiguity contained in the Court's draft instruction regarding the elements of perjury, and requests that it be deleted.

The government agrees with the Court (and with defense counsel, who originally made the suggestion) that it will be helpful to the jury to have citations to the full grand jury transcripts for the testimony that is at issue with respect to Counts 4 and 5. The government therefore provided such an exhibit with its February 16, 2007 filing (Government's Objections and Proposals Regarding Final Jury Instructions). In the most recent set of instructions provided by the Court, the transcript cites have been incorporated into the instructions; therefore, a separate exhibit may no longer be necessary. If the Court would still like to include the "Exhibit A" previously provided by the government, the government has no objection to including it with the instructions, and disagrees that there is any potential for prejudice to the defendant in doing so.

If, however, the Court believes providing the cites within the instructions obviates the need for a separate exhibit, the government also has no objection. If that is the case, the government suggests the following proposal to address the defendant's concern that the current language of the instructions indicates that a separate exhibit is being provided: Change "with" to "in" in the sentence that currently states, "That portion of the grand jury testimony which the indictment alleges in count four was false, is being provided to you <u>with</u> these instructions, with those portions of the testimony that are allegedly false underlined." This sentence is used with both Counts 4 and 5, so if adopted, the change should be made in both places.

***Beyond a Reasonable Doubt***

The government agrees with the defense's suggestion that the phrase "beyond a reasonable doubt" should be moved from its current location after "in order to prove an offense" to between the phrases "the government must prove" and "the following four elements" in each of the elements instructions.

***Evaluation of Prior Inconsistent Statements***

The concerns raised by the defense on this issue, namely, that the Court's suggested language "suggests that a prior unsworn statement is, to some degree, inherently questionable because the declarant faced no criminal punishment for lying" and that "the prior statement could have been made before any motive to lie existed," suggest that the defense may be planning to argue prior inconsistent statements for their truth. Obviously, such an argument would be contrary to law and contrary to the Court's instructions. However, the government agrees that the phrase "when the witnesses were not under oath" is not included in the D.C. Form Instruction, and has no objection to its deletion.

*Instruction Regarding Defendant's July 12 Conversation with Judith Miller*

The government requests that, if the Court's current language is used, the following should be added before "beyond a reasonable doubt" at the end of the instruction: "including the allegations of Count One."

Alternatively, the government proposes that the following language be used in place of the Court's draft instruction:

> Count One of the indictment originally included an allegation that Mr. Libby obstructed justice by making false statements about a conversation with Judith Miller on or about July 12, 2003. That allegation has been dismissed and is no longer before you. You may not consider the fact that the allegation was once made, or the fact that the allegation was later dismissed, to affect or influence your deliberations.
>
> You may, however, consider the evidence you heard regarding the July 12, 2003 conversation between Mr. Libby and Ms. Miller, as well as evidence you heard regarding all other conversations between Mr. Libby and Ms. Miller, as evidence in determining Mr. Libby's guilt or innocence on all of the counts of the indictment, including Count One.

In addition, the government notes that, as currently formulated, this instruction is included in both the limiting instructions and the final instructions. Only one copy of the revised instruction should be sent back to the jury, and the instruction previously given should be removed from both sets of instructions.

*Instruction Regarding IIPA*

The government has noted that the Court intends to allow the defense to re-open the evidence to admit a copy of the IIPA. We understand that this will obviate any need for an instruction on this issue.

Given the likelihood that the defense will focus on the IIPA statute in closing, and on the defense's arguments during opening that suggested that others should be on trial instead of him, the government proposes that the following instruction be given:

> You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged in the indictment. The defendant is not on trial for any act, conduct or offenses not alleged in the indictment. Neither are you concerned with the guilt or innocence of any other person or persons not on trial as a defendant in this case.

Pattern Crim. Jury Instr. 5th Cir. 1.19 (2001).

***Memory***

The government strenuously objects to including the language which the defense proposes be added to the Court's current instruction on memory:

> You should consider that a person's confidence in the accuracy of his recollection of an event may not correspond directly to the accuracy of the person's recollection. In other words a person may be very confident that his memory of an event is accurate when in fact it is inaccurate.
>
> You should also consider that if a person remembers an event incorrectly the first time he tries to recall it, his later recollections of the event may repeat that error.

Def. Rsp. at 8.

As an initial matter, the government notes that, far from conceding the accuracy and reliability of the "findings" concerning which the defendant proposed to introduce expert testimony, the government has consistently maintained that the proffered "findings" could not reliably be applied to the facts of this case and would not be helpful to the jury. See R. 139 at 17.[1] The question of whether the proffered "findings" should be admitted does not turn on whether they are reliable

---

[1] The government did not challenge Dr. Bjork's credentials or general expertise, but merely challenged the reliability of his findings as applied in the instant case, and argued that the admission of his opinions would be confusing and misleading, and not helpful to the jury.

6

in the abstract, or in contexts distinct from this case. What matters is whether they meet the *Daubert* standard of being both scientifically reliable and relevant, that is, whether the "'reasoning or methodology properly can be applied to the facts in issue." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 593 (1993). As the Supreme Court has cautioned, "'Fit' is not always obvious, and scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes.'" *Id.* at 591. See also *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997)(approving exclusion of expert testimony as unreliable where studies offered in support of expert's conclusion dissimilar to facts of case). Thus, as the government previously argued, whatever merit Dr. Bjork's findings may have in other contexts, putting such findings before the jury in this case would serve no purpose other than to confuse and mislead.

Nothing in the testimony of Dr. Elizabeth Loftus at the *Daubert* hearing justified the presentation to the jury in this case of Dr. Bjork's opinions regarding the correlation of confidence and accuracy, or the likelihood that errors in recall may be repeated. On cross-examination,[2] Dr. Loftus conceded that the studies Dr. Bjork relied upon regarding the correlation between confidence and accuracy failed to take into account the distinction between comparisons between the confidence and recall of multiple witnesses to the same event, and comparisons between recollections of different events by the same person. 10/26/06 a.m. Tr. 84-85. Dr. Loftus also acknowledged that studies showing that people are likely to repeat errors in recollection generally focused on the circumstances involving eyewitness identification, and failed to present any studies that addressed

---

[2] Rather than expose Dr. Bjork to cross-examination, the defense elected to present the testimony of a different expert, Dr. Elizabeth Loftus at the *Daubert* hearing conducted by the Court, and focused Dr. Loftus's testimony on studies showing that jurors failed to appreciate the proffered findings on memory, rather than on the proffered findings themselves.

the question of whether jurors were able to appreciate this phenomenon in any other context. 10/26/06 p.m. Tr. 13-14.

The instructions defendant seeks to include would improperly put before the jury claims and conclusions that Dr. Loftus conceded, and the Court previously found, were supported only by studies involving substantially different factual situations, and unsupported by any studies showing that the issues, at least applied in the factual context of this case, were outside the ken of the average juror. R. 169 at 15 ("This Court . . . has difficulty concluding that the studies provided by the defendant are applicable in any meaningful way to the case at hand, because they do not focus on the precise issues before the Court.") and 25-27 ("[T]he theories about which Dr. Bjork would testify are not beyond the ken of the average juror."). Giving the requested instructions would deprive the government of an opportunity to refute through cross-examination the reliability and applicability of the claims and conclusions included therein in the context of this case, and would be highly misleading and prejudicial.

As this Court may recall, Dr. Loftus conceded that the correlation between confidence and accuracy when comparing a single subject's memories is different from the correlation when comparing the memories of multiple subjects. Specifically, Dr. Loftus acknowledged that the correlation is stronger when you compare one subject's memories of different events. 10/26/06 a.m. Tr. 85. Defendant ignores this distinction and argues that the instruction is needed to assist the jury in assessing the defendant's apparent confidence while testifying before the grand jury, *and* in comparing the recollections of multiple witnesses, including defendant, Tim Russert and Ari Fleischer. In light of Dr. Loftus's comments, even assuming that it would be appropriate to extrapolate from research involving circumstances far different from those present in this case, it

8

would be inaccurate and misleading to instruct the jury regarding a weak correlation between confidence and accuracy, and allow the defense to argue, based on that instruction (See Def. Rsp. at 9), that the jury should not consider the relative confidence levels reflected by defendant's grand jury testimony in assessing whether his false statements were the product of faulty memory or deliberate lies. With respect to the jury's assessment of the relative reliability of the recollections of defendant and Messrs. Russert and Fleischer, the proposed instruction would serve no purpose. According to the defense, all three witnesses testified with apparent confidence in the accuracy of their recollections. Under such circumstances, the jury is not likely to consider apparent confidence as a significant factor, with or without an instruction on the subject. The lack of need for an instruction on the weak correlation between confidence and accuracy is further supported by the prospective jurors' comments during jury selection which clearly indicated that the fact that people sometimes "firmly believe that their memories are accurate when they are not" is a matter of common knowledge.

      The proposed instruction on the likelihood of repeating recollection errors is even more problematic. None of the studies provided by Dr. Bjork in support of this issue involved factual contexts even remotely similar to this case; none involved erroneous recollections of conversations. The defense suggests that the instruction is needed to provide the jury with a basis for contradicting the government's argument that, once defendant spoke to the FBI in October 2003, he was motivated to stick to his story, but fails to explain what "error" defendant may have repeated. Whatever that error may be, it would be highly prejudicial to state as a fact that the jury is bound to accept, a "finding from the science of memory" that has not shown to be reliably applied in circumstances like

9

those presented here -- particularly where the only factual foundation for the instruction is the *assumption* of the very fact the jury will be required to decide.

### *Limiting Instruction Regarding Disclosure of NIE*

The government requests that the phrase "at least" be removed from the Court's most recent formulation of the limiting instruction regarding the propriety of defendant's disclosures of portions of the NIE because the evidence shows, at best, that the portions of the NIE disclosed by the defendant were declassified on or after July 8, 2003, and not before.

Respectfully submitted,

    /s/
PATRICK J. FITZGERALD
Special Counsel
Debra Riggs Bonamici
Kathleen M. Kedian
Peter R. Zeidenberg
*Deputy Special Counsels*

Office of the Special Counsel
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C.  20530
202-514-1187

Dated:  February 17, 2007

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 17th day of February, 2006, I caused true and correct copies of the foregoing to be served on the following parties by electronic mail:

William Jeffress, Esq.
Baker Botts
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Facsimile: 202-585-1087

Theodore V. Wells, Esq.
Paul Weiss
1285 Avenue of the Americas
New York, NY 10019-6064
Facsimile: 212-373-2217

John D. Cline, Esq.
Jones Day
555 California Street
San Francisco, CA 94104
Facsimile: 415-875-5700

Patrick J. Fitzgerald
Special Counsel
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C.  20530
202-514-1187

By: _____/s/_____
 Debra Riggs Bonamici
 Deputy Special Counsel