UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO 05-394 (RBW) |
| v. ) | |
| ) | |
| I. LEWIS LIBBY, ) | |
| also known as "Scooter Libby" ) | |

**GOVERNMENT'S REQUEST IN LIGHT OF
CHANGE IN VERDICT FORM**

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, SPECIAL COUNSEL, respectfully submits the following request in light of the Court's recent decision to forego the use of special verdict forms for Counts 1, 2 and 5.

On February 14, 2007, the government filed a proposed special verdict form for use in this case which included special interrogatories for Counts 1, 2 and 5. The government's proposal was based in part on Judge Walton's indication in previous court proceedings that he was of the view that it would be appropriate to use a special verdict in this case.

On February 15, 2007, the defendant filed an objection to the government's verdict form and requested that the Court use a verdict form that included special interrogatories for Count 1 only. During the instruction conference on February 15, 2007, the Court asked the government to advise whether it could agree to the use of a general verdict form for Counts 2 and 5 in light of the defense's request for a special verdict form for Count 1 and general verdict forms for Counts 2 and 5, and despite the defense's concurrent request for special unanimity instructions for all three counts. At the instruction conference, the Court also advised the parties that closing arguments would be limited to three hours per side.

In response to the Court's inquiry, the government later advised that it would not object to the use of general verdict forms for Counts 2 and 5 if the Court supplemented the current unanimity instructions by explaining to the jury, based on the indictment, the specific statements upon which they could unanimously agree to convict the defendant on each of those counts.

On February 16, 2007, the Court provided the parties with its proposed final instructions and verdict form. The Court's verdict form included special interrogatories for Counts 1, 2 and 5. After receiving the Court's proposed verdict form, the defense again objected, but did not specify a basis for its objection. The government advised the Court that its preference would be to use the form proposed by the Court.

Concurrently with its objections to the jury verdict forms, the defense made objections to other proposals designed to clearly and accurately present to the jury the specific alleged false statements it would be required to consider in determining the defendant's guilt or innocence on Counts 1, 2 and 5. Initially, the defense objected to the Court's playing *or* reading the charged false statements as part of the Court's oral presentation of the instructions. The defense also objected to providing the jury with an extra copy of the charged statements referencing citations to the grand jury transcripts. In addition, the defense objected to an instruction regarding the number of false statements at issue with respect to Count 1.

On the morning of February 19, 2007, the Court advised the parties that it would provide the jury with a verdict form containing special interrogatories for Counts 1, 2 and 5, over the defendant's objection. After receiving an email message from the defense restating the defense's objection and

amending its proposal to exclude any special interrogatories,[1] however, the Court revised its ruling and stated that it would provide the jury with no special interrogatories.

Based on the instructions and verdict form provided to the parties by the Court on February 16, 2007, the government assessed the amount of time necessary to adequately describe during summation the specific charged statements, and the alternative bases upon which the jury may convict on Counts 1, 2 and 5. In the government's view, the use of the special interrogatories added clarity to the unanimity instructions, and reduced the need for extensive discussion on the subject. In light of the Court's decision to grant the defendant's request to forego the use of special verdict forms for those counts, the government is attempting to adjust its summation to include a more detailed presentation of the specific charged statements and the issue of unanimity. Given the short time that has been allowed for argument, this presents substantial difficulty. For this reason, the government respectfully requests that the Court allow 15 additional minutes of argument for summation.

---

[1] The purported basis for the defendant's objection was that "for all practical purposes except punishment the verdict form converts five counts charged by the grand jury into eleven counts." This objection is not only inconsistent with the defense's previous arguments, it is baseless. Use of special interrogatories would have no impact on the scope of the charges, as it would merely track the charged statements as identified in the Court's instructions. Likewise, the special unanimity instructions have not expanded the scope of the charges because Counts 1, 2 and 5 each charged multiple false statements, each of which constituted a sufficient basis for a guilty verdict. In any event, given that the defense waived any objection to the indictment based on duplicity (see Fed. R. Crim. P. 12 (b) and (e)), there is no basis for the defendant to object to the giving of special unanimity instructions (and, indeed, the defense has agreed to their use), as such instructions have no impact other than to assure that any guilty verdict will be unanimous and that the government will be able to secure a conviction based on a unanimous finding with respect to any of the charged statements.

For the foregoing reasons, the government respectfully requests that the Court allow 15 additional minutes for summation in this case.

                    Respectfully submitted,

                    /s/
                    PATRICK J. FITZGERALD
                    Special Counsel
                    Debra Riggs Bonamici
                    Kathleen M. Kedian
                    Peter R. Zeidenberg
                    *Deputy Special Counsels*

                    Office of the Special Counsel
                    U.S. Department of Justice
                    1400 New York Ave., N.W.
                    Washington, D.C.  20530
                    202-514-1187

Dated:  February 19, 2007

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on this 19th day of February, 2007, I caused true and correct copies of the foregoing to be served on the following parties by electronic mail:

William Jeffress, Esq.
Baker Botts
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Facsimile: 202-585-1087

Theodore V. Wells, Esq.
Paul Weiss
1285 Avenue of the Americas
New York, NY 10019-6064
Facsimile: 212-373-2217

John D. Cline, Esq.
Jones Day
555 California Street
San Francisco, CA 94104
Facsimile: 415-875-5700

Patrick J. Fitzgerald
Special Counsel
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C. 20530
202-514-1187

By: _____/s/_____
Debra Riggs Bonamici
Deputy Special Counsel