THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 05-394 (RBW) |
| | ) | |
| I. LEWIS LIBBY, | ) | |
| also known as "Scooter Libby," | ) | |
| Defendant. | ) | |

**I. LEWIS LIBBY'S RESPONSE TO GOVERNMENT'S REQUEST FOR ADDITIONAL ARGUMENT TIME AND MEMORANDUM REGARDING THE VERDICT FORM**

In light of the Court's decision to remove the special interrogatories from the verdict form the government has now requested an additional fifteen minutes to present its closing argument. The defense does not believe this additional time is necessary, as the jury instructions provided by the Court will clearly describe the statements charged in the indictment and the alternative bases upon which the jury could base its decision.[1] Nonetheless, if the Court does decide to grant the government's request, the defense would be entitled to an additional fifteen minutes as well. This, in turn, will likely prevent the completion of closing arguments during tomorrow's session. In the event that occurs, the defense requests that each side be permitted to present their final hour of argument on Wednesday.

The defense would also like to clarify its position regarding the use of special interrogatories. On January 30, Mr. Libby proposed a revised verdict form that would have required the jury to specify its basis for a guilty verdict on Count One only. It was the defense's view that special treatment of Count One was warranted because that count, as it was initially

_____

[1] In fact, the verdict form previously proposed by the Court did not actually describe the charged statements at all; it simply indicated that there multiple statements upon which the jury could base its decision.

written, charged three entirely distinct conversations involving three different reporters, Tim Russert, Matt Cooper, and Judith Miller. On February 14, after the Miller conversation was dismissed as a ground for conviction on Count One, Mr. Libby proposed a supplemental verdict form which struck the Miller interrogatory from Count One, and which made Counts Two and Three consistent with how Counts Four and Five appeared in Mr. Libby's original proposed verdict form.

Earlier today, the Court provided a draft verdict form that includes special interrogatories for Count One, and for Counts Two and Five. The Court included these additional interrogatories to avoid juror confusion and because it concluded that disparate treatment of these counts is not justified under the circumstances. Having evaluated the Court's draft verdict form, the defense concluded that the risk of unfair prejudice caused by the use of special interrogatories throughout the form outweighed any benefit use of those interrogatories might provide. Mr. Libby therefore withdrew his request for the use of special interrogatories with respect to Count One, and he will waive on the record any right he might have for use of such interrogatories for any of the counts at the beginning of tomorrow's proceedings. The Court subsequently communicated to the parties its willingness to remove all special interrogatories if Mr. Libby executed such a waiver.

The government, in its memorandum requesting additional time for summation, continues to insist that the defense's objection to the use of special interrogatories is "baseless." This is not the case at all. Because the Court's concern regarding jury confusion is eliminated under the defense's revised proposal and because the use of special interrogatories poses a serious risk of prejudice to Mr. Libby, the defense's insistence on the exclusion of special interrogatories is well-founded.

The use of special interrogatories is disfavored in criminal cases as it threatens, in numerous ways, to cause unfair prejudice the defendant. *See, e.g., United States v. North*, 910 F.2d 843, 910-11 (D.C. Cir. 1990); Objection to Proposed Verdict Form at 1-4. (citing cases); *United States v. Spock*, 416 F.2d 165, 182 (1st Cir. 1969) (noting the "subtle, and perhaps open, direct effect that answering special questions may have upon the jury's ultimate conclusion."); *United States v. Wilson*, 629 F.2d 439, 444 (commenting that special verdicts and interrogatories "may in fact be more productive of confusion than of clarity"); *Heald v. Mullaney*, 505 F.2d 1241, 1245 (1st Cir. 1974) (surmising that the use of special questions and verdicts in criminal proceedings may be suspect on due process grounds); *Anderson v. United States*, 273 F. 677, 679 (9th Cir. 1921) (explaining that "[i]t is not the practice of the federal courts in criminal cases to call for special verdicts."). In Mr. Libby's case, the use of special interrogatories would be particularly unfair because, among other things, it would appear to transform what the grand jury charged as five counts into eleven separate counts.

Because of the risk of prejudice special interrogatories pose, courts allow for their use only in narrow, select circumstances. For example, a court may employ a special verdict form when a defendant requests or approves of one as a means of more precisely determining an appropriate and fair punishment, *see, e.g., United States v. Dennis*, 786 F.2d 1029, 1041 (11th Cir. 1986), when a finding of an overt act is constitutionally necessary to conviction, *see Kawakita v. United States*, 343 U.S. 717 (1952), when a jury requests clarification of a general verdict form, *see United States v. O'Looney*, 544 F.2d 385 (9th Cir. 1976), or when a case is "exceptionally complex," *see United States v. Russo*, 166 Fed. Appx. 654, 661 (3d Cir. 2006) (unpub.) (describing such cases as "rare" and noting that "the mere fact that the Government

alleged alternative legal theories with regard to the [] count does not necessitate the use of special verdict sheets."). None of those circumstances is present here.

## CONCLUSION

For the reasons stated above, Mr. Libby respectfully submits that the Court should maintain its current plan to provide the jury a simple, general verdict form. He further submits that the use of such of a form does not require the Court to expand the time allotted for closing arguments. If, however, the Court decides to grant additional time and if that prevents the parties from concluding arguments by the end of tomorrow's proceedings, Mr. Libby asks that each side be permitted to present their final hour of closing argument on Wednesday.

Dated:  February 19, 2007                    Respectfully Submitted,

/s/ Theodore V. Wells, Jr.                   /s/ William H. Jeffress, Jr.
Theodore V. Wells, Jr.                       William H. Jeffress, Jr.
(D.C. Bar No. 468934)                        (D.C. Bar No. 041152)
James L. Brochin                             Alex J. Bourelly
(D.C. Bar No. 455456)                        (D.C. Bar No. 441422)
Paul, Weiss, Rifkind, Wharton                Baker Botts LLP
  & Garrison LLP                             1299 Pennsylvania Avenue, NW
1285 Avenue of the Americas                  Washington, DC  20004
New York, NY  10019-6064                     Tel:  (202) 639-7551
Tel:  (212) 373-3089

/s/ John D. Cline
John D. Cline
(D.C. Bar No. 403824)
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104
Tel:  (415) 626-3939