UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.                                          ) | CR. NO. 05-394 (RBW) |
| ) | |
| ) | |
| I. LEWIS LIBBY,                             ) | |
|       also known as "Scooter Libby."        ) | |
| ) | |

**BRIEF OF I. LEWIS LIBBY ON
THE PROPER SCOPE OF THE GOVERNMENT'S REBUTTAL**

The Court has allotted each party three hours for its closing argument. The government intends to use one-third to one-half of its time for rebuttal. Although we do not suggest that the government will engage in deliberate impropriety, the length of its proposed rebuttal raises concern that it may reserve crucial contentions until that argument, when the defense will have no chance to respond. In light of this concern, we submit this brief to alert the Court and the government to the relevant principles that govern rebuttal argument. To the extent the government's rebuttal violates these principles, we will object, seek appropriate instructions, and if necessary request surrebuttal.

**ARGUMENT**

Fed. R. Crim. P. 29.1 addresses the order of closing arguments. The Advisory Committee Note states: "The rule is drafted in the view that the fair and effective administration of justice is best served if the defendant knows the arguments actually made by the prosecution in behalf of conviction before the defendant is faced with the decision whether to reply and what to reply." Courts have interpreted Rule 29.1 and the common law principles on which it rests to

mean that "[a]s a general rule, Government counsel should not be allowed to develop new arguments on rebuttal, but should be restricted to answering the arguments put forth by defense counsel." *Moore v. United States*, 344 F.2d 558, 560 (D.C. Cir. 1965); *see, e.g., United States v. Steele*, 685 F.2d 793, 802 (3d Cir. 1982). "[T]he primary purpose of the rule announced in *Moore* is to protect defense counsel from surprise." *Hall v. United States*, 540 A.2d 442, 448 (D.C. 1988); *see, e.g., United States v. Gray*, 292 F. Supp. 2d 71, 91 (D.D.C. 2003) (same).

Courts have found government rebuttal arguments improper when they have presented new theories or interpretations of the evidence.[1] In *United States v. Russo*, 74 F.3d 1383 (2d Cir. 1996), for example, the court found improper introduction of a new chart column, which reorganized information already in the record, because "[t]he prosecutor took a step beyond the existing evidence to create a new line of argument." *Id.* at 1396. In *United States v. Gleason*, 616 F.2d 2 (2d Cir. 1979), calculations introduced for the first time in rebuttal effectively confronted the defendant with "a new theory (albeit based on record evidence) at almost literally the last minute of a long trial," and thus "[f]airness would dictate that a copy be furnished to [defendant] well enough in advance of its use to permit a reply." *Id.* at 26. And in *Steele*, the government's rebuttal introduced a new factual interpretation, supported by a chart, and thus "denied the defendants the opportunity to respond and rebut [its] contentions." 685 F.2d at 802; *see also, e.g., Bailey v. State*, 440 A.2d 997, 1000-04 (Del. 1982) (reversing conviction where prosecution "sandbagged" defense by reserving bulk of argument until rebuttal); *Presi v. State*, 534 A.2d 370 (Md. Ct. Spec. App. 1987) (reversing conviction where prosecutor referred to

---

[1] Other forms of improper argument, although not peculiar to rebuttal, are particularly likely to cause prejudice and lead to reversal at that stage, because defense counsel have no opportunity to respond. *See, e.g., United States v. Holmes*, 413 F.3d 770, 776 (8th Cir. 2005); *United States v. Carter*, 236 F.3d 777, 793 (6th Cir. 2001).

financial records in rebuttal that had not been addressed in initial prosecution closing or in defense closing).

A recent case from the United States District Court for the Southern District of Texas demonstrates the limits on rebuttal argument. In *United States v. Nguyen*, 2006 U.S. Dist. LEXIS 36401 (S.D. Tex. June 5, 2006), the court granted a new trial because of the government's improper surprise rebuttal. The rebuttal argument turned on the flight itinerary of one of the defendants, which had been mentioned only in passing during the trial. Although the rebuttal argument responded to a defense argument that the defendant was at the scene of the drug transaction as a bystander rather than as a participant, the court found that "the government had ample opportunity to engage this argument during its initial closing." *Id.* at *3. Because the government waited until rebuttal to make an argument it could readily have made in its initial argument, and thus denied the defense an opportunity to respond, the court concluded that even surrebuttal (which it had permitted) did not cure the prejudice. *See id.* at *5; *see also United States v. Nguyen*, 2006 U.S. Dist. LEXIS 37142 (S.D. Tex. June 1, 2006).

To ensure that Mr. Libby's right to a fair trial is protected, we will monitor the government's lengthy rebuttal argument closely in light of the limits set out above, object where appropriate, and if necessary seek curative instructions and surrebuttal.

February 20, 2007                                        Respectfully submitted,

/s/ Theodore V. Wells, Jr._____              /s/ William H. Jeffress, Jr._____
Theodore V. Wells, Jr.                                  William H. Jeffress, Jr.
(D.C. Bar No. 468934)                                (D.C. Bar No. 041152)
James L. Brochin                                          Alex J. Bourelly
(D.C. Bar No. 455456)                                (D.C. Bar No. 441422)
Paul, Weiss, Rifkind, Wharton                    Baker Botts LLP
   & Garrison LLP                                          1299 Pennsylvania Avenue, NW
1285 Avenue of the Americas                    Washington, DC  20004
New York, NY  10019-6064

/s/ John D. Cline
John D. Cline
(D.C. Bar No. 403824)
K.C. Maxwell
(*pro hac vice*)
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104