UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
APR 2 7 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA   )
                           )   CR. NO 05-394 (RBW)
V.                         )
                           )   **RECEIVED**
I. LEWIS LIBBY,            )
   Also known as "Scooter Libby"  )   APR 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

VICTIM IMPACT STATEMENT AT SENTENCING HEARING
AND REQUEST THAT DEFENDANT, I. LEWIS LIBBY'S BAIL
PENDING APPEAL BE REVOKED.
18 U.S.C. Sec. 3771 (a)(4); Fed. R. Crim. Proc. 32(i)(4)(C)

Patrick Johnston
223 Coral Avenue
Newport Beach, California 92662
949-673-8433
949-673-7477 (fax)
In Pro Se

I, Patrick Johnston, do hereby allege and state as follows:

1.   At all times relevant herein I have been a citizen of the United States of America, and a registered voter in the State of California.

2.   I allege that at all times relevant herein I was, and presently still am, and for the foreseeable future will be, directly and proximately harmed by the commission of the Federal offenses alleged in the indictment in the above entitled matter, filed in this Court October 28, 2005, which offenses occurred in the District of Columbia and for which defendant I. Lewis Libby was convicted by jury verdict on March 6, 2007.

3. Pursuant to 18 U.S.C. Sec.3771 (a)(4) and Fed. R. Crim. Proc. 32 (i)(4)(C). I am submitting this Victim Impact Statement and this Request that bail for convicted felon, Defendant, I. Lewis Libby pending appeal be revoked.

4. The crimes of perjury and obstruction of justice for which Defendant I. Lewis Libby was convicted were an integral part of a successful cover up by Defendant Libby and the President and Vice President and/or their closest advisors of these individuals personal participation and involvement in the endeavor to destroy the credibility of Mr. Joe Wilson and thereby diminish any political repercussions from the charges made by Mr. Wilson on the then upcoming November, 2004 general election

5. Defendant Libby and Messers Rove, Cheney and Bush understood that, after the Administration's vehement denial of any involvement in the outing of Valerie Plame as a covert agent of the Central Intelligence Agency, and after President Bush's well publicized pledge to fire anyone in the Administration who leaked classified information, were Defendant Libby thereafter to tell the truth to the FBI on October 14, 2003, thirteen months before the upcoming election, of his participation and that of the Vice -President and others in orchestrating the outing of a covert CIA nuclear nonproliferation operative and also the release of a top secret memorandum, and were the electorate to learn of Mr. Libby's admissions and statements to the F.B.I. before the election, the prospects of President Bush's and Vice president Cheney's re-election in a very tight contest would diminish dramatically. Defendant Libby's certainty , and others in the Administration, of the severe and dire political consequences were their participation revealed is aptly demonstrated by the willingness of Mr. Libby and others to commit the crimes for which he was convicted.

6. Defendant Libby's crimes, committed on October 14, 2004 and November 26, 2003, delayed and frustrated the FBI investigation into the outing of Valerie Plame eventually necessitating the appointment of Mr. Fitzgerald as Special Prosecutor on

December 30, 2003 which delayed the conclusion of the initial investigation.

6.  When Defendant Libby again committed the crimes of perjury and obstruction of justice on March 5, 2004 and March 24, 2004 , Defendant Libby and the Administration did not, and could not, know the status of Mr. Fitzgerald's investigation. Defendant Libby did not, and could not, know if Mr. Fitzgerald's investigation would conclude in the spring, summer or fall of 2004 or whether his report on his investigation detailing the facts stated in the indictment and the facts presented at trial might be issued before the November, 2004 elections. What Defendant Libby and others did know was they could not take the chance that the facts discovered by Mr. Fitzgerald during his investigation might be leaked to the press before the election or that Mr. Fitzgerald might write and release a report of his investigation before the election and the voters of this nation learn thereby the truth of their activities as respect Mr. Wilson and/or Ms. Plame.

7.  Defendant Libby's perjury and obstruction of justice successfully frustrated and delayed Mr. Fitzgerald's investigation through the first week of November, 2004 and allowed the Administration to dodge all questions and scrutiny regarding its involvement in the outing of Valerie Plame throughout the 2004 election cycle, reciting the mantra, "We cannot and will not comment on a pending investigation;" and allowed Administration spokespersons to state falsely no Administration official, particularly Defendant Libby, Karl Rove or Vice President Cheney, had any role in outing Valerie Plame. The testimony at Defendant Libby's trial demonstrate conclusively those assertions to the American electorate were lies.

8.  The crimes of I. Lewis Libby prevented the scheme of the Bush/Chaney Administration in outing Valerie Plame from being revealed before the 2004 Presidential election. Defendant Libby directly and proximately cheated and defrauded me and all others who voted in the 2004 Presidential election out of a fair and fully informed election for President of the United States. Had these activities of the Bush/Cheney

Administration been widely known before the election, President Bush and Vice President Cheney would not have been re-elected in 2004

9. By his crimes for which he was convicted, I. Lewis Libby directly and proximately cheated and defrauded me, and all the people who voted in the 2004 Presidential election, out of a January 20, 2005 start on a return of this great nation to its fundamental purpose of being a nation of laws, out of a January 20, 2005 re-dedication of this nation as a champion of justice and human rights at home and abroad, out of a January 20, 2005 start on the repair of this nation's world wide reputation as a beacon of hope and an inspiration to greatness to the entire world.

10. As a result of the crimes of I. Lewis Libby, the rendition of people to countries for torture, the torture of human beings by employees and agents of the Federal government, the indefinite imprisonment of persons without charges being filed and without access to attorneys or to the court system, has continued unabated since January 20, 2005 and will likely continue until the end of the Bush Administration. As an American citizen these activities were and are carried out and accomplished in the name of all American citizens, including myself, directly and proximately causing great mental pain and anguish and shame to myself and all other similarly situated.

11. As a result of the crimes of I. Lewis Libby, the activities and policies of the Bush Administration will continue until January 20, 2009, thereby directly and proximately causing me great inconvenience and loss of opportunities and possibly physical danger, because I, as an American citizen, cannot presently and not until January 20, 2009 at the earliest, if ever, travel safely to or in many parts of the world,

12. As a result of I. Lewis Libby's crimes the opportunity to begin on January 20, 2005 the repair of the damage to the economy and future economic health of the United States caused by the Bush Administration's tax policies and the manner by which this

Administration has funded the debacle in Iraq was lost and delayed to until January 20, 2009, at the earliest, thus directly and proximately causing me and all others similarly situated great and incalculable financial damage and loss.

13. As a result of I. Lewis Libby's crimes the domestic spying undertaken by the Bush Administration continued past January 20, 2005 directly and proximately causing me and all others similarly situated loss of peace of mind and a sense of, and actual privacy.

14. As a result of I. Lewis Libby's crimes the Bush Administration's distortion of, and attack on, the American judicial philosophy, practice and procedure will continue until at least January 20, 2006.

15. As a result of I. Lewis Libby's crimes the opportunity on January 20, 2005 to once again revel in my unbounded pride in what the United States did and stood for was postponed until January 20, 2009 thus directly and proximately causing me great mental pain, anxiety and anguish.

16. President Bush will not allow I. Lewis Libby to spend a day in prison for his crimes. President Bush will pardon Defendant Libby before his term as president expires. The only uncertainty is when the pardon will be issued. As soon as Defendant Libby is ordered to prison, President Bush will pardoned him.

17. Upon sentencing the judgment of conviction of Mr. Libby is final for purposes of appeal. Mr. Libby and his attorneys have already stated Mr. Libby intends to appeal the judgment. 18 U.S.A. 3143(b)(B), the code section detailing the criteria for release or detention of a defendant pending appeal states in relevant part "…the judicial officer <u>shall order</u> that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be

detained, unless the judicial officer finds - (B) that the appeal is not for the purpose of delay and raises a substantial question of law of fact likely to result in - (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment... ." Mr. Libby cannot meet either of the relevant standards. ( Whereas I do not contest that Mr. Libby can probably provide enough evidence to satisfy subsection (A) of this portion of Section 3143, such a showing by itself is not sufficient. Subsection A and B are stated in the conjunctive. In addition to proving subsection (A), Mr. Libby also has the additional burden of demonstrating that his appeal is not for the purpose of delay and that the appeal raises substantial issues likely to result in a reversal.)

18. Given the certainty of a pardon, Mr. Libby's appeal will be solely for the purpose of delaying the date of his imprisonment so as to allow President Bush the opportunity to pardon Mr. Libby just before he leaves office. Such tactic is a clear violation of 18 U.S.A. 3143(b)(B). Moreover, a thorough review of the trial testimony, the exhibits admitted into evidence, the rulings of the Court and a review of the law regarding the crimes detailed in the indictment, reveal there are no obvious trial errors that would likely compel a reversal of the conviction or re-trial.

19. The appeal process will take approximately 18 months, if not more time. If on the off chance Mr. Libby's appeal is decided before January 20, 2009, Defendant Libby will seek review by the Supreme Court, again playing for as much time as possible. It is not reasonable to expect the entirety of the appellate review process  be completed before January 20, 2009

17. Neither Defendant Libby nor the Bush Administration should be allowed to game the judicial system. The court of appeal does not exist to provide President Bush political cover. President Bush intends to pardon Libby, but he does want not to burden the remainder of his presidency with the political scorn a pardon for I. Lewis Libby will bring if he can avoid doing so. Therefore unless forced to grant a pardon now because

Defendant Libby's bail pending his appeal is revoked, Defendant Libby and President Bush and Vice President Cheney will continue to play politics with the unwitting assistance of this Court.

18. If Mr. Libby's bail is revoked pending his appeal and as expected he is there after immediately pardoned by President Bush, Mr. Libby would no longer be in legal jeopardy for any crimes relating to the outing of Valerie Plame. In that circumstance, Ms. Plame can subpoena Mr. Libby for a deposition in her civil lawsuit and Mr. Libby can be required to testify. He, unlike all the other known participants in that wretched scandal, could not invoke his rights under the 5th Amendment and refuse to testify. Only if Mr. Libby is granted a pardon is he going to be available to Ms. Libby as a witness. In all likelihood Mr. Libby represents the only opportunity that Ms. Plame and the all the voters in the 2004 General Elections will have to learn exactly what happened, who was behind her outing and why it was done.

19. It is respectfully requested that Mr. Libby's bail pending his appeal be revoked so that President Bush will pardon Mr. Libby so as to make Mr. Libby available to Ms. Plame as a useful witness in her litigation. Or failing a pardon to allow Mr. Libby the opportunity to work out a plea arrangement with the Special Prosecutor in exchange for his testimony about who else was behind the outing of a covert nuclear non-proliferation CIA agent.

DATED: April 24, 2007                    By /s/ _____
                                         Patrick L. Johnston, Pro Se

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 25th day of April, 2007, I caused true and correct copies of the foregoing to be served on the following parties by electronic mail:

William Jeffress, Esq,
Baker Botts
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400
Facsimile: 202-585-1087

Theodore V. Wells, Esq.
Paul Weiss
1285 Avenue of Americas
New York, NY 10019-6064
Facsimile: 212-373-2217

Patrick J. Fitzgerald, Esq.
Special Counsel
U.S. Department of Justice
1400 New York Ave., N.W.
Washington, D.C. 20530
Facsimile: 202-514-1187

By: _____
Patrick L. Johnston, Pro Se