UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.            )<br>)<br>)<br>I. LEWIS LIBBY,       )<br>    also known as "Scooter Libby."  ) | CR. NO. 05-394 (RBW) |

**RESPONSE OF MR. I. LEWIS LIBBY TO COURT'S ORDER OF MAY 29, 2007**

On May 29, 2007, the Court raised the question whether the media has any right to access to sentencing letters prior to the June 5, 2007 sentencing hearing. Mr. Libby opposes disclosing any of these private letters prior to sentencing absent their author's consent as the media possesses no right of access and, even if it did, such a right would be overcome by countervailing policy and privacy interests.

**ARGUMENT**

Any common law right of access to judicial records is necessarily predicated on an underlying action by a court. The D.C. Circuit has clearly stated that this right of access "assumes a judicial decision. If none occurs, documents are just documents; with nothing judicial to record, there are no judicial records." *United States v. El-Sayegh*, 131 F.3d 158, 162 (D.C. Cir. 1997). In *El-Sayegh*, the court held that no common law right of access existed to an unexecuted plea agreement because no judicial decision had been made. *Id.* at 162-63. The same is true here. With the possible exception of the small fraction of letters referenced in Mr. Libby's forthcoming sentencing memorandum, no judicial action or proceeding which could convert the letters at issue from private correspondence into judicial records will occur prior to

sentencing. Therefore, during this period, the common law does not reach the majority, if not all, of the letters in question.

Even if the letters are considered judicial records subject to a common law right of access, disclosure is, as a general rule, unwarranted. *See United States v. Kushner*, 349 F. Supp. 2d 892, 909 (D.N.J. 2005) (holding that sentencing letters "should generally not be accessible under the common law"). This is particularly true with respect to the bulk of the letters before the Court — letters from private individuals which have not been referenced by any sentencing memoranda. These letters should be afforded, at most, a *de minimus* presumption of access. *United States v. Kushner*, 349 F. Supp. 2d 892, 907-09 (D.N.J. 2005) (stating that letters such as these are subject to a "weak or non-existent" presumption of access). Such a threadbare presumption of access cannot outweigh the substantial privacy and policy interests in favor of maintaining the confidentiality of the sentencing letters. *See* Response of Mr. I. Lewis Libby to Court's Order of May 17, 2007, at 3, 4-8 (Dkt. 348).[1] Moreover, providing the public with access to this group of sentencing letters prior to, *rather than after*, sentencing would not advance the principles courts associate with disclosure. *See generally In re Reporters Committee for Freedom of the Press*, 773 F.2d 1325, 1336-37 (D.C. Cir. 1985) (noting that the benefits of an open trial, such as ensuring the appearance of fairness and checking judicial misconduct, would not be "enhanced by access to documents . . . *before* judgment rather than *after*") (Scalia,

---

[1] It merits noting that the media's argument by implication that the privacy interests must be significant to overcome any presumption of access misses the mark. *See* Application for Access to Letters Directly Sent to the Court Concerning Sentencing at 9, *In re United States v. Libby*, 1:07-mc-00228 (RBW). None of the cases cited by the media make such a sweeping statement. In fact, simply writing the Court to express one's "opinions about Defendant and the appropriate punishment" alone favors protection from disclosure. *United States v. Lawrence*, 167 F. Supp. 2d 504, 506, 508 (N.D.N.Y. 2001). Several letters before the Court go farther, however, and "reveal the nature of the writers' personal relationships with the defendant" or otherwise share personal details about the author's own background. *United States v. Gotti*, 322 F. Supp. 2d 230, 250 (E.D.N.Y. 2004). Such honest and forthright communication enhances the Court's pre-sentence fact-finding and its ability to fashion a just sentence, and, accordingly, have historically been kept confidential. *Kushner*, 349 F. Supp. 2d at 909. This Court should do no less.

J.). No oversight or need for a "watchful eye" is necessary over an action that has not occurred. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).

The media may argue that disclosing these letters functions as a check on the Court's decision-making or otherwise fosters public confidence in the administration of justice. This argument, however, is inapposite prior to sentencing. Courts favor providing access to letters such as these only when they are "explicit[ly] reference[d] . . . *at the hearing*" as significantly influencing the defendant's sentence. *Kushner*, 349 F. Supp. 2d at 906 (emphasis added); *see also Gotti*, 322 F. Supp. 2d at 250 ("if the letters should have a *significant* impact on the court's sentence, the public is entitled to know that") (emphasis added); *Lawrence*, 167 F. Supp. 2d at 509 (precluding disclosure where "the specific contents of the letters sent directly to the Court did not play a *significant* role in the exercise of the Court's judicial power") (emphasis added); *see generally Kushner*, 349 F. Supp. 2d at 907 (finding that no heightened presumption of access applies to groupings of letters referred to collectively by the court at sentencing). This obviously does not apply pre-sentencing because the necessary underlying event, Mr. Libby's sentencing, has yet to transpire. Moreover, any determination of which specific letters significantly affected the Court's final decision is best made after the Court has stated its rationale for Mr. Libby's sentence.

*United States v. Kushner* is instructive on this point. Upon a pre-sentencing motion by the media for access to letters, the court rejected disclosing sentencing letters from private individuals unreferenced in the parties' sentencing memoranda, *except* for those the court explicitly relied upon at sentencing, which would only be made publicly available at sentencing. 349 F. Supp. 2d at 896 n.3. In the only other case to address a pre-sentencing request for access to letters, the court rejected disclosing sentencing letters. *See United States v. Boesky*, 674 F.

Supp. 1128, 1129-30 (S.D.N.Y. 1987). Indeed, the defense is aware of no case in which the court prior to sentencing disclosed sentencing letters from private individuals unreferenced in any sentencing memorandum. Accordingly, disclosure of such letters is inappropriate prior to sentencing.

As implied above, courts have applied a heightened presumption of access to those letters referenced in sentencing memoranda and, to a lesser extent, from current or former public officials.[2] *See Kushner*, 349 F. Supp. 2d at 905-907. The Court has received letters from public officials and Mr. Libby's forthcoming sentencing memorandum will reference letters from private individuals and public officials.[3] The policy considerations referenced above still favor not disclosing these letters prior to sentencing.

## CONCLUSION

For the aforementioned reasons, Mr. Libby respectfully requests that the Court not disclose any sentencing letters prior to the sentencing hearing.

Dated: May 30, 2007                              Respectfully submitted,

/s/ Theodore V. Wells, Jr.                       /s/ William H. Jeffress, Jr.
Theodore V. Wells, Jr.                           William H. Jeffress, Jr.
(D.C. Bar No. 468934)                            (D.C. Bar No. 041152)
James L. Brochin                                 Alex J. Bourelly
(D.C. Bar No. 455456)                            (D.C. Bar No. 441422)
Paul, Weiss, Rifkind, Wharton                    Baker Botts LLP
  & Garrison LLP                                 1299 Pennsylvania Avenue, NW
1285 Avenue of the Americas                      Washington, DC  20004
New York, NY  10019-6064

---

[2] The media attempts to extend the recognized public official exception to letters submitted by "public figures." Application for Access to Letters Directly Sent to the Court Concerning Sentencing at 7, *In re United States v. Libby*, 1:07-mc-00228 (RBW). The Court should reject this. The only case cited by the media on this point, *United States v. Kushner*, addressed letters submitted by current and former public officials and did not extend any presumption of access to letters from public figures. 349 F. Supp. 2d at 906-07.

[3] Mr. Libby's sentencing memorandum does not identify the authors of the various letters it references. Mr. Libby therefore respectfully requests that, should the Court decide to disclose the letters, either prior to sentencing or afterwards, that the names, addresses, and all other identifying or personal information (e.g., current occupation, place of employment, relationship to Mr. Libby) be redacted.

- 5 -

/s/ John D. Cline
John D. Cline
(D.C. Bar No. 403824)
K.C. Maxwell
(*pro hac vice*)
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104




Mr. Libby's forthcoming sentencing memorandum discusses the contents of several letters sent on behalf of Mr. Libby.  The memorandum does not identify the authors and Mr. Libby respectfully requests that, should the Court choose to disclose these letters, the names, addresses, and all identifying information be redacted from the letters.