UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAY 3 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Criminal No. 05-394 (RBW) |
| I. LEWIS LIBBY, | ) |
| Defendant. | ) |

## ORDER

Currently before the Court is the application of various interested representatives of the news media ("the media") for access to the contents of letters submitted to the Court concerning the defendant's June 5, 2007 sentencing in this case ("the sentencing letters"). In accordance with the Court's May 15 and May 29, 2007 Orders, the defendant, the government, and the media have filed legal memoranda expressing their respective positions regarding whether, and to what extent, these letters should be made publicly available either before, during, or after the sentencing hearing occurs.

The Court has received more than one hundred and fifty sentencing letters in this case, some urging leniency for the defendant and some expressing opprobrium at the defendant's actions and calling for the imposition of a substantial prison sentence. This large number of sentencing letters, no less than the media's desire to view the letters, is indicative of both the high level of public interest in these proceedings and the weightiness of the underlying charges. Especially in a case of this nature, the Court must strive to be as transparent as possible without compromising the fairness of the system or the ability of the Court to acquire information

relevant and helpful to the sentencing process. Therefore, after carefully reviewing the parties' submissions, the Court concludes that it is appropriate to allow disclosure of the sentencing letters. However, the sheer volume of these letters also means that the Court will not have an opportunity to fully review each of the letters, let alone to assess what role, if any, they might play in its consideration of a just and reasonable sentence, until the evening before the June 5, 2007 sentencing hearing. The Court cannot conceive of any justification, legal or otherwise, for disclosing the sentencing letters to the media before it has even had the opportunity to read and evaluate them itself. In addition, as the media acknowledges in its memoranda, there is no reason why especially personal or private details concerning the letter-writers themselves—including, but not necessarily limited to, the letter-writers' home addresses and telephone numbers—should be made available to the public.[1] See Application for Access to Letters Directly Sent to the Court Concerning Sentencing at 8 (stating that "if there are discrete private details in any of these letters that particularly concern the Court, such information could be redacted before releasing the letter"). Accordingly, it is hereby

**ORDERED** that the sentencing letters shall be made available to the media on June 5, 2007, or as soon as practicable thereafter, depending on the extent to which redactions to the letters will need to be made.[2]

---

[1] To the extent that the defendant believes that the sentencing letters contain private information about the letters' authors (other than home addresses and telephone numbers) that should, in his estimation, be redacted before the letters are publicly disclosed, he should immediately, but no later than 9:00 a.m. on June 4, 2007, identify this information to the Court in an ex parte submission. However, the Court advises the defendant that it will not be inclined to redact such information unless it is plainly sensitive or confidential.

[2] The Court will endeavor to have the redactions completed by the time the sentence is imposed. Without knowing the extent of the necessary redactions (again, other than the authors' addresses and telephone numbers), however, the Court cannot estimate the time needed to complete the task.

**SO ORDERED** this 31st day of May, 2007.

*/s/ Reggie B. Walton*
REGGIE B. WALTON
United States District Judge