UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 05-394 (RBW) |
| | ) | |
| I. LEWIS LIBBY, | ) | |
| | ) | |
| Defendant. | ) | |

FILED
JUL 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**ORDER**

On June 5, 2007, the defendant was sentenced to a term of thirty months in prison and two years of supervised release as a result of his March 6, 2007 conviction on four counts of perjury, obstruction of justice, and making false statements to federal investigators. Judgment at 3-4; see 18 U.S.C. § 3583(a) (2000) (stating that "[t]he court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment"). In addition, the Court imposed a fine of $250,000 and a special assessment of $400 on the defendant. Judgment at 6.

On July 2, 2007, the President of the United States commuted the term of incarceration imposed upon the defendant by the Court, "leaving intact and in effect the two-year term of supervised release, with all its conditions, and all other components of the sentence." Grant of Executive Clemency at 1. It has been brought to the Court's attention that the United States Probation Office for the District Court of the District of Columbia intends to contact the defendant imminently to require him to begin his term of supervised release. Strictly construed, the statute authorizing the imposition of supervised release indicates that such release should

occur only after the defendant has already served a term of imprisonment. 18 U.S.C. § 3583(a) (stating that the defendant "[may] be placed on a term of supervised release <u>after imprisonment</u>") (emphasis added). That is, despite the President's direction that the defendant's prison sentence be commuted and his term of supervised release remain intact, <u>see</u> Grant of Executive Clemency at 1, § 3583 does not appear to contemplate a situation in which a defendant may be placed under supervised release without first completing a term of incarceration. It is therefore unclear how § 3583 should be interpreted in unusual circumstances such as these, and the Court seeks the parties' positions as to whether the defendant should be required to report to the Probation Office immediately, whether he should be allowed to remain free of supervision until some later, more appropriate time, or, indeed, whether the plain meaning of § 3583 precludes the application of a term of supervised release altogether now that the prison sentence has been commuted. Accordingly, it is hereby

**ORDERED** that the parties shall, by July 9, 2007, submit to the Court their respective positions regarding the application of § 3583 in light of the President's commutation of the defendant's prison sentence.[1]

**SO ORDERED** this 3rd day of July, 2007.

*[signature]*
REGGIE B. WALTON
United States District Judge

---

[1] If either party believes that it would be helpful to solicit clarification from the White House regarding the President's position on the proper interpretation of § 3583 in light of his Grant of Executive Clemency, they are encouraged to do so.