

**U.S. Department of Justice**
Federal Bureau of Prisons

# Program Statement

**OPI:** CPD
**NUMBER:** 5880.28
**DATE:** CN-06, 7/19/99
**SUBJECT:** Sentence Computation Manual (CCA of 1984)

1. **PURPOSE AND SCOPE.** This Program Statement transmits the "Sentence Computation Manual" which establishes the policies and procedures for the computation of sentences imposed for violations of the United States Code under the statutes of the Comprehensive Crime Control Act of 1984 (CCCA).

On October 12, 1984, President Reagan signed the Comprehensive Crime Control Act of 1984 (CCCA) into law. Two major components of this law, the Sentencing Reform Act of 1984 (SRA) and the Insanity Reform Act of 1984, completely restructured the sentencing guidelines and policies of the United States Courts.

After the effective date of the SRA on November 1, 1987, a number of United States Court decisions found all or parts of the SRA unconstitutional. As a result, the SRA was implemented nationally in various ways.

On January 18, 1989, in **Mistretta v. U.S**., the Supreme Court considered the constitutionality of the sentencing guidelines and ruled that the guidelines were constitutional. This Manual provides instructions for computing sentences imposed under the CCCA both before and after the **Mistretta** decision.

2. **DIRECTIVES AFFECTED**

   a. **Directives Rescinded.**  None.

   b. **Directives Referenced.**  None.

```
                                               PS 5880.28
                                                  7/19/99
                                                   Page 2
```

3.  **STANDARDS REFERENCED**

   a.  American Correctional Association 3rd Edition Standards for Adult Correctional Institutions:  3-4094

   b.  American Correctional Association 2nd Edition Standards for Administration of Correctional Agencies:  2-CO-1E-05

   c.  American Correctional Association 3rd Edition Standards for Adult Local Detention Facilities:  3-ALDF-1E-03

   d.  American Correctional Association 3rd Edition Standards for Adult Boot Camp Programs:  1-ABC-1E-09

4.  **MCC/MDC/FDC/FTC PROCEDURES**.  Procedures in this Program Statement apply to Metropolitan Correctional Centers, Metropolitan Detention Centers, Federal Detention Centers and Federal Transportation Centers.

5.  **DISTRIBUTION**.  At a minimum, a copy of this Manual will be placed with the Regional Inmate Systems Manager, each Community Corrections Manager, the Inmate Systems Manager and all other staff having responsibility for sentence computation.


                                          /s/
                                  Kathleen Hawk Sawyer
                                  Director

PS 5880.28
CN-7 9/20/99
Table of Contents, Page 1

# **CHAPTER I--SENTENCING REFORM ACT OF 1984**

1. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . 1-1

2. COMMITMENT TO THE CUSTODY OF THE BUREAU OF PRISONS . . . 1-4

3. COMPUTATION OF SENTENCE . . . . . . . . . . . . . . . . . . 1-5

    a. Classification of Offenders and Terms of
       Imprisonment . . . . . . . . . . . . . . . . . . . . . 1-8

    b. Commencement (Beginning Date) of Sentence . . . . 1-12

    c. Prior Custody Time Credit . . . . . . . . . . . . 1-14

    d. Inoperative Time . . . . . . . . . . . . . . . . . 1-28

    e. Multiple Sentences of Imprisonment . . . . . . . . 1-31

*   e-1 Implementation of Firearm Penalty, 18-924(c)(1) . . 1-37a   *

    f. Release Authority and Release on Other Than a
       Weekend or Holiday . . . . . . . . . . . . . . . . 1-38

    g. Good Conduct Time . . . . . . . . . . . . . . . . 1-40

    h. Six Month/Ten Percent Period . . . . . . . . . . . 1-62

    i. Supervised Release . . . . . . . . . . . . . . . . 1-65

    j. One Count Detention and Community Confinement/Home
       Detention Sentence . . . . . . . . . . . . . . . . 1-76

    k. Implementation of the amendment to 18 U.S.C.
       § 3621 of the Violent Crime Control and Law
       Enforcement Act of 1994 (P.L. 103-322) . . . . . . 1-78A

4. COMPUTATION OF STUDY . . . . . . . . . . . . . . . . . . . 1-79

5. PRE- AND POST-MISTRETTA SRA SENTENCE COMPUTATION
   INSTRUCTIONS . . . . . . . . . . . . . . . . . . . . . . . 1-82

    a. Pre-Mistretta Period . . . . . . . . . . . . . . . 1-83

    b. Post-Mistretta Period . . . . . . . . . . . . . . 1-89

6. COMPUTATION OF FOREIGN TREATY SENTENCE . . . . . . . . . 1-91

    a. Sentence Computation . . . . . . . . . . . . . . . 1-92

7. PROBATION CUSTODY . . . . . . . . . . . . . . . . . . . . 1-97

```
                                              PS 5880.28
                                  (CN-03) February 14, 1997
                                            Page 1 - 14F
```

person (absconder) is apprehended.  This offense, therefore, is treated in the same manner as a conspiracy offense.

**Official detention**.  "Official detention" is defined, for purposes of this policy, as time spent under a federal detention order.  This also includes time spent under a <u>detention</u> order when the court has <u>recommended</u> placement in a less secure environment or in a community based program as a condition of *presentence detention.  In addition, on occasion it is necessary for the court to <u>order</u> placement in a less secure environment or in a community based program (including D.C. Department of Corrections' programs such as work release) because of overcrowding in the local place of detention.  A person under these circumstances remains in "official detention", subject to the discretion of the Attorney General and the U.S. Marshals'   \*
Service with respect to the place of detention.  Those defendants placed in a program and/or residence as a condition of detention are subject to removal and return to a more secure environment at the discretion of the Attorney General and the U.S. Marshals' Service, and further, remain subject to prosecution for escape from detention for any unauthorized absence from the
\*    program/residence.  (If there is any question as to whether such a defendant was in fact under the jurisdiction of the U.S. Marshals' Service, i.e., in the custody of the Attorney General, staff shall contact the appropriate U.S. Marshal for verification.)  Such a defendant is not eligible for any credits while <u>released</u> from detention.

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 14G

      In <u>Reno v. Koray</u>, 115 S.Ct 2021 (1995), the U.S. Supreme Court held that time spent under restrictive conditions of release (including time spent in a community treatment center (CCC) or similar facility) was not official detention entitling an inmate to prior custody time credit under 18 U.S.C. § 3585(b). The court found that the interaction of the Bail Reform Act and 18 U.S.C. § 3585(b) supported the Bureau of Prisons' interpretation that a defendant is **either released** (<u>with no credit for time under conditions of release</u>) **or detained** (<u>with credit for time in official detention</u>).

      <u>Koray</u> has also overruled <u>Brown v. Rison</u>, 895 F.2d 895 (9th Cir. 1990). As a result, the awarding of presentence time credit under 18 U.S.C. § 3568 for time spent under restrictive conditions shall also be discontinued. <u>Brown</u> is the Ninth Circuit case that required the Bureau of Prisons to give time credit to a sentence for time spent in a CCC or similar facility.

      The <u>Koray</u> decision means, therefore, that time spent in residence in a CCC or similar facility as a result of the <u>Pretrial Services Act of 1982</u> (18 U.S.C. § 3152-3154), or as a result of a condition of bond or release on own recognizance (18 U.S.C. § 3141-3143, former 3146), or as a condition of parole, probation or supervised release, is not creditable to the service of a subsequent sentence. In addition, a release condition that is "highly restrictive," and that includes "house arrest", "electronic monitoring" or "home confinement"; or such as requiring the defendant to report daily to the U.S. Marshal,

```
                                            PS 5880.28
                               (CN-03) February 14, 1997
                                         Page 1 - 14H
```

U.S. Probation Service, or other person; is not considered as time in official detention. **In short, under Koray, a defendant is not entitled to any time credit off the subsequent sentence, regardless of the severity or degree of restrictions, if such release was a condition of bond or release on own recognizance, or as a condition of parole, probation or supervised release.**

     Any sentence computed for the first time before June 5, 1995, and that sentence reflects an award of prior custody time credits for time spent in a CCC or similar facility **shall** retain any credits applied, regardless of any sentence recomputation (e.g., for an addition or loss of prior custody time credits or modification of sentence, or as the result of a vacated sentence, including a sentence that was imposed after a retrial) that occurs on or after June 5, 1995.

     Any sentence, computed for the first time on or after June 5, 1995, which reflects an award of prior custody time credits for time spent in a CCC or similar facility under conditions of release, that was not the result of a court order, shall be recomputed to void such credit.

     If it is discovered during a sentence recomputation on or after June 5, 1995, that time was spent in a CCC or similar facility that should have been awarded as the result of a sentence computation performed prior to June 5, 1995, but was not awarded, such time **shall not** be given on the recomputation unless the court had ordered that such credit be given.

```
                                              PS 5880.28
                                   (CN-03) February 14, 1997
                                              Page 1 - 15
```

    CCC or similar facility time that was awarded to a sentence that was calculated for the first time prior to June 5, 1995 because the inmate was committed to the Bureau of Prisons in error (e.g., premature release from non-federal custody or U.S. Marshals' failure to return an inmate to the proper non-federal jurisdiction after release on a writ) shall be canceled if the subsequent recomputation occurs on or after June 5, 1995, unless the court had ordered that such credit be given.

    Any court order, regardless of when it was issued, that awards prior custody time credits for time spent in a CCC or similar facility, or for time spent under other forms of restrictive conditions of release, for a sentence computed for the first time on or after June 5, 1995, shall be referred to the RISA.  The RISA and the Regional Counsel shall contact the Assistant U.S. Attorney who prosecuted the case and request that a Motion for Reconsideration or an appeal be filed based on the decision in <u>Koray</u>.  The inmate shall retain the credit as long as the court order remains in effect.

    The USM-129 will on occasion show that a defendant was in custody for one day.  In such a case, staff may credit that one day without further verification.

    If an inmate states that he was in prior custody for a day, or days, that was not shown on the USM-129, then staff shall attempt to verify the inmate's claim with the arresting agency even if the PSI substantiates the claim.  These situations usually arise when a defendant is issued a summons to appear before the court in a criminal matter.  After the hearing, if the

```
                                             PS 5880.28
                                  (CN-03) February 14, 1997
                                             Page 1 - 15A
```

defendant returns to the community **without** being placed on bail or on "own personal recognizance," then that defendant is not entitled to that day in court as a day in "official detention" on a subsequent sentence even if required to report to the U.S. Marshals' Service for processing (fingerprinting, photographing, etc.).  If the defendant is released on bail or on "own personal recognizance" then that day is treated as a day in official detention and shall be awarded as a day of prior custody time credit.                                                        *

        Official detention does not include time spent in the custody of the U.S. Immigration and Naturalization Service (INS) under the provisions of 8 U.S.C. § 1252 pending a final determination of deportability.  An inmate being held by <u>INS pending a civil deportation determination is not being held in "official detention" pending criminal charges</u>.  (See <u>Ramirez-Osorio v. INS</u>, 745 F.2d 937, rehearing denied 751 F.2d 383 (5thCir. 1984); <u>Shoaee v. INS</u>, 704 F.2d 1079 (9th Cir. 1983); and Cabral-Avila v. INS, 589 F.2d 957 (9th Cir. 1978), cert. denied 440 U.S. 920, 99 S.Ct 1245, 59 L.Ed2d 472 (1979.)

        A sentence imposed by a court for **"Time Served,"** means that all time spent in official detention (prior custody time), as a result of the offense for which sentence was imposed, is included in the "Time Served" sentence which the court imposed and cannot be awarded to any other sentence.

        Time spent serving a **civil contempt** sentence prior to trial and/or sentencing **does not** constitute presentence time credit toward the sentence that is eventually imposed.