# THE WHITE HOUSE

WASHINGTON

July 6, 2007

William Jeffress, Esq.
Baker Botts
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2400

Re: *United States v. Libby*, Crim. No. 05-394 (RBW)

Dear Mr. Jeffress:

    The court's July 3, 2007 Order in the referenced case suggests some lack of clarity as to whether the United States' Probation Office for the District of Columbia ("Probation Office") should be permitted to have the defendant report for his two-year term of supervision under the court's July 22, 2007 Order of Judgment and the President's July 2, 2007 Grant of Executive Clemency ("Proclamation").

    Although to date neither party has accepted the court's invitation to solicit the White House's view as to the impact of 18 U.S.C. § 3583 on the remaining aspects of the sentence, we do feel compelled to share our views as guidance to the parties since this matter involves a plenary power of the President. The White House takes no official position on the matter of statutory construction, in part because it is believed that such evaluation is not relevant in this case. As the Supreme Court has long held, "the pardoning power was intended to include the power to commute sentences on conditions which do not in themselves offend the Constitution, but which are not specifically provided for by statute." *Schick v. Reed*, 419 U.S. 256, 264 (1974).

    Thus, while it does not appear that § 3583 speaks to, let alone precludes, the defendant's term of Probation Office supervision under the present circumstances—the statute addresses only the court's options when it issues or "impose[s]" a sentence—even if there were no specific statutory grounds for supervised release at this juncture, the President's exercise of his commutation power to keep intact and in effect the "two-year term of supervised release, with all its conditions" would unmistakably govern. "The pardoning power is an enumerated power of the Constitution and . . . its limitations, if any, must be found in the Constitution itself." *Schick*, 419 U.S. at 267. As the President's July 2nd Proclamation "flows from the Constitution alone, not from any legislative enactments, . . . it cannot be modified, abridged or diminished" by any act of Congress. *Schick*, 419 U.S. at 267.

    As a factual matter, the court imposed its sentence of imprisonment, supervised release, and other fines and conditions on June 14, 2007 and then "committed [the defendant] to the custody of the United States Bureau of Prisons to be imprisoned" on July 22, 2007. According to the terms of the July 22nd Order of Judgment, the defendant "must report to the probation

office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons" to serve two years under Probation Office supervision. The President's July 2, 2007 commutation of the prison term released the defendant from the Bureau's custody by directing any and all prison terms to "expire" in advance of all other components of the sentence, which remain "intact and in effect." The remaining components of the sentence require the defendant, among other things, to report to the Probation Office immediately to begin his term of supervision.

         Sincerely,

         Fred F. Fielding
         Counsel to the President

cc:  The Hon. Reggie B. Walton
   United States District Judge

   Patrick J. Fitzgerald, Esq.
   Special Counsel
   Office of the United States Attorney

   Theodore V. Wells, Esq.
   Counsel for the Defendant